# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

_____

KENNETH WILLIFORD,      )
                         )

**Appellant,**          )
                         )

**vs.**               )      **CIVIL ACTION NO. 3:07 cv 105-WKW-SRW**
                         )

**CHARLOTTE WILLIFORD,**  )
**et al.,**              )
                         )

**Appellees.**          )

_____

**Appeal from the United States Bankruptcy Court**
**for the Middle District of Alabama, Eastern Division**
**Civil Action No. 03-81486**

_____

## BRIEF AND ARGUMENT OF APPELLEE CHARLOTTE WILLIFORD
_____

**Floyd R. Gilliland, Jr.**
**April W. McKay**
**Attorneys for Appellee**
**Nix Holtsford Gilliland Higgins & Hitson, P.C.**
**Post Office Box 4128**
**Montgomery, Alabama 36103-4128**
**(334) 215-8585**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

<u>Williford v. Williford, et. al</u>

<u>Civil Action No.: 3:07 cv 00105-WKW-SRW</u>

Counsel for Appellee states that the following persons or entities have an interest

Day, James L., Attorney for Willifords in underlying Chapter 11 case

Gilliland, Floyd R., Jr., Attorney for Charlotte Williford, Appellee

Jacobs, Teresa, Bankruptcy Administrator

McKay, April Willis, Attorney for Charlotte Williford, Appellee

Memory, Von G., Attorney for Willifords in underlying Chapter 11 case

Murray, William R., Attorney for Willifords in malpractice action

Sawyer, Hon. William R., U. S. Bankruptcy Judge

Williford, Charlotte, Appellee

Williford, Kenneth, Appellant

## CERTIFICATE OF COMPLIANCE

Appellee certifies that this brief complies with the type-volume limitation.

Specifically, Appellee's brief contains no more than fifty pages.  Appellee identifies the

size and style of type utilized in her brief as Times New Roman 13 pt.

## TABLE OF CONTENTS

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      Course of Proceedings and Disposition in the Court Below . . . . . . . . . . . . . . . . . 2

      Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     **I.**     **THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION BY RETROACTIVELY ANNULLING THE AUTOMATIC STAY AND  VALIDATING THE ACTIONS TAKEN BY THE STATE DOMESTIC RELATIONS COURT RELATED TO THE WILLIFORDS' DIVORCE PROCEEDINGS, NOR WERE ITS FACTUAL FINDINGS CLEARLY ERRONEOUS.** . . . . . . . . . . . . . . 6

i

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## <u>TABLE OF CITATIONS</u>

### <u>CASES</u>

*Algeran Inc. v. Advance Ross Corp.*, 759 F. 2d 1421 (9th Cir. 1985) . . . . . . . . . . . . . 13

*Borg-Warner Acceptance Corp. v. Hall*, 685 F. 2d 1306 (11th Cir. 1982) . . . . . . . . . . . 7

*Ex parte Williford*, 2006 Bankr. LEXIS 3408 (Bankr. M.D.Ala, December 8, 2006) . . . 2

*Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020 (10th Cir. 1994) . . . . . 8

*Ingals v. Erlewine*, 49 F. 3d 205 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Albany Partners, Ltd.*, 749 F. 2d 670 (11th Cir. 1984) . . . . . . . . . . . . . . . 4,7,8,11,13

*In re Allied Holdings, Inc.*, 355 B.R. 372 (Bankr. N.D. Ga. 2006. . . . . . . . . . . . . . . . . . 11

*In re Briskey*, 258 B.R. 473 (Bankr. M.D.Ala. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Chase & Sanborn Corp.*, 904 F. 2d 588 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . 16

*In re Eden Associates*, 13 B.R. 578 (Bankr. S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . 13

*In re Elrod,* 91 B.R. 187 (Bankr. M.D. Ga. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Englander*, 95 F. 3d 1028 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,14

*In re Ford*, 296 B.R. 537 (Bankr. N.D.Ga. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Harrell*, 754 F. 2d 902, 907 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Jones*, 176 B.R. 645 (1994 U.S. Dist. N.H. LEXIS 16284) . . . . . . . . . . . . . . . . . . 13

*In re Pinetree Ltd.*, 876 F. 2d 34 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Siciliano*, 13 F. 3d 748 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sikes v. Global Marine, Inc.,* 881 F. 2d 176 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . 8,12

*Soares v. Brockton Credit Union*, 107 F. 3d 969 (1st Cir. 1997) . . . . . . . . . . . . . . . . 8,12

*Williford v. Williford*, 945 So. 2d 494 (Ala.Civ.App. 2005) . . . . . . . . . . . . . . . . . . . . . . 2

*Wood v. Comm'r*, 138 Fed. Appx. 168 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **STATUTES**

11 U.S.C. §362(a)(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 U.S.C. §362(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 U.S.C. §362(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

11 U.S.C. §1129(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 158(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## **OTHER AUTHORITIES**

Bankruptcy Rule 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,14

Bankruptcy Rule 9021   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,3

3 *Collier on Bankruptcy*, P 362.11[1](15th rev. ed)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATEMENT OF JURISDICTION

This Bankruptcy case under Chapter 11 of the United States Bankruptcy Code originated in the United States Bankruptcy Court for the Middle District of Alabama, Eastern Division. United States Bankruptcy Judge William R. Sawyer entered a final decree under Bankruptcy Rule 9021 in this matter on December 8, 2006. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

## STATEMENT OF THE ISSUES

I.     Whether the Bankruptcy Court abused its discretion by retroactively annulling the automatic stay, thereby validating the actions of the domestic relations court in the Willifords' divorce proceedings?

II.     Whether the Court's Order was based on factual findings that were not clearly erroneous?

1

## STATEMENT OF THE CASE

I.     The course of proceedings and disposition in the court below

On April 9, 2003, Charlotte Williford petitioned the Circuit Court of Lee County, Alabama for a divorce from Kenneth Williford. *Williford v. Williford*, Civil No. DR-2003-175. Both Charlotte and Kenneth Williford were represented by separate counsel at the divorce trial, which was conducted on September 22-23, 2003. Judgment was entered in the divorce case on October 31, 2003.[1] However, prior to the entry of the judgment of divorce by the Circuit Court, on October 3, 2003, Kenneth Williford and Charlotte Williford filed a joint petition in bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama, pursuant to Chapter 11 of the United States Bankruptcy Code. (B.C. Memorandum Decision of December 8, 2006, attached as Exhibit #3 to Doc 1).[2] Thus, the joint petition in bankruptcy was filed <u>after</u> the divorce trial but <u>before</u> the entry of the divorce judgment. Neither party filed a motion for relief from the automatic stay in the bankruptcy case. The Bankruptcy Court, utilizing its discretion under 11 U.S.C. §362(d), retroactively annulled the

---

[1] The divorce decree was appealed by Kenneth Williford to the Alabama Court of Civil Appeals. The appellate court affirmed the judgment of the trial court, without opinion, on April 29, 2005. *Williford v. Williford*, 945 So. 2d 494 (Ala.Civ.App. 2005).

[2] The Order is also found at *Ex parte Williford*, 2006 Bankr. LEXIS 3408 (U.S. Bankr. Ct. M.D.Ala, December 8, 2006).

2

automatic stay to give effect to the judgment entered in the divorce proceedings in the Circuit Court of Lee County.

On January 30, 2006, Bankruptcy Court Judge William Sawyer entered an Order confirming the Debtors' Chapter 11 Plan.[3] (Doc 1, attachment #3). Kenneth Williford filed a motion to vacate the Order of Confirmation on July 25, 2006. (Id.) On September 12, 2006, Judge Sawyer conducted a hearing on all pending matters,[4] and on December 8, 2006, the judge entered an Order and Memorandum Decision, denying, *inter alia*, Kenneth Williford's motion to vacate.  This Order was a final Order in accordance with Bankruptcy Rule 9021. (Id.)

Kenneth Williford then filed a Motion for Reconsideration on December 20, 2006, which was denied on January 24, 2007.  (Doc 1, Attachments #3 and #4).  Mr. Williford also filed a Notice of Appeal, on December 29, 2006. (Doc 1, attachment #1).  He filed his Brief of Appellant on May 7, 2007.  Now, Charlotte Williford files this brief in response to Kenneth Williford's appellate brief.[5]

---

[3] The Debtors' Plan of Reorganization was accepted by all classes of creditors and confirmed pursuant to 11 U.S.C. §1129(a), with no dissenting class members. (Id.)

[4] Kenneth Williford was in attendance at this hearing, via telephone conference, and was given an opportunity to supplement his views with a brief.

[5] While this appeal is limited to a review of the Bankruptcy Order, Mr. Williford appears to be primarily trying to relitigate the state court's property division ordered in the divorce judgment, here on appeal. Appellee notes that Mr. Williford appealed the

II.    The statement of facts

Appellee adopts the statement of undisputed, relevant facts as set out by the Bankruptcy Court in its Memorandum Opinion and Order denying Kenneth Williford's motion to vacate the Court's January 30, 2006 Order confirming the Debtors' (the Willifords') Chapter 11 Plan.  (B.C. Memorandum Decision of December 8, 2006, attached as Exhibit #3 to Doc 1).  The court's statement provides a detailed narrative and shows that the court did in fact address all of the relevant facts in evidence and considerations under the Bankruptcy Code, did not base its Order on facts that were clearly erroneous, and did not, contrary to Kenneth Williford's assertion, retroactively annul the automatic stay because of any bias toward him due to Mr. Williford's incarceration.[6]

III.    The standard of review

In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions *de novo*.  Discretionary rulings made pursuant to the Bankruptcy Code are reviewed under an abuse of discretion standard.  *In re Albany Partners*, 749 F. 2d 670 (11th Cir. 1984).  Further, the district court must accept the

_____

divorce judgment to the state appellate court, which affirmed the circuit court's judgment.

    [6] Kenneth Williford is currently incarcerated due to events unrelated to the Bankruptcy case, and, while represented by counsel in the Bankruptcy Court, has filed this appeal *pro se.*

4

bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses. *In re Englander*, 95 F. 3d 1028, 1030 (11th Cir. 1996); *Bankruptcy Rule* 8013.

## SUMMARY OF THE ARGUMENT

The Order of the Bankruptcy Court and Confirmation of the Debtors' Plan of Reorganization must be affirmed because the Bankruptcy Court acted within the discretion granted it by the Bankruptcy Rules and interpretative case law to annul the automatic stay. There is no dispute that the actions (i.e., the division of the marital estate and property with which Mr. Williford takes issue) taken by the divorce court occurred while the automatic stay was in effect, but the Bankruptcy Court is authorized by 11 U.S.C. § 362(d) and by interpretative case law of this Circuit to annul the automatic stay for a particular action in a case. After being made aware of the divorce proceedings and the actions taken therein,[7] the Bankruptcy Court concluded, by sound reasoning, that the annulment of the automatic stay, retroactively giving effect to the Lee County divorce decree, was the best course of action. As a matter of law, the Bankruptcy Court is vested with the power and discretion to exercise

---

[7] None of the lawyers representing the Willifords in the divorce action advised the Circuit Court of the bankruptcy filing until sometime later, and no one moved for relief of the stay in the Bankruptcy Court to permit the divorce case to proceed. (B.C. Memorandum Order, p. 9).

that option.  Here, it cannot be said that the Court abused its discretion to annul the stay or

based its Order on facts that were clearly erroneous, and its judgment is due to be affirmed.[8]

## ARGUMENT

I.   **THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION BY RETROACTIVELY ANNULLING THE AUTOMATIC STAY AND VALIDATING THE ACTIONS TAKEN BY THE STATE DOMESTIC RELATIONS COURT RELATED TO THE WILLIFORDS' DIVORCE PROCEEDINGS, NOR WERE ITS FACTUAL FINDINGS CLEARLY ERRONEOUS.**

A.   Law

Upon the filing of a bankruptcy petition, an automatic stay goes into effect, whereby

most proceedings against a debtor and property of the estate are stayed as a matter of law. 11

U.S.C. §362(a)(8);  *In re Briskey*, 258 B.R. 473 (Bankr. M.D.Ala. 2001). The stay remains

in effect until the earliest of the closing of the case, dismissal of the case, or the grant or

denial of a discharge. 11 U.S.C. §362(c)(2); *Wood v. Comm'r*, 138 Fed. Appx. 168 (11th Cir.

2005).   Qualifying actions taken against a debtor or property of the estate after the

bankruptcy is filed, and before one of the above listed events occurs, is in violation of the

automatic stay.  It has been held that a division of property by a divorce court of an individual

---

[8] Mr. Williford also raises a number of fact issues regarding the propriety of the Circuit Court's division of property in the divorce case, alleged bias of the divorce court, and allegations of fraud by his former wife and former attorneys, which are not relevant to the issues on appeal or properly before this Court. Therefore, these issues will only be briefly discussed here in Appellee's brief.

in bankruptcy necessarily entails a transfer of property which by definition violates the automatic stay. *In re Elrod,* 91 B.R. 187, 189 (Bankr.M.D. Ga. 1988)(which held that while the automatic stay protected debtor's property, the bankruptcy court properly deferred to state divorce court to make determinations as to a division of property).

Ordinarily, an action taken in violation of the automatic stay is void. *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F. 2d 670, 675 (11th Cir. 1984); *Borg-Warner Acceptance Corp. v. Hall*, 685 F. 2d 1306, 1308-09 (11th Cir. 1982). However, the Bankruptcy Code contemplates the complications and problems arising from the automatic stay, and gives bankruptcy courts the discretion to terminate, annul, modify, or condition an automatic stay under certain circumstances. 11 U.S.C. §362(d). The Code provides, in pertinent part, that after a stay is in place:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization...

11 U.S.C. § 362(d).

Thus, bankruptcy courts have the express authorization to "annul" the automatic stay, which is now generally recognized to authorize retroactive relief from the automatic stay to

validate actions that otherwise would be void.  *Soares v. Brockton Credit Union*, 107 F. 3d

969 (1st Cir. 1997); *In re Siciliano*, 13 F. 3d 748 (3d Cir. 1994); *Albany Partners*, 749 F. 2d

at 675; *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020 (10th Cir. 1994);

*Sikes v. Global Marine, Inc.,* 881 F. 2d 176 (5th Cir. 1989); see generally 3 *Collier on*

*Bankruptcy*, P 362.11[1](15th rev. ed).

      B.    <u>The Bankruptcy Court did not abuse its discretion in retroactively annulling</u>
<u>the stay</u>.

It is not disputed that the proceedings in the divorce case in Lee County Circuit Court

subsequent to the filing of the bankruptcy petition violated the automatic stay provisions of

the Bankruptcy Code.  When the Bankruptcy Court received notice of the State Court action,

the Court ordered a hearing that was conducted on September 12, 2006, to discuss the

alternatives available for dealing with the violation of the automatic stay. (B.C.

Memorandum Opinion, p. 8).

The Court identified three options for handling the divorce proceedings and judgment

entered in the circuit court (and subsequently affirmed by the Alabama Court of Civil

Appeals):

> First, this Court may declare the divorce proceedings in Lee County
> void and proceed to hear the property division aspect of the divorce
> proceeding in Bankruptcy Court. Second, this Court could declare the
> Lee County proceedings void but grant relief from the automatic stay
> and remand to Lee County for further proceedings unencumbered by
> the automatic stay. Third, this Court could annul the automatic stay and
> thereby retroactively validate the proceedings in Lee County as well as

those before the Alabama Court of Civil Appeals, making further
proceedings here unnecessary.

(B.C. Memorandum Opinion, p. 8). The Court, after weighing the three options and

discussing the options in open court, held that annulment was proper.

Kenneth Williford contends that the proceedings in the divorce case were void and

should not have been given effect by annulling the automatic stay. (Appellant's Brief, p.

VIII, "Issue 1.")[9] However, the Bankruptcy Court acted well within its discretion when it

annulled the stay. Pursuant to the Code, the Bankruptcy Court conducted a hearing on the

issue of how to deal with the stay and the actions in the divorce court that otherwise would

be void. A party in interest, joint debtor Charlotte Williford, requested that the Court invoke

the option for relief provided by 11 U.S.C. § 362(d) to annul the stay and leave in place and

validate the existing divorce decree. (B.C. Memorandum Opinion, p. 8). Kenneth Williford

preferred that the divorce proceedings be declared void and the property division aspect of

the divorce case be heard in the bankruptcy court. (Id.). Confronted with these two opposing

positions and requests, the Bankruptcy analyzed what had happened in the divorce case and

what would be best for all parties, including all creditors:

---

[9] While Mr. Williford's Brief does not specifically address the power of the Court
to annul the automatic stay, he argues that the actions taken were void and appears to
argue that the Bankruptcy Court, and now the appellate court, should divide the marital
property.

Having considered the three alternatives described above, annulment of the automatic stay, retroactively giving effect to the Lee County divorce decree, is the best course of action here. The Court concludes that annulment is best for two reasons. First, Kenneth Williford voluntary proceeded with his divorce case knowing of his bankruptcy proceeding and presumably knowing that actions taken in state court were in violation of the automatic stay. Second, under the facts of this case, there is no prejudice to creditors.

...Kenneth Williford, together with his then wife Charlotte, filed a voluntary petition in bankruptcy while their divorce petition was pending in Circuit Court. There were three sets of lawyers involved...None of the lawyers advised the Circuit Court of the bankruptcy filing until considerably later and no one moved for relief from the automatic stay here to permit the divorce case to proceed. The Circuit Court entered judgment of divorce on October 31, 2003, whereupon Kenneth Williford, through counsel, prosecuted an appeal to the Alabama Court of Civil Appeals. It is plainly inconsistent for Kenneth Williford to argue here that the proceedings in state court are void as violative of the automatic stay, as he nevertheless prosecuted an appeal in the state court system. To give Kenneth Williford a federal court "do over" here would do violence to the principle of comity with the state court system and waste scarce judicial resources...

...The fact that no creditors are harmed is the overriding factor here. Combining the fact that Kenneth Williford continued to litigate in state court, to the extent of prosecuting an appeal, and the fact that the creditors have not been harmed, weigh heavily in favor of annulling the automatic stay and leaving the existing division of property in place.

...Annulment should be considered against the backdrop of deeply rooted policy concerns pertaining to the traditional reluctance of federal courts to intrude in domestic relations law, which is traditionally within the purview of the state courts...

...While this Court has jurisdiction to vacate a property division effected by state court, it will not lightly intrude upon the workings of another court and would do so only for weighty reasons, which are not present here. For these reasons, the automatic stay is annulled, thereby validating the property division in the divorce decree.

10

(B.C. Memorandum Opinion, pp. 8-11).

It is clear that the Bankruptcy Code (11 U.S.C. § 362(d) gives the Bankruptcy Court the discretion to annul an automatic stay in appropriate circumstances.  It is clear that this Bankruptcy Court considered the attendant facts, circumstances and available options for resolution, and made a reasoned determination that a retroactive annulment of the automatic stay was the preferred option to deal with the divorce decree entered by the State court while the stay was in effect.  The  Courts of this Circuit as well as others would agree.

In *Albany Partners, supra*, the Eleventh Circuit affirmed the bankruptcy court's order that an automatic stay be annulled so as to allow state court proceedings to continue "as if [the] Chapter 11 case had never been filed."  749 F. 2d at 673. While the Court based its opinion on §362(d)(2) (annulment based on lack of equity in the subject property and no realistic prospect of effective reorganization), and not §362(d)(1) (annulment "for cause"), the Court made clear that an annulment of an automatic stay does in fact grant retroactive relief. *Id*. at 675.  The bankruptcy courts of this Circuit have also embraced the principles set forth in *Albany Partners*. See,  *e.g., In re Allied Holdings, Inc*., 355 B.R. 372, 376 (Bankr. N.D. Ga. 2006.  The *Allied Holdings* court also went on to state:

> The court must be also "especially hesitant to validate acts committed during the pendency of the stay"and, when determining whether to do so, must be mindful of the purpose of the automatic stay. Specifically, the court should be cognizant of the fact that the automatic stay is not only intended to protect the debtor from collection actions and to afford the debtor a "breathing spell" in

11

> which it can reorganize, but is also intended to protect the interests
> of the debtor's other creditors.

*Id.* at 377, citing *In re Ford*, 296 B.R. 537, 548 (Bankr. N.D.Ga. 2003).

Here, annulment of the stay did <u>no</u> harm to the Willifords' creditors. Furthermore, regarding the dual purpose of the stay, it cannot be said that the annulment in this case seriously affected the "breathing spell" allowed the debtors. The joint petition in bankruptcy was filed <u>after</u> the divorce trial had already taken place. This is not the typical situation where a default or creditor suit is at issue, further burdening the debtors and preventing them from establishing a reorganization plan–the divorce judgment entered here did not affect the overall liability of the debtors nor the positions of their creditors at all. Further, the divorce action is the only action at issue that was taken outside the bankruptcy court not made subject to the automatic stay.[10]

The Courts of other Circuits have likewise approved of an annulment of the automatic stay in appropriate circumstances. See, *Sikes v. Global Marine*, 881 F. 2d 176 (5th Cir. 1989); *Soares v. Brockton Credit Union*, 107 F. 3d 969, 976-77 (1st Cir. 1997)("while the automatic stay is significant, it is not an immutable article of faith...section 362(d) authorizes

---

[10] The Willifords were also sued in a civil tort lawsuit, which was appealed twice to state appellate courts. The liability owed to the plaintiffs in that action was later compromised and its payment structured into the Chapter 11 Plan affirmed by the Bankruptcy Court. *Williford v. Emerton*, 935 So. 2d 1150 (Ala. 2004); *Emerton v. Williford*, 902 So. 3d 658 (Ala. 2004).

retroactive relief from the automatic stay...each case is *sui generis* and must be judged

accordingly"); *In re Jones*, 176 B.R. 645, 650 (1994 U.S. Dist. N.H. LEXIS 16284)("section

362(d) of the Bankruptcy Code does authorize bankruptcy courts to annul the automatic stay

retroactively...when equitable considerations warrant"); *In re Pinetree Ltd.*, 876 F. 2d 34, 37-

8 (5th Cir. 1989); *Algeran Inc. v. Advance Ross Corp.*, 759 F. 2d 1421 1425 (9th Cir. 1985)[11].

Accordingly, the Bankruptcy Court did not abuse its discretion in annulling the

automatic stay to validate the judgment of the divorce court.  The Court's decision was

within the Court's discretion under the Code, and did not provide a result that violated the

purpose of the automatic stay.  After conducting a hearing on the issue, and weighing the

arguments for each option available to it, the Court made the sound and reasoned

determination that annulling the stay would best serve the interests of all parties in interest

to the bankruptcy.  Thus, the judgment of the Bankruptcy Court should be affirmed.

    C.    <u>The findings of the Bankruptcy Court were not clearly erroneous.</u>

Further, it cannot be said that the findings of fact stated by the Bankruptcy Court were

clearly erroneous.  As noted by the Court, Kenneth Williford was provided ample notice and

opportunity to present his views to the Court, both in oral argument and through numerous

---

[11] Appellant attempts to distinguish *Albany Partners* by citing a case from the
Southern District of New York, *In re Eden Associates*, 13 B.R. 578 (Bankr. S.D.N.Y.
1981).  However, this case was handed down prior to *Albany Partners*, does not discuss
§362(d), and is otherwise inapposite to the facts of this case.

briefs filed by Mr. Williford. (B.C. Memorandum Opinion, pp. 4-5, FN6). In reviewing a bankruptcy court judgment as an appellate court, the district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses. *In re Englander*, 95 F. 3d at 1030; *Bankruptcy Rule* 8013. Here, the Williford bankruptcy action was in court for more than three years before a reorganization plan was confirmed. It is clear from the extensive record in this case that the Bankruptcy Court gave due consideration to all of the facts before it, and the facts set forth in its Order of Confirmation are well-supported. It certainly cannot be said that the factual findings below were "clear error."

Kenneth Williford also asserts that the Bankruptcy Court's Order either perpetrated or allowed a "fraud" on the court system, and thus should be reversed. (Appellant's Brief, p. VIII, "Issue 2"). It appears that Mr. Williford believes the division of property ordered by the divorce court was fraudulent, and because the Bankruptcy Court's annulment of the automatic stay, allows the divorce court's action to stand, the Court's order is, therefore, reversible. In effect, Mr. Williford argues that the Bankruptcy Court should have ruled on the propriety of the divorce court's division of property. In fact, however, it is typically considered improper for a bankruptcy court to take over the responsibility and authority granted the divorce court. The courts of this Circuit have held that when there are simultaneous bankruptcy and divorce proceedings pending, the bankruptcy court will usually

14

give way and permit the state court to divide the property. Once the debtor's property interests are delineated, the bankruptcy court may take jurisdiction over the debtor's property and administer the bankruptcy proceedings. *In re Harrell*, 754 F. 2d 902, 907 (11th Cir. 1985). Bankruptcy courts may, however, reexamine a distribution of property and make appropriate adjustments in the case of fraud, collusion, or the like. *Ingals v. Erlewine*, 49 F. 3d 205, 212-13 (5th Cir. 2003). However, this simply was not the situation before the bankruptcy court. As Judge Sawyer noted:

> The overriding interest of the bankruptcy courts in such proceedings is to protect the interests of creditors who could be harmed by collusive or fraudulent activities in connection with the division of marital property. In a common fraudulent divorce scenario, the party with the majority of the debt, usually a husband in a failed business, gives up his property to his wife for the purpose of thwarting his creditors. Once denuded of his assets, the husband can file bankruptcy and discharge his debt, while his former spouse keeps the majority of the property.
>
> Such is not the case here. The divorce decree gives Charlotte Williford the majority of the marital assets. Yet, the confirmed Chapter 11 Plan provides that Charlotte Williford will continue to operate the business and pay all of the business debts. No creditors have been harmed. Indeed, the Court gave all parties in interest notice fo the hearing on Kenneth Williford's motion, and not one creditor made an objection.

(B.C. Memorandum Opinion, pp. 9-10).

There was no evidence of fraud or collusion before the Bankruptcy Court, and the Court's entry of its Order annulling the automatic stay did no harm to any creditors or their interests in the debtors' assets. Thus, there is no basis for Appellant's argument that the

15

Order of Confirmation be revoked on the basis of fraud. Indeed, the question of fraudulent conveyances was addressed by the Bankruptcy Court, and the Court did not find any fraud present. It has long been established that "whether fair consideration has been given for a transfer [in bankruptcy] is 'largely a question of fact, as to which considerable latitude must be allowed to the trier of the facts. *In re Chase & Sanborn Corp.*, 904 F. 2d 588, 593 (11th Cir. 1990). Here, the Bankruptcy Judge found no evidence of fraud in the division of assets.

Again, Appellant appears to base his claim of fraud primarily on his allegation that the division of property by the divorce court was allegedly "inequitable." However, it is reiterated that Mr. Williford did appeal the circuit court's ruling to the Alabama Court of Civil Appeals, and that appellate court affirmed the judgment of the circuit court.

Lastly, Mr. Williford raises issues in his Brief, purporting to show "bias" by the Bankruptcy Court because of his conviction and incarceration for a crime. There is no evidence that the Court's ruling was influenced by Mr. Williford's criminal issues. Mr. Williford was given every opportunity to present evidence to the Bankruptcy Court. He was allowed to submit numerous briefs, as well as be present at hearings via telephone conference. He was represented by counsel at all times pertinent to the bankruptcy proceedings. Thus, while Mr. Williford may seek to dispute his guilt and incarceration, these issues simply are not the province of this Court. As he concedes, "this court could not do this simply because (KW) criminal case is out of this courts jurisdiction." (Appellant's Brief, p.

16

20).  Thus, while it is apparent that Mr. Williford stipulates that the Bankruptcy Court had

no jurisdiction to consider the merits of the criminal charges or his conviction, he correlates

the failure of the Bankruptcy Court to address his criminal innocence or guilt, and the Court's

refusal to allow "evidence and witness to prove his innocent" (Id.) (sic) with "bias" due to

his incarceration.     The  frivolous  claim  of  Mr.  Williford  of  bias  against  him  by  the

Bankruptcy Court is without any substance or evidence, and cannot be found to form a basis

for overturning the Bankruptcy Court's final order in this case.  For the reasons set forth

above, the Bankruptcy Court's Order is due to be affirmed.

## <u>CONCLUSION</u>

        For the reasons set forth in this brief, the Bankruptcy Court's final Order in

Bankruptcy Case No. 03-81486 should be affirmed.  The Court's holding was well-reasoned

and based on sound judgment and its discretion under 11 U.S.C. §362(d).  The Bankruptcy

Court's retroactive annulment of the automatic stay, to give effect to the actions taken by the

Circuit Court of Lee County in the Willifords' divorce proceedings, was not carelessly

ordered, without support of statutory and common law, or as a result of any bias toward

Kenneth Williford due to his incarceration.  Further, the findings of fact made by the Court

were not clearly erroneous.  Accordingly, the judgment of the Bankruptcy Court is due to be

affirmed.

Respectfully submitted,

/s/Floyd R. Gilliland, Jr.
Floyd R. Gilliland, Jr.
April W. McKay
Attorneys for Appellee Charlotte Williford

OF COUNSEL:
Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William R. Murray
Murray Lane
Northport, Alabama 35475-4235

Bankruptcy Administrator
One Church Street
Montgomery, Alabama 36104

I certify that a copy of the foregoing has been served on the following via U.S. Mail:

Kenneth Williford
AIS #229597-B-38
100 Warrior Lane
Bessemer, Alabama 35023-7299

/s/Floyd R. Gilliland, Jr.
OF COUNSEL

18