IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE
DISTRICT OF ALABAMA
EASTERN DIVISION

2007 JUL 10 A 9:40

KENNETH WILLIFORD
        PRO - SE

        V.

CHARLOTTE WILLIFORD
ET. AL.,

CIVIL ACTION NO:
3:07 CV 105-WKW-SRW

REPLY TO
BRIEF AND ARGUMENT OF APPELLEE
CHARLOTTE WILLIFORD

Submitted on this day 6th, of July, 2007
Kenneth Williford
KENNETH WILLIFORD
PRO-SE
AIS #229597-0-11A
100 WARRIOR LANE
BESSEMER, AL, 35023

CERTIFICATE OF INTERESTED PERSONS & ORGANIZATIONS

THE FOLLOWING PERSONS & ORGANIZATIONS COMPRISE ALL
OF THE PERSONS & ENTITIES, AS ARE PRESENTLY KNOWN TO THE PLAIN-
-TIFFS / APPELLANTS, WHO OR WHICH HAVE ANY INTEREST IN THIS
APPEAL, OTHER THAN THE 12-OR-50 CREDITORS OF THE INITIAL
LITIGATION FROM WHICH THIS APPEAL EVENTUALLY AROSE, WHO
ARE NOT PARTIES HERETO.

Ms. CHARLOTTE WILLIFORD & ATTORNEY FLOYD R. GILLILAND JR.
P.O. BOX 4128, MONTGOMERY, AL, 36103

BANKRUPTCY ADMINISTRATOR, ONE CHURCH STREET, MONTGOMERY,
ALABAMA, 36104

Hon. JUDGE SUSAN RUSS WALKER, OFFICE OF THE CLERK UNITED
STATES DISTRICT COURT, P.O. BOX 711, MONTGOMERY, AL
36101-711

[ I ]

# TABLE OF CONTENTS

| DESCRIPTION | PAGE |
|---|---|
| COVER PAGE | |
| CERTIFICATE OF INTERESTED PERSON | I |
| TABLE OF CONTENTS | II |
| TABLE OF CITATIONS | III & IV |
| ALABAMA STATUTES | V |
| UNITED STATES STATUTES | V |
| ARGUMENT #1 | 1-3 |
| ARGUMENT #2 | 4-6 |
| ARGUMENT #3 | 7-13 |
| CONCLUSION | 14-15 |
| CERTIFICATE OF SERVICE | 16 |

# TABLE OF CITATIONS

## (ARRANGED ALPHABETICALLY PURSUANT TO RULE 28 (a) (3))

PAGE #

ALBANY PARTNERS, 749 F. 2d at 675 - - - - - - - - - - - 2

ANDERSON V. BEATRICE, FOODS CO., 900 F. 2d 388, 394 (1st CIR) CERT.
DENIED, 498 U.S. 891, 111 S. Ct. 233, 112 L. Ed. 2d 193 (1990) REVERSED
AND REMANDED - - - - - - - - - - - - - - - - - - - 3

BANK OF MARIN V. ENGLAND, 385 U.S. 99, 103, 87 S. Ct 274
17 L. Ed. 2d (1966) - - - - - - - - - - - - - - 2

DUNCAN V. S. N. , 907 SO. 2d 428 (Ala. 2005) - - - - - 4&15

BOYKIN V. LAW, 946 SO. 2d 838 (Ala. 2006) - - - - - - -4&15

EX PARTE BROOKS, 897 SO. 2d 1017 at 1021 (2004) - - - - - - 9

EX PARTE C.L.C., 897 SO. 2d 234 (ALA. 2004) - - - - - -4&15

EX PARTE FULL CIRCLE DISTRIBUTION L.L.C. 883 SO. 2d 638
(ALA. 2003) (4) JUDGMENT KEY 386 (6) JUDGMENT KEY 27 (7)
JUDGMENT KEY 16 - - - - - - - - - - - - - - - - 3

HUNTER V. HUNTER, 700 SO. 2d 753 (ALA. CIV APP. 1997) - - - -14

INGALLS V. ERLEWINE, 49 F. 3d 205, 212-13 (5TH CIR 2003) - - 12

IN MATTER OF ALLIED HOLDINGS INC. 355 B. R. 372 (BKRTCY.
N. D. GA. 2006) - - - - - - - - - - - - - - - - 3&11

IN RE AM. AIRLINES INC. PRIVACY LITIG. (2005-N. D. TEX)
370 SUPP. 2d 552 - - - - - - - - - - - - - - - 9

IN RE EDEN ASSOCIATES, SUPRA, 13 B. R. at 585 - - - - - - - 10

IN RE FORD, 296 B. R. 537, 548 (BANKR. N. D. GA. 2003) - - - - 11

IN RE GARNER, 913 F. 2d 1515 (10TH CIR. 1990) - - - - - - 10

IN RE HARRELL, 754 F. 2d 902, 907 (11TH CIR. 1985) - - - - 12

IN RE PULLEY, 196 B. R. 502, 504 (BANKR. W. D. ARK. 1996) - - 3

IN RE SOARES, 107 F. 3d 969 - - - - - - - - - - - -1&14

IN RE STORM TECHNOLOGY INC., 260 B. R. 152 - - - - - - - 10

JARVIS, 53 F. 3d at 419 - - - - - - - - - - - - - 2

KENNEDY V. HOPPER, 156 F. 3d 1143, 119 S. Ct. 1475, 526 U.S.
1075, 143 L. Ed. 2d 559, 330 C. F. P. D. 4TH-335 C. A. 11 (CIR.)
1998

[ III ]

PAGE #

LEO V. LEO, 28 ALA. 9 189 SO. 2d 558 (1966) - - - - - - - - - 11

LITTLE CREEK DEV. CO V. COMMONWEATH MORTGAGE CORR.
(IN RE LITTLE CREEK DEV. CO) 779 F. 2d 1068, 1072 (5TH CIR. 1986) - 2

MATAYA V. KISSZOGER (IN RE KISSZOGER), 72 F.3d 107, 109
(9TH CIR 1995) - - - - - - - - - - - - - - - - - 3

O'NEAL V. O'NEAL, 678 SO. 2d 161, 164 (ALA. CIV. APP. 1996) - - - 11

ROBINSON V. ROBINSON, 795 SO. 2d    (ALA. CIV. APP. 2001) - - - - 14

ROLLIN V. ROLLIN, 903 SO. 2d 828 (ALA. CIV. APP. 2004) - - - - 4

SIKES V. GLOBAL MARINE, 881 F. 2d 176 (5TH CIR. 1989 - - - - - 1

SOARES V. BROCKTON CREDIT UNION, 107 F. 3d 969, 976-77
(1ST CIR 1997) - - - - - - - - - - - - - - - 1

SOSBEE V. SOSBEE, 896 SO. 2d 557 (ALA. CIV. APP. 2004) - - - 11

STRIBLING EQUIPMENT INC. V. CRAGER, 891 SO. 2d (ALA. 2004) - 4

U.S. V. LANZOTE, 205 F. 3d 951 C. A. 7 (ILL.) 2000, - - - - - - 8

U.S. V. MARTIN, 195 F. 3d 961 C. A. 7 (ILL.) 1999 - - - - - - 8

U.S. V. STUCKY, 220 F. 3d 976 C. A. 8 (ARK) 2000; 255 F. 3d
588 CERT. DENIES 122 S.CT. 498, 534 U.S. 1011, 151 L. ED 2d
409 C. A. 8 (ARK) 2001 - - - - - - - - - - - - - - 8

U.S. V. WADLINGTON, 233 F. 3d 1067 CERT. DENIED 122 S.CT.
552, 534 U.S. 1023, 151 L. ED. 2d 428 C. A. 8 (IOWA) 2000 - - - 8

U.S. V. WINSHEP, - - - - - - - - - - - - - - - 9

WARTH, 422 AT 501, 95 S.CT. 2206 - - - - - - - - 9

WELL V. WELL, 428 SO. 2d 88 (1983) - - - - - - - 11

WILLIAM V. WOODFORD, 306 F. 3d 665 C. A. 9 (CAL) 2002 - - 8

## ALABAMA STATUTES

PAGE #

ALA. RULES. APP. PROC. RULE   28 (a) (7) (10) - - - - - - - - - 9

RULES. CIV. PROC. RULE 60 (b) (4) - - - - - - - - - 4

## UNITED STATES STATUTES

BANKRUPTCY KEYS 2125, 2421, 2442 - - - - - - 1

BANKRUPTCY CODE 11 U.S.C.A. § 362 - - - - - - - - 1

F. R. A. P. RULE 28 (a) (9) (A) - - - - - - - - - - - - 8

18 U.S.C.A. § 2702 (B) (3) - - - - - - - - - - - - - 9

## ARGUMENT #1

On page 12 of CHARLOTTE WILLIFORD'S (CW) argument says "THE COURTS OF OTHER CIRCUITS HAVE LIKEWISE APPROVED OF AN ABANDONMENT OF THE AUTOMATIC STAY IN APPROPRIATE CIRCUMSTANCES. See SEARS V. GLOBAL MARINE, 881 F. 2d 176 (5th CIR. 1989); SOARES V. BROCKTON CREDIT UNION, 107 F. 3d 969, 976-77 (1st CIR. 1997);"

KENNETH WILLIFORD (KW) ADOPTES THIS CASE, IN RE SOARS, CITE AS 107 F. 3d 969.

Id. at 970 & 971, C12). BANKRUPTCY Key 2125, "BANKRUPTCY COURTS TRADITIONALLY PAY HEED TO EQUITABLE PRINCIPLES"

(21) BANKRUPTCY Key 2421, 2442

"BECAUSE AUTOMATIC STAY IS FUNDAMENTAL PROTECTION FOR ALL PARTIES AFFECTED BY FILING OF PETITION IN BANKRUPTCY, IT SHOULD NOT BE DISMANTLED WITHOUT GOOD REASON; UNDOING STAY RETROACTIVELY SHOULD REQUIRE MEASURABLY GREATER SHOWING. BANKR. CODE, 11 U.S.C.A."

(22) BANKRUPTCY Key 2442

"ALTHOUGH COURTS POSSESS LIMITED DISCRETION TO GRANT RETROACTIVE RELIEF FROM AUTOMATIC STAY, INSTANCES IN WHICH EXERCISE OF THAT DISCRETION IS JUSTIFIED ARE LIKELY TO BE FEW AND FAR BETWEEN, BANKR. CODE, 11 U.S.C.A. § 362."

(23) BANKRUPTCY Key 2442

"RARELY DISPENSED REMEDY LIKE RETROACTIVE RELIEF FROM AUTOMATIC STAY MUST REST ON SET OF FACTS THAT IS BOTH UNUSUAL AND UNUSUALLY COMPELLING. BANKR. CODE, 11 U.S.C.A. § 362"

(24) BANKRUPTCY Key 2442

"CIRCUMSTANCES WERE NOT SUFFICIENTLY COMPELLING TO JUSTIFY BANKRUPTCY COURT ORDER GRANTING RETROACTIVE RELIEF FROM AUTOMATIC STAY AFTER STATE COURT ORDERED DEFAULT AND ORDERED ENTRY OF FORECLOSURE JUDGMENT POST-PETITION, ...."

[1]

[19] Id. at 975

"We subdivide this part of our discussion into four segments. In each segment, our comments reflect our awareness that bankruptcy courts traditionally pay heed to equitable principles. See Bank of Marin v. England, 385 U.S. 99, 103, 87 S. Ct. 274, 277, 17 L.Ed. 2d (1966); Jarvis, 53 F.3d at 419

[21] Id at 977

"Once again, the overarching purpose of the automatic stay informs our analysis. Because the stay is a fundamental protection for all parties affected by the filing of a petition in bankruptcy, it should not be dismantled without good reason. See e.g., Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068, 1072 (5th Cir. 1986).

[22] Id at 977

"We believe that Congress created the automatic stay to ward off scenarios of this sort. Thus, if congressional intent is to be honored and integrity of the automatic stay preserved, retroactive relief should be the long-odds exception, not the general rule. In our view, only a strict standard will ensure the accomplishment of these objectives. See Albany Partners, 749 F.2d at 675 (explaining that "the important congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed during the pendency of the stay."

[23] Id at 977

"These examples - a creditor's lack of notice or a debtors bad faith - clearly do not exhaust the possibilities. But they illustrate that a rarely dispensed remedy like retroactive relief from the automatic stay must rest

[8]

ON A SET OF FACTS THAT IS BOTH UNUSUAL AND UNUSUALLY COMPELLING. THE CASE LAW ECHOES THIS CONCLUSION. SEE MATAYA V. KISSINGER (IN RE KISSINGER), 72 F.3d 107, 109 (9TH CIR 1995) (STATING THAT COURTS SHOULD INDULGE RETROACTIVE ANNULMENT ONLY IN EXTREME CIRCUMSTANCES). IN RE PULLEY, 196 B.R. 502, 504, (BANKR. W.D. ARK. 1996) (SIMILAR)

[24] 4. APPLYING THE STANDARD. HAVING CONSTRUCTED THE LIMITING PRINCIPLE, WE WILL CONSIDER WHETHER THE BANKRUPTCY COURT ERRED IN VALIDATING THE FORECLOSURE JUDGMENT WHICH HAD BEEN OBTAINED IN VIOLATION OF THE AUTOMATIC STAY.

WE CONCLUDE THAT NO PROPER PREDICATE EXISTED FOR DOING SO AND THAT THE BANKRUPTCY COURT THEREFORE ABUSED ITS DISCRETION IN ORDERING RETROACTIVE RELIEF. SEE ANDERSON V. BEATRICE FOOD'S CO., 900 F.2d 388, 394 (1ST CIR.) (EQUATING ABUSE OF DISCRETION WITH A MEANIFUL ERROR IN JUDGMENT), CERT. DENIED, 498, U.S. 891, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990) REVERSED AND REMANDED Id. 977-978

AS IN THE WILLIFORD CASE, THE DIVORCE COURT VIOLATED THE AUTOMATIC STAY BY THE DIVISION OF PROPERTY. AND THERE IS NO PROPER PREDICATE THAT EXISTED FOR DOING SO AND THE BANKRUPTCY COURT, THEREFORE ABUSED ITS DISCRETION IN ORDERING RETROACTIVE RELIEF IN THIS CASE ALSO.

(KN) HOLD'S THAT THE DIVORCE COURT'S POST-PETITION ISSUANCE OF THE PROPERTY DIVISION JUDGMENT VIOLATED THE AUTOMATIC STAY, THAT BANKRUPTCY COURTS ORDINARILY MUST HOLD THOSE WHO DEFILE THE AUTOMATIC STAY TO THE PREDICTABLE CONSEQUENCES OF THEIR ACTIONS AND THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN GRANTING RETROACTIVE RELIEF FROM THE AUTOMATIC STAY. CASE LAW THAT BACKS UP CAN'S CLAIM, SEE "IN MATTER OF ALLIED HOLDINGS, INC, CITE AS 355 B.R. 372 (BKRTCY N.D. 2006), (2) BANKR. KEY 2462, (6) BANKRUPTCY KEY 2442 EX PARTE FULL CIRCLE DISTRIBUTION, LLC, CITE AS 893 SO. 2d 638 (ALA. 2003), (4) JUDGMENT KEY 286, (6) JUDGMENT KEY 27, (7) JUDGMENT KEY 16.

[3]

## ARGUMENT #2

EQUITABLE DIVISION OF PROPERTY DOSS NOT MEAN EQUAL, BUT, EQUITABLE DIVISION, NOT 100% TO (ECW) AND 0% TO (CRW), AND THE BANKRUPTCY COURTS DUTIES ARE TO PROTECT MAIN DEBTOR, CRW), FROM THIS HARDSHIP. IN ALABAMA CASE LAW, STATES, IN "JUDGMENT KEY 346" <u>DUNCAN V. S.N.</u>, 907 SO.2d 428 (ALA. 2005), THAT, "WHEN THE GRANT OR DENIAL OF RELIEF TURNS ON THE VALIDITY OF THE JUDGMENT, DISCRETION HAS NO PLACE, IF, THE JUDGMENT IS VALID, IT MUST STAND AND, IF IT IS VOID, IT MUST BE SET ASIDE. RULES; CIV. PROC., RULE 60 (b) (4).

IN (DOC. ST. 315) THE "MEMORANDUM DECISION" OF THE HON. JUDGE WILLIAM R. SAWYER (J.W.R.S.), ON PAGE 7 SAYS "IT IS CLEAR THAT ALL PROCEEDINGS AFFECTING THE DEBTOR'S PROPERTY WHICH TOOK PLACE IN THE WILLIFORD'S DIVORCE CASE SUBSEQUENT TO THE FILING OF THE BANKRUPTCY PETITION ARE VOID AS A MATTER OF LAW."

AS THE STATE LAW SAYS, THAT, IF IT IS VOID, IT MUST BE SET ASIDE, AND DISCRETION HAS NO PLACE THERE. CITING FROM;

<u>EX PARTE C.L.C</u>, 897 SO.2d 234, (ALA. 2004) ON REMAND;
<u>BOYKIN V. LAW</u>, 946 SO.2d 838, (ALA. 2006);
<u>STRIBLING EQUIPMENT. INC. V. CRAGER</u>, 891 SO.2d 299 (ALA. 2004);
<u>ROLLIN V. ROLLINS</u>, 903 SO.2d 828 (ALA. CIV. APP. 2004).

SINCE (J.W.R.S.) VOIDED THE PROCEEDINGS OF THE DIVORCE COURT AND THE RULED OF THE UNEQUITABLE DIVISION OF PROPERTY, IT WAS THIS DUTY TO EITHER REMAND THIS CASE BACK TO THE DIVORCE COURT WITH INSTRUCTION TO MAKE EQUITABLE PROPERTY DIVISION, OR TO USE THIS AUTHORITY, THAT, (CRW) HAD SHOWED HIM IN (DOC. ST. 307), WHERE (J.W.R.S.) COULD HAVE MADE AN EQUITABLE DIVISION OF PROPERTY HIMSELF, SINCE THERE WAS NO UNUSUAL CIRCUMSTANCES THAT EXISTED IN THIS CASE OTHER THAN DIVISION OF PROPERTY ITS SELF.

THE WAY IN DETERMINING HOW TO MAKE A PROPERTY DIVISION IN A DIVORCE CASE, THE DIVORCE COURTS ARE TO CONSIDER SEVERAL FACTORS OF THE CASE.

(1) LENGTH OF MARRIAGE; IN THIS CASE 24½ YEARS.

(2) THE EARNING ABILITIES OF THE PARTIES; HERE, (CW) IS A SECRETARY AND BOOK KEEPER, (RW) IS A RESTHURANT MANAGER, AND WELDER, BOTH ARE SELFEMPLOYED MOBILE HOME PARK OWNERS.

(3) THE AGE AND HEALTH OF THE PARTIES; BOTH ARE 49 YEARS OF AGE, CCW'S HEALTH IS GOOD, (RW) HAS HEART PROBLEMS.

(4) THE FUTURE EMPLOYMENT PROSPECTS OF THE PARTIES; AT 49 YEARS OF AGE EMPLOYMENT WILL BE HARDER FOR BOTH (RW) AND (CW), BUT EASIER FOR (CW) THAN (RW) DUE TO MY HEART PROBLEMS. BUT IF OUR BUSINESSES WERE DIVIDED EQUITABLY, FUTURE PROSPECTS FOR BEING SELF EMPLOYED WOULD BE GOOD FOR BOTH PARTIES.

(5) THE SOURCE, VALUE, AND TYPE OF PROPERTY OWNED, AND THE STANDARD OF LIVING TO WHICH THE PARTIES HAVE BECOME ACCUSTOMED DURING THE MARRIAGE; THE PROPERTY OWNED IN THIS CASE IS, FIVE MOBILE HOME PARKS, WHICH GENERATE AN INCOME OF $60,000.00 DOLLARS PLUS PER MONTH, A TOTAL OF $720,000.00 DOLLARS PLUS PER YEAR, THE VALUE OF THESE PARKS ARE 5½ TO 6 MILLION DOLLARS, WITH ABOUT $2,600,000.00 MILLION OWED ON THEM, PLUS A $300,000.00 DOLLAR HOME, 3500 SQ. FOOT, IF THE BUSINESSES WERE DIVIDED EQUITABLY, BOTH PARTIES STANDARD OF LIVING COULD STAY AS WE HAVE BEEN ACCUSTOM TOO.

(6) THE CAUSE OF THE DIVORCE, WAS BECAUSE OF (RW)'S INCARCERATION. (RW)'S INCARCERATION IS NOT GROUNDS FOR 100% TO 0% DIVISION OF PROPERTY AND BUSINESSES. IF (RW) HAD, PHYSICAL OR MENTALY ABUSED (CW) AND HIS CHILDREN, OR HAD PHYSICALY IMPAIRED (CW) FROM BEING ABLE TO PHYSICALY HOLD DOWN A JOB, OR ABLE TO

MAKE A DECENT LIVING ON HER OWN. THEN THE LOWER COURTS DECISIONS COULD HAVE BEEN A LITTLE MORE UNDERSTANDABLE, BUT THIS HAS NEVER BEEN THE CASE DURING THE 24 1/2 YEARS OF MARRIAGE. BEFORE WE EVER OWNED ANY MOBILE HOME PARKS (RW) HAD ALWAYS WORKED TWO OR THREE JOBS AT THE SAME TIME SO (CW) WOULD NOT HAVE TOO WORK, AND SO (CW) COULD STAY AT HOME WITH THE THREE CHILDREN. (RW) HAD ALWAYS KEPT A DECENT HOME STAN FOR HIS FAMILY AND HAD SENT ALL THREE CHILDREN TO THE BEST PRIVATE SCHOOLS IN TOWN, FROM THE FIRST GRADE THROUGH 12TH AND THEN TO COLLEGE. DUE TO THE MERE FACT THAT (CW) WAS EMBARRASSED BECAUSE OF (CW)'S INCARCERATION, DOES NOT GIVE THE LOWER COURTS THE RIGHT TO MAKE SUCH OF A PREPOSTEROUS DECISION IN OUR PROPERTY DIVISION.

THERE IS NO JUSTIFIABLE WAY THAT DIVORCE COUR, NOR THE BANKRUPTCY CAN EXPLAIN FOR THEIR REASONING TO BE ABLE TO DIVID THE PROPERTY IN THIS WAY, AS TO GIVE (CW) 100% AND (RW) 0% OF PROPERTY AND BUSINESSES, AND TO GIVE (RW) $572.00 PER MONTH CHILD SUPPORT AND A $500,000.00 UNSECURED NOTES TO PAY OFF, WITHOUT ANY MEANS TO PAY THESE LOANS, OR CHILD SUPPORT IS LUDICROUS AS TO THE DECISIONS MADE BY THE LOWER COURTS. NEVER HAS THERE BEEN SUCH A GROSSLY, DIVISION OF PROPERTY THAT ARE WORTH MILLIONS, CITED IN STATE OR FEDERAL LAW BOOKS IN A DIVORCE CASE, NOR HAS IT EVER BEEN PRESENTED TO A BANKRUPTCY COURT LIKE THIS, TO WHERE THE MISCARRIAGE OF JUSTICE BY A BANKRUPTCY COURT RETROACTIVING A GROSSLY MISS MANAGED PROPERTY DIVISION FROM A LOWER COURT, THAT (RW) CAN FIND IN ANY LAW BOOKS.

THIS CASE IS DUE TO BE REVERSED AND REMANDED BACK WITH INSTRUCTION, ON THE AUTHORITIES OF EQUITABLE DIVISION OF PROPERTY.

ARGUMENT #3

There in (RW) and (CW) case, while the Willefords were in the Bankruptcy Court, (RW) brought up the issues of fraud in this memorandum, and division of property, and the bias of divorce court, See (Doc. st. 278, 307), to the bankruptcy court, and told the bankruptcy court why I was so late in doing so. Was because of the attorneys "Von Memory" (VM) and James Day (JD) refussing to comply with (RW)'s wishes, until (RW) had no other choise but to take matters into his own hands. (CW) says in her reply back now, that, issues above are not relevent to this court. This is false, (RW) argued these issues in the lower courts, which make these issues reviewable for this court.

Furthermore, it is to (RW)'s understanding of the rules of court, that, (RW) & (CW) are suppost to be arguing in this court the issues argued in the bankruptcy court and what happened in the bankruptcy court threw evidence and by exsibits as (RW) has done in his "Principal Brief" that's been presented to this Hon. court, with greater detail than was presented to the lower court. Unlike what has been done with (CW)'s memorandum brief (Doc. st. 311), Unkre not once did she ever cite any citations to the case, statutes, or other authorities, nor did (CW) ever relie on any part of the record to support any kind of claim at all. Nor did (CW) ever refute any of (RW)'s allegations and facts presented to the lower courts.

The bankruptcy court started showing bias in this case, when the Hon. (J.W.R.S.) started showing case law in support of (CW). When (CW) hadn't cited any citations, statutes, case law, or authorities to support her claim. The Hon.(J.W.R.S.) is now acting as if he was attorney for (CW). Then retroactizing the divorce courts decision after stating that the divorce courts decision was "void" due to the automatic stay See (Bankr. C. memorandum (Doc. st. 315) Pg. 9) and then stating to (RW) in a telephone hearing on 1/23/07, that, this decision was

[7]

BASED ON CREW'S INCARCERATION.

THE CASE LAWS STATE IN:

C.A. 8 (ARK) 2000. "IT IS NOT THE JOB OF THE COURT OF APPEALS TO RESEARCH THE LAW TO SUPPORT AN APPELLANTS ARGUMENT, U.S. V. STUCKY 220 F.3d 976.

C.A. 8 (ARK) 2001 "THE COURT OF APPEALS REGULARLY DECLINES TO CONSIDER CURSORY OR SUMMARY ARGUMENT THAT ARE UNSUPPORTED BY CITATIONS TO LEGAL AUTHORITIES, F.R.A.P. RULE 28 (a) (9) (A) 28 U.S.C.A." U.S. V. STUCKY, 255 F.3d 528, CERT. DENIED 122 S.Ct. 498, 534 U.S. 1011, 151 L.Ed 2d 409

C.A. 9 (CAL.) 2002 "IN ASSESSING WHEATHER AN ISSUE IS SUFFICIENTLY ARGUED TO AVOID WAIVER, COURT OF APPEALS LOOKS AT WHETHER THE OPENING BRIEF CONTAIN THE APPELLANT CONTENTIONS AS WELL AS CITATIONS TO AUTHORITIES AND THE RECORD, F.R.A.P. 28 (a)(9) (A)." WILLIAMS V. WOODFORD 306 F.3d 665 U.S. V. LANZOTTI, 205 F.3d C.A. 7 (ILL) 2000 PG 951 U.S. V. MARTIN, 195 F.3d 961 C.A. 7 (ILL) 1999

C.A. 8 (IOWA) 2000 "ON APPEAL IN WHICH DEFENDANT RAISED NUMEROUS OBJECTIONS TO HIS SENTENCE, COURT OF APPEALS WOULD CONSIDER ONLY THOSE CONTENTIONS THAT INCLUDED CITATIONS TO AUTHORITIES AND PART OF THE RECORD ON WHICH DEFENDANT RELIED, F.R.A.P. RULE 28 (a) (9) USCA." U.S. V. WADLINGTON, 233 F.3d 1067 CERT. DENIED 122 S.Ct 552, 534 U.S. 1023, 151 L.Ed 2d 428

C.A. 11 (Ala.) 1998 "BRIEF IN ALABAMA COURT OF CRIMIAL APPEAL, DESCRIBING RULINGS THAT RESULTED FROM PETITIONERS MOTION TO SUPRESS AND OBJECTIONS IN TRIAL COURT, WITH NO CITATION OF AUTHORITY OR ASSERTION THAT ANY RULINGS WAS INCORRECT, WAS INSUFFICIENT, UNDER ALABAMA LAW, TO RAISE ISSUE OF VOLUNTARI-NESS OF PETITIONERS STATEMENTS ON DIRECT APPEAL, AND THEREFORE

CLAIM WAS ALSO PROCEDURALLY BARRED FROM FEDERAL HEBEAS CORPUS REVIEW, Ala. Rules. App. Proc., Rule 28(a) (7) (10) A.R.A.P. KENNEDY V. HOPPER; 156 F.3d 1143, 119 S.Ct. 1475, 526 U.S. 1075, 143 L.Ed.2d 557, 330 C.F.R.). 4TH-335

"PASSENGERS FAILED SUFFICIENTLY TO PLEAD THAT AIRLINE'S CONSENTS TO ACCESS PASSENGER'S NAME RECORDS WAS UNLAWFUL BECAUSE IT WAS GIVEN IN VIOLATION OF THEIR PRIVACY POLICY AND FAILED TO CITE AUTHORITY FOR THEIR OPPOSITION MEMORANDUM THAT SUPPORTED ASSERTION UNDER 18 U.S.C.A § 2702 (B) (3) WAS NOT LAWFUL IF GIVEN IN BREACH OF CONTRACT." IN RE AM. AIRLINS, INC. PRIVACY LITIG (2005 N.D. TEX.) 370 SUPP. 2d 552

ALSO IN U.S. V. WUISHER, STATE THAT, "WHEN THE MOVING PARTY CLAIMS GO UNREFUTED, THIS COURT" MUST "ACCEPT THE ALLEGATIONS AND FACTS AS TRUE,"

WARTH, 422 U.S. at 501, 95 S.Ct 2206, AND EX PARTE BROOKS, 897 SO. 2d 1017 at 1021 (2004); "THE UNITED STATES SUPREME COURT, STATED A REVIEWING COURT "MUST" ACCEPT AS TRUE ALL MATERIAL ALLEGATION OF THE COMPLAINT, AND "MUST" CONSTRUE THE COMPLAINT IN "FAVOR" OF THE COMPLAINING PARTY"

(CCW) HAS NEVER REFUTED ANY OF (CRW) ALLEGATIONS OR FACTS, NOR DID (CCW) EVER CITE ANY CITATIONS, STATUTES, AUTHORITIES, OR RELIES ON THE RECORD IN HER MEMORANDUM BRIEF TO THE LOWER COURTS, AND AS IT APPEARS IN THIS "BRIEF AND ARGUMENT" OF (CCW), THAT, SHE IS STILL NOT REFUTING (CRW)'S ALLEGATIONS AND FACTS PRESENTED TO THIS HON. COURT IN THIS BRIEF EITHER. BUT SHE DOES SAY ON PAGE 6 OF (CCW)'S BRIEF, "NOR WERE ITS FACTUAL FINDINGS CLEARLY ERRONEOUS.", THEN CCW'S FOOTNOTE #8 SAYING "ALLEGED BIAS OF THE DIVORCE COURT, AND ALLEGATIONS OF FRAUD BY THIS FORMER WIFE AND FORMER ATTORNEYS, WHICH ARE NOT RELEVENT TO THE ISSUES ON APPEAL OR PROPERTY BEFORE THIS COURT." THIS STATEMENT IS LUDICROUS, (CRW) REFERRES THIS HON. COURT TO (DOC. ST. 278, 279, & 307). (DOC. ST. 278) IS THE FIRST (DOC. ST.) FILED "BECAUSE OF FRAUD ON COURT AND REQUEST FOR RELIEF FROM UNLAWFUL DIVISION OF ESTATES",. (MEMORY & LAW) (AND) ECOMMITTED

[9]

FRAUD AGAINST THE LOWER COURTS FROM THE START AND (CLW) HAS
GONE ALONE AND ASSISTED (MED) IN THESE FRAUDS AGAINST THE
COURTS, AS CRW HAS SHOWN IN MY "PRINCIPAL BRIEF" EVEN IN
(DOC.ST. 279) THERE WAS FRAUD COMMITTED BY (MED) WHEN THEY
FILED THIS "MOTION TO DISMISS CASE", WHEN THERE HAD NEVER BEEN
A WORD SAID TO (CRW) ABOUT IT. (VM) AND (CCW) TOOK IT ON THEIR
OWN TO FILE THIS MOTION WITHOUT ANY INPUT FROM (CRW) AND
HAD (CRW)'S NAME SIGNED TO THIS MOTION. (DOC. ST. 307) IS (CRW)'S
MEMORANDUM, TELLING OF THE FRAUD AND GIVING (J.W.R.S.) THIS
JURISDICTION AND AUTHORITY TOO MAKE PROPERTY DIVISION. SEE
(DOC.ST. 307 PG. 3); IN RE STORM TECHNOLOGY INC., 260 B.R. 152,
SEE ALSO ON PAGE 10-11 "IN RE GARDNER, 913 F. 2d 1515 (10TH CIR. 1990)
SO BY WAY OF EVIDENCE THE FRAUD, BIAS, AND ILLEGAL DIVISION
OF PROPERTY WERE ALL ADDRESSED BY (CRW) TO THE BANKRUPTCY
COURT AND IS RELEVENT TO THIS APPEAL BEFORE THIS HON. COURT

    FURTHERMORE, ALL (CRW)'S FINDINGS TO THIS HON. COURT MAY
NOT BE CLEARLY ERRONOUS TO (CCW) AND HER ATTORNEYS, BUT (CRW)
BELIEVE, THAT, THIS HON. COURT CAN THROUGH THE EVIDENCE
PRESENTED TO THIS COURT, THAT, THE DIVORCE COURT AND THE
BANKRUPTCY COURT HAD ERROR IN THEIR DECISIONS AND SHOWED BIAS
AND PREJUDICE, DUE TO (CRW)'S INCARCERATION WHEN MAKING THE
PROPERTY DIVISION. AS (CRW) HAS SHOWN TO THIS HON. COURT IN MY
"PRINCIPAL BRIEF" IN THIS COURTS (DOC.ST. 23) ON PAGES 16-17
THEN IN THE BANKRUPTCY COURTS (DOC.ST. 315), WHEN ON PAGE 2
THE HON. (J.W.R.S.) MEMORANDUM DECISION, AND SAYS "THERE
ARE THREE PARALLEL STORY LINES.
(1) CRW)'S CRIMINAL PROCEEDINGS;
(2) EMERTON'S CIVIL ACTION;
(3) WILLIFORD'S DIVORCE PROCEEDINGS.
    THE ONLY RELEVENT ONE OF THESE THREE ARE THE "DIVORCE PRO-
CEEDINGS," AND ON PAGE 4, IN (DOC.ST. 317), (CRW) SHOWED THE BANK-
RUPTCY COURT "IN RE EDEN ASSOCIATES, SUPRA, 13 B.R. at 588...
"THE AUTOMATIC STAY DEMANDS THE COURTS BE ESPECIALLY
HESITANT TO VALIDATE VIOLATION COMMITTED DURING THE

PENDENCY OF THE STAY"

In (RW) BRIEF ON PAGE 11 SHOWS, _IN RE ALLIED HOLDINGS INC,_ 355 B.R. 372, 376 (BANKR. N.D. GA. 2006). THE _ALLIED HOLDINGS_ COURT ALSO WENT ON TO STATE!

"THE COURT MUST BE "ESPECIALLY HESITANT" TO VALIDATE ACTS COMMITTED DURING THE PENDENCY OF THE STAY AND WHEN DETERMINING WHETHER TO DO SO, MUST BE MINDFUL OF THE PURPOSE OF THE AUTOMATIC STAY, SPECIFICALLY, THE COURT SHOULD COGINZANT OF THE FACT THAT THE AUTOMATIC STAY IS NOT ONLY INTENTED TO PROTECT THE DEBTOR FROM COLLECTION ACTIONS AND TO AFFORD THE DEBTOR A "BREATHING SPELL" IN WHICH IT CAN REORGANIZE, BUT IS ALSO INTENTED TO PROTECT THE INTEREST OF THE DEBTOR'S OTHER CRETORS" _Id at 377 CITING IN RE FORD,_ 296 B.R. 537, 548 (BANKR. N.D. GA. 2003)

THE BANKRUPTCY COURT HAS SEEM TO OF FORGOTTEN, THAT, (RW) IS THE MAIN DEBTOR IN THIS CASE, (RW)'S RIGHT HAVE NOT BEEN PROTECTED BY THE BANKRUPTCY COURT IN THIS CASE. INSTEAD OF THE BANKRUPTCY COURT PROTECTING MAIN DEBTOR (RW) FROM LOOSEING THIS PROPERTY, THEY GO ALONE WITH HELPING (RW) GETTING STRIPED FROM ALL THE PROPERTY.

CASE LAW SHOWS IN _LEO V. LEO,_ 280 ALA. 9 189 SO. 2d 558 (1966), "THE AMOUNT AWARDED ONE SPOUSE SHOULD NOT "CRIPPLE" THE OTHER SPOUSE BY REQUIRING THE PAYING SPOUSE TO SACRIFICE HIS PROPERTY OR BUSINESS." CITED IN SIDES V. SIDES, 284 ALA. 39 (1969); _WELL V. WELL,_ 428 SO. 2d 88 (1983); _O'NEAL V. O'NEAL,_ 678 SO. 2d 161, 164 (ALA. CIV. APP. 1996); "HOWEVER THE AMOUNT TO ONE SPOUSE SHOULD NOT "CRIPPLE" THE OTHER SPOUSE" (896 SO. 2d 561) CITED IN _SOSBEE V. SOSBEE,_ 896 SO. 2d 557 (ALA. CIV. APP. 2004)

IN THE WILLIFORD CASE, (RW) HAS BEEN TOTALLY "CRIPPLE" BY THE DECISIONS OF THE LOWER COURTS, TO THE POINT THAT (RW) CAN'T MAKE HIS CHILD SUPPORT PAYMENTS OR THE OBLIGATIONS OF HAVING TO PAY OFF THE UNSECURED LOAN'S, THAT, THE DIVORCE COURT HAS ON (RW).

[11]

On page 15 of (CEW)'s brief states, IN RE TERRELL, 754 F.2d 902, 907 (11th Cir. 1985); "Bankruptcy courts may, however, reexamine a distribution of property and make appropriate adjustments in the case of fraud, collusion, or the like. TUCKER V. ERLEWINE, 48 F.3d 205, 212-13 (5th Cir. 2003)."

Since (CEW) told the bankruptcy court about the fraud and backed it up with evidence, the above case is exactly what should be done in the Williford case, and not let the fraud be pushed under the rug as the bankruptcy court was encouraged to ignore this fraud and punish (CEW) for telling it.

When it comes to the creditors, they wouldn't be harmed when the property is divided, nor would any of them object to the division of the property either.

The facts in this case are plain and simple.

(1) (CEW) was given 100% of all property, and (CRW) received 0%. (CEW) did not receive just the majority as stated all through her "brief and argument," but everything that belonged to (CRW). (CRW) hasn't even been able to receive this inheritance from his dead father. FACTS that can't be refuted and haven't been refuted by (CEW) or (CWSD)

(2) The division of property was made while protected by an automatic stay in the bankruptcy court. FACTS can't and haven't been refuted by (CEW) or (CWSD) See "Principal brief" Pg. 1-7

(3) The prejudice and bias of the divorce court and the bankruptcy court has been shown to the this Hon. Court by ways of evidence through the means of exhibits in CRW's "Principal brief" pages 16-20 and through both court's decision's. Please look at exhibits from these pages. FACTS that can't and haven't been refuted by (CEW) or (CWSD)

[ 12 ]

(4) (RW) HAS SHOWN TO THIS HON. COURT THE FRAUD THAT HAS BEEN COMMITTED AGAINST THE LOWER COURTS BY WAY OF EVIDENCE THROUGH THE MEANS OF EXHIBITS IN (RW)'S "PRINCIPAL BRIEF" PAGES 8-15. PLEASE SEE EXHIBITS FROM THESE PAGES. _FACTS_ THAT CAN'T AND HAVEN'T BEEN REFUTED BY (CW) OR (MW)

(5) (RW) HAS SHOWN TO THIS HON. COURT IN THE F.R.A.P. RULE 28 (a)(4) (9)(A), 28 (b) (1-9) & (11) AND A.R.A.P. RULE 28 (a) (3) (7)(10); THAT, (CW) NEVER CITED ANY CITATIONS, STATUTES, OR AUTHORITIES OR PARTS OF THE RECORD ON WHICH SHE NEVER RELIES ON. DUE TO THE FACT THAT (CW) NEVER DID THIS, (CW) IS NOW TIMELY BARRED IN HER "BRIEF AND ARGUMENT" TO ARGUE AGAINST THESE ISSUES IN THIS HON. COURT, AND (CW) "BRIEF AND ARGUMENT IS TO BE CONSIDERED "_MOOT_" IN THIS COURT. _FACTS_ THAT CAN'T AND HAVEN'T BEEN REFUTED BY (CW) OR (MW)

(6) (RW) HAS SHOWN AND PROVEN THAT THE BANKRUPTCY COURT DID ABUSE IT'S DISCRETION BY RETROACTIVELY ANNULLING THE AUTOMATIC STAY AND VALIDATING THE ACTIONS TAKEN BY THE DIVORCE COURT RELATED TO THE WILLIFORD'S DIVORCE PROCEEDINGS, AND ALL THE FACTUAL FINDINGS WERE CLEAR ERROR BY THE BANKRUPTCY COURT AND THE DIVORCE COURT. _FACTS_ THAT CAN'T AND HAVEN'T BEEN REFUTED

[13]

# CONCLUSION

In Re Soares, 107 F.3d 969 (1st Cir. 1997), this court has held that "the important congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed the pendency of the stay" Id at 977 [22], and that courts should indulge retroactive annulment only in extreme circumstances, Id at 977 [23]

The Hon. Judge Sawyer stated he had three options. Id at PG 8 (Doc. 51. 315).

(1) This court may declare the divorce proceedings in Lee County void and proceed to hear the property division aspect of the divorce proceeding in Bankruptcy Court.

(2) This court could declare Lee County proceedings void but grant relief from the automatic stay and remand to Lee County for further proceedings unencumbered by the automatic stay.

(3) This court could annul the automatic stay and thereby retroactively validate the proceedings in Lee County as well as those before the Alabama Court of Civil Appeals, making further proceedings here unnecessary.

The retroactive application should not have been an option due to the fact, that, Judge Sawyer could have remanded the case back to the divorce court, to make a division of property that was equitable and in accordance with statutory authority on equitable division of property, cited in Thweatt v. Thweatt, 700 So. 2d 753 (Ala. Civ. App. 1997); Robinson v. Robinson 795 So. 2d (Ala. Civ. App. 2001). This ORDER would of been in keeping with the Bankruptcy policy, in protecting the debtor.

[14]

In this case Judge Sawyer abuse his disertion in retroactively annulling the automatic stay, to void a judgment in violation of the stay as if the stay was meaningless, and in which the divorce court had no jurisdiction to make a division of property in the mist of the automatic stay being in effect.

This court has further held that when a judgment is void it must be set aside. Cited in EX PARTE C.L.C, 897 So. 2d 234 (Ala. 2004); Duncan v. S.M, 907 So. 2d 428 (Ala. 2005); Boykin v. Law, 946 So. 2d 838 (Ala. 2006); Id at 34 Ala D 2d-53, Judgment Key 346,

Therefore, the lower courts judgment should be reversed and the action of the divorce court division of property voided for being in violation of the automatic stay and to further remand the case back to the divorce court to make a division of property in accordance with statutory authority on equitable division of property.

[15]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FORE-GOING ON THE PARTIES LISTED BELOW, BY PLACING SAID "REPY TO BRIEF AND ARGUMENT OF APPELLEE CHARLOTTE WILLIFORD" IN THE U.S. MAIL BOX POSTAGE PRE-PAID AND PROPERLY ADDRESSED ON THE 6TH DAY OF JULY 2007.

TO: FLOYSD GILLILAND JR. OF
NIX, HOLTSFORD, GILLILAND, HIGGINS & HITSON P.C.
P.O. BOX 4128
MONTGOMERY, AL 36103

BANKRUPTCY ADMINISTRATOR
ONE CHURCH STREET
MONTGOMERY, AL, 36104

TO: HON, JUDGE SUSAN RUSS WALKER
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, AL, 36101-711

KENNETH WILLIFORD
AIS # 229597-0-11A
100 WARRIOR LANE
BESSEMER, AL, 35023-7299
PRO-SE

[16]

Kenneth Williford-Pro-se
ATS #22959-O-tilt
100 Warrior Lane
Bessemer, AL, 35023

TO: John Judge Susan Russ Walker
Office of the clerk
United States District Court
P.O. Box 711
Montgomery, AL, 36101-711