## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

In re:

      **Charlotte Teresa Williford**
      **Kenneth Williford ,**
      **Debtors.**             **Bankruptcy Case. No. 03-81486-WRS**


      **Kenneth Williford,**
      **Appellant,**
      **v.**               **CIVIL ACTION NO. 3:07-CV-105-WKW**
      **Charlotte Williford,**
      **Appellee.**

## <u>TRANSMITTAL</u>
## <u>OF APPELLANT DESIGNATION OF RECORD</u>

       I, Dianne M. Segrest,  do hereby certify that the documents herein comprise the items in the designation of contents related to the Notice of Appeal filed in the above referenced case.

**Transmittal of Bankruptcy Contents of Record  per Order On Motion (CV Doc #8).**
**Transmittal Submitted On**:     **September 6, 2007**

**Contents of Record**:
**Designated Items of Appellant(s)**:  **Filed with U.S. District Court on 02/07/2007**
                              **CV Document # 5**

**PLEASE NOTE**:

**Designated  Item #36 - Submission error**
           **Resubmitted in BK Doc #38.**

**Designated Item #244 - Submission error**
           **Resubmitted in BK Doc #245**

**Designated Item #259 - Administrative Error**
           **Duplicate entry of BK Doc #257**

**Designated Item #305 - Administrative Error**
           **Replaced with BK Doc #307**

**Designated Item #308 - Administrative Error (related Bk Doc #305 )**
           **Resubmitted in BK Doc #307**

**PLEASE ACKNOWLEDGE RECEIPT OF TRANSMITTAL**

 /s/ Richard S. Oda, Clerk
United States Bankruptcy Court


 /s/Dianne M. Segrest
Deputy Clerk

**APPEAL**

# U.S. Bankruptcy Court
# MIDDLE DISTRICT OF ALABAMA (Opelika)
# Bankruptcy Petition #: 03-81486
### Internal Use Only

*Assigned to:* William R. Sawyer                                *Date Filed:* 10/03/2003
Chapter 11
Voluntary
Asset

*Debtor*                                    represented by **James L. Day**
**Charlotte Teresa Williford**                               Memory & Day
815 Crawford Road                                            P.O. Box 4054
Opelika, AL 36804                                            Montgomery, AL 36103-4054
SSN: ███████                                                 334 834-8000
*aka*                                                        Fax : 334 834-8001
**Charlotte Teresa Dawkins-Williford**                       Email:
                                                             jlday@memorylegal.com

                                                             **Von G. Memory**
                                                             Memory & Day
                                                             P. O. Box 4054
                                                             469 S.McDonough St.
                                                             Montgomery, AL 36101
                                                             334-834-8000
                                                             Fax : 334-834-8001
                                                             Email:
                                                             vgmemory@memorylegal.com

                                                             **William Robert Murray**
                                                             William R. Murray, Attorney
                                                             At Law
                                                             Murray Lane
                                                             Northport, AL 35475-4235
                                                             205-339-7080
                                                             Email: bill@dbtech.net

***Joint Debtor***
**Kenneth Williford**
229597 - B - 38
100 Warrior Lane
Bessemer, AL 35023
SSN: ███████

represented by **James L. Day**
(See above for address)

**Von G. Memory**
(See above for address)

**William Robert Murray**
(See above for address)

***Bankruptcy Admin.***
**Bankruptcy Administrator**
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

| Filing Date | # | Docket Text |
|---|---|---|
| 10/03/2003 | 1 | Chapter 11 Voluntary Petition. Receipt Number CC 03-08080, Fee Amount $830. Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Disclosure Statement due by 1/30/2004. Chapter 11 Plan due by 1/30/2004. Inventory of Property due 10/20/2003. Schedule A due 10/20/2003. Schedule B due 10/20/2003. Schedule C due 10/20/2003. Schedule D due 10/20/2003. Schedule E due 10/20/2003. Schedule F due 10/20/2003. Schedule G due 10/20/2003. Schedule H due 10/20/2003. Schedule I due 10/20/2003. Schedule J due 10/20/2003. Statement of Financial Affairs due 10/20/2003. Summary of schedules due 10/20/2003. (Memory, Von) Modified receipt on 10/6/2003 (EW, ). (Entered: 10/03/2003) |
| 10/03/2003 | 2 | Meeting of Creditors Scheduled by BA Filed by Teresa R. Jacobs, BA. 341(a) meeting to be held on 11/24/2003 at 01:00 PM at U.S. Bankruptcy Court, Federal Courthouse, Opelika, AL. (Jacobs, Teresa-SW) (Entered: 10/03/2003) |

| 10/03/2003 | ●3 | Amendment to List of Creditors. The following creditors were added: Charles G. Reynolds. *For Scott Emerton, Et Al,*. Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/03/2003) |
| 10/03/2003 | ●4 | 20 Largest Unsecured Creditors *(Amended)* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/03/2003) |
| 10/03/2003 | ●5 | Notice of Appearance and Request for Notice by Charles G. Reynolds Jr. Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton Mr.. (Reynolds, Charles) (Entered: 10/03/2003) |
| 10/06/2003 | | Judge William R. Sawyer added to case. (DY, ) (Entered: 10/06/2003) |
| 10/06/2003 | | New Case Received and Reviewed for Accuracy. (CO, ) (Entered: 10/06/2003) |
| 10/06/2003 | | Flags Set-Reset. (Removed AwCAact16 flag) (CO, ) (Entered: 10/06/2003) |
| 10/07/2003 | ●6 | Notice of Commencement of Chapter 11 Case. Meeting of Creditors set on 11/24/2003 at 13:30 p.m.,at the United States Bankruptcy Court, United States Courthouse, Opelika, AL. Entered On 10/7/2003. Proofs of Claims due by 1/26/2004. (CO, ) (Entered: 10/07/2003) |
| 10/07/2003 | ●7 | Order on Filing a Disclosure Statement and Plan, Notice Requirements, and Cooperation with the Bankruptcy Administrator due by 01/26/2004 and Plan due by 01/26/2004. Entered On 10/7/2003. (CO, ) (Entered: 10/07/2003) |

| 10/07/2003 | ⊙8 | Debtor's Declaration re: Electronic Filing Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (related document(s)1, 3, 4). (Memory, Von) (Entered: 10/07/2003) |
| 10/07/2003 | ⊙9 | Certificate of Service *(Notice of Commencement)* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (related document(s)6). (Attachments: # 1 Supplement Address List) (Memory, Von) (Entered: 10/07/2003) |
| 10/08/2003 | ⊙10 | Debtor's Application to Employ Professional Person(s) Memory & Day as Chapter 11 Counsel Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 10/30/2003. (Memory, Von) (Entered: 10/08/2003) |
| 10/14/2003 | ⊙11 | Bankruptcy Administrator Response to Application to Employ Professional Person(s) *Memory and Day* Filed by Teresa R. Jacobs, BA (related document(s)10). (Fritz,Sr., Aty for BA, Michael) (Entered: 10/14/2003) |
| 10/15/2003 | ⊙12 | Order Setting Hearing On Debtor's Application to Employ Professional Person Entered On 10/15/2003 (related document(s)10). Hearing scheduled for 11/4/2003 at 10:00 AM at Courtroom 4D, U.S. Bankruptcy Court, One Church Street, Montgomery, AL. (CO, ) (Entered: 10/15/2003) |
| 10/20/2003 | ⊙13 | Schedule A Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | ⊙14 | Schedule B Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | ⊙15 | Schedule C Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. |

| | | (Memory, Von) (Entered: 10/20/2003) |
|---|---|---|
| 10/20/2003 | 🌑16 | Schedule D Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑17 | Schedule E Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑18 | Schedule F Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑19 | Schedule G Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑20 | Schedule H Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑21 | Schedule I Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑22 | Schedule J Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑23 | Summary of Schedules Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
| 10/20/2003 | 🌑24 | Declaration re: *Schedules A-J* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (related document(s)18, 19, 13, 20, 14, 21, 15, 22, 16, 23, 17). (Memory, Von) (Entered: 10/20/2003) |

| 10/20/2003 | ⬤25 | Statement of Financial Affairs Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2003) |
|---|---|---|
| 10/20/2003 | ⬤26 | Submission of Documents: *Exhibit to Schedule B - List of Weapons* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (related document(s)14). (Memory, Von) (Entered: 10/20/2003) |
| 10/23/2003 | ⬤27 | Expedited Motion for Relief from Stay. Receipt Number cc03-8732, Fee Amount $75. Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton Mr.. (Reynolds, Charles) Modified receipt on 10/24/2003 (LB, ). (Entered: 10/23/2003) |
| 10/27/2003 | ⬤28 | Order for Hearing On Motion for Relief from Automatic Sty filed by Scott Emerton and Kristi Emerton Entered On 10/27/2003 (related document(s)27). Hearing scheduled for 11/4/2003 at 09:00 AM at Telephone Hearings. (CO, ) (Entered: 10/27/2003) |
| 10/28/2003 | ⬤29 | Debtor's Motion *for 341 Meeting of Creditors by Interrogatory for Kenneth Williford* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Exhibit Exhibit A 341 Interrogatories) (Memory, Von) (Entered: 10/28/2003) |
| 10/28/2003 | ⬤30 | Debtor's Motion *to Approve Adequate Protection Agreement with Peoples Bank & Trust* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Exhibit A - Adequate Protection Agreement with Peoples Bank & Trust) (Memory, Von) (Entered: 10/28/2003) |
| 10/31/2003 | ⬤31 | Order Setting Hearing On Motion to file Interrogatories in Lieu of Creditors' Meeting Entered On 10/31/2003 |

| | | |
|---|---|---|
| | | (related document(s)29). Hearing scheduled for 11/18/2003 at 09:00 AM at Telephone Hearings. (CO, ) (Entered: 10/31/2003) |
| 11/04/2003 | 32 | Order Setting Hearing On Motion to Approve Adequate Protection Agreement with Peoples Bank & Trust Entered On 11/4/2003 (related document(s)30). Hearing scheduled for 11/18/2003 at 09:00 AM at Telephone Hearings. (CO, ) (Entered: 11/04/2003) |
| 11/04/2003 | 33 | Notice of Submission Error *Claim No. 1 filed in error* (Non-Image Entry) Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton Mr.. (Reynolds, Charles) (Entered: 11/04/2003) |
| 11/06/2003 | 34 | Order Authorizing Employment of Attorney (Memory & Day) (Related Doc # 10) Entered On 11/6/2003. (CO, ) (Entered: 11/07/2003) |
| 11/06/2003 | 35 | Order Denying Motion For Relief From Stay (Related Doc # 27) Entered On 11/6/2003. (CO, ) (Entered: 11/07/2003) |
| 11/20/2003 | 36 | Debtor-In-Possession Monthly Operating Report for Filing Period October 3, 2003 through October 31, 2003 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Bank Statements for DIP Account) (Memory, Von) (Entered: 11/20/2003) |
| 11/21/2003 | 37 | Notice of Submission Error *(incorrect document filed)* (Non-Image Entry) Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (related document(s)36). (Memory, Von) (Entered: 11/21/2003) |
| 11/21/2003 | 38 | Debtor-In-Possession Monthly Operating Report for Filing Period October 3, 2003 through October 31, 2003 Filed by Von G. Memory on behalf of Charlotte Teresa |

| | | Williford, Kenneth Williford. (Attachments: # 1 Supplement Bank Statements for DIP Account) (Memory, Von) (Entered: 11/21/2003) |
|---|---|---|
| 11/24/2003 | 39 | Order Compelling Examination of Debtor by Interrogatories (GRANTED) (Related Doc # 29) Entered On 11/24/2003. (CO, ) (Entered: 11/24/2003) |
| 11/25/2003 | 40 | Proceeding Memo - Hearing Held (Non-Image Entry) Filed by Bankruptcy Admin. Teresa R. Jacobs, BA. (Fritz,Sr., Aty for BA, Michael) (Entered: 11/25/2003) |
| 11/25/2003 | 41 | Order Granting Motion to approve Adequate Protection Agreement with Peoples Bank (Related Doc # 30) Entered On 11/25/2003. (Sawyer, William) (Entered: 11/25/2003) |
| 11/26/2003 | 42 | Certificate of Service Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)41 Order). (Attachments: # 1 Supplement Address List) (Memory, Von) (Entered: 11/26/2003) |
| 12/22/2003 | 43 | Debtor-In-Possession Monthly Operating Report for Filing Period November 1, 2003 through November 30, 2003 Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Notice of No Bank Staments Filed) (Day, James) (Entered: 12/22/2003) |
| 12/22/2003 | 44 | Notice of Submission Error (Error on signature line) (Non-Image Entry) Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)43 Report of Debtor, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Day, James) (Entered: 12/22/2003) |
| 12/22/2003 | 45 | Amended Debtor-In-Possession Monthly Operating Report for Filing Period November 1, 2003 through |

|  |  | November 30, 2003 *(corrected signature line)* Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Notice of No Checking Statement) (Day, James) (Entered: 12/22/2003) |
| 01/20/2004 | 46 | Debtor-In-Possession Monthly Operating Report for Filing Period December 1, 2003 through December 31, 2003 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 01/20/2004) |
| 01/22/2004 | 47 | Application to Employ Professional Person(s) Phillips & Phillips, CPAs as Certified Public Accountants Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 2/17/2004. (Attachments: # 1 Exhibit A - Rule 2014 Verification) (Memory, Von) (Entered: 01/22/2004) |
| 01/23/2004 | 48 | Bankruptcy Administrator Response to Application to Employ Professional Person(s) *Stewart Phillips* Filed by Bankruptcy Admin. Teresa R. Jacobs, BA (RE: related document(s)47 Application to Employ Professional Person(s), Application to Employ Professional Person(s) filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Fritz,Sr., Aty for BA, Michael) (Entered: 01/23/2004) |
| 01/28/2004 | 49 | Motion for Relief from Stay *, Or In The Alternative Request For Order To Proceed*. Receipt Number 04-000741, Fee Amount $150. Filed by Charles R. Johanson III on behalf of The Standard Fire Insurance Company, The Travelers Indemnity Company of America. (JC, )(Untermed motion to enter new order) Modified on 4/2/2004 (CO, ). (Entered: 01/28/2004) |
| 01/28/2004 | 51 | Order Setting Hearing Entered On 1/28/2004 (RE: related document(s)49 Motion for Relief From Stay, |

| | | filed by Creditor The Travelers Indemnity Company of America, Creditor The Standard Fire Insurance Company). Hearing scheduled for 2/18/2004 at 10:30 AM at U.S. Bankruptcy Court, Federal Courthouse, Opelika, AL. (DW, ) (Entered: 01/29/2004) |
|---|---|---|
| 01/29/2004 | 🔵50 | Notice *of Response to 341 by Interrogatory (Debtor Kenneth Williford)* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Interrogatories# 2 Affidavit of Kenneth Williford) (Memory, Von) (Entered: 01/29/2004) |
| 01/30/2004 | 🔵52 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 2/23/2004. (Memory, Von) (Entered: 01/30/2004) |
| 01/31/2004 | 🔵53 | BNC Certificate of Service - See Image Attached - No. of Notices: 2. Service Date 01/31/2004. (Related Doc # 51) (Admin.) (Entered: 02/01/2004) |
| 02/04/2004 | 🔵54 | Notice of Telephone Hearing Set (RE: related document(s)52 Motion to Extend Exclusivity Period, 47 Application to Employ Professional Person, Phillips & Phillips, CPA). Hearing scheduled for 3/9/2004 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 02/04/2004) |
| 02/06/2004 | 🔵55 | BNC Certificate of Service - Telephone Hearing - No. of Notices: 22. Service Date 02/06/2004. (Related Doc # 54) (Admin.) (Entered: 02/07/2004) |
| 02/09/2004 | 🔵56 | Certificate of Service Filed by Charles R. Johanson III on behalf of The Standard Fire Insurance Company, The Travelers Indemnity Company of America (RE: related document(s)51 Order on Motion To Set Hearing,, 49 Motion for Relief From Stay, filed by |

| | | Creditor The Travelers Indemnity Company of America, Creditor The Standard Fire Insurance Company). (CO, ) (Entered: 02/10/2004) |
|---|---|---|
| 02/10/2004 | 57 | Quarterly Fee Statement Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (Receipt #04-1283, Amount paid $750.00). (CO, ) (Entered: 02/11/2004) |
| 02/17/2004 | 58 | Objection to *the Motion of the Travelers Indemnity Company of America and the Standard Fire Insurance Company for Relief from the Automatic Stay, or in the Alternative Request to Proceed* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)49 Motion for Relief From Stay, filed by Creditor The Travelers Indemnity Company of America, Creditor The Standard Fire Insurance Company). (Memory, Von) (Entered: 02/17/2004) |
| 02/18/2004 | 59 | Notice of Appearance and Request for Notice Filed by Charles-LH Parnell on behalf of SouthTrust Bank. (Parnell, Charles-LH) (Entered: 02/18/2004) |
| 02/18/2004 | | Matter Under Advisement Re: Motion for Relief from Stay (to proceed with Motion for Reconsideration on District Court declaratory judgment re: insurance coverage)(RE: related document(s)49 Motion for Relief From Stay, ). Matter Under Advisement Due by 2/18/2004. (AF, ) (Entered: 02/19/2004) |
| 02/19/2004 | 60 | Returned Mail. Notice on Hearing - Application to Employ Professional Persons Phillips & Phillips CPA's as Certified Public Accounts--Motion to EXtend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (DH, ) (Entered: 02/19/2004) |
| 02/20/2004 | 61 | Debtor-In-Possession Monthly Operating Report for Filing Period January 1, 2004 through January 31, 2004 |

| | | |
|---|---|---|
| | | Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Service Address List) (Memory, Von) (Entered: 02/20/2004) |
| 03/05/2004 | 🌑62 | Order Granting Motion For Relief From the Automatic Stay to the Standard Fire Insurance Company (Related Doc # 49) Entered On 3/5/2004. (CO, ) (Entered: 03/05/2004) |
| 03/07/2004 | 🌑63 | BNC Certificate of Service - See Image Attached - No. of Notices: 2. Service Date 03/07/2004. (Related Doc # 62) (Admin.) (Entered: 03/09/2004) |
| 03/10/2004 | 🌑64 | Order Authorizing Employment of Accountant (Phillips & Phillips) (Related Doc # 47) Entered On 3/10/2004. (CO, ) (Entered: 03/11/2004) |
| 03/10/2004 | 🌑65 | Order Increasing Time to File Disclosure Statement and Plan (MAY 15, 2004, is fixed as the last day for the debtors to file a disclosure statement and plan under U.S.C. Section 1121) (Related Doc # 52) Entered On 3/10/2004. (CO, ) (Entered: 03/11/2004) |
| 03/13/2004 | 🌑66 | BNC Certificate of Service - See Image Attached - No. of Notices: 5. Service Date 03/13/2004. (Related Doc # 64) (Admin.) (Entered: 03/14/2004) |
| 03/13/2004 | 🌑67 | BNC Certificate of Service - See Image Attached - No. of Notices: 3. Service Date 03/13/2004. (Related Doc # 65) (Admin.) (Entered: 03/14/2004) |
| 03/17/2004 | 🌑68 | Motion *for Post Petition Financing* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 03/17/2004) |
| 03/22/2004 | 🌑69 | Debtor-In-Possession Monthly Operating Report for Filing Period February 1, 2004 through February 29, |

| | | 2004 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Supplement Address List) (Memory, Von) (Entered: 03/22/2004) |
|---|---|---|
| 03/22/2004 | 🌐70 | Order Setting Hearing Entered On 3/22/2004 (RE: related document(s)68 Motion filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 4/20/2004 at 10:00 AM at Courtroom 4D, U.S. Bankruptcy Court, One Church Street, Montgomery, AL. Objections filed in court on or before Tuesday, APRIL 15, 2004). (CO, ) Modified text on 3/22/2004 (CO, ). (Entered: 03/22/2004) |
| 03/23/2004 | 🌐71 | Certificate of Service (Order Setting Hearing - Motion for Postpetition Financing) Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)70 Order on Motion To Set Hearing, ). (Attachments: # 1 Supplement Address List) (Day, James) (Entered: 03/23/2004) |
| 03/24/2004 | 🌐72 | Submission of Documents: Debtor, Kenneth Williford's Responses to Follow Up Interrogatories Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)50 Notice, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Attachments: # 1 Exhibit Responses of Kenneth Williford) (Memory, Von) (Entered: 03/24/2004) |
| 03/24/2004 | 🌐73 | BNC Certificate of Service - See Image Attached - No. of Notices: 1. Service Date 03/24/2004. (Related Doc # 70) (Admin.) (Entered: 03/25/2004) |
| 04/02/2004 | 🌐74 | Order Granting Motion For Relief From The Automatic Stay to The Standard Fire Insurance Company (Related Doc # 49) Entered On 4/2/2004. (CO, ) (Entered: 04/02/2004) |

| 04/04/2004 | 75 | BNC Certificate of Service - See Image Attached - No. of Notices: 2. Service Date 04/04/2004. (Related Doc # 74) (Admin.) (Entered: 04/05/2004) |
|---|---|---|
| 04/14/2004 | 76 | 459 (Application For Removal): Complaint against Charlotte Teresa Williford, Kenneth Williford. Fee Amount $150. Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton Mr.. (Attachments: # 1 Supplement Pleadings, process, orders, and other filings, per 28 U.S.C. sec 1446(a)) (Memory, Von) (Entered: 04/14/2004) |
| 04/20/2004 | 77 | Monthly Operating Report for Filing Period March 1, 2004 through March 31, 2004 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 04/20/2004) |
| 04/22/2004 | 78 | Order Granting Motion for Postpetition Financing (Related Doc # 68) Entered On 4/22/2004. (CO, ) (Entered: 04/22/2004) |
| 04/24/2004 | 79 | BNC Certificate of Service - See Image Attached - (RE: related document(s)78 Order). No. of Notices: 3. Service Date 04/24/2004. (Admin.) (Entered: 04/26/2004) |
| 05/10/2004 | 80 | Quarterly Fee Statement Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (HN, ) (Entered: 05/10/2004) |
| 05/11/2004 | 81 | Motion for Remand & *Abstention* Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton. (Attachments: # 1 Exhibit "A" Supreme Court Ruling# 2 Exhibit "B" Trial Judge's Order) (Reynolds, Charles) (Entered: 05/11/2004) |
| 05/13/2004 | 82 | Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by James L. Day, Von G. Memory on behalf of Charlotte |

| | | | Teresa Williford, Kenneth Williford. Responses due by 6/7/2004. (Memory, Von) (Entered: 05/13/2004) |
|---|---|---|---|
| 05/14/2004 | | 🌐83 | Set Hearing Entered On 5/14/2004 (RE: related document(s)82 Motion to Extend Exclusivity Period filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 6/15/2004 at 09:00 AM at Telephone Hearing. (YP, ) (Entered: 05/14/2004) |
| 05/16/2004 | | 🌐84 | BNC Certificate of Service - See Image Attached - (RE: related document(s)83 Order on Motion To Set Hearing). No. of Notices: 1. Service Date 05/16/2004. (Admin.) (Entered: 05/17/2004) |
| 05/20/2004 | | 🌐85 | Monthly Operating Report for Filing Period April 1, 2004 through April 30, 2004 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 05/20/2004) |
| 06/09/2004 | | 🌐86 | Submission of Documents: *(Information and Documents Incident to State Court Proceedings)* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Exhibit - A# 2 Exhibit - B# 3 Exhibit - C# 4 Exhibit - D# 5 Exhibit - E# 6 Exhibit - F# 7 Exhibit - G# 8 Exhibit - H# 9 Exhibit - I) (Memory, Von) (Entered: 06/09/2004) |
| 06/16/2004 | | 🌐87 | Order Increasing Time to File Disclosure Statement and Plan (SEPTEMBER 15, 2004 is fixed as the last day for the debtor to file a disclosure statement and plan under 11 U.S.C. Section 1121)Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # 82) Entered On 6/16/2004. (CO, ) (Entered: 06/16/2004) |
| 06/17/2004 | | 🌐 | Plan or Disclosure Statement Deadline Updated (Non-Image Entry) (RE: related document(s)87 Order |

| | | on Motion to Extend Exclusivity Period, ). Chapter 11 Plan due by 9/15/2004. Disclosure Statement due by 9/15/2004. (CO, ) (Entered: 06/17/2004) |
|---|---|---|
| 06/18/2004 | 🌑88 | BNC Certificate of Service - See Image Attached - (RE: related document(s)87 Order on Motion to Extend Exclusivity Period, ). No. of Notices: 1. Service Date 06/18/2004. (Admin.) (Entered: 06/19/2004) |
| 06/21/2004 | 🌑89 | Monthly Operating Report for Filing Period May 1, 2004 through May 31, 2004 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 06/21/2004) |
| 06/21/2004 | 🌑90 | Submission of Documents: *Address List for Monthly Financial Report* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)89 Report of Debtor filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Memory, Von) (Entered: 06/21/2004) |
| 07/06/2004 | 🌑91 | Emergency Motion for Relief from Stay. Fee Amount $150. Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton. Responses due by 7/29/2004. (Attachments: # 1 Exhibit "A" Supreme Ct Order) (Reynolds, Charles) Modified on 7/8/2004 (YP, ). (Entered: 07/06/2004) |
| 07/06/2004 | 92 | Receipt of Motion for Relief From Stay(03-81486) [motion,mrlfst13] ( 150.00) filing fee. Receipt number 1127B985038, amount $ 150.00. (U.S. Treasury) (Entered: 07/06/2004) |
| 07/07/2004 | 🌑93 | Debtor's Response to *"Emergency Motion From Relief of Stay"* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)91 Motion for Relief From Stay filed by Creditor Scott & Kristi Emerton). (Memory, Von) (Entered: 07/07/2004) |

| 07/20/2004 | ●94 | Debtor's Monthly Operating Report for Filing Period June 1, 2004 through June 30, 2004 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 07/20/2004) |
|---|---|---|
| 07/20/2004 | ●95 | Quarterly Fee Statement (For Quarter Ending 6/30/04) Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (RK, ) (Entered: 07/21/2004) |
| 07/21/2004 | ●96 | Order Setting Hearing Entered On 7/21/2004 (RE: related document(s)91 Motion for Relief From Stay, filed by Creditor Scott & Kristi Emerton). Hearing scheduled for 8/3/2004 at 09:00 AM at Telephone Hearing. (RK, ) (Entered: 07/21/2004) |
| 07/21/2004 | ●97 | Debtor's Certificate of Service Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton (RE: related document(s)[92] Autodocket of Credit Card Receipt, 96 Order on Motion To Set Hearing). (Reynolds, Charles) (Entered: 07/21/2004) |
| 07/23/2004 | ●98 | Submission of Documents: Supplied Telephone Number for hrg. Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton (RE: related document(s)96 Order on Motion To Set Hearing). (RK, ) (Entered: 07/23/2004) |
| 07/23/2004 | ●99 | BNC Certificate of Service - See Image Attached - (RE: related document(s)96 Order on Motion To Set Hearing). No. of Notices: 4. Service Date 07/23/2004. (Admin.) (Entered: 07/24/2004) |
| 07/30/2004 | | Deadline terminated. In Re: # 91. (BL, ) (Entered: 07/30/2004) |
| 08/23/2004 | ●100 | Monthly Operating Report for Filing Period July 1, 2004 through July 31, 2004 Filed by Von G. Memory |

| | | | on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 08/23/2004) |
|---|---|---|---|
| 08/23/2004 | | 🌐 101 | Submission of Documents: *(Addressees for Monthly Financial Report)* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)100 Report of Debtor (Ch 11/12) filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Memory, Von) (Entered: 08/23/2004) |
| 08/27/2004 | | 🌐 102 | Order Granting in part and Denying in part Motion For Relief From the Automatic Filed by Scott Emerton and Kristi Emerton (Related Doc # 91) Entered On 8/27/2004. (CO, ) (Entered: 08/27/2004) |
| 08/27/2004 | | | Motion terminated. (RE: related document(s)91 Motion for Relief From Stay, ). (CO, ) (Entered: 08/27/2004) |
| 08/27/2004 | | | Motion terminated. (RE: related document(s)81 Motion for Remand). (CO, ) (Entered: 08/27/2004) |
| 08/29/2004 | | 🌐 103 | BNC Certificate of Service - See Image Attached - (RE: related document(s)102 Order on Motion For Relief From Stay). No. of Notices: 3. Service Date 08/29/2004. (Admin.) (Entered: 08/30/2004) |
| 08/30/2004 | | 🌐 104 | Motion for Relief from Stay. Receipt Number 04003512, Fee Amount $150. Filed by Will O. (Trip) Walton III on behalf of Billy and Viola Styes. (CO, ) (Entered: 09/08/2004) |
| 09/10/2004 | | 🌐 105 | Motion *for Expedited Order to Allow Teleconference with Inmate Debtor at Donaldson Correctional Facility* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 09/10/2004) |

| 09/10/2004 | 🌐106 | Order Granting Motion (Related Doc # 105) Entered On 9/10/2004. (Sawyer, William) (Entered: 09/10/2004) |
| 09/13/2004 | 🌐107 | 498 (Other Action): Complaint against Kenneth L Funderburk , Thomas F Worthy , Funderburk, Day & Lane P.C. . Receipt Number 04003574, Fee Amount $150. Filed by William R Murray on behalf of Charlotte Teresa Williford , Kenneth Williford . (DH, ) Modified receipt on 9/13/2004 (DH, ). (Entered: 09/13/2004) |
| 09/13/2004 | 🌐108 | Order Setting Hearing Entered On 9/13/2004 (RE: related document(s)104 Motion for Relief From Stay filed by Creditor Billy and Viola Styes). Hearing scheduled for 9/28/2004 at 09:00 AM at Telephone Hearing. (CO, ) Additional attachment(s) added on 9/13/2004 (CO, ). (Entered: 09/13/2004) |
| 09/15/2004 | 🌐109 | Third Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 09/15/2004) |
| 09/16/2004 | 🌐110 | BNC Certificate of Service - See Image Attached - (RE: related document(s)108 Order on Motion To Set Hearing, ). No. of Notices: 2. Service Date 09/16/2004. (Admin.) (Entered: 09/17/2004) |
| 09/20/2004 | | Deadlines terminated (Disclosure and Plan due 9/15/04; Third Motion to Extend for filing Chapter 11 Plan and Disclosure Statement filed 9/15/2004 Re: (Related document(s) 109. (CO, ) Modified text on 9/20/2004 (CO, ). (Entered: 09/20/2004) |
| 09/20/2004 | 🌐111 | Monthly Operating Report for Filing Period August 1, 2004 through August 31, 2004 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 09/20/2004) |

| 09/22/2004 | 🌐112 | Order Setting Hearing Entered On 9/22/2004 (RE: related document(s)109 Motion to Extend Exclusivity Period filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 10/26/2004 at 10:00 AM at Courtroom 4D, U.S. Bankruptcy Court, One Church Street, Montgomery, AL. Objections due on or before OCTOBER 19, 2004). (CO, ) (Entered: 09/22/2004) |
| 09/22/2004 | 🌐113 | Certificate of Service Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)112 Order on Motion To Set Hearing, ). (Attachments: # 1 Supplement Address List for Mailing) (Memory, Von) (Entered: 09/22/2004) |
| 09/24/2004 | 🌐114 | Certificate of Service Filed by Will O. (Trip) Walton III on behalf of Billy and Viola Styes (RE: related document(s)108 104 Order on Motion To Set Hearing, Motion for Relief from Stay). (CO, ) Modified text on 9/24/2004 (CO, ). (Entered: 09/24/2004) |
| 09/24/2004 | 🌐115 | BNC Certificate of Service - See Image Attached - (RE: related document(s)112 Order on Motion To Set Hearing, ). No. of Notices: 1. Service Date 09/24/2004. (Admin.) (Entered: 09/25/2004) |
| 09/29/2004 | 🌐116 | Order Granting Motion For Relief From Stay (Billy and Viola Styes) (Related Doc # 104) Entered On 9/29/2004. (YP, ) (Entered: 09/29/2004) |
| 10/01/2004 | 🌐117 | Application to Employ Professional Person(s) William R. Murray as Special Counsel Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Affidavit 2014 Verification) (Memory, Von) (Entered: 10/01/2004) |
| 10/01/2004 | 🌐118 | BNC Certificate of Service - See Image Attached - (RE: |

|  |  | related document(s)116 Order on Motion For Relief From Stay). No. of Notices: 2. Service Date 10/01/2004. (Admin.) (Entered: 10/02/2004) |
|---|---|---|
| 10/05/2004 | 119 | Returned Mail. Order Setting Hearing (DH, ) (Entered: 10/05/2004) |
| 10/05/2004 | 120 | Bankruptcy Administrator Response to Application to Employ Professional Person(s) *William Murray* Filed by Bankruptcy Admin. Teresa R. Jacobs (RE: related document(s)117 Application to Employ Professional Person(s) filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Fritz,Sr., Aty for BA, Michael) (Entered: 10/05/2004) |
| 10/13/2004 | 121 | Notice of Telephone Hearing Set (RE: related document(s)117 Application to Employ Professional Person, William R. Murray, as Debtor's Special Counsel). Hearing scheduled for 11/2/2004 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 10/13/2004) |
| 10/15/2004 | 122 | BNC Certificate of Service - Telephone Hearing - (RE: related document(s)121 Telephone Hearing). No. of Notices: 2. Service Date 10/15/2004. (Admin.) (Entered: 10/16/2004) |
| 10/19/2004 |  | Deadlines terminated (Re: Entry #1 & 2). (CO, ) (Entered: 10/19/2004) |
| 10/20/2004 | 123 | Monthly Operating Report for Filing Period September 1, 2004 through September 30, 2004 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 10/20/2004) |
| 10/28/2004 | 124 | Order Increasing Time to File Disclosure Statement and Plan (Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement) |

| | | |
|---|---|---|
| | | (Chapter 11 Plan due by 1/31/2005. Disclosure Statement due by 1/31/2005) (Related Doc # 109) Entered On 10/28/2004. (CO, ) Modified text on 10/28/2004 (CO, ). (Entered: 10/28/2004) |
| 10/28/2004 | 🌑 | Plan or Disclosure Statement Deadline Updated (Non-Image Entry) (RE: related document(s)109 Motion to Extend Exclusivity Period). Chapter 11 Plan due by 1/31/2005. Disclosure Statement due by 1/31/2005. (CO, ) (Entered: 10/28/2004) |
| 10/29/2004 | 🌑126 | Quarterly Fee Statement Ending September 30, 2004 (July thru September 2004) Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (Receipt #04004049; Fee paid $750.00). (CO, ) Modified teston 11/1/2004 (CO, ). (Entered: 11/01/2004) |
| 10/30/2004 | 🌑125 | BNC Certificate of Service - See Image Attached - (RE: related document(s)124 Order on Motion to Extend Exclusivity Period, ). No. of Notices: 1. Service Date 10/30/2004. (Admin.) (Entered: 10/31/2004) |
| 11/02/2004 | 🌑127 | Order Authorizing Employment of Attorney (William R. Murray) (Related Doc # 117) Entered On 11/2/2004. (CO, ) (Entered: 11/02/2004) |
| 11/04/2004 | 🌑128 | BNC Certificate of Service - See Image Attached - (RE: related document(s)127 Order on Application to Employ Professional Person(s)). No. of Notices: 2. Service Date 11/04/2004. (Admin.) (Entered: 11/05/2004) |
| 11/22/2004 | 🌑129 | Monthly Operating Report for Filing Period October 1, 2004 through October 31, 2004 Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 11/22/2004) |

| 12/20/2004 | ⚫130 | Monthly Operating Report for Filing Period November 1, 2004 through November 30, 2004 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 12/20/2004) |
| 01/07/2005 | ⚫131 | ENTERED IN ERROR - DOCKETED IN WRONG CASE. Notice of Commencement of Chapter 11 Case, Meeting of Creditors and Fixing of Dates. Meeting of Creditors set on Thursday, 3/3/2005 at 1:00 p.m., at the United States Bankruptcy Court, United States Courthouse, Dothan, AL Entered On 1/7/2005. Proof of Claims due by 5/3/2005. (CO, ) Modified text on 1/7/2005 (CO, ). (Entered: 01/07/2005) |
| 01/07/2005 | ⚫132 | Administrative Error (Non-Image Entry) (RE: related document(s)131 Notice of Commencement of Chapter 11 Case, ). (CO, ) (Entered: 01/07/2005) |
| 01/20/2005 | ⚫133 | Debtor's Monthly Operating Report for Filing Period December 1, 2004 through December 31, 2004 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 01/20/2005) |
| 01/27/2005 | ⚫134 | Interim Application to Approve Professional Fees *Expenses* for William R Murray, Debtor's Attorney, Period: 8/16/2004 to 12/31/2004, Fee: $0.00, Expenses: $3,030.52. Filed by William R Murray. (Murray, William) (Entered: 01/27/2005) |
| 01/31/2005 | ⚫135 | Fourth Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 2/23/2005. (Day, James) (Entered: 01/31/2005) |
| 02/01/2005 | | Deadlines terminated For Plan & Disclosure Statement due. Motion Filed To Extend Time For Filing See DKe |

| | | |
|---|---|---|
| | | 135 (JT, ) (Entered: 02/01/2005) |
| 02/01/2005 | 136 | Order Setting Hearing Entered On 2/1/2005 (RE: related document(s)134 Application to Approve Professional Fees filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 135 Motion to Extend Exclusivity Period filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 3/1/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JT, ) (Entered: 02/01/2005) |
| 02/01/2005 | 137 | Certificate of Service Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)135 Motion to Extend Exclusivity Period filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 136 Order on Motion To Set Hearing, ). (Attachments: # 1 Supplement Address List for Cert of Service) (Day, James) (Entered: 02/01/2005) |
| 02/02/2005 | 138 | Quarterly Fee Statement Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (Fee paid $750.00/Receipt #05000324). (CO, ) (Entered: 02/02/2005) |
| 02/03/2005 | 139 | BNC Certificate of Service - See Image Attached - (RE: related document(s)136 Order on Motion To Set Hearing, ). No. of Notices: 1. Service Date 02/03/2005. (Admin.) (Entered: 02/04/2005) |
| 02/04/2005 | 140 | Bankruptcy Administrator Response on Application to Approve Professional Fees *William Murray* Filed by Bankruptcy Admin. Teresa R. Jacobs (RE: related document(s)134 Application to Approve Professional Fees filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Fritz,Sr., Aty for BA, Michael) (Entered: 02/04/2005) |

| 02/06/2005 | 🌐141 | Interim Objection to *Bankruptcy Administrator's Attorney's (FRITZ's) Response to AP attorney MURRAY's applicaton for Interim Expenses* Filed by William R Murray on behalf of William R. Murray (RE: related document(s)134 Application to Approve Professional Fees filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Murray, William) (Entered: 02/06/2005) |
| 02/22/2005 | 🌐142 | Monthly Operating Report for Filing Period January 1, 2005 through January 31, 2005 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 02/22/2005) |
| 02/24/2005 | | Deadline terminated. In Re: #135. (BL, ) (Entered: 02/24/2005) |
| 02/26/2005 | 🌐143 | 498 (Other Action): Complaint against Kenneth L Funderburk. Fee Amount $0.0. Filed by William Robert Murray, William R Murray on behalf of Kenneth Williford. (Attachments: # 1 Summons# 2 AP Cover Sheet) (Murray, William) (Entered: 02/26/2005) |
| 03/04/2005 | 🌐144 | Order Increasing Time to File Disclosure Statement and Plan (June 1, 2005, is fixed as the last day for the debtors to file a disclosure statement and plan) (Related Doc # 135) Entered On 3/4/2005. (CO, ) (Entered: 03/04/2005) |
| 03/04/2005 | 🌐 | Plan or Disclosure Statement Deadline Updated (Non-Image Entry). Chapter 11 Plan due by 6/1/2005. Disclosure Statement due by 6/1/2005. (CO, ) (Entered: 03/04/2005) |
| 03/06/2005 | 🌐145 | BNC Certificate of Service - See Image Attached - (RE: related document(s)144 Order on Motion to Extend Exclusivity Period). No. of Notices: 1. Service Date 03/06/2005. (Admin.) (Entered: 03/07/2005) |

| 03/09/2005 | ⚫146 | Second Motion to Incur Debt *(Peoples Bank & Trust Company)* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 03/09/2005) |
| --- | --- | --- |
| 03/14/2005 | ⚫147 | Order Setting Hearing Entered On 3/14/2005 (RE: related document(s)146 Motion to Incur Debt filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 4/12/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL.(Objections to the motion must be made in writing stating the reason for the objection and filed in court on or before APRIL 8, 2005). (CO, ) Modified text on 3/14/2005 (CO, ). (Entered: 03/14/2005) |
| 03/14/2005 | ⚫148 | Certificate of Service *Order Setting Hearing and Second Motion for Post Petition Financing* Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)147 Order on Motion To Set Hearing, ). (Attachments: # 1 Supplement Address List for Cert of Service) (Day, James) (Entered: 03/14/2005) |
| 03/16/2005 | ⚫149 | BNC Certificate of Service - See Image Attached - (RE: related document(s)147 Order on Motion To Set Hearing, ). No. of Notices: 1. Service Date 03/16/2005. (Admin.) (Entered: 03/17/2005) |
| 03/22/2005 | ⚫150 | Amended Application *amended initial submission of interim expenses for period 08-16-04 through 12-31-04 inclusive* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)134 Application to Approve Professional Fees filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Murray, William) (Entered: 03/22/2005) |
| 03/22/2005 | ⚫151 | Interim Application to Approve Professional Fees |

|  |  |  |
|------------|------|-------------|
|  |  | *interin expenses for months of January and February, 2005 in AP-04-08015* for William Robert Murray, Debtor's Attorney, Period: 1/1/2005 to 2/28/2005, Fee: $0.00, Expenses: $1,067.92. Filed by William Robert Murray. (Murray, William) (Entered: 03/22/2005) |
| 03/22/2005 | 152 | Debtor's Monthly Operating Report for Filing Period February 1, 2005 through February 28, 2005 Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 03/22/2005) |
| 03/23/2005 | 153 | NOTICE SUBMISSION ERROR - INCORRECT PDF ATTACHMENT - FILER NOTIFIED. Debtor's Application to Employ Professional Person(s) William R. Murray as Counsel for a Specified Special Purpose Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Affidavit 2014 Verification) (Day, James) Modified text on 3/24/2005 (CO, ). (Entered: 03/23/2005) |
| 03/23/2005 | 154 | Certificate of Service Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)156 Application to Employ Professional Person(s), Application to Employ Professional Person(s) filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Day, James) Modified text to correct related entry on 3/25/2005 (CO, ). (Entered: 03/23/2005) |
| 03/24/2005 | 155 | Notice of Submission Error requiring refiling (INCORRECT PDF ATTACHMENT AND AFFIDAVIT). Please refile using the correct ECF docket event or corrected document within 7 days or your pleading may be dismissed. (RE: related document(s)153 Application to Employ Professional Person(s), Application to Employ Professional Person(s)). Incomplete Filings due by 3/31/2005. (CO, ) |

| | | (Entered: 03/24/2005) |
|---|---|---|
| 03/24/2005 | 🔘156 | Debtor's Application to Employ Professional Person(s) William R. Murray as Counsel for a Specified Special Purpose Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Attachments: # 1 Affidavit A - 2014 Verification) (Day, James) (Entered: 03/24/2005) |
| 03/25/2005 | 🔘157 | Bankruptcy Administrator Response on Application to Approve Professional Fees Filed by Bankruptcy Admin. Teresa R. Jacobs (RE: related document(s)150 Amended Application, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Fritz, Michael) (Entered: 03/25/2005) |
| 03/25/2005 | 🔘158 | Bankruptcy Administrator Response on Application to Approve Professional Fees *Recommends* Filed by Bankruptcy Admin. Teresa R. Jacobs (RE: related document(s)151 Application to Approve Professional Fees, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Fritz, Michael) (Entered: 03/25/2005) |
| 03/25/2005 | | Deadlines terminated., Motion terminated. (RE: related document(s)153 Application to Employ Professional Person(s), Application to Employ Professional Person(s)).(RE: related document(s) [155] Notice of Submission Error. (CO, ) (Entered: 03/25/2005) |
| 03/25/2005 | 🔘159 | Bankruptcy Administrator Response to Application to Employ Professional Person(s) *Willian Murray* Filed by Bankruptcy Admin. Teresa R. Jacobs (RE: related document(s)156 Application to Employ Professional Person(s), Application to Employ Professional Person(s) filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Fritz, Michael) (Entered: 03/25/2005) |

| 04/08/2005 | 160 | Notice of Hearing Set (RE: related document(s)156 Second Application to Employ Professional Person, William R. Murray, as Special Counsel). Hearing scheduled for 5/10/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 04/08/2005) |
| --- | --- | --- |
| 04/08/2005 | 161 | Order Setting Hearing Entered On 4/8/2005 (RE: related document(s)151 Interim Application to Approve Professional Fees interin expenses for months of January and February, 2005 in AP-04-08015 for William Robert Murray, Debtor's Attorney, Period: 1/1/2005 to 2/28/2005, Fee: $0.00, Expenses: $1,067.92. filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). Hearing scheduled for 5/10/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (YP, ) (Entered: 04/08/2005) |
| 04/10/2005 | 162 | BNC Certificate of Service - Hearing - (RE: related document(s)160 Hearing (Bk), Hearing (Bk)). No. of Notices: 1. Service Date 04/10/2005. (Admin.) (Entered: 04/11/2005) |
| 04/10/2005 | 163 | BNC Certificate of Service - See Image Attached - (RE: related document(s)161 Order on Motion To Set Hearing, , ). No. of Notices: 2. Service Date 04/10/2005. (Admin.) (Entered: 04/11/2005) |
| 04/14/2005 | 164 | Order Granting Debtor's Motion To Incur Debt (Related Doc # 146) Entered On 4/14/2005. (CO, ) (Entered: 04/14/2005) |
| 04/16/2005 | 165 | BNC Certificate of Service - See Image Attached - (RE: related document(s)164 Order on Motion to Incur Debt). No. of Notices: 3. Service Date 04/16/2005. (Admin.) (Entered: 04/17/2005) |
| 04/20/2005 | | Adversary Case Closed (AP# 04-8003) (Non-Image |

| | | Entry). (CO, ) (Entered: 04/20/2005) |
|---|---|---|
| 04/22/2005 | ⬤166 | Debtor's Monthly Operating Report for Filing Period March 1, 2005 through March 31, 2005 Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 04/22/2005) |
| 04/25/2005 | ⬤167 | Application to Approve Professional Fees *Interim Expenses for March 2005* for William Robert Murray, Creditor's Attorney, Period: 3/1/2005 to 3/31/2005, Fee: $, Expenses: $919.59. Filed by William Robert Murray. (Murray, William) (Entered: 04/25/2005) |
| 04/25/2005 | ⬤168 | Notice *of Service of Documents to All Interested Persons* Filed by William Robert Murray on behalf of William R. Murray. (Murray, William) (Entered: 04/25/2005) |
| 04/27/2005 | ⬤169 | Order Setting Hearing Entered On 4/27/2005 (RE: related document(s)167 Application to Approve Professional Fees filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). Hearing scheduled for 5/10/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CO, ) (Entered: 04/27/2005) |
| 04/28/2005 | ⬤170 | Bankruptcy Administrator Response on Application to Approve Professional Fees *Recommens - Murray* Filed by Bankruptcy Admin. Teresa R. Jacobs (RE: related document(s)167 Application to Approve Professional Fees filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Fritz, Michael) (Entered: 04/28/2005) |
| 04/29/2005 | ⬤171 | BNC Certificate of Service - See Image Attached - (RE: related document(s)169 Order on Motion To Set Hearing, ). No. of Notices: 2. Service Date 04/29/2005. (Admin.) (Entered: 04/30/2005) |

| 04/30/2005 | 🌐172 | Motion *by Special Counsel Murray for Estate to set up $10,000 "Trust Fund" for employment of expert witness(es)* Filed by William Robert Murray on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)169 Order on Motion To Set Hearing, ). (Murray, William) (Entered: 04/30/2005) |
| 05/02/2005 | 🌐173 | Quarterly Fee Statement (Fee paid $750.00/Receipt #05001045) Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (CO, ) Modified to correct file date on 5/3/2005 (CO, ). (Entered: 05/03/2005) |
| 05/17/2005 | 🌐174 | Order Denying Debtor's Application to Employ William Robert Murrary (Related Doc # 156) Entered On 5/17/2005. (CO, ) (Entered: 05/17/2005) |
| 05/17/2005 | 🌐175 | ORDER (Denying Application to Approve Professional Fees - DENIED AS MOOT) (Related Doc # 134) Denying for William Robert Murray, Granting Motion To Amend Application (Related Doc # 150), Granting Application to Approve Professional Fees (Related Doc # 151) Granting for William Robert Murray, fees awarded: $0.0, expenses awarded: $1067.92, Granting Application to Approve Professional Fees (Related Doc # 167) Granting for William Robert Murray, fees awarded: $0.0, expenses awarded: $919.59 Entered On 5/17/2005. (CO, ) (Entered: 05/17/2005) |
| 05/19/2005 | 🌐176 | BNC Certificate of Service - See Image Attached - (RE: related document(s)174 Order on Application to Employ Professional Person(s)). No. of Notices: 2. Service Date 05/19/2005. (Admin.) (Entered: 05/20/2005) |
| 05/19/2005 | 🌐177 | BNC Certificate of Service - See Image Attached - (RE: related document(s)175 Order on Application to Approve Professional Fees, , , Order on Motion to Amend Application, , , , , , , ). No. of Notices: 2. |

| | | | Service Date 05/19/2005. (Admin.) (Entered: 05/20/2005) |
|---|---|---|---|
| 05/20/2005 | 🌐 | 178 | Debtor's Monthly Operating Report for Filing Period April 1, 2005 through April 30, 2005 Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 05/20/2005) |
| 05/20/2005 | 🌐 | 179 | Submission of Documents: *(Amended Balance Sheet for April 1, 2005 through April 30, 2005 Report of Debtor)* Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)178 Report of Debtor (Ch 11/12) filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Day, James) (Entered: 05/20/2005) |
| 05/24/2005 | 🌐 | 180 | Notice of Telephone Hearing Set (RE: related document(s)172 Special Counsel's Motion That $10,000 "Trust Fund" be set aside for Payment of Expert Witness Fees and Expenses). Hearing scheduled for 6/14/2005 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 05/24/2005) |
| 05/26/2005 | 🌐 | 181 | BNC Certificate of Service - Telephone Hearing - (RE: related document(s)180 Telephone Hearing, ). No. of Notices: 32. Service Date 05/26/2005. (Admin.) (Entered: 05/27/2005) |
| 05/31/2005 | 🌐 | 182 | Fifth Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Ten (10) days* Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 6/23/2005. (Day, James) (Entered: 05/31/2005) |
| 06/02/2005 | | | Deadlines terminated (Updated Plan & Disclosure Deadline - Motion to Extend Plan and Disclosure filed 5/31/2005. (CO, ) (Entered: 06/02/2005) |

| | | |
|---|---|---|
| 06/03/2005 | | Matter Under Advisement Re:. Matter Under Advisement Due by 7/8/2005. (Sawyer, William) (Entered: 06/04/2005) |
| 06/10/2005 | 183 | Disclosure Statement Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 06/10/2005) |
| 06/10/2005 | 184 | Chapter 11 Plan of Reorganization Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 06/10/2005) |
| 06/13/2005 | 185 | Order Denying Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # 182) Entered On 6/13/2005. (CO, ) (Entered: 06/13/2005) |
| 06/14/2005 | 186 | Hearing Continued from 6/14/05 on matter filed by William Robert Murray of William R. Murray, Attorney At Law (RE: related document(s)172 Motion, ). Hearing scheduled for 7/12/2005 at 11:00 AM at Telephone Hearing. (BL, ) (Entered: 06/14/2005) |
| 06/15/2005 | 187 | BNC Certificate of Service - See Image Attached - (RE: related document(s)185 Order on Motion to Extend Exclusivity Period). No. of Notices: 1. Service Date 06/15/2005. (Admin.) (Entered: 06/16/2005) |
| 06/20/2005 | 188 | Monthly Operating Report for Filing Period May 1, 2005 through May 31, 2005 Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 06/20/2005) |
| 06/20/2005 | 189 | Order Setting Hearing Entered On 6/20/2005 (RE: related document(s)172 Motion, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 7/12/2005 at 11:00 |

| | | |
|---|---|---|
| | | AM at Telephone Hearing. (CO, ) (Entered: 06/20/2005) |
| 06/22/2005 | 190 | BNC Certificate of Service - See Image Attached - (RE: related document(s)189 Order on Motion To Set Hearing). No. of Notices: 2. Service Date 06/22/2005. (Admin.) (Entered: 06/23/2005) |
| 06/29/2005 | 191 | Amended Disclosure Statement Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)183 Disclosure Statement filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Memory, Von) (Entered: 06/29/2005) |
| 06/29/2005 | 192 | Report of the Bankruptcy Administrator Regarding the Debtor's Disclosure Statement. Filed by Bankruptcy Admin. Bankruptcy Administrator. (Fritz, Michael) (Entered: 06/29/2005) |
| 06/29/2005 | 193 | Order Approving Disclosure Statement and Fixing Last Date for Voting on Plan, Last date for Objecting to Plan, and Setting Hearing on Confirmation of Plan. Certificate of service shall be filed with the court prior to the last date for filing objections (Refer to AL,M Website for copy of Ballot). Entered On 6/29/2005. Last day to Object to Confirmation 7/27/2005.Chapter 11 Ballots due by 7/27/2005. Confirmation hearing to be held on 8/2/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CO, ) (Entered: 06/29/2005) |
| 07/01/2005 | 194 | BNC Certificate of Service - See Image Attached - (RE: related document(s)193 Order Conditionally Approving Disclosure, Setting Objection Ddls and Hearing Date, , ). No. of Notices: 3. Service Date 07/01/2005. (Admin.) (Entered: 07/02/2005) |
| 07/05/2005 | 195 | Certificate of Service Filed by James L. Day on behalf |

| | | |
|---|---|---|
| | | of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)191 Amended Disclosure Statement, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 193 Order Conditionally Approving Disclosure, Setting Objection Ddls and Hearing Date,,, 184 Chapter 11 Plan filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Attachments: # 1 Supplement Address List for Cert of Service) (Day, James) (Entered: 07/05/2005) |
| 07/14/2005 | 196 | Debtor's Monthly Operating Report for Filing Period June 1, 2005 through June 30, 2005 Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 07/14/2005) |
| 07/20/2005 | 197 | Order Denying Motion to Set Up $10,000 Trust Fund (Related Doc # 172) Entered On 7/20/2005. (CO, ) (Entered: 07/20/2005) |
| 07/22/2005 | 198 | BNC Certificate of Service - See Image Attached - (RE: related document(s)197 Order). No. of Notices: 2. Service Date 07/22/2005. (Admin.) (Entered: 07/23/2005) |
| 07/27/2005 | 199 | Objection to Confirmation of Plan *Objection to Plan of Reorganization* Filed by Charles-AM Parnell on behalf of SouthTrust Bank. (Parnell, Charles-AM) (Entered: 07/27/2005) |
| 07/27/2005 | 200 | Chapter 11 Ballot: REJECT Plan *Secured Class* Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton. (Reynolds, Charles) (Entered: 07/27/2005) |
| 07/27/2005 | 201 | Chapter 11 Ballot: REJECT Plan *Unsecured Class* Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton. (Reynolds, Charles) (Entered: 07/27/2005) |
| 07/27/2005 | 202 | Objection to *Debtors' Disclosure Statement* Filed by |

| | | |
|---|---|---|
| | | Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton (RE: related document(s)193 Order Conditionally Approving Disclosure, Setting Objection Ddls and Hearing Date,,, 191 Amended Disclosure Statement, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Reynolds, Charles) (Entered: 07/27/2005) |
| 07/27/2005 | 🌐203 | Objection to *Debtors' Plan of Reorganization* Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton (RE: related document(s)184 Chapter 11 Plan filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Reynolds, Charles) (Entered: 07/27/2005) |
| 07/28/2005 | 🌐204 | Bankruptcy Administrator's Report and Recommendation of Debtor's Plan of Reorganization and Balloting by Creditors (Ch 11) Filed by Bankruptcy Admin. Bankruptcy Administrator. (Attachments: # 1 Exhibit 1# 2 Exhibit 2) (Fritz, Michael) (Entered: 07/28/2005) |
| 07/28/2005 | 🌐205 | Receipt of CH 11 Quarterly Fee - $750.00 by JI. Receipt Number 05001736. (admin) (Entered: 07/28/2005) |
| 07/28/2005 | 🌐206 | Quarterly Fee Statement (Fee paid $750.00/Receipt #05001736) Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (LO, ) (Entered: 07/29/2005) |
| 07/29/2005 | 🌐207 | Debtor's Objection to Claim *1 and Secured Status of Claim 2* Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 8/29/2005. (Memory, Von) (Entered: 07/29/2005) |
| 07/29/2005 | 🌐208 | Debtor's Amended/Modified Chapter 11 Plan Filed by Von G. Memory on behalf of Charlotte Teresa |

| | | Williford, Kenneth Williford (RE: related document(s)184 Chapter 11 Plan filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Memory, Von) (Entered: 07/29/2005) |
|---|---|---|
| 08/02/2005 | | Matter Under Advisement Re: (RE: related document(s)207 Objection to Claim, Set Matter Under Advisement Deadline). Matter Under Advisement Due by 10/17/2005. (Sawyer, William) (Entered: 08/02/2005) |
| 08/02/2005 | 209 | Bankruptcy Administrator's Motion to Dismiss Case and Notice of Hearing *Motion to Convert* Filed by Bankruptcy Admin. Bankruptcy Administrator. Hearing scheduled for 9/20/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (Attachments: # 1 Exhibit 1# 2 Exhibit 2) (Fritz, Michael) (Entered: 08/02/2005) |
| 08/03/2005 | | Deadlines terminated (Re: Entry # 193 - Ballots Due). (CO, ) (Entered: 08/03/2005) |
| 08/04/2005 | 210 | BNC Certificate of Service - See Image Attached - (RE: related document(s)209 BA Motion to Dismiss Case and Notice of Hearing, ). No. of Notices: 26. Service Date 08/04/2005. (Admin.) (Entered: 08/05/2005) |
| 08/05/2005 | | Deadline terminated. In Re: #207 (matter under advisement) (BL, ) (Entered: 08/05/2005) |
| 08/09/2005 | 211 | Amended Objection to Confirmation of Plan *Amended and Restated Objection to Confirmation* Filed by Charles-AM Parnell on behalf of SouthTrust Bank (RE: related document(s)199 Objection to Confirmation of the Plan filed by Creditor SouthTrust Bank, 184 Chapter 11 Plan filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Attachments: # 1 Exhibit)(Parnell, Charles-AM) (Entered: 08/09/2005) |

| 08/15/2005 | 🌐212 | Briefing Schedule (Debtor's brief shall be filed no later than September 2, 2005) (Creditors' response shall be filed no later than October 3, 2005) (Any reply shall be filed no later than October 18, 2005). Re: related document(s) 207 Entered On 8/15/2005. (CO, ) (Entered: 08/15/2005) |
| 08/17/2005 | 🌐213 | BNC Certificate of Service - See Image Attached - (RE: related document(s)212 Scheduling Order, ). No. of Notices: 2. Service Date 08/17/2005. (Admin.) (Entered: 08/18/2005) |
| 08/18/2005 | 🌐214 | Returned Mail. Motion to Convert & Notice of hearing sent to SouthTrust Bank, P.O. Box 871, Auburn, AL 36831-0871 (EW, ) (Entered: 08/18/2005) |
| 08/22/2005 | 🌐215 | Debtor's Monthly Operating Report for Filing Period July 1, 2005 through July 31, 2005 Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 08/22/2005) |
| 09/02/2005 | 🌐216 | Agreed Motion to Extend Briefing Deadlines Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford and Counsel for Scott and Kristi Emerton (Charles G. Reynolds, Jr.). (CO, ) Modified text on 9/2/2005 (CO, ). (Entered: 09/02/2005) |
| 09/08/2005 | 🌐217 | Order Granting Consent Motion to Extend Briefing Schedule (Related Doc # 216) Entered On 9/8/2005. (Sawyer, William) (Entered: 09/08/2005) |
| 09/08/2005 | 🌐218 | Brief *on Status of Secured Claim of Scott and Kristi Emerton* Filed by Von G. Memory, James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)[217] Order on Consent Motion, 212 Scheduling Order, ). (Day, James) (Entered: 09/08/2005) |
| 09/14/2005 | 🌐 | Adversary Case Closed (AP #8005) (Non-Image Entry). |

| | | | (CO, ) (Entered: 09/14/2005) |
|---|---|---|---|
| 09/20/2005 | | 219 | Debtor's Monthly Operating Report for Filing Period August 1, 2005 through August 31, 2005 Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 09/20/2005) |
| 09/20/2005 | | 220 | Hearing Continued from 9/20/05 on MTD filed by Bankruptcy Administrator (RE: related document(s)209 BA Motion to Dismiss Case and Notice of Hearing, ). Hearing scheduled for 10/4/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (BL, ) (Entered: 09/20/2005) |
| 10/04/2005 | | 221 | Hearing Continued from 10/4/05 on MTD filed by Bankruptcy Administrator (RE: related document(s)209 BA Motion to Dismiss Case and Notice of Hearing, ). Hearing scheduled for 10/12/2005 at 11:30 AM at Opelika Federal Courthouse, U.S. Bankruptcy Court. (BL, ) (Entered: 10/04/2005) |
| 10/05/2005 | | 222 | Interim Application to Approve Professional Fees *expenses* for William Robert Murray, Special Counsel, Period: 3/1/2005 to 8/31/2005, Fee: $0.00, Expenses: $2,028.41. Filed by William Robert Murray. (Murray, William) (Entered: 10/05/2005) |
| 10/07/2005 | | 223 | Order Setting Hearing Entered On 10/7/2005 (RE: related document(s)222 Application to Approve Professional Fees filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, Interested Party William R. Murray, Spec. Counsel William R. Murray). Hearing scheduled for 11/8/2005 at 09:00 AM at Telephone Hearing. (Objections to the application must be made in writing stating the reason for the objection and filed in court on or before November 1, 2005. A copy of the application is on file with the court. (CO, ) (Entered: 10/07/2005) |

| 10/10/2005 | 224 | Notice *of Service of "Order Setting Hearing" on "Plaintiffs' Attorney's Submission of Interim Expenses for Period March Through August, 2005" to all Parties of Interest* Filed by William Robert Murray on behalf of William R. Murray. (Murray, William) (Entered: 10/10/2005) |
| 10/10/2005 | 225 | Brief Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton (RE: related document(s)218 Brief, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Attachments: # 1 Exhibit Supreme Court's Order dated 12-3-04# 2 Exhibit Judge Young's Order dated 1-14-05) (Reynolds, Charles) (Entered: 10/10/2005) |
| 10/12/2005 | 226 | Status Conference continued from 10/12/05 on MTD filed by the Bankruptcy Administrator (RE: related document(s)209 BA Motion to Dismiss Case and Notice of Hearing, ). Hearing scheduled for 11/8/2005 at 9:00 AM at Telephone Hearing. (BL, ) (Entered: 10/13/2005) |
| 10/18/2005 | 227 | Bankruptcy Administrator Response on Application to Approve Professional Fees *Recommends - Murray* Filed by Bankruptcy Admin. Bankruptcy Administrator (RE: related document(s)222 Application to Approve Professional Fees filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, Interested Party William R. Murray, Spec. Counsel William R. Murray). (Fritz, Michael) (Entered: 10/18/2005) |
| 10/19/2005 |  | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 10/19/2005) |
| 10/21/2005 | 228 | Debtor's Monthly Operating Report for Filing Period September 1, 2005 through September 30, 2005 Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 10/21/2005) |

| 11/07/2005 | 229 | Receipt of CH 11 Quarterly Fee - $750.00 by JI. Receipt Number 05002647. (admin) (Entered: 11/07/2005) |
| 11/07/2005 | 230 | Quarterly Fee Statement Ending 9/30/2005 (Receipt #5002647) Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (CO, ) Modified text to add receipt number on 11/7/2005 (CO, ). (Entered: 11/07/2005) |
| 11/10/2005 | 231 | Order Awarding Fee (Granting Application to Approve Professional Fees (Related Doc # 222) Granting for William Robert Murray, fees awarded: $2028.41, expenses awarded: $) Entered On 11/10/2005. (JC, ) (Entered: 11/10/2005) |
| 11/10/2005 | 232 | Order Resetting Confirmation Hearing Entered On 11/10/2005 (RE: related document(s)209 BA Motion to Dismiss Case and Notice of Hearing, filed by Bankruptcy Admin. Bankruptcy Administrator). Confirmation hearing to be held on 12/14/2005 at 11:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JC, ) (Entered: 11/10/2005) |
| 11/12/2005 | 233 | BNC Certificate of Service - See Image Attached - (RE: related document(s)232 Order to Continue/Reschedule Hearing, ). No. of Notices: 26. Service Date 11/12/2005. (Admin.) (Entered: 11/13/2005) |
| 11/12/2005 | 234 | BNC Certificate of Service - See Image Attached - (RE: related document(s)231 Order on Application to Approve Professional Fees). No. of Notices: 2. Service Date 11/12/2005. (Admin.) (Entered: 11/13/2005) |
| 11/22/2005 | 235 | Debtor's Monthly Operating Report for Filing Period October 1, 2005 through October 31, 2005 Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 11/22/2005) |

| 12/04/2005 | 236 | Subpoena Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton. (Reynolds, Charles) (Entered: 12/04/2005) |
| 12/08/2005 | 237 | Certificate of Service *Proof of Service of Subpoena* Filed by Charles G. Reynolds Jr. on behalf of Scott & Kristi Emerton (RE: related document(s)236 Subpoena filed by Creditor Scott & Kristi Emerton). (Reynolds, Charles) (Entered: 12/08/2005) |
| 12/15/2005 | 238 | ORDER - (Sustains the Objection filed by the Emertons and DENIES confirmation of the Plan filed June 10, 2005) Entered On 12/15/2005 (RE: related document(s)202 Objection, filed by Creditor Scott & Kristi Emerton, 184 Chapter 11 Plan filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (CO, ) (Entered: 12/15/2005) |
| 12/20/2005 | 239 | Debtor's Monthly Operating Report for Filing Period November 1, 2005 through November 30, 2005 Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (Day, James) (Entered: 12/20/2005) |
| 12/30/2005 | 240 | Second Amended/Modified Chapter 11 Plan Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)208 Amended/Modified Chapter 11 Plan, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 238 Order on Objection, ). (Memory, Von) (Entered: 12/30/2005) |
| 12/30/2005 | 241 | Certificate of Service Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)240 Amended/Modified Chapter 11 Plan, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Attachments: # 1 Supplement Address List for Cert of Service) (Day, James) (Entered: 12/30/2005) |

| 12/30/2005 | 242 | Debtor's Motion to Extend Time Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)240 Amended/Modified Chapter 11 Plan, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 238 Order on Objection, ). (Day, James) (Entered: 12/30/2005) |
| --- | --- | --- |
| 01/05/2006 | 243 | NOTICE SUBMISSON ERROR - ENTERED IN ERROR - SEE ENTRY # 245 - Bankruptcy Administrator's Motion to Incur Debt (Post Petition) Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) Modified text to add text on 1/6/2006 (CO, ). (Entered: 01/05/2006) |
| 01/05/2006 | 244 | Notice of Submission Error *(wrong party entered)* (Non-Image Entry) Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)243 Motion to Incur Debt filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Memory, Von) (Entered: 01/05/2006) |
| 01/05/2006 | 245 | Debtor's Motion to Expedite Hearing *on Motion to Incur Debt*, Debtor's Motion to Incur Debt *Post Petition* Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 01/05/2006) |
| 01/13/2006 | | Matter Under Advisement Re:. Matter Under Advisement Due by 1/23/2006. (Sawyer, William) (Entered: 01/13/2006) |
| 01/13/2006 | 246 | Order on Debtors' Motion for Post Petition Financing (Related Doc # 245), Entered On 1/13/2006. (CO, ) (Entered: 01/13/2006) |
| 01/13/2006 | 247 | Debtor's Certificate of Service Filed by James L. Day |

| | | |
|---|---|---|
| | | on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)246 Order on Motion to Expedite Hearing, Order on Motion to Incur Debt, 245 Motion to Expedite Hearing, Motion to Incur Debt filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Attachments: # 1 Supplement Address List for Cert of Service) (Day, James) (Entered: 01/13/2006) |
| 01/15/2006 | 248 | BNC Certificate of Service - See Image Attached - (RE: related document(s)246 Order on Motion to Expedite Hearing, Order on Motion to Incur Debt). No. of Notices: 2. Service Date 01/15/2006. (Admin.) (Entered: 01/16/2006) |
| 01/17/2006 | 249 | Response to *Response of Wachovia Bank to Debtors' Motion to Incur Debt* Filed by Charles-AM Parnell on behalf of Wachovia Bank, successor in interest to SouthTrust Bank, N.A. (RE: related document(s)245 Motion to Expedite Hearing, Motion to Incur Debt filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Parnell, Charles-AM) (Entered: 01/17/2006) |
| 01/17/2006 | 250 | Response to *Response of NC Two, LLC, as assignee of SouthTrust Bank to Debtors' Motion to Incur Debt* Filed by Charles-AM Parnell on behalf of NC Two, LLC, as assignee of SouthTrust Bank, N.A. (RE: related document(s)245 Motion to Expedite Hearing, Motion to Incur Debt filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Parnell, Charles-AM) (Entered: 01/17/2006) |
| 01/24/2006 | 251 | Order Granting Motion to Incur Debt Entered On 1/24/2006 (RE: related document(s)245 Motion to Expedite Hearing, Motion to Incur Debt filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Sawyer, William) (Entered: 01/24/2006) |

| 01/24/2006 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 01/24/2006) |
| 01/26/2006 | 252 | Order Setting Evidentiary Hearing - Entered On 1/26/2006 (RE: related document(s)184 Chapter 11 Plan filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). Hearing scheduled for 1/30/2006 at 01:30 PM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CO, ) (Entered: 01/26/2006) |
| 01/26/2006 | 253 | BNC Certificate of Service - See Image Attached - (RE: related document(s)251 Order). No. of Notices: 18. Service Date 01/26/2006. (Admin.) (Entered: 01/27/2006) |
| 01/28/2006 | 254 | BNC Certificate of Service - See Image Attached - (RE: related document(s)252 Order on Motion To Set Hearing, ). No. of Notices: 28. Service Date 01/28/2006. (Admin.) (Entered: 01/29/2006) |
| 01/30/2006 | 255 | FINAL Order Approving Disclosure Statement and Confirming Chapter 11 Plan - Entered On 1/30/2006 (RE: related document(s)240 Amended/Modified Chapter 11 Plan, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 191 Amended Disclosure Statement, filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (CO, ) (Entered: 01/30/2006) |
| 01/31/2006 | 256 | Debtor's Certificate of Service Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford (RE: related document(s)255 Order Approving Disclosure Statement,, Order Confirming Chapter 11 Plan, ). (Attachments: # 1 Supplement Address List for Cert of Service) (Day, James) (Entered: 01/31/2006) |

| 01/31/2006 | 257 | Plan Implementation Order - Entered On 1/31/2006. (CO, ) (Entered: 01/31/2006) |
| 01/31/2006 | 258 | DUPLICATE ENTRY OF # 257 - ENTERED IN ERROR - Plan Implementation Order - Entered On 1/31/2006. (CO, ) Modified text on 1/31/2006 (CO, ). (Entered: 01/31/2006) |
| 01/31/2006 | 259 | Administrative Error (Non-Image Entry) (RE: related document(s)258 Order). (CO, ) (Entered: 01/31/2006) |
| 02/07/2006 | 260 | Joint Motion to Expedite Hearing, Joint Motion *to Allow Grant of Mortgage in Debtors' Homestead to Scott and Christie Emerton* Filed by Charles G. Reynolds Jr., Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 02/07/2006) |
| 02/08/2006 | 261 | Quarterly Fee Statement (Receipt #6000298 - $750.00) Filed by James L. Day on behalf of Charlotte Teresa Williford, Kenneth Williford. (CO, ) (Entered: 02/08/2006) |
| 02/08/2006 | 262 | Receipt of CH 11 Quarterly Fee - $750.00 by CM. Receipt Number 06000298. (admin) (Entered: 02/08/2006) |
| 02/10/2006 | 263 | Notice of Telephone Hearing Set (RE: related document(s)260 Joint Motion to Allow Grant of Mortgage in Debtors' Homestead to Scott and Christie Emerton. Hearing scheduled for 2/14/2006 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 02/10/2006) |
| 03/14/2006 | 264 | ORDER On Joint Motion to Allow Grant of Mortgage in Debtors' Homestead to Scott and Christie Emerton (Related Doc # 260 Entered On 3/14/2006. (YP, ) (Entered: 03/14/2006) |

| | | |
|---|---|---|
| 03/16/2006 | 🌐265 | Amended and Supplemental Order Approving Debtor's Post-Petition Financing Requests Entered On 3/16/2006 (RE: related document(s)264 Order on Motion to Expedite Hearing, ). (CO, ) (Entered: 03/16/2006) |
| 03/16/2006 | 🌐266 | BNC Certificate of Service - See Image Attached - (RE: related document(s)264 Order on Motion to Expedite Hearing, ). No. of Notices: 28. Service Date 03/16/2006. (Admin.) (Entered: 03/17/2006) |
| 03/18/2006 | 🌐267 | BNC Certificate of Service - See Image Attached - (RE: related document(s)265 Amended Order). No. of Notices: 18. Service Date 03/18/2006. (Admin.) (Entered: 03/19/2006) |
| 03/27/2006 | | Motion terminated. (RE: related document(s)243 Motion to Incur Debt, ). (CO, ) (Entered in Error) (Entered: 03/27/2006) |
| 03/28/2006 | | Motion terminated. (FINAL Order Entered 1/30/2006 Re: 255) & (RE: related document(s)242 Motion to Extend Time, ). (CO, ) (Entered: 03/28/2006) |
| 04/03/2006 | | Deadlines terminated (Re: Order Entered 1/30/2006 Re: # 255). (CO, ) (Entered: 04/03/2006) |
| 04/07/2006 | 🌐268 | Application to Approve Professional Fees *of $0 but interim expenses of $1,742.71* for William Robert Murray, Special Counsel, Period: 9/1/2005 to 3/31/2006, Fee: $0.00, Expenses: $1,742.71. Filed by William Robert Murray. (Murray, William) (Entered: 04/07/2006) |
| 04/13/2006 | 🌐269 | Order Setting Hearing - Entered On 4/13/2006 (RE: related document(s)268 Application to Approve Professional Fees, filed by William R. Murray, Special Counsel. Hearing scheduled for 6/6/2006 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CO, ) |

| | | |
|---|---|---|
| | | (Objections to the application must be made in writing stating the reason for the objection and filed in court on or before June 2, 2006. A Copy of the application is on file with the court). (Entered: 04/13/2006) |
| 04/15/2006 | 270 | BNC Certificate of Service - See Image Attached - (RE: related document(s)269 Order on Motion To Set Hearing, ). No. of Notices: 1. Service Date 04/15/2006. (Admin.) (Entered: 04/15/2006) |
| 04/18/2006 | 271 | Notice *of service of ORDER (Doc. 269) dated April 13, 2006* Filed by William Robert Murray on behalf of William R. Murray. (Murray, William) (Entered: 04/18/2006) |
| 05/19/2006 | 272 | NOTED SUBMISSION ERROR - REPLACED WITH DE #273 - Bankruptcy Administrator Response on Application to Approve Professional Fees */Expenses, Murray* Filed by Bankruptcy Admin. Bankruptcy Administrator (RE: related document(s)268 Application to Approve Professional Fees, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Jacobs, Teresa) Modified on 5/19/2006 (YP, ). (Entered: 05/19/2006) |
| 05/19/2006 | 273 | Bankruptcy Administrator Response on Application to Approve Professional Fees */Expenses, Murray (amended to reflect address on certificate of service)* Filed by Bankruptcy Admin. Bankruptcy Administrator (RE: related document(s)268 Application to Approve Professional Fees, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Bankruptcy Administrator, ) (Entered: 05/19/2006) |
| 05/19/2006 | 274 | Notice of Electronic Submission Error (Non-Image Entry) (RE: related document(s)272 BA Response on Application to Approve Professional Fees, ). (YP, ) (Entered: 05/19/2006) |

| | | |
|---|---|---|
| 05/21/2006 | 🌐275 | Response to *and Opposition to Bankruptcy Administrator's Response (273) to Murray's Application to Approve Professional Expenses (268)* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)268 Application to Approve Professional Fees, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray). (Murray, William) (Entered: 05/21/2006) |
| 06/09/2006 | | Matter Under Advisement Re: (RE: related document(s)268 Application to Approve Professional Fees, ). Matter Under Advisement Due by 6/9/2006. (Sawyer, William) (Entered: 06/09/2006) |
| 06/15/2006 | 🌐276 | Order Denying Application to Approve Interim Expenses (Related Doc # 268) (Denying for William R. Murray) Entered On 6/15/2006. (CO, ) (Entered: 06/15/2006) |
| 06/15/2006 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 06/15/2006) |
| 06/17/2006 | 🌐277 | BNC Certificate of Service - See Image Attached - (RE: related document(s)276 Order on Application to Approve Professional Fees). No. of Notices: 3. Service Date 06/17/2006. (Admin.) (Entered: 06/18/2006) |
| 07/25/2006 | | Matter Under Advisement Re:. Matter Under Advisement Due by 7/25/2006. (Sawyer, William) (Entered: 07/25/2006) |
| 07/25/2006 | 🌐278 | Motion to Vacate Confirmation of Plan Because of Fraud on Court and Request for Relief from Unlawful Division of Estates Assets Filed by Kenneth Williford (RE: related document(s)255 Order Approving Disclosure Statement,, Order Confirming Chapter 11 Plan, ). (CO, ) Modified text to correct file date on 7/27/2006 (CO, ). (Entered: 07/27/2006) |

| 07/27/2006 | 279 | Motion to Dismiss Case Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. (Memory, Von) (Entered: 07/27/2006) |
| 07/30/2006 | 280 | Motion *by Special Counsel Murray to Intervene to Protect Potential Contingent Fee in AP-04-08015-WRS* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 278 Motion to Vacate, filed by Joint Debtor Kenneth Williford). (Murray, William) (Entered: 07/30/2006) |
| 07/31/2006 | 281 | Order for Status Hearing Entered On 7/31/2006 (RE: related document(s)279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 280 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 278 Motion to Vacate, filed by Joint Debtor Kenneth Williford). **Status hearing to be held on 9/12/2006 at 01:30 PM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CO, ) Additional attachment(s) added on 7/31/2006 (JGC, ). (Entered: 07/31/2006)** |
| 07/31/2006 | 282 | Regenerate Form - utility event- (Pdfall should have been used instead of pdfsome) (JGC, ) (Entered: 07/31/2006) |
| 07/31/2006 | | Matter Under Advisement Re: (RE: related document(s)281 Order on Motion To Set Hearing,,, Set Matter Under Advisement Deadline). Matter Under Advisement Due by 9/12/2006. (Sawyer, William) (Entered: 07/31/2006) |
| 08/02/2006 | 283 | BNC Certificate of Service - See Image Attached - (RE: related document(s)282 Regenerate Form - utility event.). No. of Notices: 28. Service Date 08/02/2006. (Admin.) (Entered: 08/03/2006) |

| 08/04/2006 | ⚫284 | Response to Order for Status Hearing Filed by Bankruptcy Administrator (RE: related document(s)281 Order on Motion To Set Hearing,, ). (Jacobs, Teresa) (Entered: 08/04/2006) |
|---|---|---|
| 08/06/2006 | ⚫285 | Motion *by Special Counsel Murray for Correction of This Court's "ORDER FOR STATUS HEARING" (DOC. 281)* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)281 Order on Motion To Set Hearing,, ). (Murray, William) (Entered: 08/06/2006) |
| 08/08/2006 | ⚫286 | Motion to Withdraw as Attorney Filed by Von G. Memory on behalf of Von G. Memory, James L. Day, Memory & Day. (Memory, Von) (Entered: 08/08/2006) |
| 08/09/2006 | ⚫287 | Response to Motion to Vacate Confirmation of Plan and Request for Evidentiary Hearing Filed by Kenneth Williford (RE: related document(s)279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 278 Motion to Vacate, filed by Joint Debtor Kenneth Williford). (CO, ) Modified text on 8/9/2006 (CO, ). (Entered: 08/09/2006) |
| 08/09/2006 | ⚫288 | Response to *Motion to Vacate Confirmation of Plan and Motion to Dismiss Case* Filed by Kenneth Williford (RE: related document(s)279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 278 Motion to Vacate, filed by Joint Debtor Kenneth Williford). (CO, ) (Entered: 08/09/2006) |
| 08/09/2006 | ⚫289 | Quarterly Fee Statement (Receipt #6001342 - $750.00) Filed by James L. Day, on behalf of Charlotte Teresa Williford, Kenneth Williford. (CO, ) (Entered: 08/09/2006) |
| 08/09/2006 | ⚫290 | Receipt of CH 11 Quarterly Fee - $750.00 by EW. |

| | | |
|---|---|---|
| | | Receipt Number 06001342. (admin) (Entered: 08/09/2006) |
| 08/10/2006 | 291 | Response to *Motion to Dismiss Case* Filed by Kenneth Williford (RE: related document(s)279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (DH, ) (Entered: 08/10/2006) |
| 08/10/2006 | 292 | Motion *For Transport* Filed by Kenneth Williford (RE: related document(s)291 Response filed by Joint Debtor Kenneth Williford). (DH, ) (Entered: 08/10/2006) |
| 08/17/2006 | 293 | Objection to *Motion to Dismiss (Doc. 279) filed by Attorney Von G. Memory* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford). (Murray, William) (Entered: 08/17/2006) |
| 08/22/2006 | 294 | Motion *to be Heard at Status Hearing with Suggestions Concerning Issues and Procedures to be followed* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)269 Order on Motion To Set Hearing,, 281 Order on Motion To Set Hearing,, ). (Murray, William) (Entered: 08/22/2006) |
| 08/23/2006 | 295 | Response to Status Hearing schedule for 9/12/2006 @1:30 p.m., Courtroom 4D Filed by Kenneth Williford (RE: related document(s)281 Order on Motion To Set Hearing,, ). (YP, ) (Entered: 08/23/2006) |
| 08/25/2006 | 296 | Response Motion to Amend Memorandum Filed by Kenneth Williford. (CO, ) Modified text to correct file date on 8/28/2006 (CO, ). **Re: 285 Motion by Special Counsel Murray for Correction of This Court's "ORDER FOR STATUS HEARING" (DOC. 281), Re: 286 Motion to Withdraw as Attorney Filed by** |

|  |  |  |
|---|---|---|
|  |  | **Von G. Memory on behalf of Von G. Memory, James L. Day, Memory & Day. Re: 279 Motion to Dismiss Case Filed by Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Re: 281 Order for Status Hearing,Status hearing to be held on 9/12/2006 at 01:30 PM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (CO, ) Re: 292, Motion For Transport Filed by Kenneth Williford (RE: related document(s)291 Response filed by Joint Debtor Kenneth Williford) Modified text on 8/29/2006 to add relatede documents (CO, ). (Entered: 08/28/2006)** |
| 09/05/2006 | 🌐297 | Order On Status Conference Entered On 9/5/2006 (RE: related document(s)295 Response filed by Joint Debtor Kenneth Williford, 280 Motion, 279 Motion to Dismiss Case 278 Motion to Vacate, 292 Motion, 293 Objection, 296. **Status hearing to be held on 9/12/2006 at 01:30 PM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. Related document #292 Motion requesting transportation to Court is DENIED. Kenneth Williford may be heard by telephone. He shall telephone Courtroom Deputy William Livingston at 334-954-3846 and provide him with a telephone number at which he may be reached. Mr. Livingston is directed to contact the authorities at the State Prison in Bessemer and attempt to facilitate this process.** (DS, ) (Entered: 09/05/2006) |
| 09/05/2006 | 🌐298 | Submission of Documents: Attorney's Complaint and Report To Courts with exhibits. Filed by William R. Murray. (DS, ) (Entered: 09/05/2006) |
| 09/06/2006 | 🌐299 | Motion *Special Counsel Murray's Motion to Correct Docket Entry for Doc. 298 to Show that it was Not Filed by Attorney Murray* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)298 Submission of Documents filed by |

| | | Interested Party William R. Murray, Spec. Counsel William R. Murray). (Murray, William) (Entered: 09/06/2006) |
|---|---|---|
| 09/07/2006 | 🌐300 | BNC Certificate of Service - See Image Attached - (RE: related document(s)297 Order on Motion To Set Hearing, , , ). No. of Notices: 3. Service Date 09/07/2006. (Admin.) (Entered: 09/08/2006) |
| 09/11/2006 | 🌐301 | Response to *Motions and Documents, ECF#s 278, 280, 285, 287, 288, 291, 293, 294, and 296* Filed by Von G. Memory on behalf of Memory & Day (RE: related document(s)280 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 291 Response filed by Joint Debtor Kenneth Williford, 294 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 285 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 288 Response, filed by Joint Debtor Kenneth Williford, 278 Motion to Vacate, filed by Joint Debtor Kenneth Williford, 293 Objection, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 287 Response, filed by Joint Debtor Kenneth Williford, 296 Response,,, filed by Joint Debtor Kenneth Williford). (Memory, Von) (Entered: 09/11/2006) |
| 09/19/2006 | | Matter Under Advisement Re: (RE: related document(s) Set Matter Under Advisement Deadline). Matter Under Advisement Due by 11/13/2006. (Sawyer, William) (Entered: 09/19/2006) |
| 09/20/2006 | 🌐302 | ORDER Entered On 9/20/2006 (RE: related document(s)292 Motion filed by Joint Debtor Kenneth Williford, 293 Objection, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 295 Response filed by Joint Debtor Kenneth Williford, 280 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 296 Response,,, filed by Joint Debtor Kenneth Williford, |

| | | |
|---|---|---|
| | | **279** Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, **278** Motion to Vacate, filed by Joint Debtor Kenneth Williford). (CO, ) **It is ORDERED, that Kenneth Williford may file a memorandum not later than October 12, 2006. Charlotte Williford may file a response not later than November 13, 2006. The Court will take all pending motions and filings under advisement on November 13, 2006. Modified text to docket text in order on 9/20/2006 (CO, ). (Entered: 09/20/2006)** |
| 09/22/2006 | ●**303** | BNC Certificate of Service - See Image Attached - (RE: related document(s)**302** Order, , , ). No. of Notices: 2. Service Date 09/22/2006. (Admin.) (Entered: 09/23/2006) |
| 10/10/2006 | ●**304** | Reply Response to, Response by Memory & Day to Certain Documents filed by Debtor, Kenneth Williford, and William Murray and Accusation Contain Therein. (CO, ) Modified text to correct file date on 10/17/2006 (CO, ). Additional attachment(s) added on 10/17/2006 (CO, ). (Entered: 10/17/2006) |
| 10/17/2006 | ● | NOTED SUBMISSION ERROR - INCORRECT DOCKET EVENT USED - REPLACED WITH DE #307 - Kenneth Williford's MEMORANDUM and Motion to Show the Honorable Judge Sawyer, Jurisdiction and Authority too Make Property Division in this Case - filed by Kennth Williford. Entered On 10/17/2006. (CO, ) Modified on 10/17/2006 (YP, ). (Entered: 10/17/2006) |
| 10/17/2006 | ●**306** | Submission of Documents: Divorce Decree, Settlement - Filed by William Robert Murray on behalf of Kenneth Williford. (CO, ) (Entered: 10/17/2006) |
| 10/17/2006 | ●**307** | Submission of Documents: Kenneth Williford's MEMORANDUM and Motion to Show the Honorable |

| | | | |
|---|---|---|---|
| | | | Judge Sawyer, Jurisdiction and Authority too Make Property Division in this Case. Filed by Kenneth Williford. (YP, ) (Entered: 10/17/2006) |
| 10/17/2006 | | 308 | Administrative Error (Non-Image Entry) (RE: related document(s)[305] Opinion, ). (RESUBMITTED IN DE #307)(YP, ) (Entered: 10/17/2006) |
| 10/19/2006 | | 309 | BNC Certificate of Service - See Image Attached - (RE: related document(s)[305] Opinion, ). No. of Notices: 3. Service Date 10/19/2006. (Admin.) (CO, ). Modified to remove incorrect date on 10/31/2006 (CO, ). (Entered: 10/20/2006) |
| 10/24/2006 | | 310 | Submission of Documents: Letter Documents Filed by Kenneth Williford (RE: related document(s)307 Submission of Documents filed by Joint Debtor Kenneth Williford). (CO, ) Modified to correct file date on 10/31/2006 (CO, ). (Entered: 10/31/2006) |
| 11/09/2006 | | 311 | Submission of Documents: MEMORANDUM in reference to property settlement Filed by Charlotte Teresa Williford. (CO, ) (Entered: 11/09/2006) |
| 11/28/2006 | | 312 | Submission of Documents: Letter/Response Filed by Kenneth Williford (RE: related document(s)311 MEMORANDUM in reference to property settlement Filed by Charlotte Teresa Williford. (CO, ) (Entered: 11/28/2006) |
| 11/28/2006 | | 313 | Response to *or Rebuttal to Memory & Day's Doc. 301* Filed by William Robert Murray on behalf of William R. Murray (RE: related document(s)301 Response,,, filed by Other Prof. Memory & Day). (Attachments: # 1 Exhibit M&D's Doc. 301: Response to Motions and Documents) (Murray, William) (Entered: 11/28/2006) |
| 12/06/2006 | | | Motion terminated. (RE: related document(s)292 - Motion For Transport Filed by Kenneth Williford (RE: |

| | | |
|---|---|---|
| | | related document(s) 291 Motion - Response to Motion to Dismiss). 292 - Motion for Transportation to Court is DENIED. (CO, ) Modified text to add related docket number on 12/6/2006 (CO, ). (Entered: 12/06/2006) |
| 12/08/2006 | 🌐314 | Order on Entered On 12/8/2006 (RE: related document(s)292 Motion filed by Joint Debtor Kenneth Williford, 280 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 294 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 285 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 299 Motion, filed by Interested Party William R. Murray, Spec. Counsel William R. Murray, 279 Motion to Dismiss Case filed by Debtor Charlotte Teresa Williford, Joint Debtor Kenneth Williford, 278 Motion to Vacate, filed by Joint Debtor Kenneth Williford). (Sawyer, William) (Entered: 12/08/2006) |
| 12/08/2006 | 🌐315 | MEMORANDUM DECISION/OPINION - Authored by Judge William Sawyer. Entered On 12/8/2006 (RE: related document(s)314 Order,, ). (Sawyer, William) (Entered: 12/08/2006) |
| 12/08/2006 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). (Sawyer, William) (Entered: 12/08/2006) |
| 12/11/2006 | 🌐316 | Certificate of Service Filed by Douglas F. Young (RE: related document(s)314 Order, 315 Opinion). (Young, Douglas) (Entered: 12/11/2006) |
| 12/20/2006 | 🌐317 | Submission of Documents: Letter/Motion for Reconsideration, and a Rehearing, and A Motion for a Evidentiary Hearing Filed by Kenneth Williford (RE: related document(s)315 - MEMORANDUM DECISION/OPINION). (CO, ) Modified text to correct filed date on 12/22/2006 (CO, ). (Entered: 12/22/2006) |

| 12/22/2006 | 318 | Notice of Telephone Hearing Set (RE: related document(s)317 Kenneth Williford Motion for Reconsideration and Rehearing). Hearing scheduled for 1/23/2007 at 02:30 PM at Telephone Hearing. (JPC, ) (Entered: 12/22/2006) |
| 12/22/2006 | 319 | Quarterly Fee Statement (Receipt # 6002468/$750.00) Filed by Charlotte Teresa Williford. (CO, ) (Entered: 12/22/2006) |
| 12/22/2006 | 320 | Quarterly Fee Statement (Receipt #6002476/$750.00) Filed by Charlotte Teresa Williford. (CO, ) (Entered: 12/22/2006) |
| 12/22/2006 | 321 | Receipt of CH 11 Quarterly Fee - $750.00 by DW. Receipt Number 06002468. (admin) (Entered: 12/23/2006) |
| 12/22/2006 | 322 | Receipt of CH 11 Quarterly Fee - $750.00 by DW. Receipt Number 06002476. (admin) (Entered: 12/23/2006) |
| 12/24/2006 | 323 | BNC Certificate of Service - Hearing - (RE: related document(s)318 Telephone Hearing). No. of Notices: 4. Service Date 12/24/2006. (Admin.) (Entered: 12/24/2006) |
| 12/29/2006 | 324 | Motion for Final Decree Filed by Bankruptcy Administrator. (Jacobs, Teresa) (Entered: 12/29/2006) |
| 01/05/2007 | 325 | Submission of Documents: Motion to have Kenneth Williford at the Telephone Hearing to be held on 1/23/07 at 2:30 P.M. Filed by Kenneth Williford (RE: related document(s)318 Telephone Hearing). (CO, ) (Entered: 01/05/2007) |
| 01/05/2007 | 326 | Notice of Telephone Hearing Set (RE: related document(s)324 Bankruptcy Administrator's Motion for Final Decree). Hearing scheduled for 1/23/2007 at |

| | | 02:30 PM at Telephone Hearing. (JPC, ) (Entered: 01/05/2007) |
|---|---|---|
| 01/07/2007 | 327 | BNC Certificate of Service - Hearing - (RE: related document(s)326 Telephone Hearing). No. of Notices: 2. Service Date 01/07/2007. (Admin.) (Entered: 01/07/2007) |
| 01/09/2007 | 328 | Response - Motion Not To Enter Final Decree Filed by Kenneth Williford (RE: related document(s)324 Final Decree filed by Bankruptcy Administrator). (JI, ) Modified text on 1/19/2007 (DS, ). (Entered: 01/11/2007) |
| 01/16/2007 | 337 | Submission of Documents: Letter/Motion to Amend Motion for Reconsideration, and a Rehearing, and A Motion for a Evidentiary Hearing Filed by Kenneth Williford (RE: related document(s)317 Submission of Documents, filed by Joint Debtor Kenneth Williford). (YP, ) (Entered: 01/25/2007) |
| 01/18/2007 | 329 | Notice of Appeal . (District Court Case #3:07-cv-105 WKW) Receipt Number Fee Due, Fee Amount $255. Filed by Kenneth Williford (RE: related document(s)314 Order,,, 315 Opinion). Appellant Designation due by 2/8/2007. Transmission of Designation Due by 2/19/2007. (Attachments: # 1 Exhibit Letter by Kenneth Williford) (MANUALLY MAILED CHARLOTTE T WILLIFORD A COPY OF THE NOTICE OF APPEAL)(YP, ) . Modified (appellant designation deadline from 1/29/07 to 2/8/07 and transmission of designation from 2/7/07 to 2/19/07 - additional 10 days because order denying motion for reconsideration entered on 1/25/07, de 335) on 1/25/2007 (YP, ). Modified added case no. from District Court on 2/7/2007 (YP, ). (Entered: 01/18/2007) |
| 01/18/2007 | 330 | Notice *Of Deficiency and Deadline to File Designation of Record (rel doc 329 Notice of Appeal)* Filed by. |

| | | |
|---|---|---|
| | | (MANUALLY MAILED KENNETH WILLIFORD COPY OF THE NOTICE OF DEFICIENCY AND DEADLINE FOR DESIGNATION OF RECORD)(YP, ).. (Entered: 01/18/2007) |
| 01/18/2007 | 331 | Notice of Service of Notice of Appeal. (RE: related document(s)329 Notice of Appeal, ). (Attachments: # 1 Instruction for Appellant) (MANUALLY MAILED KENNETH WILLIFORD COPY OF THE NOTICE OF SERVICE OF NOTICE OF APPEAL) (YP, ). (Entered: 01/18/2007) |
| 01/19/2007 | 332 | Quarterly Fee Statement (Receipt #6002687 - $750.00) Filed by Charlotte Teresa Williford. (CO, ) (Entered: 01/19/2007) |
| 01/19/2007 | 333 | Receipt of CH 11 Quarterly Fee - $750.00 by LO. Receipt Number 06002687. (admin) (Entered: 01/20/2007) |
| 01/23/2007 | 334 | Letter Of Response Filed by Charlotte Teresa Williford (RE: related document(s)317 Submission of Documents, Letter/Motion For Reconsideration And Rehearing And A Motion For Evidentiary Hearing filed by Joint Debtor Kenneth Williford). (JT, ) (Entered: 01/23/2007) |
| 01/25/2007 | 335 | Order Denying Motion for Reconsideration Entered On 1/25/2007 (RE: related document(s)317 Submission of Documents, Letter/Motion for Reconsideration, and a Rehearing, and A Motion for a Evidentiary Hearing; 337 Submission of Documents: Letter/Motion to Amend Motion for Reconsideration, and a Rehearing, and A Motion for a Evidentiary Hearing filed by Joint Debtor Kenneth Williford). (CO, ) Modified to add related doc #337 on 1/25/2007 (YP, ). (Entered: 01/25/2007) |
| 01/25/2007 | 336 | Final Decree Entered On 1/25/2007. (CO, ) (Entered: |

| | | |
|---|---|---|
| | | 01/25/2007) |
| 01/25/2007 | ● | Case could not be closed because Case on Appeal - **(FINAL DECREE ENTERED ON 1/25/2007 RE: ORDER - DE # 336). Close Case Follow Up Review due on 2/26/2007. (CO, ) Modified text on 1/25/2007 (CO, ). (Entered: 01/25/2007)** |
| 01/27/2007 | ●338 | BNC Certificate of Service - See Image Attached - (RE: related document(s)335 Order, ). No. of Notices: 2. Service Date 01/27/2007. (Admin.) (Entered: 01/27/2007) |
| 01/27/2007 | ●339 | BNC Certificate of Service - See Image Attached - (RE: related document(s)336 Final Decree). No. of Notices: 2. Service Date 01/27/2007. (Admin.) (Entered: 01/27/2007) |
| 02/06/2007 | ●340 | Transmittal of Record on Appeal to U.S. District Court *(3:07-cv-105 WKW)* Filed by Kenneth Williford (RE: related document(s)329 Notice of Appeal,, filed by Joint Debtor Kenneth Williford). (YP, ) (Entered: 02/07/2007) |
| 02/13/2007 | | Deadlines terminated (Appellant has not filed his Designation of Records Re: DE # 329). (CO, ) (Entered: 02/13/2007) |
| 02/21/2007 | ●341 | Application to Proceed Without Prepayment of Fees. Filed by Kenneth Williford. (RE: related document(s) 329 Notice of Appeal. (Attachments: # 1 Declaration# 2 Order (Civil Action 3:07CV105)) (DS, ) Modified text on 2/21/2007 (DS, ). Modified on 3/23/2007 to correct docket text (Young, Douglas). (Entered: 02/21/2007) |
| 02/27/2007 | | Case could not be closed because Case is still pending on Appeal (Motion pending Re: DE # 341 (RE: related document(s) Close Case Follow Up Review - Cannot Close Case). Close Case Follow Up Review due on |

| | | 3/29/2007. (CO, ) (Entered: 02/27/2007) |
|---|---|---|
| 03/23/2007 | 342 | Order Granting Application to Proceed Without Prepayment of Fees. Subject to the provisions of 28 U.S.C. Section 1915, calling for the deferred payment of filing fees, the motion is GRANTED (Related Doc # 341). Entered On 3/23/2007. (Young, Douglas) Modified on 3/23/2007 to correct docket text (Young, Douglas). (Entered: 03/23/2007) |
| 03/25/2007 | 343 | BNC Certificate of Service - See Image Attached - (RE: related document(s)342 Order, ). No. of Notices: 2. Service Date 03/25/2007. (Admin.) (Entered: 03/25/2007) |
| 03/27/2007 | 344 | Additional Order on Motion Entered On 3/27/2007 (RE: related document(s)341 Motion, filed by Joint Debtor Kenneth Williford). (CEG, ) (Entered: 03/27/2007) |
| 03/29/2007 | 345 | BNC Certificate of Service - See Image Attached - (RE: related document(s)344 Order). No. of Notices: 3. Service Date 03/29/2007. (Admin.) (Entered: 03/30/2007) |
| 03/30/2007 | | Case could not be closed because Case is still pending on Appeal (Motion Pending Re: DE # 341 (RE: related document(s) Close Case Follow Up Review - Cannot Close Case). Close Case Follow Up Review due on 5/30/2007. (CO, ) (Entered: 03/30/2007) |
| 04/10/2007 | | Motion terminated. (RE: related document(s)324 Motion for Final Decree). (CO, ) SEE DE # 336 FINAL DECREE. (Entered: 04/10/2007) |
| 04/10/2007 | 346 | Receipt of Appeal Filing Fee - $14.95 by JI. Receipt Number 06003334. (admin) (Entered: 04/11/2007) |
| 05/31/2007 | | Case could not be closed because Case is still pending on Appeal (RE: related document(s) Close Case Follow |

| | | |
|---|---|---|
| | | Up Review - Cannot Close Case). Close Case Follow Up Review due on 7/2/2007. (CO, ) (Entered: 05/31/2007) |
| 06/28/2007 | | Adversary Case Closed (AP# 04-8015) (Non-Image Entry). (CO, ) (Entered: 06/28/2007) |
| 07/03/2007 | | Case could not be closed because case still pend on Appeal (RE: related document(s) Close Case Follow Up Review - Cannot Close Case). Close Case Follow Up Review due on 12/4/2007. (CO, ) (Entered: 07/03/2007) |
| 09/04/2007 | 347 | Receipt of Appeal Filing Fee - $30.00 by DH. Receipt Number 06004440. (admin) (Entered: 09/05/2007) |
| 09/06/2007 | 348 | **Transmittal of Appellant Designation of Record (Designation filed 02/07/2007 with U.S. District Court - 3:07-cv-105-WKW Document #5. Transmitted to U.S. District Court per Order on Motion Document #8.) (DS, )** (Entered: 09/06/2007) |

| FORM B1 | **United States Bankruptcy Court**<br>**Middle District of Alabama** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Williford, Charlotte T.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Williford, Kenneth** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**Charlotte Teresa Dawkins-Williford** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>█████████ | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>█████████ |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**815 Crawford Road**<br>**Opelika, AL 36804** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**815 Crawford Road**<br>**Opelika, AL 36804** |
| County of Residence or of the<br>Principal Place of Business:    **Lee** | County of Residence or of the<br>Principal Place of Business:    **Lee** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|
| ☑ Individual(s)    ☐ Railroad<br>☐ Corporation    ☐ Stockbroker<br>☐ Partnership    ☐ Commodity Broker<br>☐ Other_____ | ☐ Chapter 7    ☑ Chapter 11    ☐ Chapter 13<br>☐ Chapter 9    ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business    ☐ Business | **Filing Fee** (Check one box)<br>☑ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information**  (Estimates only)

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONL

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

(Official Form 1) (9/01)                                                                                                    **FORM B1**, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Charlotte T. Williford, Kenneth Williford** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor:<br>  **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and h chosen to file under chapter 7] I am aware that I may proceed under chapter 11, 12 or 13 of title 11, United States Code, understand the relief available u each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code specified in this petition.

X  **/S/ Charlotte T. Williford**
Signature of Debtor

X  **/S/ Kenneth Williford**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

  October 3, 2003
Date

### Signature of Attorney

X **/S/ Von G. Memory**
Signature of Attorney for Debtor(

**Von G. Memory,  ASB-8137-071V**
Printed Name of Attorney for Debtor(s) / Bar No.

**Memory & Day**
Firm Name

**P.O. Box 4054  Montgomery, AL 36103**
Address

**(334) 834-8000                    (334) 834-8001**
Telephone Number

Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this peti on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  **/S/ Von G. Memory**                        **October 3, 2003**
Signature of Attorney for Debtor(s)              Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.
☒    No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepar or assisted in preparing this document:

If more than one person prepared this document, attach additional she conforming to the appropriate official form for each person.

X  **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

**(Official Form 1) (9/01)**

FORM 1.  VOLUNTARY PETITION  -  Page  3

Name of Debtors:  **Charlotte T. Williford**
**Kenneth Williford**

Case Number:

| NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT DEBTOR |
| --- |

**James L. Day**                                    **ASB-1256-A55J**

Form B4
(11/92)

# United States Bankruptcy Court
## Middle District of Alabama

In re:     **Charlotte T. Williford**          **Kenneth Williford**          Case No.

████████████                ████████████

Chapter     **11**

# List Of Creditors Holding 20 Largest Unsecured Claims

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| **SouthTrust Bank**<br>**P.O. Box 830716**<br>**Birmingham, AL 35283-071** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$135.137.59** |
| **MBNA**<br>**P.O. Box 15137**<br>**Wilmington, DE** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$18.000.00** |
| **Agri-Credit**<br>**P.O. Box 14535**<br>**Des Moines, IA 50306** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$6.260.37** |
| **Nextel**<br>**1810 E. Sahara Ave.**<br>**STE 1**<br>**Las Vegas, NV 89104** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$2.850.00** |
| **Peoples Bank and Trust** | | | | **$1.535.06** |
| **SouthTrust Bank**<br>**P.O. Box 871**<br>**Auburn, AL 36830** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$1.404.46** |

Form 4 - Page 1

Form B4
(11/92)

In re:    **Charlotte T. Williford**              **Kenneth Williford**

Case No. _____

Chapter    **11**

# List  Of Creditors Holding 20 Largest Unsecured Claims

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| **East AL Cardiovascular 2123 Executive Park Driv Opelika, AL 36801** | | | **CONTINGENT UNLIQUIDATED DISPUTED** | **$577.80** |
| **Auburn Bank P.O. Box 3110 Auburn, AL 36831 36831-3** | | | **CONTINGENT UNLIQUIDATED DISPUTED** | **$413.81** |
| **People's Bank P.O. Box 799 Selma, AL 36702-0799** | | | **CONTINGENT UNLIQUIDATED DISPUTED** | **$1.00** |
| **East Alabama Medical Center 2000 Pepperell Pkwy Opelika, AL 36802-3201** | | | | **$1.00** |
| **Colonial Bank 54 North Lafayette St. Lafayette, AL 36862** | | | **CONTINGENT UNLIQUIDATED DISPUTED** | **$1.00** |

I, ,  of the Business named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date:  <u>October 3, 2003</u>

Signature:  <u>/S/ Kenneth Williford</u>      <u>/S/ Charlotte T. Williford</u>

Form 4 - Page  2

Von G. Memory
Memory & Day
P.O. Box 4054
Montgomery, AL 36103

SouthTrust Bank
P.O. Box 871
Auburn, AL 36830

Agri-Credit
P.O. Box 14535
Des Moines, IA 50306

SouthTrust Bank
P.O. Box 830716
Birmingham, AL 35283-071

Auburn Bank
P.O. Box 3110
Auburn, AL 36831 36831-3

Colonial Bank
54 North Lafayette St.
Lafayette, AL 36862

East AL Cardiovascular
2123 Executive Park Driv
Opelika, AL 36801

East Alabama Medical Cen
2000 Pepperell Pkwy
Opelika, AL 36802-3201

MBNA
P.O. Box 15137
Wilmington, DE

Nextel
1810 E. Sahara Ave.
STE 1
Las Vegas, NV 89104

People's Bank
P.O. Box 799
Selma, AL 36702-0799

People's Bank
P.O. Box 799
310 Broad Street
Selma, AL 36702-0799

**UNITED STATES BANKRUPTCY COURT**

**Middle District of Alabama**

In re:    **Charlotte T. Williford**                    **Kenneth Williford**                Case No. _____

███████████                          ███████████          Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **1** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:    October 3, 2003          Signed:    /S/ Charlotte T. Williford _____

**Charlotte T. Williford**

Signed:    /S/ Von G. Memory _____          Signed:    /S/ Kenneth Williford _____

**Von G. Memory**                                    **Kenneth Williford**

Bar No.        **ASB-8137-071V**

**UNITED STATES BANKRUPTCY COURT**

**Middle District of Alabama**

In re:    **Charlotte T. Williford**          **Kenneth Williford**          Case No. _____

4█████████          █████████          Chapter    **11**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **14,000.00** |
| Prior to the filing of this statement I have received | $ | **14,000.00** |
| Balance Due | $ | **0.00** |

2. The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

☐ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e) [Other provisions as needed]
    **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
    **None**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  October 3, 2003

/S/ Von G. Memory

**Von G. Memory, Bar No.  ASB-8137-071V**

**Memory & Day**
Attorney for Debtor(s)

---

Von G. Memory
Memory & Day
P.O. Box 4054
Montgomery, AL 36103

Peoples Bank and Trust

Agri-Credit
P.O. Box 14535
Des Moines, IA 50306

SouthTrust Bank
P.O. Box 871
Auburn, AL 36830

Auburn Bank
P.O. Box 3110
Auburn, AL 36831 36831-3

SouthTrust Bank
P.O. Box 830716
Birmingham, AL 35283-071

Charles G. Reynolds, Jr.
For Scott Emerton, Et Al
P.O. Box 367
Lanett, AL 36863

Colonial Bank
54 North Lafayette St.
Lafayette, AL 36862

East AL Cardiovascular
2123 Executive Park Driv
Opelika, AL 36801

East Alabama Medical Cen
2000 Pepperell Pkwy
Opelika, AL 36802-3201

MBNA
P.O. Box 15137
Wilmington, DE

Nextel
1810 E. Sahara Ave.
STE 1
Las Vegas, NV 89104

People's Bank
P.O. Box 799
Selma, AL 36702-0799

People's Bank
P.O. Box 799
310 Broad Street
Selma, AL 36702-0799

**UNITED STATES BANKRUPTCY COURT**

**Middle District of Alabama**

In re:    **Charlotte T. Williford**                    **Kenneth Williford**         Case No. 03-81486 _____

▮▮▮▮▮▮▮                                  ▮▮▮▮▮▮▮              Chapter    **11**

# AMENDED - VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **1** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: October 3, 2003 _____          Signed: /S/ Charlotte T. Williford _____

                                              **Charlotte T. Williford**

Signed: /S/ Von G. Memory _____          Signed: /S/ Kenneth Williford _____

        **Von G. Memory**                              **Kenneth Williford**

        Bar No.    **ASB-8137-071V**

Form B4
(11/92)

# United States Bankruptcy Court
## Middle District of Alabama

In re:   **Charlotte T. Williford**        **Kenneth Williford**        Case No. 03-81486

Chapter   **11**

# Amended - List  Of Creditors Holding 20 Largest Unsecured Claims

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| **Charles G. Reynolds, Jr.**<br>**For Scott Emerton, Et Al**<br>**P.O. Box 367**<br>**Lanett, AL 36863** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$383.215.00** |
| **SouthTrust Bank**<br>**P.O. Box 830716**<br>**Birmingham, AL 35283-071** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$135.137.59** |
| **MBNA**<br>**P.O. Box 15137**<br>**Wilmington, DE** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$18.000.00** |
| **Agri-Credit**<br>**P.O. Box 14535**<br>**Des Moines, IA 50306** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$6.260.37** |
| **Nextel**<br>**1810 E. Sahara Ave.**<br>**STE 1**<br>**Las Vegas, NV 89104** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$2.850.00** |
| **Peoples Bank and Trust** | | | | **$1.535.06** |

Form 4 - Page  1

**Form B4**
**(11/92)**

In re:     **Charlotte T. Williford**                    **Kenneth Williford**                    Case No.

                                                                                                                            Chapter     **11**

# Amended - List  Of Creditors Holding 20 Largest Unsecured Claims

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| **SouthTrust Bank**<br>**P.O. Box 871**<br>**Auburn, AL 36830** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$1,404.46** |
| **East AL Cardiovascular**<br>**2123 Executive Park Driv**<br>**Opelika, AL 36801** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$577.80** |
| **Auburn Bank**<br>**P.O. Box 3110**<br>**Auburn, AL 36831 36831-3** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$413.81** |
| **People's Bank**<br>**P.O. Box 799**<br>**Selma, AL 36702-0799** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$1.00** |
| **East Alabama Medical Center**<br>**2000 Pepperell Pkwy**<br>**Opelika, AL 36802-3201** | | | | **$1.00** |
| **Colonial Bank**<br>**54 North Lafayette St.**<br>**Lafayette, AL 36862** | | | **CONTINGENT**<br>**UNLIQUIDATED**<br>**DISPUTED** | **$1.00** |

**Form B4**
**(11/92)**

In re:   **Charlotte T. Williford**                    **Kenneth Williford**                    Case No.

█████████                              █████████

Chapter    **11**

# Amended - List  Of Creditors Holding 20 Largest Unsecured Claims

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| --- | --- | --- | --- | --- |
| _____ | | _____ | _____ | _____ |

I, ,  of the Business named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date:  _____        Signature:  _____

Form 4 - Page  3

**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **KENNEY WILLIFORD, and** | ) | **Case No. 03-81486** |
| **CHARLOTTE WILLIFORD,** | ) | **Chapter 11** |
|     **Debtors.** | ) | |

**NOTICE OF APPEARANCE AND
DEMAND FOR NOTICES AND PAPERS**

PLEASE TAKE NOTICE  that Scott Emerton and wife, Kristi Emerton

("Emertons"), creditors and parties in interest in this chapter 11 case, by and through

the undersigned counsel, hereby enters an appearance pursuant to section 1109(b) of

the Bankruptcy Code and Bankruptcy Rule 9010(b); and requests, pursuant to

Bankruptcy Rules 2002 and 9007, and section 1109(b) of the Bankruptcy Code, that

copies of all notices and pleadings in this case be given and served upon:

> Charles G. Reynolds Jr.
> P.O. Box 367
> Lanett, AL 36863
> Bar ID NO. REY015
> Phone: (334) 644-3042
> Fax:   (334) 644-3043
> e-mail: reynoldslaw@knology.net

PLEASE TAKE FURTHER NOTICE that, pursuant to section 1109(b) of the

Bankruptcy Code, the foregoing demand includes not only the notices and papers

referred to in the Bankruptcy Rules specified above but also includes, without limitation,

any notice, application, complaint, demand, motion, petition, pleading or request,

whether formal or informal, written or oral and whether transmitted or conveyed by mail,

delivery, telephone, telegraph, telex or otherwise filed or given with regard to the above-

captioned case and the proceedings therein.

PLEASE TAKE FURTHER NOTICE that the Emertons intend that neither this notice of appearance nor any subsequent appearance, pleading, claim, or suit is intended or shall be deemed to waive the right of the Emertons (I) to have final orders in non-core matters entered only after *de novo* review by a district judge; (ii) to trial by jury in any proceeding so triable herein or in any case, controversy or proceedings related hereto; (iii) to have the reference withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal; or (iv) other rights, claims, actions, defenses, setoffs or recoupments to which the Emertons may be entitled under agreements, in law, or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments are hereby expressly reserved.

This the 3rd day of October 2003.

s/Charles G. Reynolds Jr.
Charles G. Reynolds Jr.
Attorney for Emertons
Bar I.D. No. REY015
P.O. Box 367
Lanett, AL   36863
Phone: (334) 644-3042

## CERTIFICATE OF SERVICE

I hereby certify that I electronically mailed or mailed, postage prepaid and properly addressed, an exact copy of the above to the following this the 4th day of August 2003.

BANKRUPTCY ADMINISTRATOR
One Church Street
Montgomery, AL   36104

HON. VON G. MEMORY
P.O. Box 4054
Montgomery, Al 36101

AGRI-CREDIT
P.O. Box 14535
Des Moines, IA  50306

AUBURN BANK
P.O. Box 3110
Auburn, AL   36831

COLONIAL BANK
54 N LaFayette St.
LaFayette, AL 36862

E AL MEDICAL CTR
2000 Pepperell PKWY
Opelika, AL 36802-3201

EAST AL CARDIOVASCULAR
2123 Executive Park DR
Opelika, AL 36801

MBNA
P.O. Box 15137
Wilmington, DE  19886

NEXTEL
1810 E Sahara Ave. , STE 1
Las Vegas, NV   89104

PEOPLE'S BANK
P.O. Box 799
Selma, AL  36702-0799

SOUTHTRUST BANK
P.O. Box 871
Auburn, AL  36830

SOUTHTRUST BANK
P.O. Box 830716
Birmingham, AL   35283-0716

HON. BEVERLYE BRADY
118 N Ross St., STE 1
Auburn, AL 36830

HON. KENNETH FUNDERBURK
P.O. Box 1268
Phenix City, AL  36868-1268

BANCORPSOUTH BANK
2420 Pepperell PKWY
Opelika, AL  36801

BANCORPSOUTH BANK
P.O. Box 970
Opelika, Al 36803

HON. MARGARET BROWN
214 N College St.
Auburn, AL  36830

HON. PETE BRIDGES
P.O. Box 2345
Opelika, AL 36803-2345

KENNETH WILLIFORD
c/o DONALDSON CORRECTIONAL FACILITY
100 Warrior Lane
Bessemer, AL 35023-7299

HON. JAMES T. GULLAGE
2304-A Gateway Drive
Opelika, AL 36801


s/ Charles G. Reynolds Jr.
Charles G. Reynolds Jr.
Attorney for Emertons

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                     Case No. 03-81486-WRS
                                          Chapter 11

CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

        Debtors.

## NOTICE OF COMMENCEMENT OF CASE
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE,
## MEETING OF CREDITORS, AND FIXING OF DATES

To the debtor, all creditors, and other parties in interest:

An order for relief under 11 U.S.C. Chapter 11, having been entered on a petition filed by the debtors of Opelika, Alabama, on October 3, 2003, notice is hereby given that:

1.  A meeting of creditors pursuant to 11 U.S.C. § 341(a) shall be held at **12:30 p.m., Monday, November 24, 2003,** at the United States Bankruptcy Court, United States Courthouse, **Opelika**, Alabama.

2.  The debtor shall appear at the time and place of the meeting for the purpose of being examined.

3.  A complaint objecting to the discharge of the debtor pursuant to 11 U.S.C. § 727 may be filed not later than the **first date** set for the hearing on confirmation.  Notice of the date set for the hearing on confirmation will be given once the date is set.

4.  A complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c) may be filed not later than **January 26, 2004.**.

5.  The bar date for filing proofs of claim in this case for creditors other than governmental units is **January 26, 2004.**  A claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief.

Notice is further given that:

The meeting of creditors may be continued or adjourned from time to time by notice at the meeting without further written notice to creditors.

At the meeting of creditors, a creditor may file a proof of claim, if appropriate, examine the debtor, and transact such other business as may properly come before the meeting.

Orders.6

As a result of the filing of the petition, certain acts and proceedings against the debtor and property of the debtor are stayed as provided by 11 U.S.C. § 362(a).

The debtor has filed or will file a list of creditors pursuant to Rule 1007.

Any creditor holding a claim which is not listed as disputed, contingent, or unliquidated may, but need not, file a proof of claim in this case.

A creditor whose claim is not listed or whose claim is listed as disputed, contingent, or unliquidated and who desires to participate in the case or share in any distribution must file a proof of claim. Rule 3003(c).

Any creditor desiring to rely on the list of creditors has the responsibility for determining that the claim is accurately listed. Failure to file a proof of claim by the bar date may result in disallowance of the claim.

A copy of this order shall be served by the attorney for the debtor on all creditors and all other parties in interest by mail not later than **October 14, 2003**. A certificate of such service, showing the names and addresses of the entities served, shall be filed in court by October 15, 2003.

Done this 6th day of October, 2003.

/s/ William R. Sawyer
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I hereby certify that a copy of this order and a claim form was mailed to all creditors and all other parties in interest as required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Dated this _____ day of October, 2003.

_____
Attorney for Debtor

c: Debtor
    Von G. Memory, Attorney for Debtor
    Teresa R. Jacobs, Bankruptcy Administrator

Orders.6

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 03-81486-WRS
                                              Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

       Debtors.

### ORDER ON FILING A DISCLOSURE STATEMENT AND PLAN, NOTICE REQUIREMENTS, AND COOPERATION WITH THE BANKRUPTCY ADMINISTRATOR

       This order is entered to aid in the administration of the bankruptcy estate and to carry out the provisions of chapter 11 of the Bankruptcy Code. 11 U.S.C. § 105.

       To insure the successful, orderly administration of a case, the Bankruptcy Code requires the court to assign responsibilities and fix certain dates for compliance with the provisions of chapter 11 and the Federal Rules of Bankruptcy Procedure. Accordingly, it is

       ORDERED that—

       1. The 120th day after the date of the order for relief is fixed as the last day for the debtor to file a plan and disclosure statement or to file a report stating why the debtor will not file a plan and disclosure statement and recommending conversion or dismissal of the case. 11 U.S.C. §§ 1106(a)(5), 1112, 1121, 1123, and 1125.

       2. The debtor is directed to give the notice required by the Federal Rules of Bankruptcy Procedure of—

       (a) a proposed use, sale, or lease of property of the estate other than cash collateral not in the ordinary course of business under 11 U.S.C. § 363(b)(1). Rules 2002(a)(2), (c)(1), (i), (k) and 6004.

       (b) a motion for authority to use cash collateral or to obtain credit. 11 U.S.C. §§ 363(b)(1), (c) and 364; Rule 4001(b) and (c).

       (c) a motion for approval of an agreement (1) to provide adequate protection, (2) to prohibit or condition the use, sale, or lease of property, (3) to modify or terminate the stay provided for in § 362, (4) to use cash collateral, or (5) to create a lien senior or equal to an entity's lien in property of the estate. Rule 4001(d).

Orders.6

(d) a hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d), unless the court for cause shown directs that notice not be sent. Rule 2002(a)(3), (i), (k), and 9019.

(e) a hearing on dismissal or conversion of the case to another chapter. Rule 2002(a)(5); 11 U.S.C. § 1112.

(f) a hearing on an application for compensation or reimbursement of expenses totalling in excess of $1,000 under § 330. Rules 2002(a)(7), (c)(2), (i) and 2016.

(g) a proposed abandonment of property of the estate under 11 U.S.C. § 554. Rule 6007.

3. Upon request of a party in interest made before a date fixed by this order, the court for cause shown may reduce or enlarge the time to comply with a provision of this order. Rule 9006(b) and (c).

4. The bankruptcy administrator is responsible for the supervision of the administration of estates and of trustees and debtors-in-possession. Section 302(d)(3)(I) of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986. To enable the bankruptcy administrator to perform these supervisory duties, the debtor shall cooperate with and be accountable to the bankruptcy administrator, and in so doing shall—

(a) file with the court, with service on the bankruptcy administrator and all parties in interest who make a request in writing, regular reports of operations in such form and frequency as the bankruptcy administrator shall reasonably require. 11 U.S.C. §§ 1106, 1107, and 704; Rule 2015.

(b) attend conferences reasonably called by the bankruptcy administrator for the purpose of ascertaining the status of the administration of the estate.

5. Failure to comply with this order may result in dismissal or conversion of the case to a case under chapter 7 or other appropriate action by the court.

Done this 6th day of October, 2003.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtor
   Von G. Memory, Attorney for Debtor
   Teresa R. Jacobs, Bankruptcy Administrator

Orders.6

ALMB-ECF-03(4/15/02)

Von G. Memory (MEM001) James L. Day (DAY004)
Von G. Memory, P.A.
P.O. Box 4054
Montgomery, AL 36103 (334) 834-8000

**United States Bankruptcy Court**
**Middle District of Alabama**
P O. Box 1248 Montgomery, Al. 36102-1248

---

In Re: KENNETH WILLIFORD AND
CHAROLETTE WILLIFORD,

| | |
|---|---|
| BANKRUPTCY NO · | 03-81486 |
| Chapter 11 | |

Debtor(s)

## DECLARATION RE: ELECTRONIC FILING OF DOCUMENTS

### PART I - DECLARATION OF DEBTOR(S) or PARTIES

I hereby declare that my signature on this document represents the signature on the electronically filed document(s) titled:

Chapter 13 ☐     Chapter 11 ☑     Chapter 7 ☐     Chapter ____ ☐

Petition ☑     Schedules ☑     Disclosures ☑     Statement of Financial Affairs ☑

Application for Employment of Professional Persons ☑

I understand that this document will be electronically filed with the Office of the Clerk, U.S. Bankruptcy Court.

For Individuals:

Dated:     October 3, 2003          Signed:

Dated:     October 3, 2003          Signed:

**PART II - DECLARATION OF ATTORNEY**

I ***declare under penalty of perjury*** that I have reviewed the above debtor's petition and that the information is complete and correct to the best of my knowledge.  The debtor(s) will have signed this form before I submit the petition, schedules, and statements.  I will give the debtor(s) a copy of all forms and information to be filed with the United States Bankruptcy Court.  I further declare that I have examined the above debtor's petition, schedules, and statements and, to the best of my knowledge and belief, they are true, correct, and complete.  If an individual, I further declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each such chapter.  This declaration is based on all information of which I have knowledge.


Dated: October 3, 2003                                              /S/ Von G. Memory
                                                                            Attorney for Debtor(s)

ALMB-ECF-03(4/15/02)

Von G. Memory (MEM001) James L. Day (DAY004)
Von G. Memory, P.A.
P.O. Box 4054
Montgomery, AL 36103 (334) 834-8000

United States Bankruptcy Court
Middle District of Alabama
P.O. Box 1248 Montgomery, AL 36102-1248

In Re: KENNETH WILLIFORD AND
CHAROLETTE WILLIFORD,

BANKRUPTCY NO.: 03-81486

Chapter 11

Debtor(s)

## DECLARATION RE: ELECTRONIC FILING OF PETITION, SCHEDULES & STATEMENTS

### PART I - DECLARATION OF PETITIONER

I [We] KENNEY WILLIFORD AND CHAROLETTE WILLIFORD and the undersigned debtor(s), *hereby declare under penalty of perjury* that the information I have given my attorney and the information provided in the electronically filed petition, statements, and schedules is true and correct. I consent to my attorney sending my petition, this declaration, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

☒ [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]. I am aware that I may proceed under chapter 7, 11, 12 or 13 of 11 United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 I request relief in accordance with the chapter specified in this petition.

☐ [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

Dated: October 3, 2003

Signed: _____         _____
                    (Applicant)                              (Joint Applicant)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | **Case No. 03-81486-WRS** |
| **Debtors.** | **Chapter 11** |

### APPLICATION FOR EMPLOYMENT OF PROFESSIONAL PERSONS

COME NOW, CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("Debtors"), pursuant to 11 U.S.C. § 327(a), and request that the Court enter an order authorizing them to retain Memory & Day ("the Firm") as their Chapter 11 counsel, and state:

1. On October 3, 2003, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are individuals who reside in Lee County, Alabama and are qualified as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtors request that the Court approve the employment of the Firm as its Chapter 11 counsel, pursuant to § 327 of the Bankruptcy Code, to perform the legal services that will be necessary during its Chapter 11 case.

3. The Debtors seek to retain the Firm because of the firm's extensive experience in and knowledge of the field of debtor' and creditors' rights and business reorganization under Chapter 11. Attached hereto as **Exhibit "A"** is the Firm's Rule 2014 Verification, which describes the qualifications of the Firm and its current attorneys and terms and conditions of employment, including current hourly rates.

4.  The services of bankruptcy counsel are necessary to enable the Debtors to execute their duties as debtor-in-possession.  Subject to the control and further order of this Court, the Firm will be required to render the following services to Debtors:

(a) To prepare, negotiate, and prosecute a plan of reorganization and all related documents on behalf of the Debtors;

(b) To prepare and issue a disclosure statement and all related documents on behalf of the Debtors;

(c) To negotiate on behalf of Debtors with all major creditor groups with respect to the plan of reorganization and certain other substantive aspects of this case;

(d) To prepare on behalf of Debtors as debtor-in-possession, certain necessary motions, applications, answers, orders, reports and papers in the administration of the estate herein;

(e) To take all necessary action to protect and preserve the estate of Debtors, including any negotiations concerning any material litigation in which Debtors are involved; and,

(f) To perform all other necessary legal services in this Chapter 11 case.

5.  The Firm has indicated a willingness to act in this Chapter 11 case and render the necessary professional services as special counsel for the Debtors.

6.  Except as set forth in the Rule 2014 Verification attached hereto, the Firm (a) does not represent or hold any interest adverse to the Debtors or their estate with respect to the matter in which it is to be employed, (b) has no connection with any creditors or any other party in interest, or their respective attorneys or accountants, or the United States Bankruptcy Administrator or any of its employees, and (c) is a disinterest person, and represents or holds no interest adverse to the interests of the estate with respect to the matters on which it is to be employed. *Id.*

7.  The Debtors believe that the retention of the Firm is necessary and is in the best interest of the estate.  Subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the rules and orders of this Court, the Debtors propose to pay the Firm its customary hourly rates for services rendered, subject to Court approval after notice and hearing.

8.  The Firm has requested and been paid a pre-petition retainer of $13,000.00 plus $1,000.00 court costs from the Debtors, to serve as an advance against allowed fees and expenses in connection with this engagement.

9.  No examiner, trustee or creditors' committee has yet been appointed in the Debtors' Chapter 11 case.  Notice of this Application has been given to the Office of the United States Bankruptcy Administrator.

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing it to employ and retain Memory & Day to represent them in the prosecution of this case, and that the Court grant such other relief as is just and equitable.

Dated: October 8, 2003.


/S/ Charlotte Williford
Charlotte Williford


/S/ Kenneth Williford
Kenneth Williford

PREPARED BY:

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

vgmemory@memorylegal.com
jlday@memorylegal.com

**EXHIBIT "A"**

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

### RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF MEMORY & DAY

The undersigned hereby declares under penalty of perjury:

1.  I am a member of the law firm of Memory & Day (the "Firm"), a professional association engaged in the practice of law with offices at 469 South McDonough St., Montgomery, Alabama, 36104.  All attorneys practicing with the Firm are attorneys at law duly admitted to practice in the State of Alabama and in the United States District Court, Middle District of Alabama.

2.  The Firm has been asked to represent Charlotte and Kenneth Williford, (the "Debtors") as bankruptcy counsel, as set forth in the foregoing application.

3.  To the best of my knowledge, information and belief, the Firm does not have any interest or connection with the Debtors, any creditor or class of creditors, any equity security holders of the Debtors, the United States Bankruptcy Administrator for this District or any person employed in the office of the United States Bankruptcy Administrator, other than as disclosed herein. The Firm has previously represented, but not exclusively, SouthTrust Bank in bankruptcy related matters.

4.  The Firm has been involved in numerous bankruptcy matters, for debtor and creditors since 1978. A partial list of cases or matters will be provided upon request.

5.  Von G. Memory participated as a Chapter 7 Trustee from 1978 to 1984 in the United States Bankruptcy Court, Middle District of Alabama.

6. The Firm has received a retainer of $13,000.00 and $1,000.00 in court costs in connection with the subject representation. The retainer has been placed in trust and will be drawn upon as follows:

    a. Court approval will be sought for all fees and expenses.

    b. The above retainer will be used for current fees and expenses, however, an amount equal to 25% of all billed services will remain in trust until court approval is obtained for professional fees and expenses.

7. The hourly rates for the members and employees of Memory & Day, are as follows:

| | |
|---|---|
| Von G. Memory | $200.00 /hr. |
| James L. Day | $150.00 /hr |
| Paralegal/Clerks | $100.00 /hr. |

8. The Firm also charges for the following:

| | |
|---|---|
| Photocopies | $0.20 /page |
| Long Distance | (Actual Cost) |
| Toll Charges | (Actual Cost) |
| Facsimile | ($0.30 per page sent/received) |
| Local Travel | $0.30 /mile |
| Airline Travel | (Actual Cost) |
| Long Distance Travel | (Actual Cost) |

10. I have read the Application to which this Verification is attached. The statements set forth therein are true and correct to the best of my knowledge, information, and belief.

Dated this 6th day of October 2003.

Von G. Memory

Sworn to before me _____ October 8 _____, 2003.

_____
Notary Public

(SEAL)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Nov 3, 2003
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Prepared by:
Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

FORM B6A
(6/90)

In re:  **Charlotte T. Williford**                    **Kenneth Williford**                    ,        Case No.  _____
                          **Debtor**                                                                                                                **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN  PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Ben-Mor Trailer Park Lee County 74.45 Acres** | **Fee Owner** | **J** | **$ 700,000.00** | **$2,862,213.13** |
| **Brook Haven Lee County (Parcel One - 15.14 Acres) (Parcel Two-12.03 Acres) (Parcel Three-2.10 Acres)** | **Fee Owner** | **J** | **$ 300,000.00** | **$2,862,213.13** |
| **Fields Trailer Park Lee County 62.42 Acres** | **Fee Owner** | **J** | **$ 200,000.00** | **$2,862,213.13** |
| **Hickory Haven Lee County (30.74 Acres) Lee County** | **Fee Owner** | **J** | **$ 800,000.00** | **$2,862,213.13** |
| **Homestead 815 Crawford Rd. Opelika, AL 36804 9.63 Acres** | **Fee Owner** | **J** | **$ 150,000.00** | **$ 100,000.00** |
| **Oak Haven Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801 Parcel One-99.14 Acres Parcel Two-** | **Fee Owner** | **J** | **$1,500,000.00** | **$2,862,213.13** |

                                                                          **Total**    ➢ | **$3,650,000.00** |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re   **Charlotte T. Williford**                    **Kenneth Williford**                    `        **Case No.** _____
         Debtor                                                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **815 Crawford Rd.** **Opelika, AL 36804** | | **500.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Peoples Bank & Trust** **DIP Account** | | **3,000.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **HHG and Furnish** **815 Crawford Rd.** **Opelika, AL 36804** | | **2,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing Apparel** **815 Crawford Rd.** **Opelika, AL 36804** | | **400.00** |
| 7. Furs and jewelry. | | **Jewelry** **815 Crawford Rd.** **Opelika, AL 36804** | | **8,000.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Gun Collection** **(30 guns - see attached)** **815 Crawford Rd.** **Opelika, AL 36804** | | **7,500.00** |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |

FORM B6B
(10/89)

In re   **Charlotte T. Williford**                    **Kenneth Williford**                    Case No. _____

                  Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **Misc Stock**<br>**Minimal Value**<br>**(Held by SouthTrust as collateral)** | H | 10.00 |
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | | **5 tenants - 5 - 6 month arrears**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | 2,500.00 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | **Lawsuit against**<br>**Funderburk, Day & Lane**<br>**P. O. Box 1268**<br>**Phenix City , AL 36868-1268** | | 1.00 |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |

FORM B6B
(10/89)

In re   **Charlotte T. Williford**                **Kenneth Williford**                 ·        **Case No.** _____
            Debtor                                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1979 Backhoe, Case Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **5,000.00** |
| | | **2001, Chevrolet Tahoe 815 Crawford Rd. Opelika, AL 36804** | | **20,000.00** |
| | | **2002 Ford, 1 Ton Truck 4X4 815 Crawford Rd. Opelika, AL 36804** | | **30,000.00** |
| | | **3 Trucks (Salvage Value) Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **750.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **2 computers, 2 printers Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **1,200.00** |
| | | **2 Desks, 4 file cabinets Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **200.00** |
| | | **Copier Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **300.00** |
| | | **Fax Machine Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **200.00** |
| | | **Office Supplies Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | | **100.00** |
| | | | | |

FORM B6B
(10/89)

In re   **Charlotte T. Williford**                  **Kenneth Williford**                  .   **Case No.**   _____
                **Debtor**                                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Machinery, fixtures, equipment and supplies used in business. | | **Tools**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | **3,000.00** |
| | | **Welding Trailer**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | **7,000.00** |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | | **2 - Commercial Weedeaters**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | **400.00** |
| | | **2003, Farm Tractor, Long Farm**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | **11,500.00** |
| | | **2003, Sears Riding Lawnmower**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | **1,000.00** |
| | | **Bush Hog Attachment**<br>**Seeder Attachment**<br>**Tiller Attachment**<br>**for Tractor**<br>**Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801** | | **1,500.00** |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | | **Manufactured (Mobile) Homes Encumbered by Note to Peoples Bank**<br>**See Attached** | | **12,000.00** |
| | | **Manufactured (Mobile) Homes Unencumbered**<br>**See Attached** | | **70,000.00** |

FORM B6B
(10/89)

In re  **Charlotte T. Williford**                    **Kenneth Williford**                    ·  Case No. _____

                 **Debtor**                                                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | <u>4</u>  continuation sheets attached     Total  ➢ | | **$ 189,061.00** |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

## MOBILE HOMES PLEDGED TO PEOPLES BANK & TRUST

| <u>Loan</u> <u>Number</u> | <u>Manufactured</u> <u>Home</u> <u>Description</u> <u>and</u> <u>Serial</u> <u>Number</u> |
|---|---|
| 7537083515 | 2000 Redman Riverview S/N 14904351A/B |
| 7537089015 | 2001 General Augustine, S/N GMHGA6240001190AB |
| 7537090115 | 2001 Legend Royal Leg., S/N HL59796A AL /B AL |
| 7537094515 | 1998 Legend HL 1035, S/N HL9239AL |
| 7537095615 | 1999 Westfie Braodmore S/N GAFLW07A43117BB12 |
| 7537106615 | 1986 Schult S/N 205331 |
| 7537113215 | 1998 Clayton Atlantis S/N CLA044529TN |
| 7537116515 | May S/N 1076 |
| 7537120915 | 2001 Fleetwood 3483S S/N GAFLY54AB85966ET11 |
| 7537147315 | 1989 Clayton Allendale S/N CLFL91325 |
| 7537216615 | 1989 Fleetwood S/N 419887 |
| 7537236415 | 1998 Fleetwood S/N 1343 |

## MOBILE HOMES UNENCUMBERED

Manufactured Home Description                  Serial Number

1989 Weston                                    5387
1990 Buccaneer Parkwood                        ALBUS14071B
1987 Redman                                    RD 241634
1991 Parkwood                                  ALBUS152200
1991 Peachstate                                PSHGA9543
1988 Fleetwood                                 350741994
1994 Spiral                                     S228A/S228B

FORM B6C
(6/90)

In re **Charlotte T. Williford        Kenneth Williford**                    , **Case No.** _____

Debtor.                                                    <b>(If known)</b>

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)    Exemptions provided in 11 U.S.C. § 522(d).    **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)    Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **815 Crawford Rd. Opelika, AL 36804** | **Ala. Code § 6-10-6** | **500.00** | **500.00** |
| **HHG and Furnish 815 Crawford Rd. Opelika, AL 36804** | **Ala. Code § 6-10-6** | **2,000.00** | **2,000.00** |
| **Homestead 815 Crawford Rd. Opelika, AL 36804 9.63 Acres** | **Ala. Code § 6-10-2** | **10,000.00** | **150,000.00** |
| **Jewelry 815 Crawford Rd. Opelika, AL 36804** | **Ala. Code § 6-10-6** | **8,000.00** | **8,000.00** |
| **Peoples Bank & Trust DIP Account** | **Ala. Code § 6-10-6** | **500.00** | **3,000.00** |
| **Tools Oak-Haven 3503 Marvyn Parkway Opelika, AL 36801** | **Ala. Code § 6-10-6** | **3,000.00** | **3,000.00** |
| **Wearing Apparel 815 Crawford Rd. Opelika, AL 36804** | **Ala. Code § 6-10-6** | **400.00** | **400.00** |

FORM B6D
(6/90)

In re: **Charlotte T. Williford**          **Kenneth Williford**          ,          Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **0001-0231306-000**<br><br>**Agri-Credit**<br>**P.O. Box 14535**<br>**Des Moines, IA 50306** | | | **2003, Farm Tractor, Long Farm Oak-Haven**<br>**3503 Marvyn Parkway**<br>**Opelika, AL 36801**<br>_____<br>**VALUE $11,500.00** | | | | **6,260.37** | 0.00 |
| ACCOUNT NO.<br><br>**Auburn Bank**<br>**P.O. Box 3110**<br>**Auburn, AL 36831 36831-3** | | | **2001, Chevrolet Tahoe**<br>**815 Crawford Rd.**<br>**Opelika, AL 36804**<br>_____<br>**VALUE $20,000.00** | | | | **20,000.00** | 0.00 |
| ACCOUNT NO.<br><br>**Auburn Bank**<br>**P.O. Box 3110**<br>**Auburn, AL 36831 36831-3** | | | **2002 Ford, 1 Ton Truck 4X4**<br>**815 Crawford Rd.**<br>**Opelika, AL 36804**<br>_____<br>**VALUE $30,000.00** | | | | **21,000.00** | 0.00 |
| ACCOUNT NO.<br><br>**People's Bank**<br>**P.O. Box 799**<br>**Selma, AL 36702-0799** | | | **Manufactured (Mobile) Homes Unencumbered**<br>**See Attached**<br>_____<br>**VALUE $150,000.00** | | | | **119,000.00** | 0.00 |
| ACCOUNT NO.   **7536924017**<br><br>**People's Bank**<br>**P.O. Box 799**<br>**310 Broad Street**<br>**Selma, AL 36702-0799** | | | **Mobile Home Parks**<br>_____<br>**VALUE $3,500,000.00** | X | X | X | **2,862,213.21** | 0.00 |

<u>1</u> Continuation sheets attached

|  | |
|---|---|
| **Subtotal** ➢<br>(Total of this page) | **$3,028,473.58** |
| **Total** ➢<br>(Use only on last page) | |

(Report total also on Summary of Schedules)

FORM B6D
(6/90)

In re: **Charlotte T. Williford**          **Kenneth Williford**          ,          Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **001-0017506443-46419** | | | | X | X | X | 100,000.00 | 0.00 |
| **SouthTrust Bank**<br>**P.O. Box 830716**<br>**Birmingham, AL 35283-071** | | | **Mortgage**<br>**Homestead**<br>**815 Crawford Rd.**<br>**Opelika, AL 36804**<br>**9.63 Acres**<br><br>**VALUE $150,000.00** | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | |
|---|---|
| **Subtotal** ➤<br>(Total of this page) | **$100,000.00** |
| **Total** ➤<br>(Use only on last page) | **$3,128,473.58** |

(Report total also on Summary of Schedules)

B6E
(Rev.4/98)

In re:  **Charlotte T. Williford**        **Kenneth Williford**        ,    Case No. _____
_____
            Debtor                                                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**        (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1   Continuation sheets attached

FORM B6E - Cont.
(10/89)

In re:   **Charlotte T. Williford**                    **Kenneth Williford**                              ,   Case No. _____
_____                              _____                                                                    (If known)
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Alabama Dept of Revenue**<br>**50 N. Ripley**<br>**Montgomery, Alabama  361** | | | | | | | 1.00 | 1.00 |
| ACCOUNT NO.<br><br>**Internal Revenue Service**<br>**801 Tom Martin Dr.**<br>**Birmingham, AL 35211** | | | | | | | 1.00 | 1.00 |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | ➤ | **$2.00** |
| **Total**<br>**(Use only on last page of the completed Schedule E.)** | ➤ | **$2.00** |

(Report total also on Summary of Schedules)

FORM B6F (Official Form 6F) - (9/97)

In re:  **Charlotte T. Williford**                    **Kenneth Williford**                    .    Case No. 
                        Debtor                                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Charles G. Reynolds, Jr.** <br> **For Scott Emerton, Et Al** <br> **P.O. Box 367** <br> **Lanett, AL 36863** | | | **Judgment** <br> **Scott Emerton, et al,** <br> **v.** <br> **Williford** | X | X | X | 383,215.00 |
| ACCOUNT NO.  **8029446047-1** <br> **Colonial Bank** <br> **54 North Lafayette St.** <br> **Lafayette, AL 36862** | | | **Deficiency** | X | X | X | 55,983.34 |
| ACCOUNT NO.  **005418** <br> **East AL Cardiovascular** <br> **2123 Executive Park Driv** <br> **Opelika, AL 36801** | | | **Medical expenses** | X | X | X | 577.80 |
| ACCOUNT NO.  **9837571** <br> **East Alabama Medical Center** <br> **2000 Pepperell Pkwy** <br> **Opelika, AL 36802-3201** | | | **Medical Expenses** | | | | 1.00 |
| ACCOUNT NO.  **4264292866220128** <br> **MBNA** <br> **P.O. Box 15137** <br> **Wilmington, DE** | | | **Credit line** | X | X | X | 18,000.00 |

_1_   Continuation sheets attached

Subtotal ➤

Total ➤     | **$457,777.14** |

FORM B6F - Cont.
(10/89)

In re: **Charlotte T. Williford**                    **Kenneth Williford**                    Case No.
              Debtor                                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **225753-1**<br><br>**Nextel**<br>**1810 E. Sahara Ave.**<br>**STE 1**<br>**Las Vegas, NV 89104** | | | **Phone service** | X | X | X | 2,850.00 |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤

(Total of this page)

| | $2,850.00 |
|---|---|

Total ➤

**(Use only on last page of the completed Schedule F.)**

| | $460,627.14 |
|---|---|

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re:  **Charlotte T. Williford**          **Kenneth Williford**                    ,          Case No. _____

          **Debtor**                                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: **Charlotte T. Williford**_____**Kenneth Williford**_____, Case No. _____
　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

FORM B6I
(6/90)

In re    **Charlotte T. Williford, Kenneth Williford**                    , Case No. _____
                                    Debtor                                                              (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|---|
| Debtor's Age: **45** | | NAMES | AGE | RELATIONSHIP |
| Spouse's Age: **45** | | **Matthew P. Williford** | **15** | **Son** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **Owner/Manager Trailer Parks** |
| Name of Employer | | |
| How long employed | | **12 Years** |
| Address of Employer | | **815 Crawford Rd.** **Opelika, AL 36804** |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ **0.00** | $ **0.00** |
| Estimated monthly overtime | $ **0.00** | $ **0.00** |
| SUBTOTAL | $ **0.00** | $ **0.00** |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **0.00** | $ **0.00** |
| b. Insurance | $ **0.00** | $ **0.00** |
| c. Union dues | $ **0.00** | $ **0.00** |
| d. Other (Specify) | $ **0.00** | $ **0.00** |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ **0.00** | $ **0.00** |
| TOTAL NET MONTHLY TAKE HOME PAY | $ **0.00** | $ **0.00** |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ **0.00** | $ **3,450.00** |
| Income from real property | $ **0.00** | $ **39,747.84** |
| Interest and dividends | $ **0.00** | $ **0.00** |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ **0.00** | $ **0.00** |
| Social security or other government assistance (Specify) | $ **0.00** | $ **0.00** |
| Pension or retirement income | $ **0.00** | $ **0.00** |
| Other monthly income | | |
| (Specify) | $ **0.00** | $ **0.00** |
| TOTAL MONTHLY INCOME | $ **0.00** | $ **43,197.84** |

TOTAL COMBINED MONTHLY INCOME    **$ 43,197.84**    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:    **NONE**

Form B6J
(6/90)

In re  **Charlotte T. Williford, Kenneth Williford**                                    ,    Case No. _____

Debtor                                                                                                      (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☑     Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,404.00 |
| Are real estate taxes included?          Yes _____      No  ✓ | | |
| Is property insurance included?          Yes _____      No  ✓ | | |
| Utilities    Electricity and heating fuel | $ | 300.00 |
|       Water and sewer | $ | 35.00 |
|       Telephone | $ | 250.00 |
|       Other    **Cable** | $ | 70.00 |
| Home maintenance (repairs and upkeep) | $ | 50.00 |
| Food | $ | 400.00 |
| Clothing | $ | 200.00 |
| Laundry and dry cleaning | $ | 80.00 |
| Medical and dental expenses | $ | 0.00 |
| Transportation (not including car payments) | $ | 200.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 400.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|       Homeowner's or renter's | $ | 70.00 |
|       Life | $ | 240.00 |
|       Health | $ | 308.00 |
|       Auto | $ | 541.00 |
|       Other _____ | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)    **Property** | $ | 100.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|       Auto | $ | 750.00 |
|       Other _____ | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 33,689.71 |
| Other    **Schooling (Daughter - not at home)** | $ | 500.00 |
|       **Schooling (Son)** | $ | 355.00 |
| | | |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 39,942.71 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each _____ | $ | _____ |
|           (interval) | | |

Form B6J
(6/90)

In re  **Charlotte T. Williford, Kenneth Williford**                                    ,    Case No. _____
           Debtor                                                                                          (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

**SPOUSE**

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | _____ |
| Are real estate taxes included?          Yes _____    No ✓ | | |
| Is property insurance included?          Yes _____    No ✓ | | |
| Utilities   Electricity and heating fuel | $ | _____ |
|               Water and sewer | $ | _____ |
|               Telephone | $ | _____ |
|               Other _____ | $ | **0.00** |
| Home Maintenance (Repairs and upkeep) | $ | _____ |
| Food | $ | _____ |
| Clothing | $ | _____ |
| Laundry and dry cleaning | $ | _____ |
| Medical and dental expenses | $ | _____ |
| Transportation (not including car payments) | $ | _____ |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | _____ |
| Charitable contributions | $ | _____ |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|               Homeowner's or renter's | $ | _____ |
|               Life | $ | _____ |
|               Health | $ | _____ |
|               Auto | $ | _____ |
|               Other _____ | $ | **0.00** |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | _____ |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|               Auto | $ | _____ |
|               Other _____ | $ | **0.00** |
| Alimony, maintenance or support paid to others | $ | _____ |
| Payments for support of additional dependents not living at your home | $ | _____ |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | _____ |
| Other _____ | $ | **0.00** |

| | | |
|---|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | **0.00** |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each _____ | $ | _____ |
| (interval) | | |

**Form B6**
**(6/90)**

# United States Bankruptcy Court
# Middle District of Alabama

In re   **Charlotte T. Williford**           **Kenneth Williford**

Case No.

Chapter   **11**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 3,650,000.00 | | |
| B - Personal Property | YES | 5 | $ 189,061.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 3,128,473.58 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 2.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 460,627.14 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 43,197.84 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $ 39,942.71 |
| Total Number of sheets in ALL Schedules ➤ | | 18 | | | |
| Total Assets ➤ | | | $ 3,837,861.00 | | |
| Total Liabilities ➤ | | | | $ 3,589,102.72 | |

In re:  **Charlotte T. Williford**              **Kenneth Williford**                    Case No.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

   I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of       **18**  sheets plus the summary
page, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  __October 20, 2003__                        Signature    Charlotte Teresa Williford
                                                                _____
                                                                **Charlotte T. Williford**

Date:  __October 20, 2003__                        Signature    Kenneth Williford
                                                                _____
                                                                **Kenneth Williford**

                                        [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

                                        (NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152
and 3571.

**UNITED STATES BANKRUPTCY COURT**

**Middle District of Alabama**

In re:  **Charlotte T. Williford**          **Kenneth Williford**          Case No. _____

▉▉▉▉▉▉▉▉▉                    ▉▉▉▉▉▉          Chapter  **11**

# STATEMENT OF FINANCIAL AFFAIRS

---

## 1.  Income from employment or operation of business

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| -114,943.00 | **Trailer Park Business Income** | **2001** |
| -112,277.00 | **Trailer Park Business Income** | **2002** |

---

## 2.  Income other than from employment or operation of business

None

☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

---

## 3.  Payments to creditors

None

☐

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **All Listed Creditors Pd** | **(Normal Course of business)** | | |

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Scott Emerton, et al, v. Williford  CV 00-073** | **Tort** | **Chamber County** | **Judgment** |
| **SouthTrust Bank v. Kenneth Williford  CV 03-430** | | **Circuit Court of Lee Cou** | **Judgment** |
| **Travelers Indemnity v. Williford  02-CV-1410** | **Tort** | **USDC, MDA** | **Pending** |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Colonial Bank 54 North Lafayette St. Lafayette, AL 36862** | **08/01/2003** | **2 Pans (heavy construction equipment), D-8 Dozer $75,000.00** |

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |
| | | |

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |
| | | | |

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| | | | |

## 8.  Losses

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| **Farm Tractor** **$10,000.00** | **damaged in collision** **Insured by Agricredit** **$9,500.00 covered, loss of $500.00 (deductable)** | **03/01/2003** |

## 9.  Payments related to debt counseling or bankruptcy

None
☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| | | |

## 10.  Other transfers

None
☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Geraldine McCarley**<br>**3106 Casseta Rd.**<br>**Lanett, AL 36863**<br>**None** | **09/16/2003** | **1984 Eastwood Trailer**<br>**$1,800.00** |

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                          NAME USED                          DATES OF OCCUPANCY

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.     List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None    a.      If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses,
☐    and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years**
immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or
equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the
business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5
percent or more of the voting or equity securities within the **six years** immediately preceding the
commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the
business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5
percent or more of the voting or equity securities within the **six years** immediately preceding the
commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Various Named Trailer** | ███████ | **815 Crawford Rd. Opelika, AL 36804** | **Management of Trailer Parks. Business has no specific name** | 03/01/1991 |

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

\* \* \* \* \* \*

*[if completed by an individual or individual  and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement
of financial affairs and any attachments thereto and that they are true and correct.

Date  October 20, 2003            Signature     Charlotte Teresa Williford
of Debtor    **Charlotte T. Williford**

Date  October 20, 2003            Signature     Kenneth Williford
of Joint     **Kenneth Williford**
Debtor

WEAPONS

1.  38 Rossi Interarms Pistol
2.  Maverick Model 88 MV06843F
3.  UZ Semi-Automatic Model A, SA 27698
4.  Desert Eagle 44 Magnum, 61637S
5.  Raved Arms Model P-25, .25 Auto
6.  FMJ C00038787
7.  L93481
8.  Smith & Wesson 357
9.  120 12 guage L2174126
10. Marlin 18955 – 1502243
11. Marlin
12. Harrignton and Richardson, Model 760
13. Marling 18955, 15022453
14. Remington 66
15. Remington 2315806
16. Savage OAL 270
17. MP 23, 25 Cal. Auto
18. 497700755
19. Raven Arms – MP23
20. Remington 870 Exp, X011539M
21. Smith & Wesson, Model 732-325, AE59624
22. Massbery Model 190, 16 guage
23. Harrignton & Richardson AF 269835, Topper Jr.
24. Remington, Woodmaster, Model 748, A7343133
25. Stevens E604766
26. CJA Mic 9897149
27. 19322
28. Winchester L 594060
29. Springfield, Model 951
30. Norinus, P3834

Some of the weapons listed, because of their value to collectors, may need to be appraised. To date, these weapons have not been appraised and Debtor does not have a current opinion as to value. However, the value has been scheduled at $7,500.00.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

Case No. 03-81486-WRS
Chapter 11

CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

      Debtors

## ORDER FOR HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY SCOTT EMERTON AND KRISTI EMERTON

Scott and Kristi Emerton have moved for relief from the automatic stay seeking leave to appeal an adverse ruling entered in a civil action in the Circuit Court for Chambers County, Alabama. (Doc. 27). While the motion is not terribly clear, it appears that there is some sort of dispute as to whether some Certificates of Deposit are property of the Debtors' bankrupt estate. Federal Courts have exclusive jurisdiction over property of a bankrupt estate. 28 U.S.C. Section 1334(e). If the Court understands what is at issue here, it would not appear that a grant of relief from the automatic stay would be appropriate to permit a State Court to decide a question which was within the exclusive jurisdiction of the Federal Courts. In other words, if there is a question as to whether the subject property is in fact property of the estate, the matter should be resolved in this Court rather than in the Chambers County Circuit Court.

ORDERED, that the Court will hear the Emertons' motion at a telephonic hearing to be held on **November 4, 2003, at 9:00 a.m.** Counsel should be prepared to advise the Court as to the nature of the proceedings in Chambers County and further be prepared to respond to the question as to whether the underlying issue is in fact within the Federal Court's exclusive jurisdiction pursuant to 28 U.S.C. Section 1334(e).

Done this 24th day of October, 2003.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles G. Reynolds Jr., Attorney for Emertons
   Von G. Memory, Attorney for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

    **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

---

### MOTION FOR 341 MEETING OF CREDITORS BY INTERROGATORY

COME NOW, CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("Debtors"), and respectfully move this Honorable Court for leave to take the testimony of Kenneth Williford, incident to the 341 meeting of creditors, by interrogatory, and in support thereof say as follows:

1. The Debtors filed a joint voluntary petition for an order of relief under Chapter 11, Title 11 of the United States Bankruptcy Code, October 3, 2003.

2. The 341 meeting of creditors is scheduled for November 24, 2003, at 12:30 PM in Opelika, Alabama.

3. Debtor Kenneth Williford, is incarcerated at the W.F. Donaldson Correctional Facility in Bessemer, Alabama and unable to attend the scheduled hearing.

4. A list of interrogatories has been coordinated with the Bankruptcy Administrator and is attached hereto as **Exhibit "A"**.

WHEREFORE, it is respectfully requested that the Debtor, Kenneth Williford, be given leave to provide his 341 testimony by interrogatory.

Respectfully submitted on this the 28th day of October 2003.

Memory & Day


By: /S/ Von G. Memory
    Von G. Memory
    ASB-8137-071V

    James L. Day
    ASB-1256-A55J

    Attorneys for Debtors

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)


on October 22, 2003.

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104


/S/ Von G. Memory
OF COUNSEL

<u>INTERROGATORIES TO INDIVIDUAL DEBTOR</u>

Being unable to attend the §341(a) meeting of creditors, the debtor sought, by motion, to be excused from that proceeding.  The court, after consideration, granted the debtor's motion and thereby excused attendance at the §341(a) meeting.  In lieu of testimony, the trustee propounds these interrogatories to the debtor, to-wit:

I.    <u>GENERAL INFORMATION</u>

1.    State your name, age, and current mailing address.


2.    Are you presently employed?

If yes,  (a) who is your employer;


(b) how long have you been employed by this employer;


(c) average monthly income.


3.    Have you been self-employed within the last year?

If yes, briefly state the nature of the business, your interest in the business and your income from that business.


4.    Within the last year, have you had any income from any other source or sources, including the income of your spouse?


If yes, describe the source(s) and amount of income.


1

5.      Have you filed any prior bankruptcy proceeding?

If yes,  (a)      under what chapter was the petition filed;

(b)      date petition filed;

(c)      did you receive a discharge of your debts;

(d)      If your case was a chapter 13 proceeding, did you pay unsecured creditors 70% or more of their claims?

(e)      In what district was your case filed?

6.      Are the schedules, lists, and statements filed in connection with this case true, correct, and complete to the best of your knowledge and belief?

If no, please explain.

II.      PROPERTY AND PROPERTY INTEREST AS OF THE DATE OF FILING

1.      As of the filing, did you own or were you buying any real property (land or buildings)?

If yes,  (a)      describe the property;

(b)      date of purchase;

(c)      the purchase price.

(d)      If the property has been appraised within the last year, what was the

2

appraised value and who made the appraisal?

      (e)     What is your opinion of the fair market

               value?

      (f)     If the property if subject to mortgage

      or lien:

          (1)     who is (are) the mortgagee(s);

          (2)     the principal balance of each mortgage.

      (g)     Is this property your residence?

2.     As of the filing, did you own or were you buying any property either not listed or that did not fit into a catogory in the schedules?

If yes, (a)     describe the property;

      (b)     date of purchase;

      (c)     purchase price.

      (d)     If the property has been appraised within the last year, what was the appraised value and who made the appraisal?

      (e)     What is your opinion of the fair market

               value?

      (f)     If the property is subject to mortgage

      or lein:

          (1)     who is (are) the mortgagee(s);

          (2)     the principal balance of the mortgage(s);

3

3.      Is any debt owed to you?

      If yes,  (a)      who owes you this debt;

                (b)      amount of debt.


                (c)      Are these rights to payment security for

any of your debts?

      If yes,  (1)      who is the creditor(s) having

An interest in your receivables;

                        (2)      the principal balance of that

debt(s).


4.      Were you leasing any property from another?

      If yes,  (a)      describe the leased property;

                (b)      if in default with rental payment, how

much;

                (c)      the name of the lessor.

5.      Did you have a cause of action (reason to bring suit) against another for damage

or injury to you or to your property?


      If yes, describe.


6.      Did you have any life insurance policy of annuity

with a cash surrender value?

4

If yes, describe.

7.   Do you expect an income tax refund?

If yes,  (a)   the amount of the refund;

(b)   the taxing authority from which the

refund is due.

8.   Did you own an interest in any partnership?

If yes,  (a)   what is the name of the partnership?

(b)   the names of the partners;

(c)   the percentage of your interest.

9.   Are you an heir to any undivided estate?

If yes,  (a)   whose estate do you have an interest in;

(b)   your interest in the estate;

(c)   the value of your interest in the estate.

10.   Did you have any other property or property

interests that you have not disclosed in the preceding?

If yes, describe.

5

III.    <u>BUSINESS OPERATIONS</u>

1.    Generally describe the nature of the busines?

2.    What salary or draw do the officers earn?  Currently?  Last year?

3.    Who is the accountant for the debtor?

4.    When was the last corporate tax return filed?

5.    How many are employed by the debtor?

6.    What is the average monthly gross income of the debtor?

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:

CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,

Debtors.

Case No. 03-81486-WRS

Chapter 11

## MOTION TO APPROVE ADEQUATE PROTECTION AGREEMENT
### (PEOPLES BANK & TRUST)

COMES NOW the Debtor, by and through counsel, and respectfully request this Honorable Court approve an adequate protection agreement with Peoples Bank & Trust and in support thereof, says as follows:

1. On October 3, 2003, Charlotte T. Williford and Kenneth Williford ("Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Debtors are obligated to Peoples Bank & Trust ("Peoples") under the following notes and security agreements:

Peoples Bank & Trust Loan Numbers 7536924017, 7537083515, 7537089015, 7537090115, 7537094515, 7537095615, 7537106615, 7537113215, 7537116515, 7537120915, 7537147315, 7537216615, and 7537236415

3. The instant notes and security agreements are secured by all real property of the Debtors' estate (7536924017) and twelve manufactured homes (remaining notes).

4. After negotiation, Debtors have agreed to pay Peoples Bank & Trust monthly payments of $20,613.26 for loan 7536924017 and monthly payments of $1,535.26 for the remaining notes. Said payments equal the contract payments and rates.

5.  Additional terms are as delineated in the executed adequate protection agreement and attached hereto as **Exhibit "A"**.

WHEREFORE, the Debtors request this Honorable Court approve the adequate protection agreement entered with Peoples Bank & Trust.

Respectfully submitted on this the 28th day of October 2003.

Memory & Day

By: /S/ Von G. Memory
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtors

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

on October 28, 2003.

- 2 -

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

/S/ Von G. Memory
OF COUNSEL

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

      **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

## ADEQUATE PROTECTION AGREEMENT
### (PEOPLES BANK & TRUST)

1. Charlotte T. Williford and Kenneth Williford ("Debtors") are obligated to Peoples

Bank & Trust ("Peoples") under the following notes and security agreements:

> Peoples Bank & Trust Loan Numbers 7536924017, 7537083515, 7537089015,
> 7537090115, 7537094515, 7537095615, 7537106615, 7537113215, 7537116515,
> 7537120915, 7537147315, 7537216615, and 7537236415

2. Peoples claims a properly perfected, first priority security interest in the following

collateral (the "Collateral"):

> Loan Number 7536924017 – Five (5) Mobile Home Parks – See Descriptions at **Exhibit "A"**

> Loan Numbers 7537083515, 7537089015, 7537090115, 7537094515, 7537095615,
> 7537106615, 7537113215, 7537116515, 7537120915, 7537147315, 7537216615, and
> 7537236415 – Twelve (12) Manufactured Homes – See Descriptions at **Exhibit "B"**

3. Debtors agree to assume the obligations and pay incident to the above-listed original

contracts/notes to Peoples. Moreover, the parties stipulate that the original contracts (notes) are

legally enforceable agreements and not subject to any offsets, claims or counterclaims.

4. Commencing October 1, 2003, Debtors shall pay to Peoples as adequate protection

the total sum of $20,613.26 (a payment of $19,078.00 for loan 7536924017 and $1,535.26 for the

remaining loans) and monthly payments thereafter in the amount of $20,613.26. Payments shall be made directly to Peoples and not through the office of the Bankruptcy Court.

5. Debtors will have and maintain insurance at all times with respect to the Collateral and against risks of fire (including so-called extended coverage), theft, collision, flood, earthquake, and such other risks as Peoples may require. Also, containing such terms, in such form, for such periods and written by such companies as may be satisfactory to Peoples; each insurance policy shall name Peoples as loss payee and shall be payable to Peoples and the Debtors as their interests may appear; all policies of insurance shall provide for twenty days written minimum cancellation notice to Peoples; Debtors shall furnish Peoples with certificates or other evidence satisfactory to Peoples of compliance with the foregoing insurance provisions; also Peoples is hereby granted a power of attorney by Debtors, as attorney-in-fact for the purpose of obtaining, adjusting, settling and canceling such insurance and endorsing any drafts in connection therewith.

6. Peoples is given access to inspect and to appraise the Collateral at all reasonable times.

7. All notices required to be sent hereunder to Debtors may be sent to its address at 815 Crawford Road, Opelika, AL 36804.

8. The financial provisions of this adequate protection agreement shall be added and made a part of the disclosure statement and plan to be filed hereafter.

DONE this 14ᵗʰ day of October 2003.

                                        PEOPLES BANK

                                        By: _____

2

Its:    Regional President

Charlotte T. Williford

Kenneth Williford

3

## EXHIBIT A

Properties securing loan 7536924017:

Oak Haven

Hickory Haven

Ben-Mor Village

Fields

Brook Haven

and as more particularly described in the in the mortgages for the above referenced note.

## EXHIBIT B

| Loan Number | Manufactured Home Description and Serial Number |
|---|---|
| 7537083515 | 2000 Redman Riverview S/N 14904351A/B |
| 7537089015 | 2001 General Augustine, S/N GMHGA6240001190AB |
| 7537090115 | 2001 Legend Royal Leg., S/N HL59796A AL /B AL |
| 7537094515 | 1998 Legend HL 1035, S/N HL9239AL |
| 7537095615 | 1999 Westfic Braodmore S/N GAFLW07A43117BB12 |
| 7537106615 | 1986 Schult S/N 205331 |
| 7537113215 | 1998 Clayton Atlantis S/N CLA044529TN |
| 7537116515 | May S/N 1076 |
| 7537120915 | 2001 Fleetwood 3483S S/N GAFLY54AB85966ET11 |
| 7537147315 | 1989 Clayton Allendale S/N CLFL91325 |
| 7537216615 | 1989 Fleetwood S/N 419887 |
| 7537236415 | 1998 Fleetwood S/N 1343 |

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

        Debtors

Case No. 03-81486-WRS
Chapter 11

## ORDER SETTING HEARING

The motion filed by the debtors, on October 28, 2003, and designated

MOTION TO FILE INTERROGATORIES IN LIEU OF CREDITORS'

MEETING (Doc. 29), is set for telephonic hearing on Tuesday, November 18,

2003, at 9:00 a.m.

**Each party desiring to be heard must furnish the clerk of court, <u>in</u>**

**<u>advance</u>, a telephone number to be used and keep the line open <u>at least one</u>**

**<u>hour</u> for the hearing.  The case will be called as soon as possible.**

ORDERED this 30th day of October, 2003.

/s/  William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtors
    Teresa R. Jacobs, Bankruptcy Administrator

Orders.29

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

Case No. 03-81486-WRS
Chapter 11

CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

Debtors

## ORDER SETTING HEARING

The motion filed by the debtors, on October 28, 2003, and designated

MOTION TO APPROVE ADEQUATE PROTECTION AGREEMENT WITH

PEOPLES BANK & TRUST, is set for telephonic hearing on Tuesday, November

18, 2003, at 9:00 a.m.

**Each party desiring to be heard must furnish the clerk of court, in**

**advance, a telephone number to be used and keep the line open at least one**

**hour for the hearing.  The case will be called as soon as possible.**

ORDERED this November 3, 2003.


/s/ William R. Sawyer
United States Bankruptcy Judge


c: Von G. Memory, Attorney for Debtors
   James Ernest Bridges III, Attorney for Peoples Bank
       *P.O. Box 2345, Opelika, AL 36802-2345*

Orders.3

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 03-81486-WRS
                                               Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

              Debtors

## ORDER DENYING MOTION FOR RELIEF FROM STAY

For the reasons set forth on the record on November 4, 2003, on the

Scott and Kristi Emerton motion for relief from stay (Doc. 27), it is

ORDERED that the motion for relief from stay is DENIED.

Done this 6th day of November, 2003.

                              /s/ William R. Sawyer
                              United States Bankruptcy Judge


c: Von G. Memory, Attorney for Debtors
   Charles G. Reynolds Jr., Attorney for Creditors


Orders.4

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                    Chapter 11
Jay's Outdoors, Inc..                                     Case No.: 03-32740
          Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING: **01-Oct-03**
AND ENDING: **31-Oct-03**

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    **YES**

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT PAID**:                                    **YES**

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:    **YES**
Third Quarter 2003, $250.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                                    **YES**

5.  New books and records are opened and are current and are being maintained on an **accrual** basis.                                    **YES**

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.    **YES**

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.                                    **YES**

8.  The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                                    **YES**

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                                    **YES**

10.  No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.                                    **YES**

**BALANCE SHEET**

For the period ending:         10/31/03

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $511.80 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $511.80 |

2. Securities                                      $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $4,300.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $4,300.00 |

4. HHG and Furnishings                          $700.00

5. Wearing Appearal                             $0.00

6. Other Current Assets                         $0.00

7. Prepaid Insurance                            $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                  $49,950.00

9. **TOTAL  ASSETS**                                        $55,461.80

<u>LIABILITIES</u>     (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition (Schedule F) | $520,281.63 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $520,281.63 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | | $0.00 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $5,000.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $5,000.00 |

5. Other Liabilities (Represents Total of Unsecured from Schedule F)     $985,849.35

6. TOTAL LIABILITIES                                       $1,511,130.98

EQUITY (Total Assets Less Total Liabilities)              ($1,455,669.18)

7. **TOTAL LIABILITIES & EQUITY**                           $55,461.80

INCOME STATEMENT

For the period ending:          10/31/03

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $200.00 | |
| 2. Total Operating (Business) Expenses | $900.07 | [See Note 1] |
| Net Operating Income | | ($700.07) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($700.07) |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS
LIQUIDATION PLAN - NO ADEQUATE PROTECTION PAYMENTS MADE

1.           Payee: _____
           Amount paid this period: _____     Check #: _____
Y    Amount included in Expenses (item 2 on Income Statement)
   N   Adequate protection payment
      Stated adequate protection  payment amount _____$0.00

2.           Payee: _____
           Amount paid this period: _____     Check #: _____
Y    Amount included in Expenses (item 2 on Income Statement)
Y    Adequate protection payment
      Stated adequate protection  payment amount _____$0.00

3.           Payee: _____
           Amount paid this period: _____$0.00     Check #: _____
Y    Amount included in Expenses (item 2 on Income Statement)
   N   Adequate protection payment
      Stated adequate protection  payment amount _____$0.00

4.           Payee: _____
           Amount paid this period: _____$0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
      Stated adequate protection  payment amount _____$0.00

5.           Payee: _____
           Amount paid this period: _____$0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
      Stated adequate protection  payment amount _____$0.00

6.           Payee: _____
           Amount paid this period: _____$0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
      Stated adequate protection  payment amount _____$0.00

**Additional payments made to secured creditors and lessors**

7.           Payee: _____
           Amount paid this period: _____$0.00     Check #: _____

Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

8.                 Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

9.                 Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

10.               Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

11.               Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

12.               Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

13.               Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

14.               Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

15.               Payee:
                Amount paid this period:      $0.00       Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
     Stated adequate protection  payment amount        $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**      $0.00

**AGING OF PAYABLES AND RECEIVABLES**

Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)

Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

| | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $4,300.00 |
| Total | $0.00 | $4,300.00 |

Note 1 - Expense for employment taxes, paid per motion and order of the court

## MONTHLY BANK ACCOUNT RECONCILIATION

Jay's Outdoors, Inc..
_____

           Debtor

Chapter 11
Case No.:   03-32740

For the Period Beginning   10/01/03   and Ending   10/31/03

A separate form is required for each bank account, including ALL savings and investment accounts, i.e. certificates of deposits, money market accounts, stocks and bonds, etc.

BANK:   SouthTrust Bank              Branch:   Montgomery

Account Name:         DIP General Account      Account #: 68-840-249

| | |
|---|---|
| Beginning Balance | $1,224.49 |
| Total Amount of Deposits Made | $200.00 |
| Total Amount of Checks Written | $900.07 |
| Other Withdrawals | $0.00 |
| Service Charges | $12.62 |
| Closing Balance | $511.80 |

| | |
|---|---|
| Number of FIRST Check Written This Period | 1001 |
| Number of LAST Check Written This Period | 1001 |
| Total Number of Checks Written This Period | 1 |

## CHECK/DEPOSIT REGISTER

### LIST ALL CHECKS ISSUED, DEPOSITS MADE, AND OTHER WITHDRAWALS
### ATTACH COPY OF MOST RECENT BANK STATEMENT

For each transaction, list the **DATE**, **CHECK NO.**, **PAYEE**, **DESCRIPTION** and **AMOUNT**.

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:   11/20/03

Neil O. Tidwell
Debtor's Name (typed/printed)

/S/ Neil O. Tidwell
Debtor's Signature

Von G. Memory
Preparer's Name (typed/printed)

/S/ Von G. Memory
Preparer's Signature

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 20th     day of  November   , 2003

/S/ Von G. Memory
Signature

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                          Chapter 11
Charlotte Teresa Williford and Kenneth Williford                        Case No.: 03-81486
          Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING: **03-Oct-03**
AND ENDING: **31-Oct-03**

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT PAID**:                                                                                  YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                              YES
First Due Fourth Quarter

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**          YES

5.  New books and records are opened and are current and are being maintained on an **accrual** basis.                                                                                                          YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.    YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.        YES

8.  The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                                                                            YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                        YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.                                                                              YES

**BALANCE SHEET**

For the period ending:                    10/31/03

☐ Check here if Balance Sheet is attached.

ASSETS

1. Cash
   - Pre-petition bank accounts ............... $0.00
   - DIP General/business account ........ $3,499.05
   - DIP Payroll account ...................... $0.00
   - DIP Tax account ............................ $0.00
   - Other (including Cash on Hand) ...... $0.00
   - Sub-total Cash .............................................. $3,499.05

2. Securities ...................................................... $0.00

3. Accounts Receivable
   - Pre-petition ................................. $0.00
   - Post-petition [Note 1] ............... $2,500.00
   - Sub-total Accounts Receivable ............... $2,500.00

4. HHG and Furnishings ............................... $2,000.00

5. Wearing Appearal ...................................... $400.00

6. Other Current Assets ........................... $180,661.00

7. Prepaid Insurance ....................................... $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. ) ............. $3,650,000.00

**9. TOTAL ASSETS** ............................................. $3,839,060.05


LIABILITIES          (include both pre- and post-petition debts)

1. Accounts Payable
   - Pre-petition .................................. $0.00
   - Post-petition ................................ $0.00
   - Sub-total Accounts Payable ..................... $0.00

2. Short Term Notes Payable
   - Pre-petition (Schedule F) ............. $0.00
   - Post-petition ................................ $0.00
   - Sub-total Short Term Notes Payable ......... $0.00

3. Long Term Notes Payable
   - Pre-petition ....................... $3,128,473.58
   - Post-petition ................................ $0.00
   - Sub-total Long Term Notes Payable .... $3,128,473.58

4. Taxes Payable
   - Pre-petition .................................. $0.00
   - Post-petition ................................ $0.00
   - Sub-total Taxes Payable ......................... $0.00

5. Other Liabilities (Represents Total of Unsecured from Schedule F) ... $460,627.14

6. TOTAL LIABILITIES .................................. $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities) ... $249,959.33
**7. TOTAL LIABILITIES & EQUITY** ............. $3,839,060.05

**INCOME STATEMENT**

For the period ending:                10/31/03

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $35,204.52 | |
| 2. Total Operating (Business) Expenses | $31,705.47 | |
| Net Operating Income | | $3,499.05 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $3,499.05 |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS
LIQUIDATION PLAN - NO ADEQUATE PROTECTION PAYMENTS MADE

1.
    Payee:    Peoples Bank & Trust
    Amount paid this period:    $19,078.00    Check #:
Y  Amount included in Expenses (item 2 on Income Statement)
Y  Adequate protection payment
    Stated adequate protection  payment amount    $20,613.26

2.
    Payee:    Peoples Bank & Trust  [Note 2]
    Amount paid this period:    $1,533.78    Check #:
Y  Amount included in Expenses (item 2 on Income Statement)
Y  Adequate protection payment
    Stated adequate protection  payment amount    $1,536.26

3.
    Payee:    SouthTrust Bank
    Amount paid this period:    $1,404.46    Check #:
Y  Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

4.
    Payee:    Auburn Bank
    Amount paid this period:    $413.81    Check #:
Y  Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

5.
    Payee:    Agri-Credit
    Amount paid this period:    $145.59    Check #:
Y  Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

6.
    Payee:
    Amount paid this period:    $0.00    Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**Additional payments made to secured creditors and lessors**

7.
    Payee:
    Amount paid this period:    $0.00    Check #:

Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

8. 　　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

9. 　　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

10. 　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

11. 　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

12. 　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

13. 　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

14. 　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

15. 　　　　　　　　Payee: _____
　　　　　　　　Amount paid this period: _____ $0.00　　　Check #: _____
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,575.64

**AGING OF PAYABLES AND RECEIVABLES**

Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)

Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $2,500.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$2,500.00** |

Note 1 - Accounts receivable reflects monthly rental of mobile home space by tenants

Note 2 - Multiple accounts for manufactured homes

## MONTHLY BANK ACCOUNT RECONCILIATION

Chapter 11

Charlotte Teresa Williford and Kenneth Williford

Case No.:     03-81486

Debtor

For the Period Beginning     10/03/03     and Ending     10/31/03

A separate form is required for each bank account, including ALL savings and investment accounts, i.e. certificates of deposits, money market accounts, stocks and bonds, etc.

BANK:     Peoples Bank & Trust Company          Branch:     Selma

Account Name:          DIP General Account          Account #:

| | | |
|---|---|---|
| Beginning Balance | $0.00 | |
| Total Amount of Deposits Made | $35,204.52 | |
| Total Amount of Checks Written | $27,738.55 | Paper Checks |
| Other Withdrawals | $3,966.91 | EFTs |
| Service Charges | $0.00 | |
| Closing Balance | $3,499.06 | |

Number of FIRST Check Written This Period          Starter Checks Used
Number of LAST Check Written This Period          1006

Total Number of Checks Written This Period          41 (98 elec withdrawals)

### CHECK/DEPOSIT REGISTER

LIST ALL CHECKS ISSUED, DEPOSITS MADE, AND OTHER WITHDRAWALS
ATTACH COPY OF MOST RECENT BANK STATEMENT

For each transaction, list the DATE, CHECK NO., PAYEE, DESCRIPTION and AMOUNT.

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:  11/20/03

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

Von G. Memory
Preparer's Name (typed/printed)

/S/ Von G. Memory
Preparer's Signature

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this        20  day of  November   2003

/S/ Von G. Memory
Signature

# The Peoples Bank
### & Trust Company

P.O. Box 799 ● Selma, Alabama 36702-0799 ● (334) 418-8520

Date   10/31/03
Primary Account

Page     1
7550343301
41          095-1692

```
**************AUTO**3-DIGIT 368
4246 2.4120 AT 0.701      31 1 66
CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804-7730
```

****************************** CHECKING ACCOUNT ******************************

Small Business Checking Acct
Account Number                    7550343301
Previous Stmt Balance                    .00
  11 Deposits/Credits            35,204.52
 139 Checks/Debits               31,705.47
Service Charge                           .00
Interest Paid                            .00
Current Stmt Balance              3,499.05

Number of Enclosures                     41
Statement Dates 10/07/03 thru 11/02/03
Days in the statement period          27
Average Ledger Bal.               6,889.92
Average Collected Bal.            4,493.15

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Activity in Date Order

| Date | Description | Amount |
|------|-------------|--------|
| 10/09 | Deposit | 200.00 |
| 10/10 | Deposit | 3,047.66 |
| 10/10 | Deposit | 2,942.39 |
| 10/10 | Deposit | 2,592.53 |
| 10/15 | Deposit | 5,512.00 |
| 10/15 | Deposit | 4,595.00 |
| 10/15 | Deposit | 3,957.64 |
| 10/15 | Deposit | 3,390.52 |
| 10/15 | Deposit | 2,667.66 |
| 10/21 | CHECK/ACC.DELUXE CHECK      \SEC | 2,251.12 |
| 10/22 | Deposit | 13.00- |
| 10/23 | 3347055517UTILITIES BOARD \SEC | 4,048.00 |
|       | 21918 | 45.52- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC | |
|       | 13710 | 613.52- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC | |
|       | 21844 | 439.11- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC | |
|       | 21844 | 54.26- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC | |
|       | 21844 | 45.52- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC | |
|       | 21844 | 45.52- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC | |
|       | 18947 | 45.52- |

MEMBER FDIC

Date  10/31/03                 Page      095-1692
Primary Account                7550343301    2
                                            41

CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804

---

Small Business Checking Acct          7550343301    (Continued)

Activity in Date Order
| Date | Description | Amount |
|---|---|---|
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 45.52- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 45.52- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 41.15- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 36.78- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 36.78- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 36.78- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 36.78- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 36.78- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 36.78- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |

**MEMBER FDIC**

Date   10/31/03                    095-1692
Primary Account                    Page      3
                                   7550343301
                                        41

CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804

---

Small Business Checking Acct          7550343301    (Continued)

Activity in Date Order

| Date | Description | Amount |
|------|-------------|--------|
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 32.41- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |

Date  10/31/03                    095-1692
Primary Account            Page
                           7550343301
                                  4
                                  41

CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804

---

Small Business Checking Acct            7550343301   (Continued)

Activity in Date Order
| Date | Description | Amount |
|---|---|---|
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 28.04- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |

**Date  10/31/03**                    **Page      5**    095-1692
**Primary Account**                   **7550343301**
                                                    41

CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804

---

**Small Business Checking Acct**          **7550343301**    **(Continued)**

Activity in Date Order

| Date | Description | Amount |
|------|-------------|--------|
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 26.76- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.48- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.00- |

096-1692

Date  10/31/03          Page     6
Primary Account         7550343301
                                41

CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804

---

Small Business Checking Acct          7550343301   (Continued)

Activity in Date Order
| Date | Description | Amount |
|------|-------------|--------|
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.00- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.00- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 25.00- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 21844 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 24.20- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18959 | 22.92- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 22.92- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 22.92- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 22.92- |
| 10/27 | CBSW BILL UTILITIES BOARD \SEC 18947 | 22.92- |
| 10/30 | Return Item Chargeback | 155.00- |
| 10/30 | Chargeback Fee | 5.00- |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MEMBER FDIC**

```
                                                    Date  10/31/03          Page        095-1692
                                                    Primary Account         7550343301       7
                                                                                            41
```

CHARLOTTE D WILLIFORD
OR KENNETH H WILLIFORD
DIP ACCOUNT
917 CRAWFORD RD
OPELIKA AL 36804

---

Small Business Checking Acct              7550343301    (Continued)

### --- CHECKS TRANSACTIONS ---

| Date | Serial No | Amount | Date | Serial No | Amount |
|------|-----------|--------|------|-----------|--------|
| 10/15 | | 190.82 | 10/21 | | 127.36 |
| 10/15 | | 184.98 | 10/21 | | 59.18 |
| 10/15 | | 166.64 | 10/21 | | 21.00 |
| 10/15 | | 166.29 | 10/22 | | 544.68 |
| 10/15 | | 155.60 | 10/22 | | 377.76 |
| 10/15 | | 148.26 | 10/22 | | 301.40 |
| 10/15 | | 142.20 | 10/22 | | 229.50 |
| 10/15 | | 74.56 | 10/22 | | 156.00 |
| 10/15 | | 68.49 | 10/22 | | 145.59 |
| 10/16 | | 19,078.00 | 10/22 | | 96.61 |
| 10/16 | | 86.76 | 10/22 | | 94.00 |
| 10/16 | | 86.76 | 10/22 | | 51.00 |
| 10/16 | | 62.42 | 10/23 | | 334.55 |
| 10/17 | | 413.81 | 10/23 | | 186.02 |
| 10/20 | | 175.00 | 10/27 | | 301.49 |
| 10/20 | | 128.93 | 10/28 | | 175.00 |
| 10/20 | | 77.76 | 10/30 | | 295.00 |
| 10/21 | | 1,404.46 | 10/30 | 1001* | 7.89 |
| 10/21 | | 253.84 | 10/27 | 1003* | 160.00 |
| 10/21 | | 213.95 | 10/30 | 1006* | 585.00 |
| 10/21 | | 210.00 | | | |

\* Denotes missing check numbers

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### *** Balance By Date ***

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10/07 | .00 | 10/17 | 10,130.93 | 10/27 | 4,721.94 |
| 10/09 | 200.00 | 10/20 | 9,749.24 | 10/28 | 4,546.94 |
| 10/10 | 8,782.58 | 10/21 | 7,446.45 | 10/30 | 3,499.05 |
| 10/15 | 29,858.68 | 10/22 | 9,497.91 | | |
| 10/16 | 10,544.74 | 10/23 | 8,931.82 | | |

You may request an account disclosure containing terms, fees, and rate
information for your account by calling a customer service representative
at your local branch.

MEMBER FDIC



10/07/03 Deposi     200.00

10/15/03 Deposi     3957.64

10/10/03 Deposi     3047.66

10/15/03 Deposi     3390.52

10/10/03 Deposi     2942.39

10/15/03 Deposi     2667.66

10/10/03 Deposi     2592.53

10/15/03 Deposi     2251.12

10/15/03 Deposi     5512.00

10/22/03 Deposi     4048.00

10/15/03 Deposi     4595.00

10/15/03     190.82

10/15/03              184.98



10/15/03              74.56



10/15/03              166.64



10/15/03              68.49



10/15/03              166.29



10/15/03            19078.00



10/15/03              155.60



10/15/03              86.76



10/15/03              148.26



10/15/03              86.76



10/15/03              142.20



10/15/03              62.42

CHARLOTTE D WILLIFORD
Account No.: 7550343301
Page 10

---

Kenneth - Charlotte Williford
DIP
815 Crawford Rd. Opelika, AL 36804          21
DATE 10-14-03
PAY TO THE ORDER OF Auburn Tank          | $ 413.81
Four hundred thirteen  81/
Peoples Bank
A Trust Company
Opelika, Alabama
274 1955                                      Cl Wz
⑆062200482⑈ 7550343301⑆    /0000041381/

10/17/03          413.81

---

Kenneth - Charlotte Williford          18
DIP
815 Crawford Rd
Opelika, AL 36804
DATE 10-14-03
PAY City of Opelika          | $ 213.95
Two hundred thirteen  95/
Peoples Bank
A Trust Company
Opelika, Alabama
Home - 4373-21598                    Cl Wz
⑆062200482⑈ 7550343301⑆    /000002139 5/

10/21/03          213.95

---

Kenneth - Charlotte Williford          27
DIP 815 Crawford Rd
Opelika Al 36804
DATE 10-15-03
PAY City of LaGrange          | $ 175.00
One hundred seventy five  00/
Peoples Bank
A Trust Company
Opelika, Alabama
9585993-00                            Cl Wz
⑆062200482⑈ 7550343301⑆    /000001750 0/

10/21/03          175.00

---

Kenneth - Charlotte Williford          32
DIP 815 Crawford Rd
Opelika Al 36804
DATE 10-15-03
PAY Hutchins Electrical Service          | $ 210.00
Two hundred ten  00/
Peoples Bank
A Trust Company
Opelika, Alabama
1954 Check                            Cl Wz
⑆062200482⑈ 7550343301⑆    /000002100 0/

10/21/03          210.00

---

Kenneth - Charlotte Williford          19
DIP
815 Crawford Rd
Opelika AL 36804
DATE 10-14-03
PAY Alabama Power          | $ 128.93
One hundred twenty eight  93/
Peoples Bank
A Trust Company
Opelika, Alabama
289955-45000                          Cl Wz
⑆062200482⑈ 7550343301⑆    /000001289 3/

10/20/03          128.93

---

Kenneth - Charlotte Williford          16
DIP 815 Crawford Rd Opelika Al 36804
334-745-0116
DATE 10-14-03
PAY City of Opelika          | $ 127.36
One hundred twenty seven  36/
Peoples Bank
A Trust Company
Opelika, Alabama
R Hause - 95159.47868                Cl Wz
⑆062200482⑈ 7550343301⑆    /000001273 6/

10/21/03          127.36

---

Kenneth - Charlotte Williford          20
DIP  815 Crawford Rd
Opelika AL 36804
DATE 10-14-03
PAY Opelika Utilities          | $ 77.76
Seventy seven  76/
Peoples Bank
A Trust Company
Opelika, Alabama
Home - 13867                          Cl Wz
⑆062200482⑈ 7550343301⑆    /000000777 5/

10/20/03          77.76

---

Kenneth - Charlotte Williford          28
DIP  815 Crawford Rd
Opelika AL 36804
DATE 10-15-03
PAY Interstate Telephone          | $ 59.18
Fifty nine  18/
Peoples Bank
A Trust Company
Opelika, Alabama
3434-060963
334-576-8077                          Cl Wz
⑆062200482⑈ 7550343301⑆    /000005918 /

10/21/03          59.18

---

Kenneth - Charlotte Williford          22
DIP
815 Crawford SouthTrust
Opelika AL 36804 AUBURN NO. 78
OCT 28 2003
DATE 10-14-03
PAY SouthTrust  Main Office No. 429          | $ 1,404.46
One thousand four hundred four  44/
Peoples Bank
A Trust Company
Opelika, Alabama
75273777                              Cl Wz
⑆062200482⑈ 7550343301⑆    /000014044 6/

10/21/03          1404.46

---

Kenneth - Charlotte Williford          17
DIP
815 Crawford Rd
Opelika
DATE 10-14-03
PAY City of Opelika          | $ 21.00
Twenty one  00/
Peoples Bank
A Trust Company
Opelika, Alabama
Fields 50649-36929                    Cl Wz
⑆062200482⑈ 7550343301⑆    /000002100 /

10/21/03          21.00

---

Kenneth - Charlotte Williford - DIP          33
815 Crawford Rd
Opelika AL 36804
DATE 10-16-03
PAY Liberty Nat          | $ 253.84
Two hundred fifty three  84/
Peoples Bank
A Trust Company
Opelika, Alabama
013-91-36031                          Cl Wz
⑆062200482⑈ 7550343301⑆    /000002538 4/

10/21/03          253.84

---

Kenneth - Charlotte Williford          27
DIP  815 Crawford Rd
Opelika AL 36804
DATE 10-15-03
PAY Bell-South          | $ 544.68
Five hundred forty four  68/
Peoples Bank
A Trust Company
Opelika, Alabama
334-745-0116-062-6551                Cl Wz
⑆062200482⑈ 7550343301⑆    /000005446 8/

10/22/03          544.68

| | |
|---|---|
| 10/22/03   377.76 | 10/22/03   94.00 |
| 10/22/03   301.40 | 10/22/03   51.00 |
| 10/22/03   229.50 | 10/23/03   334.55 |
| 10/22/03   156.00 | 10/23/03   186.02 |
| 10/22/03   145.59 | 10/27/03   301.49 |
| 10/22/03   96.61 | 10/28/03   175.00 |

10/30/03    295.00



10/30/03    1001    7.89



10/27/03    1003    160.00



10/30/03    1006    585.00

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                              Chapter 11
Charlotte Teresa Williford and Kenneth Williford                    Case No.: 03-81486
            Debtor

**CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT**
FOR THE PERIOD BEGINNING: <u>01-Nov-03</u>
AND ENDING: <u>30-Nov-03</u>

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID:**                                YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT PAID:**                                                                   YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid:**               YES
First Due Fourth Quarter

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**   YES

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                         YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.    YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.    YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                        YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.               YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                             YES

BALANCE SHEET

For the period ending:          11/30/03

☐ Check here if Balance Sheet is attached.

ASSETS

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $9,517.46 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $9,517.46 |

2. Securities                                                              $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition [Note 1] | $2,500.00 | |
| Sub-total Accounts Receivable | | $2,500.00 |

4. HHG and Furnishings                                          $2,000.00

5. Wearing Appearal                                               $400.00

6. Other Current Assets                                          $180,661.00

7. Prepaid Insurance                                               $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                               $3,650,000.00

9. **TOTAL ASSETS**                                            $3,845,078.46

LIABILITIES          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition (Schedule F) | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $3,128,473.58 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities (Represents Total of Unsecured from Schedule F)          $460,627.14

6. TOTAL LIABILITIES                                          $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)         $255,977.74
7. **TOTAL LIABILITIES & EQUITY**                    $3,845,078.46

INCOME STATEMENT

For the period ending:        11/30/03

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $45,701.84 | |
| 2. Total Operating (Business) Expenses | $39,621.43 | |
| Net Operating Income | | $6,080.41 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $6,080.41 |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS
LIQUIDATION PLAN - NO ADEQUATE PROTECTION PAYMENTS MADE

1.
    Payee:    Peoples Bank & Trust
    Amount paid this period:    $19,078.00    Check #: 1054
Y    Amount included in Expenses (item 2 on Income Statement)
Y    Adequate protection payment
    Stated adequate protection  payment amount    $19,078.00

2.
    Payee:    Peoples Bank & Trust  [Note 2]
    Amount paid this period:    $1,536.34    Check #:    various - 12 total
Y    Amount included in Expenses (item 2 on Income Statement)
Y    Adequate protection payment
    Stated adequate protection  payment amount    $1,536.26

3.
    Payee:    SouthTrust Bank
    Amount paid this period:    $1,404.56    Check #: 1041
Y    Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

4.
    Payee:    Auburn Bank
    Amount paid this period:    $413.81    Check #: 1040
Y    Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

5.
    Payee:    Agri-Credit
    Amount paid this period:    $145.59    Check #: 1030
Y    Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

6.
    Payee:
    Amount paid this period:    $0.00    Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**Additional payments made to secured creditors and lessors**

7.
    Payee:
    Amount paid this period:    $0.00    Check #:

Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

8.                                  Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

9.                                  Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

10.                                 Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

11.                                 Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

12.                                 Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

13.                                 Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

14.                                 Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

15.                                 Payee: _____
                                    Amount paid this period: _____ $0.00         Check #: _____
Y   N  Amount included in Expenses (item 2 on Income Statement)
Y   N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00


**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,578.30


### AGING OF PAYABLES AND RECEIVABLES

Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)

Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $2,500.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$2,500.00** |

Note 1 - Accounts receivable reflects monthly rental of mobile home space by tenants

Note 2 - Multiple accounts for manufactured homes

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:  12/22/03

Charlotte Williford
Debtor's Name (typed/printed)

/S/ James L. Day
Debtor's Signature

James L. Day
Preparer's Name (typed/printed)

/S/ James L. Day
Preparer's Signature

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this        22  day of  December  2003

/S/ James L. Day
Signature

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                    Chapter 11

Charlotte Teresa Williford and Kenneth Williford                          Case No.: 03-81486

    Debtor

### AMENDED CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING: 01-Nov-03

AND ENDING: 30-Nov-03

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                      YES

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT PAID**:                                               YES

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                     YES
First Due Fourth Quarter

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                    YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.                                                                            YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.          YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.     YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                                                        YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.               YES

10. No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.                                                       YES

**BALANCE SHEET**

For the period ending:           11/30/03

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $9,517.46 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $9,517.46 |

2. Securities                                                           $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition [Note 1] | $2,500.00 | |
| Sub-total Accounts Receivable | | $2,500.00 |

4. HHG and Furnishings                                   $2,000.00

5. Wearing Appearal                                         $400.00

6. Other Current Assets                                 $180,661.00

7. Prepaid Insurance                                          $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                      $3,650,000.00

**9. TOTAL  ASSETS**                                              $3,845,078.46

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition (Schedule F) | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $3,128,473.58 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities (Represents Total of Unsecured from Schedule F)      $460,627.14

| | |
|---|---|
| 6. TOTAL LIABILITIES | $3,589,100.72 |
| EQUITY (Total Assets Less Total Liabilities) | $255,977.74 |
| **7. TOTAL LIABILITIES & EQUITY** | $3,845,078.46 |

INCOME STATEMENT

For the period ending:          11/30/03

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $45,701.84 | |
| 2. Total Operating (Business) Expenses | $39,621.43 | |
| Net Operating Income | | $6,080.41 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $6,080.41 |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS
LIQUIDATION PLAN - NO ADEQUATE PROTECTION PAYMENTS MADE

**1.**
      Payee:    Peoples Bank & Trust
      Amount paid this period:    $19,078.00    Check #: 1054
Y  Amount included in Expenses (item 2 on Income Statement)
Y  Adequate protection payment
    Stated adequate protection  payment amount    $19,078.00

**2.**
      Payee:    Peoples Bank & Trust  [Note 2]
      Amount paid this period:    $1,536.34    Check #:    various - 12 total
Y  Amount included in Expenses (item 2 on Income Statement)
Y  Adequate protection payment
    Stated adequate protection  payment amount    $1,536.26

**3.**
      Payee:    SouthTrust Bank
      Amount paid this period:    $1,404.56    Check #: 1041
Y  Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**4.**
      Payee:    Auburn Bank
      Amount paid this period:    $413.81    Check #: 1040
Y  Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**5.**
      Payee:    Agri-Credit
      Amount paid this period:    $145.59    Check #: 1030
Y  Amount included in Expenses (item 2 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**6.**
      Payee:
      Amount paid this period:    $0.00    Check #:
Y  N  Amount included in Expenses (item 2 on Income Statement)
Y  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**Additional payments made to secured creditors and lessors**

**7.**
      Payee:
      Amount paid this period:    $0.00    Check #:

Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

8.                        Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

9.                        Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

10.                       Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

11.                       Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

12.                       Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

13.                       Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

14.                       Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00

15.                       Payee:
                          Amount paid this period:          $0.00          Check #:
Y   N   Amount included in Expenses (item 2 on Income Statement)
Y   N   Adequate protection payment
          Stated adequate protection  payment amount          $0.00


**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS          $22,578.30**


**AGING OF PAYABLES AND RECEIVABLES**

Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)

Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

| | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $2,500.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$2,500.00** |

Note 1 - Accounts receivable reflects monthly rental of mobile home space by tenants

Note 2 - Multiple accounts for manufactured homes

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:  <u>12/22/03</u>

<u>Charlotte Williford</u>
Debtor's Name (typed/printed)

<u>/S/ Charlotte Williford</u>
Debtor's Signature

<u>James L. Day</u>
Preparer's Name (typed/printed)

<u>/S/ James L. Day</u>
Preparer's Signature

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this  <u>22</u>  day of <u>December</u>  2003

<u>/S/ James L. Day</u>
Signature

Pursuant to the E-Government Act Privacy Requirements, Debtor In Possession bank account reconciliation and bank statements/cancelled checks will not be posted. Copies are available to the court, creditors, or parties in interest and can be requested from:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
vgmemory@memorylegal.com
jlday@memorylegal.com

A copy is also on file with the Bankruptcy Administrator, United States Bankruptcy Court, Middle District of Alabama:

U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104
Tel (334) 954-3900

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                            Chapter 11
Charlotte and Kenneth Williford                                  Case No.: 03-81486
      Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:    1-Dec-2003
AND ENDING:    31-Dec-2003

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                    YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                  YES
Due Fourth Quarter 2003 for the first time

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**       YES

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                             YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.   YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.    YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                           YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                  YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                                YES

**BALANCE SHEET**

For the period ending:          12/31/03

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash
   | | | |
   |---|---:|---:|
   | Pre-petition bank accounts | $0.00 | |
   | DIP General/business account | $12,773.68 | |
   | DIP Payroll account | $0.00 | |
   | DIP Tax account | $0.00 | |
   | Other (including Cash on Hand) | $0.00 | |
   | Sub-total Cash | | $12,773.68 |

2. Securities                                              $0.00

3. Accounts Receivable
   | | | |
   |---|---:|---:|
   | Pre-petition | $0.00 | |
   | Post-petition | $2,500.00 | |
   | Sub-total Accounts Receivable | | $2,500.00 |

4. Office Supplies and Equipment                           $0.00

5. Inventory (Fair Market Value)                           $0.00

6. Other Current Assets                                    $183,061.00

7. Prepaid Insurance                                       $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                             $3,650,000.00

**9. TOTAL ASSETS**                                        $3,848,334.68

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable
   | | | |
   |---|---:|---:|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable
   | | | |
   |---|---:|---:|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable
   | | | |
   |---|---:|---:|
   | Pre-petition | $3,128,473.58 | |
   | Post-petition | $0.00 | |
   | Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable
   | | | |
   |---|---:|---:|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                       $460,627.14

6. TOTAL LIABILITIES                                       $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)            $259,233.96
**7. TOTAL LIABILITIES & EQUITY**                          $3,848,334.68

**INCOME STATEMENT**

For the period ending:          12/31/03

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $41,796.53 | |
| 2. Total Operating (Business) Expenses | $38,468.06 | |
| Net Operating Income | | $3,328.47 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $3,328.47 |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.  Payee:          Peoples Bank & Trust
    Amount paid this period:          $19,078.00          Check #:          1142
    Y   Amount included in Expenses (item 2 or 4 on Income Statement)
    Y   Adequate protection payment
    Stated adequate protection  payment amount          $19,078.00

2.  Payee:          Peoples Bank & Trust
    Amount paid this period:          $1,535.06          Check #: various
    Y   Amount included in Expenses (item 2 or 4 on Income Statement)
    N   Adequate protection payment
    Stated adequate protection  payment amount          $0.00

3.  Payee:          SouthTrust Bank
    Amount paid this period:          $1,404.46          Check #:          1162
    Y   Amount included in Expenses (item 2 or 4 on Income Statement)
    N   Adequate protection payment
    Stated adequate protection  payment amount          $0.00

4.  Payee:          Auburn
    Amount paid this period:          $413.81          Check #:          12
    Y   Amount included in Expenses (item 2 or 4 on Income Statement)
    N   Adequate protection payment
    Stated adequate protection  payment amount          $0.00

5.  Payee:          Agri-Credit
    Amount paid this period:          $145.59          Check #:          1143
    Y   Amount included in Expenses (item 2 or 4 on Income Statement)
    N   Adequate protection payment
    Stated adequate protection  payment amount          $0.00

6.  Payee:
    Amount paid this period:          $0.00          Check #:
    Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
    Y   N   Adequate protection payment
    Stated adequate protection  payment amount          $0.00

Additional payments made to secured creditors and lessors

7.  Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

8.  Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

9.  Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

10. Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

11. Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

12. Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

13. Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

14. Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

15. Payee: _____
    Amount paid this period: _____ $0.00    Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,576.92

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

| | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $2,500.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$2,500.00** |

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:  01/20/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                           AL          36103
City                                 State        Zip

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 20th      day of January      2004

/S/ Von G. Memory
Signature

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel
1810 E. Sahara Ave., STE 1
Las Vegas, NV 89104

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Susan Rogers, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

SouthTrust Bank
PO Box 871
Auburn, AL  36831-0871

SouthTrust Bank
PO Box 12564
Birmingham, AL  35202-6564

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

Pursuant to the E-Government Act Privacy Requirements, Debtor In Possession bank account reconciliation and bank statements/cancelled checks will not be provided to individual creditors or posted on the bankruptcy court public website. Copies are available to the court, creditors, or parties in interest and can be requested from:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
vgmemory@memorylegal.com
jlday@memorylegal.com

A copy is also on file with the Bankruptcy Administrator, United States Bankruptcy Court, Middle District of Alabama:

U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104
Tel (334) 954-3900

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | **Case No. 03-81486-WRS** |
| **Debtors.** | **Chapter 11** |

**APPLICATION FOR EMPLOYMENT OF PROFESSIONAL PERSONS
(PHILLIPS & PHILLIPS, CERTIFIED PUBLIC ACCOUNTANTS)**

COME NOW, CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("Debtors"), pursuant to 11 U.S.C. § 327(a), and request that the Court enter an order authorizing them to retain Phillips & Phillips, CPAs ("the Firm") as their certified public accountant ("CPA"), and state:

1. On October 3, 2003, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor Charlotte Williford resides in Lee County, Alabama. Debtor Kenneth Williford is currently incarcerated at the W.F. Donaldson Correctional Facility in Bessemer, Alabama. Debtors are qualified as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtors request that the Court approve the employment of the Firm as its Chapter 11 certified public accountant, pursuant to § 327 of the Bankruptcy Code, to perform the accounting services that will be necessary during its Chapter 11 case.

3. The Debtors seek to retain the Firm because of the firm's extensive experience in and knowledge of accounting, the accounts of the Debtors, preparation of business tax documents, and business reorganization under Chapter 11.

4.   The Firm has indicated a willingness to act in this Chapter 11 case and render the necessary professional services as CPA for the Debtors.

5.   Except as set forth in the Rule 2014 Verification, attached hereto as **Exhibit "A"** and incorporated by reference, the Firm:

a) does not represent or hold any interest adverse to the Debtors or their estate with respect to the matter in which it is to be employed;

b) has no connection with any creditors or any other party in interest, or their respective attorneys or accountants, or the United States Bankruptcy Administrator or any of its employees; and,

c) is a disinterest person, and represents or holds no interest adverse to the interests of the estate with respect to the matters on which it is to be employed. _Id_.

6.   The Debtors believe that the retention of the Firm is necessary and is in the best interest of the estate. Subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the rules and orders of this Court, the Debtors propose to pay the Firm its customary hourly rates for services rendered, subject to Court approval after notice and hearing.

7.   No examiner, trustee, or creditors' committee has yet been appointed in the Debtors' Chapter 11 case. Notice of this Application has been given to the Office of the United States Bankruptcy Administrator.

WHEREFORE, the Debtors respectfully request that the Court enter an Order authorizing them to employ and retain Phillips & Phillips to represent it in the administration of this case, and that the Court grant such other relief as is just and equitable.

Dated: January 22, 2004.

/S/ Charlotte Teresa Williford
Charlotte Teresa Williford

Memory & Day
P.O. Box 4054
Montgomery, AL 36103
(334) 834-8000

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on January 22, 2004.

Teresa R. Jacobs
U. S. Bankruptcy Administrator
One Church Street, 5th Floor
Federal Courthouse Annex
Montgomery, AL  36104

/S/ Von G. Memory
OF COUNSEL

# EXHIBIT "A"

STATE OF ALABAMA

COUNTY OF LEE

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF PHILLIPS & PHILLIPS, CERTIFIED PUBLIC ACCOUNTANTS

The undersigned hereby declares under penalty of perjury:

1. I am a member of the accounting firm of Phillips & Phillips (the "Firm"), a certified public accounting firm with offices at 225 North Gay Street, Auburn, AL 36830.

2. The Firm has been asked to represent Charlotte and Kenneth Williford, (the "Debtors") as their accountant, as set forth in the foregoing application.

3. To the best of my knowledge, information, and belief, the Firm does not have any interest or connection with the Debtors, any creditor or class of creditors, any equity security holders of the Debtors, the United States Bankruptcy Administrator for this District or any person employed in the office of the United States Bankruptcy Administrator, other than as disclosed herein.

4. The hourly rates for the members and employees of Phillips & Phillips, are as follows:

        Stewart Phillips CPA      $75.00 /hr.

5. The Firm also charges for the following:

| | |
|---|---|
| Photocopies | $00.00 /page |
| Long Distance | $00.00 |
| Toll Charges | $00.00 |
| Facsimile | $00.00 |

|                      |           |
|----------------------|-----------|
| Local Travel         | $00.00    |
| Airline Travel       | N/a       |
| Long Distance Travel | N/a       |

6. I have read the Application to which this Verification is attached. The statements set forth therein are true and correct to the best of my knowledge, information, and belief.

    Dated this ___ day of January 2004.

_Stewart Phillips_
Stewart Phillips

Sworn to before me January 2/ , 2004.

_Notary Public_

(SEAL)

Prepared by:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re:

CHARLOTTE TERESA WILLIFORD and                    CHAPTER 11
KENNETH WILLIFORD
      Debtor(s)                                      CASE NO. 03-81486-WRS

**RESPONSE OF BANKRUPTCY ADMINISTRATOR**
**ON DEBTOR'S APPLICATION TO EMPLOY**
**PROFESSIONAL PERSON**

     Comes now Michael A. Fritz, Sr., attorney for the Bankruptcy Administrator for this district, and responds to the court as follows:

     On January 22, 2004, the debtor in the above referenced case filed an application to employ Stewart Phillips. Therein, the debtor-in-possession seeks the court's approval of its proposed employment of Stewart Phillips to act as accountant for the debtor.

     Said application is accompanied by an affidavit, executed and filed by Stewart Phillips. Affiant asserts therein that no interest adverse to the estate is held. Stewart Phillips is not listed as a creditor within the schedules filed by the debtor. Further, the Statement of Financial Affairs filed by the debtor does not indicate any prior transactions between the firm and the debtor other than in connection with the instant proceeding.

     According to the affidavit, Stewart Phillips will be paid $75.00 per hours plus expenses. Such rate is reasonable and customary for similar accounting services provided within this district.

     WHEREFORE, Bankruptcy Administrator recommends that the court enter an order approving the debtor's application to employ Stewart Phillips.

                        Respectfully submitted,


                        /s/

                        Michael A. Fritz, Sr.
                        Bankruptcy Attorney
                        ASB5814-Z56M

United States Bankruptcy Administrator

Middle District of Alabama

One Church Street
Montgomery, AL 36104
Phone:(334) 954-3900
Fax: (334) 954-3901

<u>Certificate of Service</u>

I, Michael A. Fritz, Sr., do hereby certify that I have this date served a copy of the above and foregoing Motion upon the parties listed below by either electronic transmission or placing a copy of same to them in the U.S. Mail, postage prepaid, on this January 23, 2004

/s/
Michael A. Fritz, Sr.

Von Memory

FILED

JAN 27 2004

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

20,646

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                              :
Charlotte T. Williford, and         :        CHAPTER 11
Kenneth Williford,                  :        CASE NO. 03-81486-WRS
                                    :
        Debtors.                    :

## MOTION FOR RELIEF FROM AUTOMATIC STAY, OR
## IN THE ALTERNATIVE
## REQUEST FOR ORDER TO PROCEED

COME NOW The Travelers Indemnity Company of America ("Travelers") and The

Standard Fire Insurance Company ("Standard"), both Connecticut Corporations qualified

to do business in Alabama with their principal place of business in Hartford, Connecticut,

and move this Court for relief from the automatic stay provided by 11 U.S.C. 362(a), OR

IN THE ALTERNATIVE, request this an Order authorizing the United States District

Court for the Middle District of Alabama, Eastern Division ("District Court") to proceed

with an action pending against the Debtor.  As grounds therefor Movants say as follows:

    1.    Travelers issued a commercial general liability insurance policy to "Kenneth

and Charlotte Williford d/b/a Hickory Mart" policy number IH680-402N755-2-TIA-98,

which provided coverage for the policy period from March 15, 1998, to March 15, 1999.

    2.    Standard issued a homeowners insurance policy to "Kenneth and Charlotte

Williford" policy number OHE683-954757858-633-1, which provided coverage for the

policy period December 31, 1998, to December 31, 1999.

RECEIPT #: 04000741

1

3.      On October 22, 2002, Debtors made demand on Travelers and Standard for defense and indemnification concerning claims arising out of a suit that had been filed against the Debtors in the Circuit Court of Chambers County, Alabama, Civil Action No. CV-00-073, on March 22, 2000.

4.      Debtors submitted their demands on Travelers and Standard for indemnification and defense <u>following</u> the Circuit Court Entry of Judgment in the amount of $383,000.00 against them in the suit.

5.      On December 23, 2002, Travelers and Standard filed suit for declaration of their rights, duties and relations to the Debtors in the United States District Court, case number CV-02-T-1410-E. A copy of the Petition for Declaratory Judgment is attached as "Exhibit A."

6.      On October 2, 2003, the United States District Court entered a final judgment declaring that Travelers and Standard had no duty to defend or indemnify the Debtors, Charlotte T. Williford or Kenneth Williford, for any claims or for the Judgment entered in the Circuit Court of Chambers County as referenced in paragraph four (4) above. A copy of the Judgment and Memorandum Opinion is attached as "Exhibit B."

7.      The next day, on October 3, 2003, the Debtors filed their voluntary petition initiating this case in Bankruptcy under 11 U.S.C. Chapter 11.

8.      On October 14, 2003, the Debtors (as Defendants in the U.S. District Court action) filed a Motion to Set Aside Summary Judgment, or in the alternative, to Reconsider ("Motion") and a Suggestion of Bankruptcy in the U.S. District Court.

9.    On October 31, 2003, Travelers and Standard filed their Response to the Debtors' Motion in the U.S. District Court. A copy of Travelers and Standard's Response is attached as "Exhibit C."

10.    On November 12, 2003, the U.S. District Court issued an order staying all proceedings in the case before it due to the bankruptcy filing. A copy of that Order is attached as "Exhibit D."

11.    To the extent that the automatic stay applies to the motion pending before the U.S. District Court, Movants request that it be lifted for the following reasons:

a)    The October 2, 2003, U.S. District Court Judgment was a complete prepetition adjudication of the case before that Court.

b)    The only remaining issue before the U. S. District Court in that proceeding is Debtors' pending motion.

c)    Debtors' motion was filed post petition, evidencing an intention to deal with any issues in that case in that forum.

d)    Since it did not hear the case, the Bankruptcy Court is not in a position to consider and rule on the pending motion.

e)    An Order lifting the stay is the proper method to deal with a motion in that court related to issues adjudicated prepetition in U.S. District Court.

f)    The October 2, 2003, Judgment was a declaration of rights and relations between Movants and Debtors and did not create any right to payment or otherwise impact, impair or affect the Debtors' estate in Bankruptcy, which is the subject of automatic stay protection.

3

g) No retrial in Bankruptcy of issues adjudicated prepetition in U.S. District Court is available since *collateral estoppel* binds the Bankruptcy Court. In re Bulic, 997 F.2d 299, 305 (7th Cir. 1993) (citing in footnote that the U.S. Supreme Court has held the doctrine of collateral estoppel applies to cases in Bankruptcy).

h) The option of retrial in Bankruptcy of issues adjudicated prepetition in U.S. District Court would unreasonably increase the cost to the litigants and waste judicial resources by duplicating time, effort and resources committed to the completed litigation. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 572 (Bkrtcy. N.D. Ala. 1994) citing In re Johnson, 115 B.R. 634 (Bkrtcy.D.Minn. 1989) (A stay in Bankruptcy may be modified to avoid a multiplicity of suits and proceedings involving the same subject matter.).

i) An Order lifting the stay on a case adjudicated prepetition in U.S. District Court is consistent with the District Court's jurisdiction under to 28 U.S.C. 151, 157 and 158. 28 U.S.C.S. 151 (The bankruptcy judges constitute a unit of the district court…and may exercise authority…with respect to any action, suit, or proceeding…except as otherwise provided by law, rule, or *order of the district court.*).

12. Since the Bankruptcy Court sits by virtue of a standing Order of Reference from the U.S. District Court, proceedings in that Court may not be stayed.

13. To the extent that the automatic stay is not applicable to the motion pending before the U.S. District Court, the Movants request an Order authorizing the U.S. District Court to proceed with the action pending before it for the following reasons:

4

a)    Movants are not asserting any claim against the Debtors. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 572 (Bkrtcy. N.D. Ala. 1994) citing H.R.Rep. No. 595, at 340-344 ("...postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors.").

b)    The United States District Court is the appropriate Court to rule on the Debtors' post-judgment Motion concerning issues already heard and adjudicated by that Court. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 572 (Bkrtcy. N.D. Ala. 1994) citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836, 6297 ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result ... and to relieve the bankruptcy court from duties that may be handled elsewhere.").

c)    The U.S. District Court Judgment rendered prior to the Debtors' filing in Bankruptcy is binding on the Bankruptcy Court regarding the issues adjudicated by that Judgment. Heiser v. Woodruff, 327 U.S. 726, 739, 66 S.Ct. 853, 859, 90 L.Ed. 970 (1946) (holding that issues having been litigated and decided in the court in which the judgment was rendered, in proceedings brought by the bankrupt, may not be relitigated in the bankruptcy court); *See* In re Bulic, 997 F.2d 299, 305 (7th Cir. 1993) (follows Heiser to the extent that it holds a party may not use the bankruptcy system to litigate what has been finally ruled upon).

5

d)    A ruling on the Debtor's post-judgment Motion to Set Aside or, in the alternative, to Reconsider, does not impact, impair or otherwise affect the Debtors' bankruptcy estate, so the automatic stay does not apply to prevent the U.S. District Court from entering its ruling.

_____
Charles R. Johanson, III

OF COUNSEL:

ENGEL, HAIRSTON & JOHANSON, P.C.
P.O. Box 11405
Birmingham, AL 35202
(205) 328-4600

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing on the following by placing a copy of same in the United States mail (OR BY HAND DELIVERY), properly addressed, and first class postage prepaid this 22nd day of January, 2004.

_____

Charlotte T. and Kenneth Williford
815 Crawford Road
Opelika, AL 36804

Von G. Memory, Esq.
Memory & Day
P. O. Box 4054
Montgomery, AL 36101

Teresa R. Jacobs
United States Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

6

**A**

# PETITION FOR DECLARATORY JUDGMENT


# Exhibit A

17231

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA and THE STANDARD FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) | |
| KENNY WILLIFORD, CHARLOTTE WILLIFORD, KENNY WILLIFORD d/b/a BEN MOR VILLAGE; CHARLOTTE WILLIFORD d/b/a BEN MOR VILLAGE; KENNY WILLIFORD and CHARLOTTE WILLIFORD d/b/a HICKORY MART; SCOTT EMERTON; KRISTI EMERTON | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## PETITION FOR DECLARATORY JUDGMENT

Comes now THE TRAVELERS INDEMNITY COMPANY OF AMERICA ["Travelers"] along with THE STANDARD FIRE INSURANCE COMPANY ["Standard"] and file this petition for declaratory judgment and allege as follows:

1.     This is an action for declaratory relief brought to determine the rights, duties, status, and legal relations of the parties under the insurance policies described below.

2.     The Travelers Indemnity Company of America is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and is, and was, qualified to engage in the business of insurance in Alabama and was so engaged in the State of Alabama at all times referred to herein.

3.     The Standard Fire Insurance Company is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and is, and was, qualified to engage in the business of insurance in Alabama and was so engaged in the State of Alabama at all times referred to herein.

4.     The defendant, Kenny Williford, is over the age of nineteen (19) and is a resident of Lee County, Alabama, and the co-owner of Ben Mor Village, a trailer park located in Chambers County, Alabama, and also a co-owner of Hickory Mart, a convenience store located in Lee County, Alabama.

5.     The defendant, Charlotte Williford, is over the age of nineteen (19) and is a resident of Lee County, Alabama, and the co-owner of Ben Mor Village, a trailer park located in Chambers County, Alabama, and also a co-owner of Hickory Mart, a convenience store located in Lee County, Alabama.

6.     The defendant, Scott Emerton, is over the age of nineteen (19) and is a resident of Chambers County, Alabama.

7.     The defendant, Kristi Emerton, is over the age of nineteen (19) and is a resident of Chambers County, Alabama.

8.     Travelers issued a commercial general liability insurance policy to "Kenneth and Charlotte Williford d/b/a Hickory Mart" policy number IH680-402N755-2-TIA-98, which provides coverage for the policy period from March 15, 1998, to March 15, 1999.

9.     Standard issued a homeowners insurance policy to "Kenneth and Charlotte Williford" policy number OHE683-954757858-633-1, which provides coverage for the policy period from December 31, 1998, to December 31, 1999.

2

10.    On March 22, 2000, Scott Emerton and Kristi Emerton filed a Complaint in the State Court of Chambers County, Alabama, Civil Action No. CV-00-073, against Kenny Williford and Charlotte Williford, individually and d/b/a Ben Mor Village, requesting the award of compensatory and punitive damages.  A copy of the original complaint is attached as Exhibit "A."

11.    Neither Kenny Williford, Charlotte Williford, nor Kenny Williford d/b/a Ben Mor Village, nor Charlotte Williford d/b/a Ben Mor Village, gave notice to Travelers or Standard of the incident or of the suit.

12.    A judgment in the amount of $383,000 was awarded in the underlying suit to Scott and Kristi Emerton on September 16, 2002.

13.    Kenny Williford and Charlotte Williford, individually, and d/b/a Ben Mor Village, have made demand on Travelers and Standard for defense and indemnification as to the claims set out in the underlying suit.  Travelers and Standard first received notice of the incident or the suit on, to-wit, October 22, 2002.

14.    Travelers and Standard aver that there is no coverage for any of the defendants under the policies in question for the claims set out in the underlying suit filed; further, that the facts and circumstances alleged in the aforesaid underlying suit, are not within the terms of the policies; or that said allegations in the aforesaid suit, are within the terms of the exclusions of the policies; or that the conditions of the policies have not been met.  Hence, neither Kenny Williford, Charlotte Williford, Kenny Williford d/b/a Ben Mor Village, nor Charlotte Williford d/b/a Ben Mor Village are entitled to policy benefits by way of defense or indemnity of the aforesaid suit under the policies issued by Travelers and Standard.

15.     A bona fide controversy exists between the parties as to their legal rights, status, and liabilities pursuant to said policies.

16.     Travelers and Standard hereby offers to do equity.

WHEREFORE, PREMISES CONSIDERED, Travelers and Standard requests the following relief:

(1)     That this Court will take jurisdiction of this petition;

(2)     That this Court will ORDER, ADJUDGE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(3)     That the process of this Court be issued to the defendants as provided by law and the rules of this Court and that the defendants be ordered to respond to this petition for declaratory judgment within the time prescribed by law or in the event of failure to do so, suffer a decree pro confesso;

(4)     That upon final hearing of this cause, this Honorable Court will declare the rights, status, and legal relations of Travelers, Standard, and the defendants named in this petition under said policies of insurance issued by Travelers and Standard;

(5)     That upon a final hearing of this case, this Honorable Court will order, adjudge, declare, or decree that no coverage is afforded to the defendants under the said policies for the claims brought by the aforesaid parties.

(6)     That if Travelers or Standard is mistaken in any special relief herein prayed for, then it prays for such other, further or more general relief to which it may be entitled in the premises.

4

Respectfully submitted,

Susan C. Haygood (ASB#5544-G54S)

Attorneys for Plaintiffs,
The Travelers Indemnity Company of America
The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000-A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
(205) 802-2214

Plaintiffs' Address:
The Travelers Indemnity Company of America
One Tower Square
Hartford, Connecticut   06183

The Standard Fire Insurance Company
One Tower Square
Hartford, Connecticut 06183

SERVE DEFENDANTS BY CERTIFIED MAIL AT:

Kenny Williford
816 Crawford Road
Opelika, AL   36801

Charlotte Williford
816 Crawford Road
Opelika, AL 36801

Kenny Williford d/b/a
Ben Mor Village
816 Crawford Road
Opelika, AL 36801

5

Charlotte Williford d/b/a
Ben Mor Village
816 Crawford Road
Opelika, AL 36801

Kenny Williford d/b/a
Hickory Mart
816 Crawford Road
Opelika, AL   36801

Charlotte Williford d/b/a
Hickory Mart
816 Crawford Road
Opelika, AL 36801

Scott Emerton
236 67 Ave. NW
Lanett, AL 36863

Kristi Emerton
236 67 Ave. NW
Lanett, AL 36863



IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

SCOTT EMERTON, and           )
KRISTI EMERTON,              )
     Plaintiffs,             )
                             )
Vs.                          )
                             )
                             )    Case No. 00-___ 073
KENNY WILLIFORD, and         )
CHARLOTTE WILLIFORD,         )
individually and d/b/a       )
BEN MOR VILLAGE; and         )
A, B, C, & D, person or      )
persons, entity or entities, )
whose true and correct names )
are otherwise unknown to the )
plaintiffs, but will be added)
by amendment when ascertained,)
     DEFENDANT.              )

FILED IN OFFICE THIS

MAR 2 1 2000

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

<u>COMPLAINT</u>

(THE PARTIES and JURISDICTION)

1.   The Plaintiff, Scott Emerton, is a resident citizen of Chambers County, Alabama, and he is over the age of 19 years.

2.   The Plaintiff, Kristi B. Emerton, is a resident citizen of Chambers County, Alabama, and she is over the age of 19 years.

3.   The Defendant, Kenny Williford, is over the age of 19, and he is believed to be a resident of Lee County, and the co-owner of Ben Mor Village, a Trailer Park located in Chambers County, Alabama.

4.   The Defendant, Charlotte Williford, is over the age of 19, and she is believed to be a resident of Lee County, and the co-owner of Ben Mor Village, a Trailer Park located in Chambers

EXHIBIT "A"

County, Alabama.

5.   Fictitious Defendants A, B, C, and D, are individuals, general partnerships, limited liability companies, corporations, or other legal entities who:

a) owned and/or operated at all times material hereto a trailer park in Chambers County, Alabama, known as Ben Mor Village; and/or

b) were at all times material to this cause responsible for the operations and management of Ben Mor Village and its tenants; and/or

c) were at all times material to this cause responsible for the wrongful eviction of the Plaintiffs; and/or

d)   were at all times material to this cause responsible for the conversion of the Plaintiffs' property; and/or

e) were at all times material to this cause responsible for the outrageous conduct that was directed toward the Plaintiffs as herein described; and/or

f) were at all times material to this cause responsible for breaching the contract between Plaintiffs and Defendants.

COUNT ONE
(OUTRAGEOUS CONDUCT)

6.   Paragraphs 1,2, 3, 4, and 5 above are incorporated herein by reference as if fully set out herein.

7.  On or about August 28, 1998, Plaintiffs and Defendants entered into an agreement for the purchase a 1969 mobile home trailer, a copy of which is attached hereto as Exhibit 1.  The Defendants own the mobile home park, Ben Mor Village, where the trailer was located.

8.  The Defendants prepared the agreement, which required the Plaintiffs to pay the Defendants the sum of $3,000.00, with $500 being paid down, and the balance of $2,500 being financed at the rate of 9% interest, payable in 17 equal monthly installments of $150.00, with the first payment being due on August 28, 1998, and like payments being due each month thereafter.

9.  Plaintiffs aver that they paid the Defendants the initial down payment, plus a damage deposit of $200, and they moved into the trailer located in the Defendants' Trailer Park, which was located in Chambers County, Alabama.

10.  On to wit, October 1998, the Defendants approached the Plaintiffs and informed them that they could upgrade to a newer trailer, if they would agree to increase their monthly payments $40.00.  The Plaintiffs' were also informed that the remaining terms of their existing contract would remain the same.  Plaintiffs aver that they accepted the Defendants' offer, and that they moved into the newer trailer, which was located on the neighboring lot.

11.  Plaintiffs aver that in late November 1998, they were confronted with an unexpected automobile expense, and they were

only able to pay the trailer payment, and a portion of the lot rent.

12.    On to wit, December 5, 1998, the Plaintiffs discovered a "Termination of Tenancy/Lease" in their mail box dated December 1, 1998, a copy of which is attached hereto as Exhibit 2.

13.    Plaintiffs admit that when they received the Defendants' termination notice, they were delinquent on the payment of their lot rent, and they owed the Defendants $100.00. Plaintiffs further aver that they were current on with their trailer payments.

14.    In response to the Defendants' demands, the Plaintiffs made arrangements to vacate the premises.

15.    On December 11, 1998, the Plaintiffs rented a U-Haul and returned to the trailer accompanied by his mother, Pat Morris, who had agreed to assist the young couple the packing and moving of their belongings.

16.    When they arrived at the trailer, they were met by the Defendants, the park manager and an unknown male.  The door to the Plaintiffs' trailer had been removed, and the Defendants were inside of the Plaintiffs' trailer.

17.    Plaintiff avers that the Defendant, Charlotte Williford was standing in the door way of their trailer, and that she told the Plaintiffs that they were not going to get their "stuff" until she was paid $444.00.

18. Plaintiffs aver that the Plaintiff's mother, Pat Morris

informed the Defendants that her son needed clothes for work, and that several of the small items in the trailer belonged to her. The Defendant, Kenny Williford then told the Plaintiffs that he was going to give them 10 minutes to remove their clothing, and then they were to vacate the premises, or be arrested for criminal trespass.

19. Plaintiff, Scott Emerton avers that while he was in the process of removing items from the trailer, the Defendant, Kenny Williford started yelling obscenities at him. Defendant called him a "mother fucker", and said that he was nothing but an ass hole, and a little son of a bitch". The aforesaid statements were made while the Plaintiff was in the presence of his wife and mother. Plaintiff avers that he feared confrontation with the Defendant and Defendants' employees, and that he did not respond to the Defendant's lewd and vulgar remarks. Nor did Plaintiff do or say anything to incite or provoke the Defendants' unwarranted attack.

20. Plaintiff, Scott Emerton avers that he ignored the Defendant's remark and continued to remove items from the trailer. Shortly thereafter, he was stopped by the Defendant, Charlotte Williford, and asked, "why didn't you pay the rent?" Plaintiff avers that he responded to her question, and said that he only owed them $100.00, and that he was going to pay the money next week. At that moment, Defendant Kenny Williford, again, screamed at the Plaintiff and said, "you little son of a bitch,

don't you talk to my wife; you talk to me. I am going to teach you to be a man". Again, fearing confrontation, Plaintiff did not respond to his vicious and vile attack.

21. Plaintiffs aver that within the short time frame of 10 minutes, they were only allowed to remove their clothing, and several small items from the trailer. The majority of their personal belongings and furnishings were left behind.

22. Plaintiffs aver that while they were leaving, the Defendant Kenny Williford told the Plaintiffs that he would sell their belongings the following day, if he did not receive the money that was owed to him.  Defendant further stated that if they returned to the trailer for their property, that he would call the police, and have them arrested for criminal trespass, and that he would instruct the police to have their car towed from the premises and impounded, so that they would have to pay wrecker charges and storage fees.

23. Plaintiffs aver that the Defendants conduct as stated in the preceding paragraphs 15-22, intentionally or recklessly caused Plaintiffs to suffer emotional distress.

24. Defendants' actions toward Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

25. The emotional distress that Defendants caused Plaintiffs to suffer was so severe that no reasonable person

could be expected to endure it.

26.   Plaintiffs claim punitive damages of the Defendants due to Defendants' wanton conduct.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages in an amount that would be mete, just and proper under the circumstances.

### COUNT TWO
### (CONVERSION)

27.   Paragraphs 1 through 26 above are incorporated herein by reference as if fully set out herein.

28.   On or about the 11th day of December 1998, in Chambers County, Alabama, the Defendants converted the following described chattels, which are the property of the Plaintiffs:

    a)   Washer
    b)   Dryer
    c)   Refrigerator
    d)   Two (2) TVs
    e)   VCR
    f)   Two (2) dressers
    g)   Queen size bed
    h)   Recliner
    i)   Wedding Gifts and photos
    j)   Various items of personal belongings

29.   Plaintiffs claim punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages, interest and cost in an amount that would be mete, just and proper under the

circumstances.

## COUNT THREE
### (TRESPASS TO REAL ESTATE AND CHATTEL)

30.   Paragraphs 1 through 29 are incorporated herein by reference as if fully set out herein.

31.   On or about the 11th day of December 1998, the Defendants unlawfully entered upon the lot and trailer of the Plaintiffs' located in Chambers County, Alabama.

32.   As a proximate result of said trespass by the Defendants, the Plaintiffs' home was damaged. The Defendants' removed the door to Plaintiffs' trailer and entered into their home.

33.   Plaintiffs claim punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

## COUNT FOUR
### (BREACH OF CONTRACT)

34.   Paragraphs 1 through 33 are incorporated herein by reference as if fully set out herein.

35.   Defendants breached their agreement with Plaintiffs by evicting the Plaintiffs from their mobile home trailer, and refusing to allow them to return, so that they could remove the

trailer from the Defendants' trailer park.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

COUNT FIVE
(BREACH OF IMPLIED COVENANT FOR QUIET ENJOYMENT)

36. Paragraphs 1 through 35 are incorporated herein by reference as if fully set out herein.

37. Plaintiffs took possession of the leased premises on or about August 28, 1998, in reliance of the agreement entered into between the Plaintiffs and the Defendants.

38. Plaintiffs aver that they were ejected from the premises.

39. As a direct result of Defendants' breach of the implied covenant, right to quiet enjoyment of the leased premises, Plaintiffs were denied their home and the peaceful enjoyment of the same.

40. Plaintiffs performed all of their obligations under the agreement as they accrued and were ready, willing and able to continue performance on the date of eviction.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

This the 20th day of March 2000.


Charles G. Reynolds Jr.
Attorney for Plaintiffs
P.O. Box 367
Lanett, Al 36863
(334) 644-3042
Bar ID No. REY015


## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES IN THE ABOVE COMPLAINT.


Charles G. Reynolds Jr.
Attorney for Plaintiffs

In the United States District Court
For the Middle District of Alabama
Eastern Division

THE TRAVELERS INDEMNITY      SUMMONS
COMPANY OF AMERICA and
THE STANDARD FIRE INSURANCE      (Issued pursuant to Rule 4
COMPANY,      of the Federal Rules of
     Civil Procedure or other
             **Plaintiff(s)**      appropriate laws.)

vs.      CIVIL ACTION NO.

KENNY WILLIFORD; CHARLOTTE
WILLIFORD; KENNY WILLIFORD
d/b/a BEN MOR VILLAGE; CHARLOTTE
WILLIFORD d/b/a BEN MOR VILLAGE;
KENNY WILLIFORD and CHARLOTTE
WILLIFORD d/b/a HICKORY MART;
SCOTT EMERTON; KRISTI EMERTON,

             **Defendant(s)**

TO DEFENDANT:    Scott Emerton
                236 67 Ave. NW
                Lanett, AL 36863

     You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____           Debra P. Hackett, Clerk
                                By:

**SEE REVERSE SIDE FOR RETURN**

                                Deputy Clerk
                                (SEAL OF COURT)

                   CLERK, U.S. DISTRICT COURT
                   MIDDLE DISTRICT OF ALABAMA
                   15 Lee Street
                   Montgomery, AL  36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA and
THE STANDARD FIRE INSURANCE
COMPANY,

**SUMMONS**

**(Issued pursuant to Rule 4
of the Federal Rules of
Civil Procedure or other
appropriate laws.)**

**Plaintiff(s)**

**vs.**

**CIVIL ACTION NO.**

**KENNY WILLIFORD; CHARLOTTE
WILLIFORD; KENNY WILLIFORD
d/b/a BEN MOR VILLAGE; CHARLOTTE
WILLIFORD d/b/a BEN MOR VILLAGE;
KENNY WILLIFORD and CHARLOTTE
WILLIFORD d/b/a HICKORY MART;
SCOTT EMERTON; KRISTI EMERTON,**

**Defendant(s)**

TO DEFENDANT:    Kristi Emerton
236 67 Ave. NW
Lanett, AL 36863

You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____

Debra P. Hackett, Clerk
By:

**SEE REVERSE SIDE FOR RETURN**

Deputy Clerk
(SEAL OF COURT)

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
15 Lee Street
Montgomery, AL  36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

| | |
|---|---|
| **THE TRAVELERS INDEMNITY COMPANY OF AMERICA and THE STANDARD FIRE INSURANCE COMPANY,** | **SUMMONS** |
| | **(Issued pursuant to Rule 4 of the Federal Rules of Civil Procedure or other appropriate laws.)** |
| **Plaintiff(s)** | |
| **vs.** | **CIVIL ACTION NO.** |
| **KENNY WILLIFORD; CHARLOTTE WILLIFORD; KENNY WILLIFORD d/b/a BEN MOR VILLAGE; CHARLOTTE WILLIFORD d/b/a BEN MOR VILLAGE; KENNY WILLIFORD and CHARLOTTE WILLIFORD d/b/a HICKORY MART; SCOTT EMERTON; KRISTI EMERTON,** | |
| **Defendant(s)** | |

TO DEFENDANT:    Kenny Williford
816 Crawford Road
Opelika, AL 36801

    You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.  A signed copy of your response MUST also be filed with the court.

DATE:_____                    Debra P. Hackett, Clerk
                                         By:

**SEE REVERSE SIDE FOR RETURN**

                                            Deputy Clerk
                                            (SEAL OF COURT)


                                         CLERK, U.S. DISTRICT COURT
                                         MIDDLE DISTRICT OF ALABAMA
                                         15 Lee Street
                                         Montgomery, AL  36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

THE TRAVELERS INDEMNITY            <u>SUMMONS</u>
COMPANY OF AMERICA and
THE STANDARD FIRE INSURANCE     **(Issued pursuant to Rule 4**
COMPANY,                                   **of the Federal Rules of**
                                      **Civil Procedure or other**
                **Plaintiff(s)**           **appropriate laws.)**

**vs.**                                       **CIVIL ACTION NO.**

**KENNY WILLIFORD; CHARLOTTE**
**WILLIFORD; KENNY WILLIFORD**
**d/b/a BEN MOR VILLAGE; CHARLOTTE**
**WILLIFORD d/b/a BEN MOR VILLAGE;**
**KENNY WILLIFORD and CHARLOTTE**
**WILLIFORD d/b/a HICKORY MART;**
**SCOTT EMERTON; KRISTI EMERTON,**

                **Defendant(s)**

TO DEFENDANT:    Kenny Williford d/b/a
                    Hickory Mart
                    816 Crawford Road
                    Opelika, AL 36801

       You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____                Debra P. Hackett, Clerk
                                       By:

<u>SEE REVERSE SIDE FOR RETURN</u>

                                       Deputy Clerk
                                       (SEAL OF COURT)

                              CLERK, U.S. DISTRICT COURT
                              MIDDLE DISTRICT OF ALABAMA
                              15 Lee Street
                              Montgomery, AL 36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

THE TRAVELERS INDEMNITY                    <u>SUMMONS</u>
COMPANY OF AMERICA and
THE STANDARD FIRE INSURANCE                **(Issued pursuant to Rule 4**
COMPANY,                                   **of the Federal Rules of**
                                           **Civil Procedure or other**
               **Plaintiff(s)**            **appropriate laws.)**

**vs.**                                    **CIVIL ACTION NO.**

KENNY WILLIFORD; CHARLOTTE
WILLIFORD; KENNY WILLIFORD
d/b/a BEN MOR VILLAGE; CHARLOTTE
WILLIFORD d/b/a BEN MOR VILLAGE;
KENNY WILLIFORD and CHARLOTTE
WILLIFORD d/b/a HICKORY MART;
SCOTT EMERTON; KRISTI EMERTON,

               **Defendant(s)**

TO DEFENDANT:   Kenny Williford d/b/a
                Ben Mor Village
                816 Crawford Road
                Opelika, AL 36801

        You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C.
Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a
response to the complaint which is herewith served upon you, within twenty (20) days after service
of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE
COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____                        Debra P. Hackett, Clerk
                                            By:
<u>SEE REVERSE SIDE FOR RETURN</u>

                                                Deputy Clerk
                                                (SEAL OF COURT)


                                            CLERK, U.S. DISTRICT COURT
                                            MIDDLE DISTRICT OF ALABAMA
                                            15 Lee Street
                                            Montgomery, AL  36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

**THE TRAVELERS INDEMNITY**
**COMPANY OF AMERICA and**
**THE STANDARD FIRE INSURANCE**
**COMPANY,**

        **Plaintiff(s)**

**vs.**

**KENNY WILLIFORD; CHARLOTTE**
**WILLIFORD; KENNY WILLIFORD**
**d/b/a BEN MOR VILLAGE; CHARLOTTE**
**WILLIFORD d/b/a BEN MOR VILLAGE;**
**KENNY WILLIFORD and CHARLOTTE**
**WILLIFORD d/b/a HICKORY MART;**
**SCOTT EMERTON; KRISTI EMERTON,**

        **Defendant(s)**

<u>**SUMMONS**</u>

**(Issued pursuant to Rule 4**
**of the Federal Rules of**
**Civil Procedure or other**
**appropriate laws.)**

**CIVIL ACTION NO.**

TO DEFENDANT:   Charlotte Williford
                     816 Crawford Road
                     Opelika, AL 36801

     You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____

<u>**SEE REVERSE SIDE FOR RETURN**</u>

                     Debra P. Hackett, Clerk
                     By:

                         Deputy Clerk
                         (SEAL OF COURT)

                     CLERK, U.S. DISTRICT COURT
                     MIDDLE DISTRICT OF ALABAMA
                     15 Lee Street
                     Montgomery, AL  36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

| | |
|---|---|
| **THE TRAVELERS INDEMNITY COMPANY OF AMERICA and THE STANDARD FIRE INSURANCE COMPANY,** | <u>**SUMMONS**</u> |
| **Plaintiff(s)** | **(Issued pursuant to Rule 4 of the Federal Rules of Civil Procedure or other appropriate laws.)** |
| **vs.** | **CIVIL ACTION NO.** |
| **KENNY WILLIFORD; CHARLOTTE WILLIFORD; KENNY WILLIFORD d/b/a BEN MOR VILLAGE; CHARLOTTE WILLIFORD d/b/a BEN MOR VILLAGE; KENNY WILLIFORD and CHARLOTTE WILLIFORD d/b/a HICKORY MART; SCOTT EMERTON; KRISTI EMERTON,** | |
| **Defendant(s)** | |

TO DEFENDANT:    Charlotte Williford d/b/a
Hickory Mart
816 Crawford Road
Opelika, AL 36801

You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____

<u>**SEE REVERSE SIDE FOR RETURN**</u>

Debra P. Hackett, Clerk
By:

Deputy Clerk
(SEAL OF COURT)

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
15 Lee Street
Montgomery, AL  36104

In the United States District Court
For the Middle District of Alabama
Eastern Division

| | |
|---|---|
| **THE TRAVELERS INDEMNITY COMPANY OF AMERICA and THE STANDARD FIRE INSURANCE COMPANY,** | **SUMMONS** |
| | **(Issued pursuant to Rule 4 of the Federal Rules of Civil Procedure or other appropriate laws.)** |
| **Plaintiff(s)** | |
| **vs.** | **CIVIL ACTION NO.** |
| **KENNY WILLIFORD; CHARLOTTE WILLIFORD; KENNY WILLIFORD d/b/a BEN MOR VILLAGE; CHARLOTTE WILLIFORD d/b/a BEN MOR VILLAGE; KENNY WILLIFORD and CHARLOTTE WILLIFORD d/b/a HICKORY MART; SCOTT EMERTON; KRISTI EMERTON,** | |
| **Defendant(s)** | |

TO DEFENDANT:    Charlotte Williford d/b/a
                 Ben Mor Village
                 816 Crawford Road
                 Opelika, AL 36801

   You are hereby summoned and required to serve upon plaintiff's attorney(s): Susan C. Haygood, Smith & Ely, LLP, 2000-A SouthBridge Parkway, Birmingham, Alabama 35209, a response to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE:_____                    Debra P. Hackett, Clerk
                                         By:
**SEE REVERSE SIDE FOR RETURN**

                                            Deputy Clerk
                                            (SEAL OF COURT)

                                         CLERK, U.S. DISTRICT COURT
                                         MIDDLE DISTRICT OF ALABAMA
                                         15 Lee Street
                                         Montgomery, AL  36104

JS 44
(Rev. 12/96)

17231

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
The Travelers Indemnity Company of America and The Standard Fire Insurance Company

**DEFENDANTS**
Kenny Williford; Charlotte Williford; Kenny Williford d/b/a Ben Mor Village; Charlotte Williford d/b/a Ben Mor Village; Kenny Williford and Charlotte Williford d/b/a Hickory Mart; Scott Emerton; Kristi Emerton

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Hartford, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Susan C. Haygood
Smith & Ely, LLP
2000-A South Bridge Parkway, Suite 405
Birmingham, AL  35209   205-802-2214

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ U.S. Government
Plaintiff

3 ☐ Federal Question
(U.S. Government Not a Party)

2 ☐ U.S. Government
Defendant

4 ☒ Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                        AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | |

(continued in PERSONAL INJURY column)
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

(LABOR continued)
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

(PRISONER PETITIONS continued)
☐ 550 Civil Rights
☐ 555 Prison Condition

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C.  § 1332

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE  12/23/02

SIGNATURE OF ATTORNEY OF RECORD
Sue C. Haygood

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**SMITH & ELY, LLP**
**OPERATING ACCOUNT**
2000a Southbridge Pkwy, Ste 405
Birmingham, Al 35209
802-2214

1156

61-01/620

DATE _12-23-02_

PAY TO THE
ORDER OF _US District Court Clerk_    $ _150.00_

_One hundred fifty & 00/100_ _____ DOLLARS

**AmSouth** BANK

_1731 - Hickory Mart_

FOR _filing fee - DJ_

⑆001156⑆ ⑈06 2000019⑈ 02809680⑈

3:02-cv-01410

Susan Caroline Haygood                    mfm
Smith & Ely
2000A SouthBridge Parkway
Suite 405
Birmingham, AL  35209

------------------------------

N O T I C E
The U.S. District Court for the Middle District of Alabama has moved.

The Clerk's Office phone number is now 334.954.3600. Other numbers are listed on our website at www.almd.uscourts.gov

The mailing addresses (PO boxes) remain the same; for the Clerk's Office:
        US District Court
        PO Box 711
        Montgomery AL  36101

Our street address has changed to:
        US District Court
        Clerk's Office            (Or other appropriate office)
        One Church Street
        Montgomery AL  36104

        The U.S. District Court for the Middle District of Alabama has adopted the following policy: Pleadings, briefs and motions will no longer be accepted in "letter form".

        The Court has adopted new Local Rules, effective January 1, 1998. Copies are available in the office of the Clerk of Court.  ATTORNEYS ARE EXPECTED TO BE FAMILIAR WITH THE NEW LOCAL RULES.

        The Middle District of Alabama has established an Internet Web Page for benefit of the Bar and the public.  The address is www.almd.uscourts.gov/. The site contains telephone numbers, Local Rules, a hypertext version of the Court's Guidelines to Civil Discovery, some research links, the Standards For Professional Conduct and other useful information.

REC ...
JAN 0 7 2003

AO82 SWEDA
(Rev.4/91)

ORIGINAL
RECIEPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF ALABAMA
at _____ MONTGOMERY _____

95427

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Filings Spec. Acct. |
| 510100 | Registry Admin. Acct. |

CASE REFERENCE:

3:02 cv 1410 (T)

RECEIVED FROM

Smith & Ely

Travelers Indemnity Co.
etal v. Kenny Williford;
et al

DEPUTY CLERK _____ WS

Checks and drafts are accepted subject to collection and full
credit will only be given when the check or draft has been
accepted by the financial instituion on which it was drawn.

**B**

**JUDGMENT
AND
MEMORANDUM OPINION**

**Exhibit B**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE FILED

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION OCT - 2 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

THE TRAVELERS INDEMNITY )
COMPANY OF AMERICA, et al., )
                           )
        Plaintiffs,        )
                           )
    v.                     )    CIVIL ACTION NO. 02-T-1410-E
                           )
KENNY WILLIFORD, et al.,   )
                           )
        Defendants.        )

## JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) The motion for summary judgment filed by plaintiffs Travelers Indemnity Company of America and Standard Fire Insurance Company on July 24, 2003 (Doc. No. 20), is granted.

(2) Plaintiffs Travelers and Standard Fire's request for a declaration that they have no duty to defend or indemnify defendants Kenny Williford, Charlotte Williford, Kenny Williford d/b/a Ben Mor Village, Charlotte Williford d/b/a Ben Mor Village, and Kenny Williford and Charlotte Williford d/b/a Hickory Mart against the claims and judgment against them in the action brought by the defendants Scott Emerton and Kristi Emerton, Civil Action No. CV-00-073, in the Circuit Court of

**EOD** 10/2/03

38

Chambers County, Alabama, is granted, and it is DECLARED that the plaintiffs have no duty to defend or indemnify the Williford defendants in said matter.

It is further ORDERED that the costs of this action are taxed as paid.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 2ᵗʰ day of October, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

<u>CIVIL APPEALS CHECKLIST</u>

1.  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    *Appeals from Final Orders Pursuant to 28 U.S.C. § 1291:* Only final judgments for orders of district courts (or final orders of bankruptcy courts, which have been affirmed by a district court under 28 U.S.C. §158) are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district judge. Compare Fed.R.App.P. 5.1, 28 U.S.C. 1636(c).

    In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893(1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289(1988); Budinich v. Becton, 486 U.S. 196, 108 S.Ct.1717, 100 L.Ed 2d 178 (1988)

    *Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5:* The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

    *Appeals Pursuant to 28 U.S.C. § 1292(a):* Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions...", and "[interlocutory decrees... determining the rights and liabilities of parties to admiralty cases..." This statute does not permit appeals from temporary restraining orders.

    *Appeals pursuant to Judicially Created Exceptions to the Finality Rule:* These logical exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct.2454, 57 L.Ed 2d 351 (1978); Gulfstream Aerospace Corp. V. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988).

2.  **Time for Filing:** To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

    *FRAP 4(a)(1):* The notice of appeal required by FRAP 3 "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be actually received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

    *FRAP 4(a)(3):* "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

    *FRAP 4(a)(4):* If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in FRAP 4(a)(4), the time for appeal for all parties runs from the entry of the order disposing of the last such timely filed motion outstanding.

    *FRAP 4(a)(5) and FRAP 4(a)(6):* The district court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file a notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

    *FRAP 4(c):* If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3.  **Format of Notice of Appeal:** Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c). A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable..." (FRAP 3(b))

4.  **Effect of Notice of Appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4).

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

**FILED**

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

OCT - 2 2003

THE TRAVELERS INDEMNITY          )
COMPANY OF AMERICA, et al.,      )
                                 )          CLERK
        Plaintiffs,              )     U. S. DISTRICT COURT
                                 )     MIDDLE DIST. OF ALA.
    v.                           )     CIVIL ACTION NO. 02-T-1410-E
                                 )
KENNY WILLIFORD, et al.,         )
                                 )
        Defendants.              )

## MEMORANDUM OPINION

In this case, plaintiffs Travelers Indemnity Company of America and Standard Fire Insurance Company seek a declaratory judgment that they have no duty to defend or indemnify defendants Kenny Williford, Charlotte Williford, Kenny Williford d/b/a Ben Mor Village, Charlotte Williford d/b/a Ben Mor Village, and Kenny Williford and Charlotte Williford d/b/a Hickory Mart against the claims and the judgment against them in an action brought by defendants Scott Emerton and Kristi Emerton. The plaintiffs seek relief pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C.A. § 2201(a). The plaintiffs have invoked this court's diversity-of-citizenship jurisdiction. 28 U.S.C.A. § 1332. This matter is now before the court on the plaintiffs' motion for summary judgment,

*37*

filed July 24, 2003. Based on the undisputed facts, this court concludes that the plaintiffs are entitled to the declaratory relief they seek.

## I. Undisputed Facts

This suit centers around a commercial general-liability policy issued by Travelers to the Willifords d/b/a/ Hickory Mart, which provided coverage for the policy period March 15, 1998, to March 15, 1999, and a homeowners insurance policy issued by Standard Fire to the Willifords, which provided coverage for the policy period from December 31, 1998, to December 31, 1999.

In 1998, the Willifords were co-owners of Ben Mor Village, a trailer park located in Chambers County, Alabama. On August 28, 1998, Scott Emerton entered into an agreement to purchase a mobile home trailer from the Willifords. On that same date, the Emertons signed a renter's agreement to obtain a lot at Ben Mor Village. A dispute arose regarding payments for the lot and trailer payments, and, on December 1, 1998, a "Termination of Tenancy/Lease" was sent to Scott Emerton.

2

On December 11, 1998, the Emertons arrived at the trailer to remove their personal belongings. The Emertons allege that an altercation took place between the Emertons and the Willifords when the Emertons tried to remove their belongings from the trailer. As a result of the alleged incident, the Emertons filed suit against the Willifords in the Circuit Court of Chambers County, Alabama, on March 22, 2000. Named as defendants in the complaint were the Willifords, individually and d/b/a Ben Mor Village. The Emertons' complaint set forth claims of outrage, conversion, trespass to real estate and chattel, breach of contract, and breach of implied covenant for quiet enjoyment. The Emertons sought compensatory and punitive damages.

The case was tried before a jury, which returned its verdict on September 16, 2002. The jury returned a verdict in favor of the Emertons on their claims for conversion and breach of contract, which were the only two claims that went to the jury. On the conversion claim, the jury awarded $8,000 in compensatory damages and $350,000 in punitive damages. On the breach-of-contract claim, the jury awarded $25,000 in compensatory damages, interest, and costs.

3

On September 18, 2002, the trial court entered judgment in favor of the Emertons and against the Willifords, individually and d/b/a Ben Mor Village, in the amount of $383,000, in accordance with the jury verdict.

## II.  Discussion

Travelers and Standard Fire contend that they owe no duty to defend or indemnify the Willifords with respect to the Emertons' claims because the Willifords failed to comply with the notice requirement under the policies, which is a condition precedent to coverage.   The Travelers policy provides:

> "2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit.
>
> a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.   To the extent possible, notice should include:
> (1)  How, when and where the "occurrence" or offense took place;
> (2)  The names and addresses of any injured persons and witnesses; and
> (3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

4

b.  If a claim is made or "suit" is
brought against any insured, you must:
    (1) Immediately record the
        specifics of the claim or
        "suit" and the date
        received; and
    (2) Notify us as soon as
        practicable.

    You must see to it that we
    receive written notice of the
    claim or "suit" as soon as
    practicable.

c.  You and any other involved insured
must:
    (1) Immediately send us copies
        of any demands, notices,
        summonses or legal papers
        received in connection with
        the claim or "suit";

    . . .

"3. Legal Action Against Us.

    No person or organization has a right under
    this Coverage Part:

        . . .

    b.  To sue us on this Coverage Part unless
        all of its terms have been fully
        complied with."

The Standard Fire policy provides:

"3. Duties After Loss.  In case of an accident
    or occurrence, the insured shall perform
    the following duties that apply.  You will
    help us by seeing that these duties are
    performed:

5

    a.   give written notice to us or our agent
         as soon as is practical, which sets
         forth:

        (1)  the identity of the
            policy and insured;
        (2)  reasonably available
            information on the time,
            place and circumstances of
            the accident or occurrence;
            and
        (3)  names and addresses of any
            claimants and witnesses;

    b.   Promptly forward to us every notice,
         demand, summons or other process
         relating to the accident or
         occurrence;
    c.   at our request, help us

        (1)  to make settlement;
        (2)  to enforce any right of
            contribution or indemnity
            against any person or
            organization who may be
            liable to any insured;
        (3)  with the conduct of suits
            and attend hearings and
            trials;
        (4)  to secure and give evidence
            and to obtain the attendance
            of witnesses;
        . . .

"6. Suit Against Us.   No action shall be
brought against us unless there has been
compliance with the policy provisions."

Travelers and Standard Fire contend that they were not

provided with notice of the Emertons' lawsuit until October

6

22, 2002, which is three years and ten months after the incidents made the basis of the Emertons' suit; two years and seven months after the suit was filed; and over a month after the trial and resulting adverse verdict against the Willifords.

The Willifords submitted a brief in opposition to the motion for summary judgment on August 8, 2003, in which they cited the affidavit of Clodualdo Garcia, submitted by Travelers and Standard Fire in support of their motion for summary judgment. In this affidavit, Garcia stated that the Willifords first notified Travelers of the Emerton's suit against them on October 22, 2000.[1] Based on this, the Willifords argued that Travelers and Standard Fire received notice of the suit within a reasonable time.

After the plaintiffs filed their brief, Garcia filed an amended affidavit in which he said that his previous statement about the date of notice was incorrect; because of a

---

1.   Affidavit of July 22, 2003, attachment O to Plaintiffs' evidentiary submissions, filed July 24, 2003 (Doc. No. 22).

7

typographical error, the date of notice was listed as October 22, 2000, instead of the correct date, October 22, 2002.[2]

The Willifords have since submitted pretrial contentions. Those contentions are now part of the pretrial order entered in this case.[3]  In those contentions, both the Willifords indicate that notice was not provided to Travelers and/or Standard Fire until after the adverse verdict was entered in the Emertons' lawsuit.  Specifically, Mrs. Williford states, "After the verdict was handed down in the civil suit filed by the Emertons, University Agency was contacted by telephone." Mr. Williford states, "After the verdict was handed down in the civil suit filed by the Emertons, I called Universal Agency in Auburn, Alabama."[4]  Because the verdict was not handed down until September 2002, it is now undisputed that notice was in fact not given until October 22, 2002, rather than on October 22, 2000.

Alabama case law holds that the insured's failure to timely comply with a policy's notice conditions "releases the

---

2.  Affidavit of August 11, 2003, id.

3.  Pretrial order, filed Sept. 24, 2003 (Doc. No. 36).

4.  Id.

8

insurer from obligations imposed by the insurance contract. <u>Reeves v. State Farm Fire & Cas. Co.</u>, 539 So. 2d 252, 254 (Ala. 1989); <u>see also Big Three Motors, Inc. v. Employers Ins. Co. of Ala.</u>, 449 So. 2d 1232, 1236 (Ala. 1984).

The purpose of the notice requirement "is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it." <u>Pan American Fire and Cas. Co. v. DeKalb-Cherokee Counties Gas Dist.</u>, 266 So.2d 763, 771 (Ala. 1972) (citations omitted). Providing notice to the insurer gives the insurer the ability to control the litigation. <u>Reeves</u>, 539 So. 2d at 256; <u>see also Watts v. Preferred Risk Mut. Ins. Co.</u>, 423 So. 2d 171 (Ala. 1982).

When a delay in providing notice to the insurer occurs, a court should consider two factors in deciding whether the insured breached the notice condition: (1) the length of the delay and (2) the excuse for the delay. <u>U.S. Fid. and Guar. Co. V. Baldwin County Home Builders Ass'n., Inc.</u>, 770 So. 2d 72, 75 (Ala. 2000). In determining whether an insured's delay is reasonable, the issue of prejudice to the insurer is not to be considered when the policy makes the insured's duty to give

9

timely notice a condition precedent to coverage.  Id.; see also American Fire & Cas. Co. v. Tankersley, 116 So. 2d 579, 582 (Ala. 1959).  In this case, the Willifords failed to notify Travelers and Standard Fire until three years and ten months after the incidents made the basis of the Emertons' suit, and until over a month after the trial and resulting adverse verdict.  The length of the delay of the Willifords' notice to Travelers and Standard Fire was, as a matter of law, unreasonable and was in contravention of the notice provisions in both the Travelers and Standard Fire policies.

This court having found that the length of the delay in providing notice was unreasonable, the insureds have the burden of proving an adequate reason for their delay in providing notice of an occurrence in order to avoid summary judgment.  Correll v. Fireman's Fund Ins. Cos., 529 So. 2d 1006 (Ala. 1988).  The Alabama Supreme Court has stated:

> "[W]here an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice."

10

Southern Guar. Ins. Co. v. Thomas, 334 So. 2d 879, 882-3 (Ala. 1976) (citing Zurich Gen. Accident & Liab. Ins. Co. v. Harbil Rest., Inc., 184 N.Y.S.2d 51, 53 (1959)).

In their response to Travelers and Standard Fire's motion for summary judgment and in their pretrial contentions, the Willifords have offered no reasonable excuse as to why they failed to provide notice of the Emertons' suit to Travelers and Standard Fire until after the trial and adverse verdict. Accordingly, the Willifords' delay was unreasonable as a matter of law and was a violation of the notice provision of both the Travelers and Standard Fire policies.

Based on the undisputed facts and controlling Alabama law, Travelers and Standard Fire owe no duty to either defend or indemnify Kenny Williford; Charlotte Williford; Kenny Williford d/b/a Ben Mor Village; Charlotte Williford d/b/a Ben Mor Village; Kenny Williford and Charlotte Williford d/b/a Hickory Mart Willifords for the Emertons' claims.

Travelers and Standard Fire have raised other arguments in their motion for summary judgment as to why the Emertons' claims are not covered under the Travelers and Standard Fire policies; however, because the Willifords failed to meet the

11

notice requirement under both the Travelers and Standard Fire policies, which is a condition precedent to coverage, the court declines to address those issues.

An appropriate judgment will be issued.

DONE, this the _2ᵗʰ_ day of October, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

C

**TRAVELERS AND STANDARD'S RESPONSE
TO
DEBTORS' MOTION TO SET ASIDE
SUMMARY JUDGMENT, OR
IN THE ALTERNATIVE,
TO RECONSIDER**

**Exhibit C**

\7231

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2003 OCT 31 P 3: 12

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA and THE
STANDARD FIRE INSURANCE
COMPANY,

       Plaintiffs,

vs.

KENNY WILLIFORD, CHARLOTTE
WILLIFORD, KENNY WILLIFORD d/b/a
BEN MOR VILLAGE; CHARLOTTE
WILLIFORD d/b/a BEN MOR VILLAGE;
KENNY WILLIFORD and CHARLOTTE
WILLIFORD d/b/a HICKORY MART;
SCOTT EMERTON; KRISTI EMERTON,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. CV-02-T-1410-E

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE
## SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO RECONSIDER

Come now the plaintiffs, The Travelers Indemnity Company of America (hereinafter referred to as "Travelers") and The Standard Fire Insurance Company (hereinafter referred to as "Standard Fire"), and in response to the Motion to Set Aside Summary Judgment, Or In The Alternative, To Reconsider, filed by the defendants Kenny Williford and Charlotte Williford (hereinafter referred to as "the Willifords"), state as follows:

    1.    On October 2, 2003, this Court granted Travelers' and Standard Fire's motion for summary judgment finding that "[b]ased on the undisputed facts and controlling Alabama law, Travelers and Standard Fire owe no duty to either defend or indemnify Kenny Williford; Charlotte Williford; Kenny Williford d/b/a Ben Mor Village; Charlotte Williford d/b/a Ben Mor Village;

Kenny Williford and Charlotte Williford d/b/a Hickory Mart for the Emertons' claims." (Page 11, Memorandum Opinion).

2.    The defendants, Kenny Williford and Charlotte Williford, have now moved to set aside that Order granting summary judgment. The Willifords base their motion "on the grounds that said judgment is contrary to the evidence submitted by the parties and the applicable law of this Court and jurisdiction." Travelers and Standard Fire respectfully ask this Court to deny the Willifords' Motion to Set Aside Summary Judgment, Or In The Alternative, To Reconsider its ruling because the Willifords have failed to show any reason why said Order should be set aside or reconsidered. This Court had jurisdiction to rule on plaintiffs' Motion for Summary Judgment, which was properly submitted to the Court and to which the Willifords, through their legal counsel, responded.

3.    This Court's ruling was based on the undisputed facts and Alabama's clear law regarding the notice requirement in insurance provisions. In separate pleadings filed with the Court, both Mr. and Mrs. Williford admitted to this Court that they did not notify Travelers or Standard Fire of the Emerton lawsuit until after the judgment was entered against them. This notice did not occur until three years ten months after the incidents made the basis of the Emertons' suit; two years seven months after the suit was filed; and over a month after the trial and resulting adverse verdict against the Willifords occurred. Under the clear language of both the Travelers and Standard Fire policies, the Willifords have not met the notice requirement, which is a condition precedent to coverage.

4.    Alabama law is clear that the insured's failure to timely comply with a policy's notice condition "releases the insurer from obligations imposed by the insurance contract." Reeves v. State Farm Fire & Cas. Co., 539 So.2d 252, 254 (Ala. 1989). This Court held that the length of the delay

2

of the Willifords' notice to Travelers and Standard Fire was unreasonable as a matter of law. The Court further held that because the Willifords have offered no reasonable excuse as to the failure to provide notice, the delay was unreasonable as a matter of law and violated the notice provisions of the Travelers and Standard Fire policies. This Court's Order should not be set aside as it is supported by extensive Alabama case law and the undisputed facts of this case.

5.    At the time that Travelers and Standard Fire filed their motion for summary judgment, the Willifords were represented by competent legal counsel, who filed a response on their behalf. After the Willifords' attorney withdrew from the case, this Court issued a clear and explicit Order, which allowed the Willifords additional time to provide the Court with any additional response to Travelers' and Standard Fire's Motion for Summary Judgment. In its Order, the Court explained in detail the procedure that the Willifords needed to follow should they choose to provide any further response. While the Willifords did not file an additional response to Travelers' and Standard Fire's Motion for Summary Judgment, both Mr. and Mrs. Williford filed Proposed Pretrial Orders in which they separately admitted that they did not notify Travelers or Standard Fire of the lawsuit until after the adverse judgment was entered. These pleadings were incorporated into the Court's Pretrial Order and are record evidence in this case. Therefore, there exists no question of fact in this case and the Willifords have presented no just reason why this judgment should not stand.

WHEREFORE, Premises Considered, Travelers and Standard Fire respectfully request that this Court deny defendants' Motion to Set Aside Summary Judgment, or In The Alternative, to Reconsider.

3

Respectfully submitted,

Susan Rogers (ASB#6586-S74S)

Susan C. Haygood (ASB#5544-G54S)

Attorneys for Plaintiffs, The Travelers Indemnity Company of America and The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
Telephone: (205) 802-2214
Facsimile: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|  |  |
|---|---|
| | Hand Delivery |
| X | U. S. Mail |
| | Overnight Delivery |
| | Facsimile |

on this the 31 day of October, 2003.

OF COUNSEL

4

cc:

Charles G. Reynolds, Jr.
116 N. Lanier Avenue
P. O. Box 367
Lanett, AL   36863

Von G. Memory
James L. Day
Memory & Day
P. O. Box 4054
Montgomery, AL   36103-4054

**D**

# U.S. DISTRICT COURT ORDER STAYING PROCEEDINGS DUE TO BANKRUPTCY FILING

## Exhibit D

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION    NOV 12 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

THE TRAVELERS INDEMNITY          )
COMPANY OF AMERICA, et al.,      )
                                 )
       Plaintiffs,               )
                                 )
v.                               )    CIVIL ACTION NO. 02-T-1410-E
                                 )
KENNY WILLIFORD, et al.,         )
                                 )
       Defendants.               )

ORDER

Based upon the representations made by counsel for all parties

on November 12, 2003, and by agreement of counsel, it is ORDERED

that all proceedings in this case are stayed pursuant to the

suggestion of bankruptcy filed by Kenny Williford and Charlotte

Williford on October 14, 2003 (Doc. No. 41). The court will not

take any action on any of the pending motions until requested to do

by one of the parties.

It is further ORDERED that on December 1, 2003 and on the

first Monday of each month thereafter, the parties are to file a

joint report indicating what the status of the bankruptcy

proceedings is in relation to this case.

DONE, this the 12th day of November, 2003.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

46

ENGEL, HAIRSTON AND JOHANSON, P. C.

ATTORNEYS AT LAW

109 N. 20TH STREET, 4TH FLOOR

P. O. BOX 11405

BIRMINGHAM, ALABAMA 35202-1405

(205) 328-9400, Ext. 306

WRITER'S DIRECT LINE

January 22, 2004

WM. B. HAIRSTON, JR.
CHARLES R. JOHANSON, III
WM. B. HAIRSTON, III*
SHERRIE L. PHILLIPS
ALTO LEE TEAGUE IV
JONATHAN E. RAULSTON
JEFFREY D. GRAVELINE

BEN A. ENGEL
(1913-1993)

TELEPHONE 328-4600
AREA CODE 205
TELEFAX 328-4698

*ALSO LICENSED
FLORIDA, GEORGIA
AND REGISTERED
PATENT ATTORNEY

Clerk
U. S. Bankruptcy Court
One Church Street
Montgomery, AL 36104

RE:    Charlotte T. & Kenneth Williford
       Case No. 03-81486-WRS-11
       Our File No. 20,646

Dear Clerk:

Enclosed for filing in the above matter is a MOTION FOR RELIEF FROM AUTOMATIC STAY by our clients Travelers Indemnity and Standard Fire. Please return a filed copy to our office in the enclosed self addressed stamped envelope.

Thanks for your assistance.

Very truly yours,

ENGEL, HAIRSTON & JOHANSON, P.C.

By: _____
       Charles R. Johanson, III

CRJIII/ckc
Enclosure

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

**Case No. 03-81486-WRS**

    **Debtors.**

**Chapter 11**

---

## AFFIDAVIT OF KENNETH WILLIFORD

**STATE OF ALABAMA**

**COUNTY OF JEFFERSON**

---

I, Kenneth Williford, being duly sworn and placed under oath, say as follows:

1. My name is Kenneth Williford. I am a Codebtor in the above-referenced Chapter 11 bankruptcy proceeding.

2. Pursuant to an order of the United States Bankruptcy Court, Middle District of Alabama, November 24, 2003, I have been given leave to provide my answers by interrogatory in lieu of attendance at a 11 U.S.C. §341, meeting of creditors.

3. This affidavit was prepared by my Chapter 11 counsel, James L. Day, Esq.

4. My answers are attached to this affidavit and consist of pages _1_ through _2_ .

Submitted on this the _13_ day of _Jan._ 200_4_ .

 

                    _____
                    Kenneth Williford

Sworn to and subscribed before me on this _14_ day of _Jan._ 200_4_ .

        (Seal)

                    _____
                    Notary

                Exp:    MY COMMISSION EXPIRES
                            SEPTEMBER 25, 2004

This document prepared by:

(THU) 1 29 2004 8:29/ST. 8:29/NO. 5000178661 P 1

FROM

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

1/13/04

**I**

① KENNETH WILLIFORD
45 YEARS OLD
W.E. DONALDSON CORRECTIONAL FACILITY
100-WARRIOR LANE
BESSEMER, AL, 35023
A#S#229597
B-DORM / BED -18

② NO

③ YES-OWNER OF MOBILE HOME COMMUNITIES.
THE INCOME VARIES FROTH MONTH TO MONTH

④ NO

⑤ NO

⑥ I WOULD THINK THAT THEY WOULD BE. BUT SINCE
I HAVE NOT SEEN THEM FOR MY SELF, I DON'T
KNOW WHAT THEY SAY. KNOWING MY WIFE, SHE IS
NOT A LIAR TO THE BEST OF MY KNOWLEDGE SHE IS
TELLING THIS HONABLE COURT THE TRUTH.

**II**

① YES

② FIVE MOBILE HOME COMMUNITIES
  HICKORY-HAVEN — 1991          $300,000⁰⁰
  BEN-MOR VILLAGE— 1997        $800,000⁰⁰
  FIELDS          — 1998        $100,000⁰⁰
  BROOK-HAVEN    — 1998        $28,000⁰⁰
  OAK-HAVEN      — 2000        $1,500,000⁰⁰?

(THU) 1 29 2004 8:29/ST. 8:29/NO. 5000178662 P 1

FROM

## II

② HICKORY - HAVEN          800,000 ⁰⁰
   BEN - MOR VILLAGE       700,000 ⁰⁰
   FIELD'S               200,000 ⁰⁰
   BROOK - HAVEN          300,000 ⁰⁰
   OAK - HAVEN          1,500,000 ⁰⁰
   HOME                   150,000 ⁰⁰

②③ PEOPLE'S BANK & TRUST
   SOUTHTRUST BANK

④ $2,862,213. 13

① YES
② NO
③ NO
④ NO
⑤ YES — ATTORNEY FUNDERBURK FOR HIS REPRESENTATION
   IN A CASE
⑥ NO
⑦ NO
⑧ NO
⑨ NO
⑩ NO

## III

① MOBILE HOME PARKS
② THERE ARE NO OFFICERS
③ PHILLIPS & PHILLIPS
④ INDIVIDUAL INCOME TAX FILE

⑤ ONE
⑥ THIS IS BETTER ASK OF
   MY WIFE. I HAVN'T BEEN THERE
   FOR THE PAST YEAR.

(THU) 1 29 2004 8:29/ST. 8:29/NO. 5000178662 P 2

FROM

## INTERROGATORIES TO INDIVIDUAL DEBTOR

Being unable to attend the §341(a) meeting of creditors, the debtor sought, by motion, to be excused from that proceeding. The court, after consideration, granted the debtor's motion and thereby excused attendance at the §341(a) meeting. In lieu of testimony, the trustee propounds these interrogatories to the debtor, to-wit:

I.     GENERAL INFORMATION

     1.     State your name, age, and current mailing address.

     2.     Are you presently employed?

        If yes, (a) who is your employer;

               (b) how long have you been employed by this employer;

               (c) average monthly income.

     3.     Have you been self-employed within the last year?

        If yes, briefly state the nature of the business, your interest in the business and your income from that business.

     4.     Within the last year, have you had any income from any other source or sources, including the income of your spouse?

        If yes, describe the source(s) and amount of income.

1

5.    Have you filed any prior bankruptcy proceeding?

If yes, (a)    under what chapter was the petition filed;

            (b)    date petition filed;

            (c)    did you receive a discharge of your debts;

            (d)    If your case was a chapter 13 proceeding, did you pay unsecured
                   creditors 70% or more of their claims?

            (e)    In what district was your case filed?

6.    Are the schedules, lists, and statements filed in connection with this case true,
      correct, and complete to the best of your knowledge and belief?
                   If no, please explain.

II.    PROPERTY AND PROPERTY INTEREST AS OF THE DATE OF FILING

1.    As of the filing, did you own or were you buying any real property (land or
buildings)?

        If yes, (a)    describe the property;

                (b)    date of purchase;

                (c)    the purchase price.

                (d)    If the property has been appraised within the last year, what was the

2

appraised value and who made the appraisal?

    (e)    What is your opinion of the fair market

              value?

    (f)    If the property if subject to mortgage

         or lien:

         (1)    who is (are) the mortgagee(s);

         (2)    the principal balance of each mortgage.

    (g)    Is this property your residence?

2.    As of the filing, did you own or were you buying any property either not listed or

that did not fit into a catogory in the schedules?

    If yes, (a)    describe the property;

         (b)    date of purchase;

         (c)    purchase price.

         (d)    If the property has been appraised within the last year, what was

the appraised value and who made the appraisal?

    (e)    What is your opinion of the fair market

              value?

    (f)    If the property is subject to mortgage

         or lein:

         (1)    who is (are) the mortgagee(s);

         (2)    the principal balance of the mortgage(s);

(THU) 1 29 2004 8:29/ST. 8:28/NO. 5000178660 P 3

FROM

3.    Is any debt owed to you?

    If yes,  (a)    who owes you this debt;

               (b)    amount of debt.


               (c)    Are these rights to payment security for

any of your debts?

If yes,  (1)    who is the creditor(s) having

An interest in your receivables;

               (2)    the principal balance of that

debt(s).


4.    Were you leasing any property from another?

    If yes,  (a)    describe the leased property;

               (b)    if in default with rental payment, how

much;

               (c)    the name of the lessor.

5.    Did you have a cause of action (reason to bring suit) against another for damage

or injury to you or to your property?


If yes, describe.


6.    Did you have any life insurance policy of annuity

with a cash surrender value?

4

FROM    (THU) 1 29 2004 8:29/ST. 8:28/NO. 5000178660 P 4

If yes, describe.

7.    Do you expect an income tax refund?

    If yes,  (a)    the amount of the refund;

              (b)    the taxing authority from which the

              refund is due.

8.    Did you own an interest in any partnership?

    If yes,  (a)    what is the name of the partnership?

              (b)    the names of the partners;

              (c)    the percentage of your interest.

9.    Are you an heir to any undivided estate?

    If yes,  (a)    whose estate do you have an interest in;

              (b)    your interest in the estate;

              (c)    the value of your interest in the estate.

10.    Did you have any other property or property

    interests that you have not disclosed in the preceding?

If yes, describe.

5

(THU) 1 29 2004 8:29/ST. 8:28/NO. 5000178660 P 5

FROM

III.  BUSINESS OPERATIONS

1.  Generally describe the nature of the business?

2.  What salary or draw do the officers earn? Currently? Last year?

3.  Who is the accountant for the debtor?

4.  When was the last corporate tax return filed?

5.  How many are employed by the debtor?

6.  What is the average monthly gross income of the debtor?

6