**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:

      **Charlotte Teresa Williford**
      **Kenneth Williford ,**
      **Debtors.**                **Bankruptcy Case. No. 03-81486-WRS**


      **Kenneth Williford,**
      **Appellant,**
      **v.**                    **CIVIL ACTION NO. 3:07-CV-105-WKW**
      **Charlotte Williford,**
      **Appellee.**

## TRANSMITTAL
## OF APPELLANT DESIGNATION OF RECORD

      I, Dianne M. Segrest,  do hereby certify that the documents herein comprise the items in the designation of contents related to the Notice of Appeal filed in the above referenced case.

**Transmittal of Bankruptcy Contents of Record  per Order On Motion (CV Doc #8).**
**Transmittal Submitted On**:      **September 6, 2007**


**Contents of Record**:
**Designated Items of Appellant(s)**:  **Filed with U.S. District Court on 02/07/2007**
                                        **CV Document # 5**

**PLEASE NOTE**:

**Designated  Item #36 - Submission error**
                    **Resubmitted in BK Doc #38.**

**Designated Item #244 - Submission error**
                    **Resubmitted in BK Doc #245**

**Designated Item #259 - Administrative Error**
                    **Duplicate entry of BK Doc #257**

**Designated Item #305 - Administrative Error**
                    **Replaced with BK Doc #307**

**Designated Item #308 - Administrative Error (related Bk Doc #305 )**
                    **Resubmitted in BK Doc #307**

**PLEASE ACKNOWLEDGE RECEIPT OF TRANSMITTAL**

/s/ Richard S. Oda, Clerk
United States Bankruptcy Court

/s/Dianne M. Segrest
Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | **Case No. <u>03-81486-WRS</u>** |
| **Debtors.** | **Chapter 11** |

**<u>MOTION TO EXPAND THE TIME TO FILE DISCLOSURE STATEMENT AND
PLAN AND MOTION TO EXPAND THE DEBTOR'S EXCLUSIVITY
OR RIGHT TO FILE PLAN</u>**

    1.  CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("DEBTORS") filed a petition for an order of relief under Chapter 11, Title 11 of the <u>United States Bankruptcy Code</u>, October 3, 2003.

    2.  Under previous orders and notices, the Debtor was required to file a disclosure statement and plan on or before January 30, 2004.

    3.  Under 11 U.S.C. § 1121(b), the Debtor has the exclusive right to file a plan for 120 days after the petition for an order of relief.

    4.  The bar date for filing contested claims expired January 26, 2004.

    5.  It appears that some claims will have to be contested.

    6.  The Debtor has timely filed all monthly financial statements and has not incurred new debt. Moreover, estate assets have not been diminished in value or dissipated.

    7.  The Debtors are subject to a judgment rendered in the state court of Chambers County, Alabama, <u>Scott Emerton, et al, v. Kenney Williford and Charlotte Williford</u>, case number CV 00-073, in the amount of $383,000.00. The Debtor intend to contest this claim.

8.   The above-referenced judgment has been appealed to the Alabama Supreme Court. Also,  Debtors filed a claim on their business commercial general liability insurance policy with Travelers Indemnity Company of America and on their homeowner's policy with The Standard Fire Insurance Company.

9.   Travelers Indemnity Company of America and The Standard Fire Insurance Company filed an action in the United States District Court, Middle District of Alabama, case no. 02-CV-1410, seeking a declaratory judgment incident to the rights, duties, status, and legal relations of the parties under the respective insurance policies.

10. The court entered judgment, October 2, 2003, declaring that Travelers and Standard "had no duty to defend or indemnify the Debtors" for the judgment entered in Chambers County, Alabama.

11. Debtors filed a motion, October 14, 2003, to set aside or reconsider the judgment of the United States District Court. Debtors also filed a suggestion of bankruptcy with the United States District Court. In addition the court has entered an order staying all proceedings in this case during the pendency of the Debtor's bankruptcy.

12. Travelers Indemnity Company has since filed a motion for relief from the automatic stay in the instant bankruptcy case and said motion is set for hearing, February 18, 2004.

13. If the court allows the stay to lift, the United States District Court must address the Debtors' motion to set aside or reconsider. If it is determined that Travelers Indemnity Company of America and The Standard Fire Insurance Company are ultimately required to indemnify the Debtors, a potion of the instant debt may be satisfied by the insurance proceeds.

14. The judgment entered in Chambers County represents a significant, secured creditor. After appeal, if the judgment stands, Debtors will have to provide treatment for this large secured

claim and the size of the claim will affect distributions to all creditors. However, whether the Debtors will ultimately be responsible for this debt is the subject of the above-referenced appeal and will be raised in he Debtors' claim objection.

15. Regardless, it is impossible to predict the outcome of either of the two above-referenced cases and effectively prepare an accurate disclosure statement and plan of reorganization when the plan must account for the presence or absence of a $383,000.00 debt or some portion thereof based on the liability of Travelers Indemnity Company of America and The Standard Fire Insurance Company.

WHEREFORE, it respectfully requested that the court grant the Debtor the exclusive right to file a disclosure statement and plan on or before May 15, 2004.

Respectfully submitted January 30, 2004.

MEMORY & DAY

By:    /S/ Von G. Memory
       Von G. Memory
       ASB-8137-071V

       James L. Day
       ASB-1256-A55J

       Attorneys for Debtor

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on January 30,. 2004.

    Teresa Richards Jacobs
    U. S. Bankruptcy Administrator
    1 Court Sq Ste 221
    Montgomery, AL  36104-3538

    <u>/S/ Von G. Memory</u>
    OF COUNSEL

**UNITED STATES BANKRUPTCY COURT**

Middle District of Alabama

Box 1248
Montgomery, AL 36102

---

In Re:   Charlotte Teresa Williford and Kenneth
        Williford
        Debtor

Case No.:  03–81486

Chapter:  11
Judge:  William R. Sawyer

---

PLEASE TAKE NOTICE that a telephone hearing will be held

on 3/9/04 at 09:00 AM

to consider and act upon the following:

*47* – Application to Employ Professional Person(s) Phillips & Phillips, CPAs as Certified Public Accountants Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 2/17/2004. (Attachments: # (1) Exhibit A – Rule 2014 Verification) (Memory, Von)

*52* – Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by James L. Day, Von G. Memory on behalf of Charlotte Teresa Williford, Kenneth Williford. Responses due by 2/23/2004. (Memory, Von)

---

Each party desiring to be heard must furnish the Clerk of Court, **in advance** , a telephone number to be used and keep the line open <u>at least one hour</u> for the hearing. The case will be called as soon as possible.

---

Dated: 2/4/04

RO
Clerk, U.S. Bankruptcy Court

# United States Bankruptcy Court
## Middle District of Alabama

QUARTERLY FEE STATEMENT
Pursuant to Fed. R. Bankr. P. 2015(a)(5)

**FILED**
FEB 10 2004
U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

Debtor
Charlotte and Kenneth Williford

Case #:
03-81486

### FOR CALENDAR QUARTER ENDING    12/31/03

| 1. **MONTH** | **DISBURSEMENTS\*** |
|---|---|
| October | $31,705.47 |
| November | $39,621.43 |
| December | $38,468.06 |
| TOTAL DISBURSEMENTS FOR QUARTER | $109,794.96 |

| 2. QUARTERLY FEE OWED PURSUANT TO 28 U.S.C. § 1930(a)(7) | $750.00 |
|---|---|
| 3. QUARTERLY FEE PAID (Attach proof of payment) | $750.00 |
| 4. AMOUNT OF UNPAID FEES (IF ANY) | $0.00 |

I, _Von G. Memory_____, acting as the duly authorized agent for the Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury under the laws of the United States that I have read and certify that the figures, statements, disbursement itemizations, and account balances as listed in this Quarterly Fee Statement are true and correct as of the date of this report to the best of my knowledge, information and belief.

_2/9/04_
DATE

For the Debtor-In-Possession (Trustee) (Plan Adm.)

Von G. Memory
Attorney for Debtor

(Print or type name and capacity of person signing this Declaration)

**The check for payment of the quarterly fee should be attached to the original of this Quarterly Fee Statement filed with the clerk of court.**

\*For periods after plan confirmation, disbursements include all plan payments plus all withdrawal amounts (checks, direct debits, etc.) posted to each bank account plus any cash payments.

RECEIPT #: 04-1283

2/3/2004    Quarterly Fee Statement

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD
and KENNETH WILLIFORD,**

   **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

## OBJECTION TO THE MOTION OF THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND THE STANDARD FIRE INSURANCE COMPANY  FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE REQUEST TO PROCEED

COME NOW, the Debtors in the above-referenced case and object to the motion of the Travelers Indemnity Company of America and the Standard Fire Insurance Company for relief from the automatic stay, or in the alternative request to proceed, and in response thereof, say as follows:

1.  The Debtors do not have sufficient information to either admit or deny the allegations contained in paragraph 1 of the motion, therefore paragraph 1 is **denied**.

2.  The Debtors do not have sufficient information to either admit or deny the allegations contained in paragraph 2 of the motion, therefore paragraph 2 is **denied**.

3.  Admitted

4.  Admitted

5.  Admitted

6.  Admitted

7.  Admitted

8.  Admitted

9.  The document speaks for itself.

10.   Admitted

11.   No response is necessary.

12.   Denied

13.   No response is necessary.

Having responded to the substantive allegations of the motion of Travelers Indemnity Company of America and the Standard Fire Insurance Company the Debtors aver that an appeal has been filed to the Alabama Supreme Court regarding the referenced judgment. Moreover, the refusal of Travelers Indemnity Company of America and the Standard Fire Insurance Company to indemnify the Debtors materially affects the amount of debts(s) owed by the Debtors and a plan of reorganization.

WHEREFORE, the Debtors respectfully request that the stay not be lifted with respect to Travelers Indemnity Company of America and the Standard Fire Insurance Company.

Respectfully submitted on this the 17 day of February 2004.

Memory & Day

By: /S/ Von G. Memory
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtors

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000

Fax (334) 834-8001
Email  vgmemory@memorylegal.com
      jlday@memorylegal.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have this date served a copy of the foregoing document on the following, by:

    ☑ placing same in the United States Mail, postage prepaid, and properly addressed

    ☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036) <u>rjohanson@ehjlaw.com</u>

    ☐ facsimile

    ☐ hand delivery

    ☐ delivered in open court

on February 17, 2004.

Charles R. Johanson, Esq.
Engel, Hairston & Johanson, P.C.
P.O. Box 11405
Birmingham, AL 35202


U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

                    /S/ Von G. Memory
                    OF COUNSEL

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                    Chapter 11
Charlotte and Kenneth Williford                                          Case No.: 03-81486
            Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:     1-Jan-2004
AND ENDING:     31-Jan-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                              YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                              YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                 YES
October through December 2003, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                                              YES

5.  New books and records are opened and are current and are being maintained on an **accrual** basis.                                              YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.     YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.                                              YES

8.  The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                                              YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                                              YES

10.  No professional fees have been paid except by order of the court.  If no, enter name of professional, date and amount paid.                                              YES

**BALANCE SHEET**

For the period ending:          01/31/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>
1. Cash

| | | |
|---|---:|---:|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $2,120.00 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $2,120.00 |

2. Securities                                                                $0.00

3. Accounts Receivable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                              $0.00

5. Inventory (Fair Market Value)                              $0.00

6. Other Current Assets                                   $183,061.00

7. Prepaid Insurance                                            $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                        $3,650,000.00

**9. TOTAL ASSETS**                                            $3,835,181.00

<u>LIABILITIES</u>          (include both pre- and post-petition debts)
1. Accounts Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---:|---:|
| Pre-petition | $3,128,473.58 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                     $460,627.14

6. TOTAL LIABILITIES                                          $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)                $246,080.28
**7. TOTAL LIABILITIES & EQUITY**                             $3,835,181.00

INCOME STATEMENT

For the period ending:         01/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $48,759.05 | |
| 2. Total Operating (Business) Expenses | $59,412.73 | |
| Net Operating Income | | ($10,653.68) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($10,653.68) |

## STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.
    Payee:    Peoples Bank & Trust
    Amount paid this period:    $19,078.00    Check #:    1241
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   Adequate protection payment
    Stated adequate protection  payment amount    $19,078.00

2.
    Payee:    Peoples Bank & Trust
    Amount paid this period:    $1,680.65    Check #: various
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
  N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

3.
    Payee:    SouthTrust Bank
    Amount paid this period:    $1,404.46    Check #:    1207
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
  N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

4.
    Payee:    Auburn
    Amount paid this period:    $413.81    Check #:    1240
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
  N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

5.
    Payee:    Agri-Credit
    Amount paid this period:    $145.59    Check #:    1239
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
  N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

6.
    Payee:
    Amount paid this period:    $0.00    Check #:
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

Additional payments made to secured creditors and lessors

7.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

8.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

9.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

10.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

11.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

12.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

13.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

14.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

15.        Payee: _____
                 Amount paid this period:       $0.00     Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
        Stated adequate protection  payment amount       $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**      $22,722.51

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated: <u>02/20/04</u>

<u>Charlotte Williford</u>
Debtor's Name (typed/printed)

<u>/S/ Charlotte Williford</u>
Debtor's Signature

<u>/S/ Von G. Memory</u>
Preparer's Signature

<u>Von G. Memory</u>
Preparer's Name (typed/printed)

<u>P.O. Box 4054</u>
Preparer's Address

<u>Montgomery</u>                    AL        36103
City                                      State      Zip

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this <u>20th</u>        day of <u>February</u>   2004

<u>/S/ Von G. Memory</u>
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel
1810 E. Sahara Ave., STE 1
Las Vegas, NV 89104

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                             Case No. 03-81486-WRS
                                                  Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

           Debtors

**ORDER GRANTING RELIEF FROM THE AUTOMATIC**
**STAY TO THE STANDARD FIRE INSURANCE COMPANY**

This Chapter 11 case came before the Court for hearing on February 18, 2004, in Opelika,

Alabama.  The Standard Fire Insurance Company was present by counsel Charles R. Johanson,

III, and the Debtors were present by counsel Von G. Memory.  The parties stipulated to the facts.

Both parties claim that their position is correct as a matter of law.  For the reasons set forth

below, the motion is GRANTED.

Standard Fire moved for relief from the automatic stay on January 28, 2004, to continue

its prosecution of a declaratory judgment action against the Debtors.  (Doc. 49).   On September

16, 2002, a jury in Chambers County, Alabama returned a verdict against the Debtors for a

money judgment in the amount of $383,000.  At some point in time, the Debtors claimed that

Standard Fire had a duty to defend and indemnify them under an insurance policy.  In 2002,

Standard Fire brought suit against the Debtors in the United States District Court for the Middle

District of Alabama seeking declaratory relief.[1]  Specifically, Standard First seeks a

determination that it did not owe such a duty to the Debtors.  On October 2, 2003, the District

---

[1]  That civil action is styled <u>The Travelers Indemnity Company of America et. al. v.</u>
<u>Kenny Williford, et. al.</u>, Civil Action No. 02-T-1410-E, in the United States District Court for the
Middle District of Alabama.

Court entered judgment in favor of Standard Fire finding that it in fact owed no contractual duty to the Debtors.

On October 3, 2003, the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code which initiated this case. The Debtors have moved the District Court to vacate its entry of summary judgment. Upon learning of these bankruptcy proceedings, the District Court has stayed its consideration of the Debtors' motion. Standard Fire seeks relief from the automatic stay to permit the District Court to rule on the pending motion. In the event the District Court were to deny the motion, the judgment would become final, forcing the Debtors to either accept the judgment as is, or prosecute an appeal to the United States Court of Appeals for the Eleventh Circuit. In the meantime, the Debtors have prosecuted an appeal of the adverse judgment from Chambers County to the Alabama Supreme Court.[2] In the event the Debtors were to prevail in the Alabama Supreme Court, the declaratory judgment would become moot. Thus, the Debtors would prefer to leave the declaratory judgment proceeding "on hold" saving its resources by not prosecuting an appeal until it is clear that it will be necessary.

The first question is whether the declaratory judgment proceedings in District Court are subject to the automatic stay. Section 362(a)(3) of Title 11, United States Code, provides as follows:

> (a) Except as provided in subsection (b), a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of–

---

[2] The Court is of the view that the appeal to the Alabama Supreme Court is stayed pursuant to 11 U.S.C. Section 362(a)(1). As that question is not before the Court in this contested matter, it will not address the matter here.

2

* * *

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

The question becomes whether the declaratory judgment action in District Court is an act to exercise control over property of the estate. The Debtors' claim under the insurance policy against Standard Fire is property of the estate. A determination made by a court as to the validity of the claim is to exercise control over that property. Therefore, the automatic stay operates to stay proceedings. See, Harbison-Walker Refractories Company v. Ace Property & Casualty Insurance Company, 303 B.R 753 (Bankr. W.D. Pa. 2004)(sanctions imposed against insurance companies who prosecuted declaratory judgment actions in state court in violation of the automatic stay).

Having determined that the automatic stay applies, the Court must next consider whether proceedings in District Court should be stayed. Standard Fire argues, inter alia, that the automatic stay does not operate to stay proceedings in a District Court. This Court is of the view that this argument is incorrect. There is nothing in Section 363 which would support that contention. As this bankruptcy case is pending in this District, the District Court is free, at any time, to withdraw the reference and take whatever action it finds appropriate. 28 U.S.C. Section 157. In this case, the District Court has not elected to do so. Therefore, this Court will proceed to consider the motion for relief from the automatic stay on its merits.

Relief from the automatic stay may be granted for cause.  11 U.S.C. Section 362(d).  The interest of Standard Fire, in letting the judgment become final (assuming that it prevails) is opposed by the interest of the Debtors in not litigating an appeal unless it is absolutely necessary. As the declaratory judgment proceeding has already gone to judgment in the District Court it does not strike this Court as appropriate to stay proceedings merely to prevent the judgment from becoming final.  To be sure, the District Court, or the United States Court of Appeals for the Eleventh Circuit may later take the view that the interests of judicial economy are best served by staying proceedings there until the Alabama Supreme Court decides the appeal in the Chambers County suit.  Looking at this bankruptcy case, it appears that the equities favor granting Standard Fire relief from the automatic stay, subject to the Debtors' right to seek a stay either in District Court or on appeal.  For these reasons, the motion of Standard Fire is GRANTED.

Done this 5th  day of March, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Von G. Memory, Attorney for Debtors
   Charles R. Johanson III, Attorney for Standard Fire

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,

   Debtors.

Case No. 03-81486-WRS

Chapter 11

**MOTION FOR POST PETITION FINANCING
(RENEWAL OF PEOPLES BANK & TRUST LOAN AND SECURITY AGREEMENT)**

COME NOW, CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("Debtors"), and respectfully move this Honorable Court for leave to renew an existing note and security agreement with Peoples Bank & Trust Company ("Peoples") and in support thereof say as follows:

1.  The Debtors own five mobile home parks in the Auburn/Opelika area where they rent space and provide services to owners of manufactured homes.

2.  The Debtors signed a note and security agreement with Peoples, September 1, 2003, in the original principal amount of $2,892,000.00, at 6.25% interest per annum. The instant note matured, March 5, 2004.

3.  The Debtors filed their joint voluntary petition for an order of relief under Chapter 11, Title 11 of the United States Bankruptcy Code, October 3, 2003.

4.  Peoples holds a valid and perfected security agreement on the five mobile home parks of the Debtors.

5.  Peoples has agreed to renew the above-referenced note in the amount of $2,844.872, at 6.0% interest per annum (fixed rate).

6. Peoples will maintain its current secured position in the five mobile home parks.

7. Debtors aver that renewal of the Peoples loan will not increase the total debt of the bankruptcy estate or diminish the assets of the estate.

WHEREFORE, the Debtor prays for an order, after notice and hearing, to allow renewal of the above-referenced note and security agreement.

Respectfully submitted on this the 17th day of March 2004.

Memory & Day

By: /S/ Von G. Memory
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtors

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

on March 17, 2004.

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

<u>/S/ Von G. Memory</u>
OF COUNSEL

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                    Chapter 11
Charlotte and Kenneth Williford                                           Case No.: 03-81486
      Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:   1-Feb-2004
AND ENDING:   29-Feb-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:        **YES**

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:        **YES**

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:        **YES**
October through December 2003, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**        **YES**

5.  New books and records are opened and are current and are being maintained on an **accrual** basis.        **YES**

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.        **YES**

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.        **YES**

8.  The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.        **YES**

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.        **YES**

10.  No professional fees have been paid except by order of the court.  If no, enter name of professional, date and amount paid.        **YES**

**BALANCE SHEET**

For the period ending:              02/29/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $1,561.45 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $1,561.45 |

2. Securities                                                   $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                               $0.00

5. Inventory (Fair Market Value)                               $0.00

6. Other Current Assets                                     $183,061.00

7. Prepaid Insurance                                           $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                           $3,650,000.00

**9. TOTAL  ASSETS**                                     $3,834,622.45

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $3,128,473.58 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                        $460,627.14

| | |
|---|---|
| 6. TOTAL LIABILITIES | $3,589,100.72 |
| EQUITY (Total Assets Less Total Liabilities) | $245,521.73 |
| **7. TOTAL LIABILITIES & EQUITY** | $3,834,622.45 |

INCOME STATEMENT

For the period ending:                02/29/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $43,119.27 | |
| 2. Total Operating (Business) Expenses | $43,608.32 | |
| Net Operating Income | | (\$489.05) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | (\$489.05) |

## STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.
    Payee:      Peoples Bank & Trust
    Amount paid this period:      $19,078.00      Check #:      1362
Y  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  Adequate protection payment
    Stated adequate protection  payment amount      $19,078.00

2.
    Payee:      Peoples Bank & Trust
    Amount paid this period:      $1,658.06      Check #: various
Y  Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount      $0.00

3.
    Payee:      SouthTrust Bank
    Amount paid this period:      $1,404.46      Check #:      1291
Y  Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount      $0.00

4.
    Payee:      Auburn
    Amount paid this period:      $413.81      Check #:      1305
Y  Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount      $0.00

5.
    Payee:      Agri-Credit
    Amount paid this period:      $145.59      Check #:      1363
Y  Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount      $0.00

6.
    Payee:
    Amount paid this period:      $0.00      Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
    Stated adequate protection  payment amount      $0.00

Additional payments made to secured creditors and lessors

7.                    Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

8.                    Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

9.                    Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

10.                   Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

11.                   Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

12.                   Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

13.                   Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

14.                   Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

15.                   Payee: _____
                      Amount paid this period: _____ $0.00      Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,699.92

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  |  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|---|
| Current to 30 days | | $0.00 | $0.00 |
| 31 to 60 days | | $0.00 | $0.00 |
| 61 to 90 days | | $0.00 | $0.00 |
| 91 to 120 days | | $0.00 | $0.00 |
| 121 days and older | | $0.00 | $0.00 |
| | **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:   03/22/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

| Montgomery | AL | 36103 |
|---|---|---|
| City | State | Zip |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 22nd   day of March   2004

/S/ Von G. Memory
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 03-81486-WRS
                                                         Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

               Debtors

### ORDER SETTING HEARING

       The motion filed by the debtors, on March 17, 2004, and designated MOTION FOR POSTPETITION FINANCING (Doc. 68), is set for hearing at the United States Bankruptcy Court, United States Courthouse, One Church Street, Courtroom 4-D, **Montgomery**, Alabama, on **Tuesday, April 20, 2004**, at 10 a.m.

       Objections to the motion must be made in writing stating the reason for the objection and filed in court on or before **Tuesday, April 15, 2004**.

       *The moving party or counsel shall (1) give <u>timely</u> notice by mail to all parties in interest or to their attorneys of record, as provided by Fed. R. Bankr. Proc. 2002 or other appropriate Rule, by serving a copy of this order and the motion on each; and (2) file in court prior to the hearing date a certificate of service showing the names and addresses of the parties served. Failure to give such notice and file the certificate as required may result in dismissal of the motion.*

       Done this 22nd day of March, 2004.

                              /s/ William R. Sawyer
                              United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtor

Orders.22

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

     **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

---

**CERTIFICATE OF SERVICE**

     I, **James L. Day**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this

     ☒ **ORDER SETTING HEARING** [Motion for Post Petition Financing]
     ☐ Summons and Complaint
     ☐ Motion

was made March 23, 2004, by:

     ☒ Regular: First Class United States Mail, service, addressed to: (see below or attached)

     ☐ Certified: First Class United States Mail, service, addressed to: (see below or attached) Pursuant to Rule 7004(h)

     ☐ Personal Service: By leaving the process with Defendant or with an officer or agent at: (see below or attached)

     ☐ Residence Service: by leaving the process with the following adult at: (see below or attached)

     ☐ Publication: The Defendant was served as follows: (see below or attached)

     ☐ State Law: The Defendant was served pursuant to the laws of the State of Alabama as follows: (see below or attached)

or list attached ☒

     Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:     March 23, 2004

     /S/ James L. Day
     James L. Day
     P.O. Box 4054
     Montgomery, AL 36103
     (334) 834-8000

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                    *           Chapter 7
                                          *
CHARLOTTE T. WILLIFORD,                   *
KENNETH WILLIFORD                         *           Case No. 03-81486
                                          *
        Debtors                           *

### FOLLOW UP INTERROGATORIES TO KENNETH WILLIFORD

Being unable to attend the §341(a) meeting of creditors, Kenneth Williford

sought, by motion, to be excused from that proceeding. The court, after consideration,

granted the debtor's motion and thereby excused attendance at the §341(a) meeting.

In lieu of testimony, Kenneth Williford answered initial interrogatories and the following

are follow up questions to those:


1.    Please review the attached Declaration RE: Electronic Filing of Documents,

      bankruptcy petition and schedules..

      a.    Is the signature on the declaration your signature?
            *yes*
      b.    If so, were the petition and schedules complete when you signed it?
            *yes*
      c.    Who, if any, gave you any legal advise on the effects of this bankruptcy

      petition?    *Von Memory & Jim Day*


      d.    Is all of the information in this petition, schedules, lists and statements

      true, correct and complete to the best of your knowledge and belief?
            *yes*
      e.    If no, please explain.
            *N. A.*


                                          1

2.    Please describe in detail the nature of the claim against "Attorney Funderburk"

and the status of the claim. *Have attempted to find a lawyer to bring a legal malpractice action and all attempts have failed. However, I am still looking for someone to help with this claim*

3.    Please state the names and ages of your children.
*Amy Brooke Williford 19*
*Amanda Christine Williford 23*
*Matthew Paul Williford 15*

4.    Please describe any and all employment and business relationships with either

your children or any entities owned by them in the past five years. *After the judgment by the Emertins Mr Funderburke suggested that we form a corporation to receive payments and open a Georgia bank account. A new corporation involving my children was formed and pole receipts were deposited with Community Bank & Trust.*

5.    Please list any and all businesses that you contracted with to receive or collect

payments for your mobile home parks.  *AAM, Inc.*

a.    Please describe the length of any such relationship and,

*Since January, 2003*

b.    please describe how payments collected were eventually received by you.
*See answer 4*

_____
Kenneth Williford

Sworn to and subscribed before me on this the *24* day of *Feb*, 2004.

9-20-06
_____
Notary
EXP:

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | **Case No. 03-81486-WRS** |
| **Debtors.** | **Chapter 11** |

### SUMMARY OF ANSWERS TO FOLLOW-UP 341 INTERROGATORIES
### (KENNETH WILLIFORD)

On request of the Bankruptcy Administrator, follow-up 341 interrogatories were submitted to Debtor Kenneth Williford. Because Mr. Williford is incarcerated in W.F. Donaldson Correctional Facility in Bessemer, Alabama, his answers were hand written. A copy of the hand-written, notarized document is attached hereto as **Exhibit "A"**. This summary is provided to the Court and Bankruptcy Administrator for the purposes of clarity and legibility. The original interrogatories and the responses, in bold, of Mr. Williford follow:

1. Please review the attached Declaration RE: Electronic Filing of Documents, bankruptcy petition and schedules..

   a. Is the signature on the declaration your signature?

   **Yes**

   b. If so were the petition and schedules complete when you signed it?

   **Yes**

   c. Who if any, gave you any legal advise on the effects of this bankruptcy petition?

   **Von G. Memory and James L. Day**

   d. Is all of the information in this petition, schedules, lists and statements true, correct and complete to the best of your knowledge and belief?

**Yes**

e.  If no, please explain.

**N. A.**

2.  Please describe in detail the nature of the claim against "Attorney Funderburk"

and the status of the claim.

**Have attempted to find a lawyer to bring a legal malpractice action and all attempts**

**have failed. However, I am still looking for someone to help with this claim.**

3.  Please state the names and ages of your children.

**Amy Brooke Williford          19**

**Amanda Christine Williford          23**

**Matthew Paul Williford          15**

4.  Please describe any and all employment and business relationships with either

your children or any entities owned by them in the past five years.

**After the judgment in Chambers County, Circuit Court, Kenneth Funderburk, Esq., recommended that we form a corporation with our children as shareholders and officers. Also, it was recommended by Mr. Funderburk that we open a bank account in the State of Georgia using the name of the new corporation. Consequently, a corporation named AA&M, Corporation was formed and also an account with Community Bank and Trust, LaGrange, Georgia, was opened. From January 2003 until October 2003, most or all of the proceeds from the mobile home parks was deposited into the AA&M Corporation bank account. However, at one point, Community Bank and Trust objected to the deposit of commercial paper that did not bear the name of AA&M Corporation. As a result, an account under AA&M Corporation was opened with Peoples Bank and Trust in Selma, Alabama. However, we have not used any of the AA&M Corporation accounts since the bankruptcy was filed. All proceeds from the mobile home parks have been deposited into the designated Debtor in Possession account. Finally, AA&M, Corporation is still active under the supervision and direction of my daughter, Amanda Williford. This corporation still owns approximately 20 mobile homes and the proceeds from these mobile home is deposited into an account reserved for AA&M Corporation. My daughter Amy and my son Matthew continue to own and interest in AA&M Corporation, however, they are not active in the day-to-day management operations.**

5.  Please list any and all businesses that you contracted with to receive or collect payments for your mobile home parks.

**AAM, Inc.**

a.  Please describe the length of any such relationship and,

**Since January 2003**

b.  Please describe how payments collected were eventually received by you.

**See answer 4**

Respectfully submitted on this the 24th day of March 2004.

Memory & Day

By:  /S/ Von G. Memory
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtors

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

- 3 -

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

on March 24, 2004.

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

/S/ Von G. Memory
OF COUNSEL

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 03-81486-WRS
                                                         Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

      Debtors

## ORDER GRANTING RELIEF FROM THE AUTOMATIC
## STAY TO THE STANDARD FIRE INSURANCE COMPANY

This Chapter 11 case came before the Court for hearing on February 18, 2004, in Opelika,

Alabama. The Standard Fire Insurance Company was present by counsel Charles R. Johanson,

III, and the Debtors were present by counsel Von G. Memory. The parties stipulated to the facts.

Both parties claim that their position is correct as a matter of law. For the reasons set forth

below, the motion is GRANTED.

Standard Fire moved for relief from the automatic stay on January 28, 2004, to continue

its prosecution of a declaratory judgment action against the Debtors. (Doc. 49). On September

16, 2002, a jury in Chambers County, Alabama returned a verdict against the Debtors for a

money judgment in the amount of $383,000. At some point in time, the Debtors claimed that

Standard Fire had a duty to defend and indemnify them under an insurance policy. In 2002,

Standard Fire brought suit against the Debtors in the United States District Court for the Middle

District of Alabama seeking declaratory relief.[1] Specifically, Standard First seeks a

determination that it did not owe such a duty to the Debtors. On October 2, 2003, the District

---

[1] That civil action is styled <u>The Travelers Indemnity Company of America et. al. v.</u>
<u>Kenny Williford, et. al.,</u> Civil Action No. 02-T-1410-E, in the United States District Court for the
Middle District of Alabama.

Court entered judgment in favor of Standard Fire finding that it in fact owed no contractual duty to the Debtors.

On October 3, 2003, the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code which initiated this case. The Debtors have moved the District Court to vacate its entry of summary judgment. Upon learning of these bankruptcy proceedings, the District Court has stayed its consideration of the Debtors' motion. Standard Fire seeks relief from the automatic stay to permit the District Court to rule on the pending motion. In the event the District Court were to deny the motion, the judgment would become final, forcing the Debtors to either accept the judgment as is, or prosecute an appeal to the United States Court of Appeals for the Eleventh Circuit. In the meantime, the Debtors have prosecuted an appeal of the adverse judgment from Chambers County to the Alabama Supreme Court.[2] In the event the Debtors were to prevail in the Alabama Supreme Court, the declaratory judgment would become moot. Thus, the Debtors would prefer to leave the declaratory judgment proceeding "on hold" saving its resources by not prosecuting an appeal until it is clear that it will be necessary.

The first question is whether the declaratory judgment proceedings in District Court are subject to the automatic stay. Section 362(a)(3) of Title 11, United States Code, provides as follows:

> (a) Except as provided in subsection (b), a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of–

---

[2] The Court is of the view that the appeal to the Alabama Supreme Court is stayed pursuant to 11 U.S.C. Section 362(a)(1). As that question is not before the Court in this contested matter, it will not address the matter here.

* * *

      (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

The question becomes whether the declaratory judgment action in District Court is an act to exercise control over property of the estate.  The Debtors' claim under the insurance policy against Standard Fire is property of the estate.  A determination made by a court as to the validity of the claim is to exercise control over that property.  Therefore, the automatic stay operates to stay proceedings.  See, Harbison-Walker Refractories Company v. Ace Property & Casualty Insurance Company, 303 B.R 753 (Bankr. W.D. Pa. 2004)(sanctions imposed against insurance companies who prosecuted declaratory judgment actions in state court in violation of the automatic stay).

Having determined that the automatic stay applies, the Court must next consider whether proceedings in District Court should be stayed.  Standard Fire argues, inter alia, that the automatic stay does not operate to stay proceedings in a District Court.  This Court is of the view that this argument is incorrect.  There is nothing in Section 363 which would support that contention.  As this bankruptcy case is pending in this District, the District Court is free, at any time, to withdraw the reference and take whatever action it finds appropriate.  28 U.S.C. Section 157.  In this case, the District Court has not elected to do so.  Therefore, this Court will proceed to consider the motion for relief from the automatic stay on its merits.

Relief from the automatic stay may be granted for cause.  11 U.S.C. Section 362(d).  The interest of Standard Fire, in letting the judgment become final (assuming that it prevails) is

opposed by the interest of the Debtors in not litigating an appeal unless it is absolutely necessary. As the declaratory judgment proceeding has already gone to judgment in the District Court it does not strike this Court as appropriate to stay proceedings merely to prevent the judgment from becoming final. To be sure, the District Court, or the United States Court of Appeals for the Eleventh Circuit may later take the view that the interests of judicial economy are best served by staying proceedings there until the Alabama Supreme Court decides the appeal in the Chambers County suit. Looking at this bankruptcy case, it appears that the equities favor granting Standard Fire relief from the automatic stay, subject to the Debtors' right to seek a stay either in District Court or on appeal. For these reasons, the motion of Standard Fire is GRANTED.

Done this 2nd day of April, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Von G. Memory, Attorney for Debtors
    Charles R. Johanson III, Attorney for Standard Fire

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **SCOTT EMERTON, ET AL,** | |
|    **Plaintiffs,** | CASE NO. CV 00-073 |
| **V.** | |
| **KENNEY WILLIFORD AND** | ADV. PRO. NO. _____ |
| **CHARLOTTE WILLIFORD,** | |
|    **Defendants.** | |

## NOTICE OF REMOVAL

To:   Hon. Charles W. Story
Circuit Clerk, Chambers County
County Courthouse
2 Lafayette Street
Lafayette, AL 36862

Charles Grady Reynolds Jr., Esq.
P. O. Box 367
Lanett, AL 36863-0000

The Defendants, Kenney Williford and Charlotte Williford, file this notice of removal

under 28 U.S.C. §1446(a).

### A. Introduction

1.   Defendants, Kenney and Charlotte Williford, are co-owners of a trailer park named

Ben Mor located in Chambers County, Alabama.

2.   Plaintiff Scott Emerton entered into a purchase agreement for a manufactured home

and a rental agreement for a lot at Ben Mor trailer park with Defendants Kenney and Charlotte

Williford, August 28, 1998.

3.   An altercation ensued between Defendant Kenney Williford and Plaintiff Scott Emerton, incident to the rental agreement and a notice of termination of tenancy/lease, when Mr. Emerton and his family attempted to remove personal items from the manufactured home.

4.   The Emertons filed suit in the Circuit Court of Chambers County and named Kenney and Charlotte Williford individually and d/b/a Ben Mor as Defendants. The instant suit alleged outrage, conversion, breach of contract, and breach of implied covenant for quiet enjoyment.

5.   The case was tried before the Circuit Court of Chambers County, Alabama and the jury returned a verdict in favor of the Plaintiff for conversion and breach of contract.

6.   The jury awarded $8,000.00 in compensatory damages and $350,000.00 in punitive damages on the conversion claim and $25,000.00 in compensatory damages, interest, and costs on the breach of contract claim.

7.   The Circuit Court of Chambers County entered a judgment in favor of the Plaintiffs in the amount of $383,000.00, September 20, 2003.

8.   The Willifords appealed this ruling to the Alabama Supreme Court arguing:

(1) The verdict was unsupported by the evidence;

**(2) The amount of damages awarded was unsupported by the evidence;**

(3) The trial court improperly dismissed their Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge; and,

(4) The trial court improperly allowed the trial to proceed over their objection that the Emertons' counsel had a conflict of interest that prohibited him from serving as their counsel in this matter.

9.   The Supreme Court of Alabama decision in <u>Williford</u> v. <u>Emerton,</u> 2004 WL 596165, Ala., March 26, 2004, was affirmed in part and remanded in part. The court remanded the case to the trial court, incident to the computation of damages, paragraph 8(2) above, for that court to

2

take such steps as necessary to enter an order in compliance with Hammond, Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), which says, in pertinent part:

> "[T]he trial judge is better positioned to decide whether the verdict is ... flawed [as excessive]. He has the advantage of observing all of the parties to the trial-- plaintiff and defendant and their respective attorneys, as well as the jury and its reaction to all of the others. There are many facets of a trial that can never be captured in a record, so that the appellate courts are at a special disadvantage when they are called upon to review [a] trial [court's] action in this sensitive area...."
>
> Hammond v. City of Gadsden at 1378-79."

10. The trial court was instructed to file a return to the Supreme Court within 56 days of the release of its opinion

<u>B. Basis for Removal</u>

11. This court has jurisdiction to take up and consider civil matters "…arising under Title 11, or arising in or related to cases under Title 11", 28 U.S.C. § 1334. Moreover, this court may hear and determine all "core matters" arising under Title 11 incident to estate administration, allowance and disallowance of claims, orders to turn over estate property and proceedings to determine the validity, extent, and lien priority, 28 U.S.C. § 157(b).

12. All parties to the instant proceeding will be served with a copy of this notice at their last known address.

13. All pleadings, process, orders, and other filings in state/federal courts, with the exception of discovery, are attached to this notice as required by 28 U.S.C. § 1446(a).

14. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

15. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C. Jury Demand

16. Plaintiffs demanded a jury trial in the state court action, however, the current investigation is non-jury.

### D. Conclusion

17. Based upon the instant notice of removal, Kenney Williford and Charlotte Williford hereby remove the above referenced civil action to the United States Bankruptcy Court for the Middle District of Alabama, Eastern Division, in order to determine the extent of punitive damages that should be awarded to the Plaintiff in the above-referenced state court action and in compliance with the instructions of the Alabama Supreme Court.

Respectfully submitted on this the 14th day of April 2004.

Memory & Day


By:  /S/ Von G. Memory
     Von G. Memory
     ASB-8137-071V

     James L. Day
     ASB-1256-A55J

     Attorneys for Defendants


OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email  vgmemory@memorylegal.com
       jlday@memorylegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on April 14, 2004.

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

Charles Grady Reynolds Jr., Esq.
P. O. Box 367
Lanett, AL 36863-0000

/S/ Von G. Memory
OF COUNSEL

03

IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

SCOTT EMERTON, and                )
KRISTI EMERTON,                   )
        Plaintiffs,               )
                                  )
Vs.                               )
                                  )
                                  )    Case No. 00- 073
KENNY WILLIFORD, and              )
CHARLOTTE WILLIFORD,              )
individually and d/b/a            )
BEN MOR VILLAGE; and              )
A, B, C, & D, person or           )
persons, entity or entities,      )
whose true and correct names      )
are otherwise unknown to the      )
plaintiffs, but will be added     )
by amendment when ascertained,    )
        DEFENDANT.                 )



FILED IN OFFICE THIS

MAR 2 1 2000

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## COMPLAINT

### (THE PARTIES and JURISDICTION)

1.   The Plaintiff, Scott Emerton, is a resident citizen of
Chambers County, Alabama, and he is over the age of 19 years.

2.   The Plaintiff, Kristi B. Emerton, is a resident citizen
of Chambers County, Alabama, and she is over the age of 19 years.

3.   The Defendant, Kenny Williford, is over the age of 19,
and he is believed to be a resident of Lee County, and the co-
owner of Ben Mor Village, a Trailer Park located in Chambers
County, Alabama.

4.   The Defendant, Charlotte Williford, is over the age of
19, and she is believed to be a resident of Lee County, and the
co-owner of Ben Mor Village, a Trailer Park located in Chambers

0 ¼

County, Alabama.

5.   Fictitious Defendants A, B, C, and D, are individuals,
general partnerships, limited liability companies, corporations,
or other legal entities who:

a) owned and/or operated at all times material hereto a
trailer park in Chambers County, Alabama, known as Ben Mor
Village; and/or

b) were at all times material to this cause responsible for
the operations and management of Ben Mor Village and its tenants;
and/or

c) were at all times material to this cause responsible for
the wrongful eviction of the Plaintiffs; and/or

d)   were at all times material to this cause responsible for
the conversion of the Plaintiffs' property; and/or

e) were at all times material to this cause responsible for
the outrageous conduct that was directed toward the Plaintiffs as
herein described; and/or

f) were at all times material to this cause responsible for
breaching the contract between Plaintiffs and Defendants.

### COUNT ONE
### (OUTRAGEOUS CONDUCT)

6.   Paragraphs 1,2, 3, 4, and 5 above are incorporated
herein by reference as if fully set out herein.

7.   On or about August 28, 1998, Plaintiffs and Defendants
entered into an agreement for the purchase a 1969 mobile home
trailer, a copy of which is attached hereto as Exhibit 1.   The
Defendants own the mobile home park, Ben Mor Village, where the
trailer was located.

8.   The Defendants prepared the agreement, which required
the Plaintiffs to pay the Defendants the sum of $3,000.00, with
$500 being paid down, and the balance of $2,500 being financed at
the rate of 9% interest, payable in 17 equal monthly installments
of $150.00, with the first payment being due on August 28, 1998,
and like payments being due each month thereafter.

9. Plaintiffs aver that they paid the Defendants the initial
down payment, plus a damage deposit of $200, and they moved into
the trailer located in the Defendants' Trailer Park, which was
located in Chambers County, Alabama.

10. On to wit, October 1998, the Defendants approached the
Plaintiffs and informed them that they could upgrade to a newer
trailer, if they would agree to increase their monthly payments
$40.00.   The Plaintiffs' were also informed that the remaining
terms of their existing contract would remain the same.
Plaintiffs aver that they accepted the Defendants' offer, and
that they moved into the newer trailer, which was located on the
neighboring lot.

11.   Plaintiffs aver that in late November 1998, they were
confronted with an unexpected automobile expense, and they were

only able to pay the trailer payment, and a portion of the lot
rent.

12.    On to wit, December 5, 1998, the Plaintiffs discovered
a "Termination of Tenancy/Lease" in their mail box dated December
1, 1998, a copy of which is attached hereto as Exhibit 2.

13.    Plaintiffs admit that when they received the
Defendants' termination notice, they were delinquent on the
payment of their lot rent, and they owed the Defendants $100.00.
Plaintiffs further aver that they were current on with their
trailer payments.

14.    In response to the Defendants' demands, the Plaintiffs
made arrangements to vacate the premises.

15.    On December 11, 1998, the Plaintiffs rented a U-Haul
and returned to the trailer accompanied by his mother, Pat
Morris, who had agreed to assist the young couple the packing and
moving of their belongings.

16.    When they arrived at the trailer, they were met by the
Defendants, the park manager and an unknown male. The door to
the Plaintiffs' trailer had been removed, and the Defendants were
inside of the Plaintiffs' trailer.

17.    Plaintiff avers that the Defendant, Charlotte Williford
was standing in the door way of their trailer, and that she told
the Plaintiffs that they were not going to get their "stuff"
until she was paid $444.00.

18. Plaintiffs aver that the Plaintiff's mother, Pat Morris

informed the Defendants that her son needed clothes for work, and that several of the small items in the trailer belonged to her. The Defendant, Kenny Williford then told the Plaintiffs that he was going to give them 10 minutes to remove their clothing, and then they were to vacate the premises, or be arrested for criminal trespass.

19. Plaintiff, Scott Emerton avers that while he was in the process of removing items from the trailer, the Defendant, Kenny Williford started yelling obscenities at him. Defendant called him a "mother fucker", and said that he was nothing but an ass hole, and a little son of a bitch". The aforesaid statements were made while the Plaintiff was in the presence of his wife and mother. Plaintiff avers that he feared confrontation with the Defendant and Defendants' employees, and that he did not respond to the Defendant's lewd and vulgar remarks. Nor did Plaintiff do or say anything to incite or provoke the Defendants' unwarranted attack.

20. Plaintiff, Scott Emerton avers that he ignored the Defendant's remark and continued to remove items from the trailer. Shortly thereafter, he was stopped by the Defendant, Charlotte Williford, and asked, "why didn't you pay the rent?" Plaintiff avers that he responded to her question, and said that he only owed them $100.00, and that he was going to pay the money next week. At that moment, Defendant Kenny Williford, again, screamed at the Plaintiff and said, "you little son of a bitch,

don't you talk to my wife; you talk to me. I am going to teach you to be a man". Again, fearing confrontation, Plaintiff did not respond to his vicious and vile attack.

21.   Plaintiffs aver that within the short time frame of 10 minutes, they were only allowed to remove their clothing, and several small items from the trailer.  The majority of their personal belongings and furnishings were left behind.

22.   Plaintiffs aver that while they were leaving, the Defendant Kenny Williford told the Plaintiffs that he would sell their belongings the following day, if he did not receive the money that was owed to him.   Defendant further stated that if they returned to the trailer for their property, that he would call the police, and have them arrested for criminal trespass, and that he would instruct the police to have their car towed from the premises and impounded, so that they would have to pay wrecker charges and storage fees.

23.   Plaintiffs aver that the Defendants conduct as stated in the preceding paragraphs 15-22, intentionally or recklessly caused Plaintiffs to suffer emotional distress.

24.   Defendants' actions toward Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

25.   The emotional distress that Defendants caused Plaintiffs to suffer was so severe that no reasonable person

63

could be expected to endure it.

26.   Plaintiffs claim punitive damages of the Defendants due to Defendants' wanton conduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages in an amount that would be mete, just and proper under the circumstances.

### COUNT TWO
### (CONVERSION)

27.   Paragraphs 1 through 26 above are incorporated herein by reference as if fully set out herein.

28.   On or about the 11th day of December 1998, in Chambers County, Alabama, the Defendants converted the following described chattels, which are the property of the Plaintiffs:

> a)   Washer
> b)   Dryer
> c)   Refrigerator
> d)   Two (2) TVs
> e)   VCR
> f)   Two (2) dressers
> g)   Queen size bed
> h)   Recliner
> i)   Wedding Gifts and photos
> j)   Various items of personal belongings

29.   Plaintiffs claim punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages, interest and cost in an amount that would be mete, just and proper under the

circumstances.

## COUNT THREE
### (TRESPASS TO REAL ESTATE AND CHATTEL)

30.  Paragraphs 1 through 29 are incorporated herein by reference as if fully set out herein.

31.  On or about the 11th day of December 1998, the Defendants unlawfully entered upon the lot and trailer of the Plaintiffs' located in Chambers County, Alabama.

32.  As a proximate result of said trespass by the Defendants, the Plaintiffs' home was damaged. The Defendants' removed the door to Plaintiffs' trailer and entered into their home.

33.  Plaintiffs claim punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

## COUNT FOUR
### (BREACH OF CONTRACT)

34.  Paragraphs 1 through 33 are incorporated herein by reference as if fully set out herein.

35.  Defendants breached their agreement with Plaintiffs by evicting the Plaintiffs from their mobile home trailer, and refusing to allow them to return, so that they could remove the

trailer from the Defendants' trailer park.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

## COUNT FIVE
### (BREACH OF IMPLIED COVENANT FOR QUIET ENJOYMENT)

36.  Paragraphs 1 through 35 are incorporated herein by reference as if fully set out herein.

37.  Plaintiffs took possession of the leased premises on or about August 28, 1998, in reliance of the agreement entered into between the Plaintiffs and the Defendants.

38.  Plaintiffs aver that they were ejected from the premises.

39.  As a direct result of Defendants' breach of the implied covenant, right to quiet enjoyment of the leased premises, Plaintiffs were denied their home and the peaceful enjoyment of the same.

40.  Plaintiffs performed all of their obligations under the agreement as they accrued and were ready, willing and able to continue performance on the date of eviction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

12

This the 22 day of March 2000.

Charles G. Reynolds Jr.
Attorney for Plaintiffs
P.O. Box 367
Lanett, Al 36863
(334) 644-3042
Bar ID No. REY015

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES IN

THE ABOVE COMPLAINT.

Charles G. Reynolds Jr.
Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| SCOTT EMERTON et. al. | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | CV-00-073 |
| | ) | |
| KENNY WILLIFORD et. al. | ) | |
| | ) | |
| **Defendants** | ) | |

### ANSWER

Come the Defendants, Kenny Williford and Charlotte Williford, and for answer show as follows:

1. Paragraphs 1,2,3,4,7,8,9,10,11,12,13,14, 15 and 16 are admitted.

2. These Defendants deny the remaining allegations of the complaint, and each count thereof.



**FILED IN OFFICE THIS**

MAY 1 2 2000

Charles W. Story
Circuit Clerk
Chambers County, Alabama

FUNDERBURK, DAY and LANE

By:

1313 Broad Street
P.O. Box 1268
Phenix City, AL 36868-1268

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing to opposing counsel, postage pre-paid, this ____day of May, 2000.

IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

FILED IN OFFICE THIS

JUN    5 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

SCOTT EMERTON, et. al.,          )
    Plaintiff,              )
                        )
Vs.                              )    CV 00-073
                        )
KENNY WILLIFORD, et al.,         )
    Defendants.             )

## MOTION FOR ORDER THAT FACTS BE TAKEN AS
## ESTABLISHED AS TO THE DEFENDANT, KENNY WILLIFORD

COMES NOW the Plaintiffs in the above-styled cause and shows
the court as follows:

1. On April 4, 2000, Plaintiffs served on Defendant, Kenny
Williford a request for admission of the following facts:

    a) That your name is "KENNY WILLIFORD".

    b) That at all times material to this cause you
were one of the owners, or the sole owner of the
Trailer Park know as Ben Mor Village Trailer Park.

    c) That Ben Mor Village Trailer Park is located in
Chambers County, Alabama.

    d) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint you
were a resident of Lee County, Alabama and that you are
over the age of 19 years;

    e) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint,
you evicted the Plaintiffs from their mobile home

FROM                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 13
Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 13 of 48

27

trailer;

f) That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
converted to your own use, personal property that
belonged to the Plaintiffs;

g) That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
yelled obscenities at the Plaintiff, Scott Emerton;

h) That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
gave the Plaintiffs approximately 10 minutes to remove
their personal belongings from their trailer;

i) That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
told the Plaintiffs that if they returned to the
trailer Park, that you would have them arrested for
criminal trespass;

j) That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
informed the Plaintiffs that if you saw their
automobile at the trailer park, that you would have
their car towed from the trailer park;

k) That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint,
you called the Plaintiff, Scott Emerton, "a little son

of a bitch";                                                                28

**l)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint,
you called the Plaintiff, Scott Emerton, "a mother
fucker";

**m)** That on December 11, 1998, the time of the incident
complained of in the Plaintiffs' complaint, you entered the
Plaintiffs' mobile home trailer;

**n)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint,
you or one of your employees removed the front door
from the Plaintiffs' mobile home trailer;

**2.** A year has passed since the Defendant was served with
the Plaintiffs' Request for Admission, and the Defendant has made
no attempt to respond, or make any specific denial of the matters
in his answer to the Plaintiffs' complaint.

**WHEREFORE,** Plaintiffs move the Court for an order
establishing as admitted the said facts set forth in Paragraph 1
above.

This the $\underline{4^{th}}$ day of June 2001.

Charles G. Reynolds Jr.
Attorney for Plaintiff
Post office Box 367
Lanett, Alabama  36863
(334) 644-3042

## CERTIFICATE OF SERVICE                                    29

     I hereby certify that I have this date served a copy of the
foregoing Motion upon all counsel of record in this cause by
placing a copy of the same in the United States Mail, postage
prepaid addressed as follows on this the 4th day of June 2001.


Hon. Thomas F. Worthy
P.O. Box 1268
Phenix City, AL   36868-1268

                        Charles G. Reynolds Jr.
                        Attorney for Plaintiffs

IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

FILED IN OFFICE THIS

JUN    5 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

SCOTT EMERTON, et. al.,          )
   Plaintiff,                )
                                 )
Vs.                              )    CV 00-073
                                 )
KENNY WILLIFORD, et al.,         )
   Defendants.               )

### MOTION FOR ORDER THAT FACTS BE TAKEN AS
### ESTABLISHED AS TO THE DEFENDANT, CHARLOTTE WILLIFORD

COMES NOW the Plaintiffs in the above-styled cause and shows
the court as follows:

1. On April 4, 2000, Plaintiffs served on Defendant,
Charlotte Williford a request for admission of the following
facts:

a) That your name is "CHARLOTTE WILLIFORD".

b) That at all times material to this cause you
were one of the owners, or the sole owner of the
Trailer Park know as Ben Mor Village Trailer Park.

c) That Ben Mor Village Trailer Park is located in
Chambers County, Alabama.

d) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint you
were a resident of Lee County, Alabama and that you are
over the age of 19 years;

e) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint you

FROM                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 17
Case 3:07-cv-00105-WKW-SRW     Document 34-19     Filed 09/06/2007     Page 17 of 48

31

assisted your husband by evicting the Plaintiffs from their mobile home trailer;

**f)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you converted to your own use, personal property that belonged to the Plaintiffs;

**g)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you heard your husband Kenny Williford yell obscenities at the Plaintiff, Scott Emerton;

**h)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you observed your husband, Kenny Williford give the Plaintiffs approximately 10 minutes to remove their personal belongings from their trailer;

**i)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you heard your husband, Kenny Williford tell the Plaintiffs that if they returned to the trailer Park, they would be arrested for criminal trespass;

**j)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you heard your husband, Kenny Williford tell the Plaintiffs that if he saw their automobile at the trailer park, he would have their car towed from the trailer park;

FROM                                                      (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 18
     '   Case 3:07-cv-00105-WKW-SRW      Document 34-19    Filed 09/06/2007    Page 18 of 48

**32**

**k)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
heard your husband, Kenny Williford called the
Plaintiff, Scott Emerton, "a little son of a bitch";

**l)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
heard your husband, Kenny Williford called the
Plaintiff, Scott Emerton, "a mother fucker";

**m)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
entered the Plaintiffs' mobile home trailer;

**n)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
observed your husband and/or employees of Ben Mor
Village removed the door to from the Plaintiffs' mobile
home trailer;

2. A year has passed since the Defendant was served with
the Plaintiffs' Request for Admission, and the Defendant has made
no attempt to respond, or make any specific denial of the matters
in her answer to the Plaintiffs' complaint.

**WHEREFORE,** Plaintiffs move the Court for an order
establishing as admitted the said facts set forth in Paragraph 1
above.

This the 4th day of June 2001.

FROM                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 19
Case 3:07-cv-00105-WKW-SRW        Document 34-19      Filed 09/06/2007      Page 19 of 48

33

Charles G. Reynolds Jr.
Attorney for Plaintiff
Post office Box 367
Lanett, Alabama  36863
(334) 644-3042

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the
foregoing Motion upon all counsel of record in this cause by
placing a copy of the same in the United States Mail, postage
prepaid addressed as follows on this the 4th day of June 2001.

Hon. Thomas F. Worthy
P.O. Box 1268
Phenix City, AL   36868-1268

Charles G. Reynolds Jr.
Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY
## STATE OF ALABAMA

SCOTT EMERTON, et. al.,                    )
                                           )
    Plaintiffs,                        )
                                           )
vs.                                        )    CASE NO. CV-00-073
                                           )
KENNY WILLIFORD et. al.,                   )
                                           )
    Defendants.                        )

JUN 6 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### OPPOSITION TO MOTION FOR ORDER THAT FACTS BE TAKEN AS ESTABLISHED AS TO DEFENDANT KENNY WILLIFORD

    COMES NOW the Defendant, Kenny Williford, and hereby shows unto this Honorable Court as follows:

    1.    Defendant attorney did not receive a copy of the Request for Admissions and has attached hereto a copy of this Defendant's Responses to the Request for Admission.

    WHEREFORE, this Defendant moves the Court to deny Plaintiffs' Motion for Order that Facts be taken as Established.

    DATED this ⸺ day of June, 2001.

                With Best Regards,

                FUNDERBURK, DAY & LANE

                Kenneth L. Funderburk
                Attorneys for Defendants
                1313 Broad Street
                P.O. Box 1268
                Phenix City, Alabama 36868-1268
                (334) 297-2900
                FUN002

FROM                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 21
Case 3:07-cv-00105-WKW-SRW     Document 34-19     Filed 09/06/2007     Page 21 of 48

35

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document, **Opposition To**

**Motion For Order That Facts Be Taken As Established As To Defendant Kenny**

**Williford,** has been served on the following counsel of record by United States mail,

postage prepaid, via first class mail, this the ⁵ᵗ day of June, 2001.

Charles G. Reynolds, Jr., Esq.
116 North Lanier Avenue
P.O. Box 367
Lanett, Alabama 36863

OF COUNSEL

FILED IN OFFICE THIS

36

IN THE CIRCUIT COURT OF CHAMBERS COUNTY
STATE OF ALABAMA

SCOTT EMERTON, et. al.,            )
                                   )
        Plaintiffs,                )
                                   )
vs.                                )        CASE NO. CV-00-073
                                   )
KENNY WILLIFORD et. al.,           )
                                   )
        Defendants.                )

JUN   6 2001

CHARLES W. STORY
CIRCUIT CLERK
COUNTY, ALABAMA

## OPPOSITION TO MOTION FOR ORDER THAT FACTS BE TAKEN AS
## ESTABLISHED AS TO DEFENDANT CHARLOTTE WILLIFORD

COMES NOW the Defendant, Charlotte Williford, and hereby shows unto this

Honorable Court as follows:

1.    Defendant attorney did not receive a copy of the Request for Admissions

and has attached hereto a copy of this Defendant's Responses to the Request for

Admission.

WHEREFORE, this Defendant moves the Court to deny Plaintiffs' Motion for

Order that Facts be taken as Established.

DATED this 5th day of June, 2001.

With Best Regards,

FUNDERBURK, DAY & LANE

Kenneth L. Funderburk
Attorneys for Defendants
1313 Broad Street
P.O. Box 1268
Phenix City, Alabama 36868-1268
(334) 297-2900
FUN002

FROM                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 23
Case 3:07-cv-00105-WKW-SRW      Document 34-19      Filed 09/06/2007      Page 23 of 48

**37**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document, **Opposition To**

**Motion For Order That Facts Be Taken As Established As To Defendant Charlotte**

**Williford,** has been served on the following counsel of record by United States mail,

postage prepaid, via first class mail, this the 5th day of June, 2001.

Charles G. Reynolds, Jr., Esq.
116 North Lanier Avenue
P.O. Box 367
Lanett, Alabama 36863

OF COUNSEL

45

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY
## STATE OF ALABAMA

SCOTT EMERTON, et. al.,                    )
                                           )
    Plaintiffs,                        )
                                           )
vs.                                        )      CASE NO. CV-00-073
                                           )
KENNY WILLIFORD et. al.,                   )
                                           )
    Defendants.                        )

### MOTION FOR SUMMARY JUDGMENT BY DEFENDANT

      Defendant moves the Court to enter, pursuant to Rule 56 of the Alabama Rules of

Civil Procedure, a Summary Judgment in the Defendant's favor dismissing the action on

the ground that there is no genuine issue as to any material fact and that Defendant is

entitled to a judgment as a matter of law.


      This motion is based upon the pleadings request for admissions and response

thereto, answers to interrogatories.


                    Respectfully submitted,

                    FUNDERBURK, DAY & LANE


                    Thomas F. Worthy
                    Attorneys for Defendants
                    P.O. Box 1268
                    Phenix City, Alabama 36868-1268
                    (334) 297-2900
                    WOR008

**FILED IN OFFICE** THIS

AUG 1 4 2002

CHARLES W. STORY
CIRCUIT CLERK

03

IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

SCOTT EMERTON, and                    )
KRISTI EMERTON,                       )
        Plaintiffs,                   )
                                      )
Vs.                                   )
                                      )
KENNY WILLIFORD, and                  )    Case No. 00- 093
CHARLOTTE WILLIFORD,                  )
individually and d/b/a                )
BEN MOR VILLAGE; and                  )
A, B, C, & D, person or               )    ┌──────────────────────────────┐
persons, entity or entities,          )    │    FILED IN OFFICE THIS       │
whose true and correct names          )    │                              │
are otherwise unknown to the          )    │      MAR 2 1 2000             │
plaintiffs, but will be added         )    │                              │
by amendment when ascertained,        )    │    CHARLES W. STORY           │
        DEFENDANT.                    )    │       CIRCUIT CLERK           │
                                           │  CHAMBERS COUNTY, ALABAMA     │
                                           └──────────────────────────────┘

## COMPLAINT

### (THE PARTIES and JURISDICTION)

1.   The Plaintiff, Scott Emerton, is a resident citizen of
Chambers County, Alabama, and he is over the age of 19 years.

2.   The Plaintiff, Kristi B. Emerton, is a resident citizen
of Chambers County, Alabama, and she is over the age of 19 years.

3.   The Defendant, Kenny Williford, is over the age of 19,
and he is believed to be a resident of Lee County, and the co-
owner of Ben Mor Village, a Trailer Park located in Chambers
County, Alabama.

4.   The Defendant, Charlotte Williford, is over the age of
19, and she is believed to be a resident of Lee County, and the
co-owner of Ben Mor Village, a Trailer Park located in Chambers

0 ⁴

County, Alabama.

5.  Fictitious Defendants A, B, C, and D, are individuals, general partnerships, limited liability companies, corporations, or other legal entities who:

a) owned and/or operated at all times material hereto a trailer park in Chambers County, Alabama, known as Ben Mor Village; and/or

b) were at all times material to this cause responsible for the operations and management of Ben Mor Village and its tenants; and/or

c) were at all times material to this cause responsible for the wrongful eviction of the Plaintiffs; and/or

d)  were at all times material to this cause responsible for the conversion of the Plaintiffs' property; and/or

e) were at all times material to this cause responsible for the outrageous conduct that was directed toward the Plaintiffs as herein described; and/or

f) were at all times material to this cause responsible for breaching the contract between Plaintiffs and Defendants.

## COUNT ONE
### (OUTRAGEOUS CONDUCT)

6.  Paragraphs 1,2, 3, 4, and 5 above are incorporated herein by reference as if fully set out herein.

7.  On or about August 28, 1998, Plaintiffs and Defendants entered into an agreement for the purchase a 1969 mobile home trailer, a copy of which is attached hereto as Exhibit 1.  The Defendants own the mobile home park, Ben Mor Village, where the trailer was located.

8.  The Defendants prepared the agreement, which required the Plaintiffs to pay the Defendants the sum of $3,000.00, with $500 being paid down, and the balance of $2,500 being financed at the rate of 9% interest, payable in 17 equal monthly installments of $150.00, with the first payment being due on August 28, 1998, and like payments being due each month thereafter.

9. Plaintiffs aver that they paid the Defendants the initial down payment, plus a damage deposit of $200, and they moved into the trailer located in the Defendants' Trailer Park, which was located in Chambers County, Alabama.

10. On to wit, October 1998, the Defendants approached the Plaintiffs and informed them that they could upgrade to a newer trailer, if they would agree to increase their monthly payments $40.00.  The Plaintiffs' were also informed that the remaining terms of their existing contract would remain the same. Plaintiffs aver that they accepted the Defendants' offer, and that they moved into the newer trailer, which was located on the neighboring lot.

11.  Plaintiffs aver that in late November 1998, they were confronted with an unexpected automobile expense, and they were

only able to pay the trailer payment, and a portion of the lot
rent.

12.  On to wit, December 5, 1998, the Plaintiffs discovered
a "Termination of Tenancy/Lease" in their mail box dated December
1, 1998, a copy of which is attached hereto as Exhibit 2.

13.  Plaintiffs admit that when they received the
Defendants' termination notice, they were delinquent on the
payment of their lot rent, and they owed the Defendants $100.00.
Plaintiffs further aver that they were current on with their
trailer payments.

14.  In response to the Defendants' demands, the Plaintiffs
made arrangements to vacate the premises.

15.  On December 11, 1998, the Plaintiffs rented a U-Haul
and returned to the trailer accompanied by his mother, Pat
. Morris, who had agreed to assist the young couple the packing and
moving of their belongings.

16.  When they arrived at the trailer, they were met by the
Defendants, the park manager and an unknown male.  The door to
the Plaintiffs' trailer had been removed, and the Defendants were
inside of the Plaintiffs' trailer.

17.  Plaintiff avers that the Defendant, Charlotte Williford
was standing in the door way of their trailer, and that she told
the Plaintiffs that they were not going to get their "stuff"
until she was paid $444.00.

18. Plaintiffs aver that the Plaintiff's mother, Pat Morris

informed the Defendants that her son needed clothes for work, and that several of the small items in the trailer belonged to her. The Defendant, Kenny Williford then told the Plaintiffs that he was going to give them 10 minutes to remove their clothing, and then they were to vacate the premises, or be arrested for criminal trespass.

19. Plaintiff, Scott Emerton avers that while he was in the process of removing items from the trailer, the Defendant, Kenny Williford started yelling obscenities at him. Defendant called him a "mother fucker", and said that he was nothing but an ass hole, and a little son of a bitch". The aforesaid statements were made while the Plaintiff was in the presence of his wife and mother.     Plaintiff avers that he feared confrontation with the Defendant and Defendants' employees, and that he did not respond to the Defendant's lewd and vulgar remarks. Nor did Plaintiff do or say anything to incite or provoke the Defendants' unwarranted attack.

20. Plaintiff, Scott Emerton avers that he ignored the Defendant's remark and continued to remove items from the trailer.     Shortly thereafter, he was stopped by the Defendant, Charlotte Williford, and asked, "why didn't you pay the rent?" Plaintiff avers that he responded to her question, and said that he only owed them $100.00, and that he was going to pay the money next week. At that moment, Defendant Kenny Williford, again, screamed at the Plaintiff and said, "you little son of a bitch,

don't you talk to my wife; you talk to me. I am going to teach you to be a man". Again, fearing confrontation, Plaintiff did not respond to his vicious and vile attack.

21. Plaintiffs aver that within the short time frame of 10 minutes, they were only allowed to remove their clothing, and several small items from the trailer. The majority of their personal belongings and furnishings were left behind.

22. Plaintiffs aver that while they were leaving, the Defendant Kenny Williford told the Plaintiffs that he would sell their belongings the following day, if he did not receive the money that was owed to him. Defendant further stated that if they returned to the trailer for their property, that he would call the police, and have them arrested for criminal trespass, and that he would instruct the police to have their car towed from the premises and impounded, so that they would have to pay wrecker charges and storage fees.

23. Plaintiffs aver that the Defendants conduct as stated in the preceding paragraphs 15-22, intentionally or recklessly caused Plaintiffs to suffer emotional distress.

24. Defendants' actions toward Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

25. The emotional distress that Defendants caused Plaintiffs to suffer was so severe that no reasonable person

63

could be expected to endure it.

26.  Plaintiffs claim punitive damages of the Defendants due
to Defendants' wanton conduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants
for compensatory damages and punitive damages in an amount that
would be mete, just and proper under the circumstances.

## COUNT TWO
### (CONVERSION)

27.  Paragraphs 1 through 26 above are incorporated herein
by reference as if fully set out herein.

28.  On or about the 11th day of December 1998, in Chambers
County, Alabama, the Defendants converted the following described
chattels, which are the property of the Plaintiffs:

            a)   Washer
            b)   Dryer
            c)   Refrigerator
            d)   Two (2) TVs
            e)   VCR
            f)   Two (2) dressers
            g)   Queen size bed
            h)   Recliner
            i)   Wedding Gifts and photos
            j)   Various items of personal belongings

29.  Plaintiffs claim punitive damages of the Defendants
because of the Defendants willful and oppressive conduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants
for compensatory damages and punitive damages, interest and cost
in an amount that would be mete, just and proper under the

FROM                                                        (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 8
Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 32 of 48

i0

circumstances.

## COUNT THREE
### (TRESPASS TO REAL ESTATE AND CHATTEL)

30.  Paragraphs 1 through 29 are incorporated herein by reference as if fully set out herein.

31.  On or about the 11th day of December 1998, the Defendants unlawfully entered upon the lot and trailer of the Plaintiffs' located in Chambers County, Alabama.

32.  As a proximate result of said trespass by the Defendants, the Plaintiffs' home was damaged. The Defendants' removed the door to Plaintiffs' trailer and entered into their home.

33.  Plaintiffs claim punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants for compensatory damages and punitive damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

## COUNT FOUR
### (BREACH OF CONTRACT)

34.  Paragraphs 1 through 33 are incorporated herein by reference as if fully set out herein.

35.  Defendants breached their agreement with Plaintiffs by evicting the Plaintiffs from their mobile home trailer, and refusing to allow them to return, so that they could remove the

trailer from the Defendants' trailer park.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

### COUNT FIVE
### (BREACH OF IMPLIED COVENANT FOR QUIET ENJOYMENT)

36.    Paragraphs 1 through 35 are incorporated herein by reference as if fully set out herein.

37.    Plaintiffs took possession of the leased premises on or about August 28, 1998, in reliance of the agreement entered into between the Plaintiffs and the Defendants.

38.    Plaintiffs aver that they were ejected from the premises.

39.    As a direct result of Defendants' breach of the implied covenant, right to quiet enjoyment of the leased premises, Plaintiffs were denied their home and the peaceful enjoyment of the same.

40.    Plaintiffs performed all of their obligations under the agreement as they accrued and were ready, willing and able to continue performance on the date of eviction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages, interest and cost in an amount that would be mete, just and proper under the circumstances.

13

This the 20th day of March 2000.

Charles G. Reynolds Jr.
Attorney for Plaintiffs
P.O. Box 367
Lanett, Al 36863
(334) 644-3042
Bar ID No. REY015

**JURY DEMAND**

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES IN

THE ABOVE COMPLAINT.

Charles G. Reynolds Jr.
Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

SCOTT EMERTON et. al.                    )
                                         )
    Plaintiffs                     )
                                         )
v.                                       )    CV-00-073
                                         )
KENNY WILLIFORD et. al.                  )
                                         )
    Defendants                     )

### ANSWER

Come the Defendants, Kenny Williford and Charlotte Williford, and for answer show as

follows:

1. Paragraphs 1,2,3,4,7,8,9,10,11,12,13,14, 15 and 16 are admitted.

2. These Defendants deny the remaining allegations of the complaint, and each count

    thereof.



FILED IN OFFICE THIS

MAY 1 2 2000

Charles W. Story
Circuit Clerk
Chambers County, Alabama

FUNDERBURK, DAY and LANE
By:
1313 Broad Street
P.O. Box 1268
Phenix City, AL 36868-1268

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing to opposing counsel, postage
pre-paid, this _____ day of May, 2000.

IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

FILED IN OFFICE THIS

JUN    5 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

SCOTT EMERTON, et. al.,          )
    Plaintiff,                   )
                                 )
Vs.                              )    CV 00-073
                                 )
KENNY WILLIFORD, et al.,         )
    Defendants.                  )

### MOTION FOR ORDER THAT FACTS BE TAKEN AS
### ESTABLISHED AS TO THE DEFENDANT, KENNY WILLIFORD

COMES NOW the Plaintiffs in the above-styled cause and shows
the court as follows:

1. On April 4, 2000, Plaintiffs served on Defendant, Kenny
Williford a request for admission of the following facts:

a) That your name is "KENNY WILLIFORD".

b) That at all times material to this cause you
were one of the owners, or the sole owner of the
Trailer Park know as Ben Mor Village Trailer Park.

c) That Ben Mor Village Trailer Park is located in
Chambers County, Alabama.

d) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint you
were a resident of Lee County, Alabama and that you are
over the age of 19 years;

e) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint,
you evicted the Plaintiffs from their mobile home

FROM                                              (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 13
Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 37 of 48

27

trailer;

f) That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you converted to your own use, personal property that belonged to the Plaintiffs;

g) That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you yelled obscenities at the Plaintiff, Scott Emerton;

h) That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you gave the Plaintiffs approximately 10 minutes to remove their personal belongings from their trailer;

i) That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you told the Plaintiffs that if they returned to the trailer Park, that you would have them arrested for criminal trespass;

j) That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you informed the Plaintiffs that if you saw their automobile at the trailer park, that you would have their car towed from the trailer park;

k) That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint, you called the Plaintiff, Scott Emerton, "a little son

of a bitch";                                                                    28

**l)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint, you called the Plaintiff, Scott Emerton, "a mother fucker";

**m)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint, you entered the Plaintiffs' mobile home trailer;

**n)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint, you or one of your employees removed the front door from the Plaintiffs' mobile home trailer;

**2.** A year has passed since the Defendant was served with the Plaintiffs' Request for Admission, and the Defendant has made no attempt to respond, or make any specific denial of the matters in his answer to the Plaintiffs' complaint.

**WHEREFORE,** Plaintiffs move the Court for an order establishing as admitted the said facts set forth in Paragraph 1 above.

This the __4th__ day of June 2001.

Charles G. Reynolds Jr.
Attorney for Plaintiff
Post office Box 367
Lanett, Alabama   36863
(334) 644-3042

## CERTIFICATE OF SERVICE                    29

     I hereby certify that I have this date served a copy of the foregoing Motion upon all counsel of record in this cause by placing a copy of the same in the United States Mail, postage prepaid addressed as follows on this the 4th day of June 2001.

Hon. Thomas F. Worthy
P.O. Box 1268
Phenix City, AL   36868-1268

                                   Charles G. Reynolds Jr.
                                   Attorney for Plaintiffs

FILED IN OFFICE THIS

JUN    5 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

IN THE CIRCUIT COURT OF CHAMBERS COUNTY,
ALABAMA

SCOTT EMERTON, et. al.,              )
        Plaintiff,                   )
                                     )
Vs.                                  )    CV 00-073
                                     )
KENNY WILLIFORD, et al.,             )
        Defendants.                  )

### MOTION FOR ORDER THAT FACTS BE TAKEN AS
### ESTABLISHED AS TO THE DEFENDANT, CHARLOTTE WILLIFORD

COMES NOW the Plaintiffs in the above-styled cause and shows
the court as follows:

1. On April 4, 2000, Plaintiffs served on Defendant,
Charlotte Williford a request for admission of the following
facts:

a) That your name is "CHARLOTTE WILLIFORD".

b) That at all times material to this cause you
were one of the owners, or the sole owner of the
Trailer Park know as Ben Mor Village Trailer Park.

c) That Ben Mor Village Trailer Park is located in
Chambers County, Alabama.

d) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint you
were a resident of Lee County, Alabama and that you are
over the age of 19 years;

e) That on December 11, 1998, at the time of the
incident complained of in the Plaintiffs' complaint you

FROM                                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 17
Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 41 of 48

31

assisted your husband by evicting the Plaintiffs from
their mobile home trailer;

**f)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
converted to your own use, personal property that
belonged to the Plaintiffs;

**g)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
heard your husband Kenny Williford yell obscenities at
the Plaintiff, Scott Emerton;

**h)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
observed your husband, Kenny Williford give the
Plaintiffs approximately 10 minutes to remove their
personal belongings from their trailer;

**i)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
heard your husband, Kenny Williford tell the Plaintiffs
that if they returned to the trailer Park, they would
be arrested for criminal trespass;

**j)** That on December 11, 1998, the time of the
incident complained of in the Plaintiffs' complaint you
heard your husband, Kenny Williford tell the Plaintiffs
that if he saw their automobile at the trailer park, he
would have their car towed from the trailer park;

FROM                                                         (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 18
      Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 42 of 48

**32**

**k)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you heard your husband, Kenny Williford called the Plaintiff, Scott Emerton, "a little son of a bitch";

**l)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you heard your husband, Kenny Williford called the Plaintiff, Scott Emerton, "a mother fucker";

**m)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you entered the Plaintiffs' mobile home trailer;

**n)** That on December 11, 1998, the time of the incident complained of in the Plaintiffs' complaint you observed your husband and/or employees of Ben Mor Village removed the door to from the Plaintiffs' mobile home trailer;

2. A year has passed since the Defendant was served with the Plaintiffs' Request for Admission, and the Defendant has made no attempt to respond, or make any specific denial of the matters in her answer to the Plaintiffs' complaint.

**WHEREFORE,** Plaintiffs move the Court for an order establishing as admitted the said facts set forth in Paragraph 1 above.

This the 4th day of June 2001.

Charles G. Reynolds Jr.
Attorney for Plaintiff
Post office Box 367
Lanett, Alabama   36863
(334) 644-3042

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Motion upon all counsel of record in this cause by placing a copy of the same in the United States Mail, postage prepaid addressed as follows on this the 4th day of June 2001.

Hon. Thomas F. Worthy
P.O. Box 1268
Phenix City, AL   36868-1268

Charles G. Reynolds Jr.
Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY
## STATE OF ALABAMA

JUN  6 2001

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

SCOTT EMERTON, et. al.,                    )
                                           )
      Plaintiffs,                          )
                                           )
vs.                                        )      CASE NO.  CV-00-073
                                           )
KENNY WILLIFORD et. al.,                   )
                                           )
      Defendants.                          )

### OPPOSITION TO MOTION FOR ORDER THAT FACTS BE TAKEN AS
### ESTABLISHED AS TO DEFENDANT KENNY WILLIFORD

COMES NOW the Defendant, Kenny Williford, and hereby shows unto this

Honorable Court as follows:

1.      Defendant attorney did not receive a copy of the Request for Admissions

and has attached hereto a copy of this Defendant's Responses to the Request for

Admission.

WHEREFORE, this Defendant moves the Court to deny Plaintiffs' Motion for

Order that Facts be taken as Established.

DATED this ⟨handwritten⟩ day of June, 2001.

With Best Regards,

FUNDERBURK, DAY & LANE

Kenneth L. Funderburk
Attorneys for Defendants
1313 Broad Street
P.O. Box 1268
Phenix City, Alabama  36868-1268
(334) 297-2900
FUN002

FROM                                 (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 21
Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 45 of 48

35

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document, **Opposition To**

**Motion For Order That Facts Be Taken As Established As To Defendant Kenny**

**Williford,** has been served on the following counsel of record by United States mail,

postage prepaid, via first class mail, this the 5th day of June, 2001.

Charles G. Reynolds, Jr., Esq.
116 North Lanier Avenue
P.O. Box 367
Lanett, Alabama 36863

OF COUNSEL

FILED IN OFFICE THIS

**36**

IN THE CIRCUIT COURT OF CHAMBERS COUNTY
STATE OF ALABAMA

JUN 6 2001

| | |
|---|---|
| SCOTT EMERTON, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| KENNY WILLIFORD et. al., | ) |
| | ) |
| Defendants. | ) |

CHARLES W. STORY
CIRCUIT CLERK
COUNTY, ALABAMA

**CASE NO. CV-00-073**

## OPPOSITION TO MOTION FOR ORDER THAT FACTS BE TAKEN AS ESTABLISHED AS TO DEFENDANT CHARLOTTE WILLIFORD

COMES NOW the Defendant, Charlotte Williford, and hereby shows unto this

Honorable Court as follows:

1.      Defendant attorney did not receive a copy of the Request for Admissions

and has attached hereto a copy of this Defendant's Responses to the Request for

Admission.

WHEREFORE, this Defendant moves the Court to deny Plaintiffs' Motion for

Order that Facts be taken as Established.

DATED this 5th day of June, 2001.

With Best Regards,

FUNDERBURK, DAY & LANE

Kenneth L. Funderburk
Attorneys for Defendants
1313 Broad Street
P.O. Box 1268
Phenix City, Alabama 36868-1268
(334) 297-2900
FUN002

FROM                                    (WED) 4 14 2004 14:57/ST. 14:47/NO. 5000178137 P 23
Case 3:07-cv-00105-WKW-SRW    Document 34-19    Filed 09/06/2007    Page 47 of 48

**37**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document, **Opposition To**

**Motion For Order That Facts Be Taken As Established As To Defendant Charlotte**

**Williford,** has been served on the following counsel of record by United States mail,

postage prepaid, via first class mail, this the ⁵ᵗʰ day of  June, 2001.

Charles G. Reynolds, Jr., Esq.
116 North Lanier Avenue
P.O. Box 367
Lanett, Alabama  36863

OF COUNSEL

45

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY
## STATE OF ALABAMA

SCOTT EMERTON, et. al.,               )
                                      )
    Plaintiffs,              )
                                      )
vs.                                   )      CASE NO.  CV-00-073
                                      )
KENNY WILLIFORD et. al.,              )
                                      )
    Defendants.              )

### MOTION FOR SUMMARY JUDGMENT BY DEFENDANT

    Defendant moves the Court to enter, pursuant to Rule 56 of the Alabama Rules of

Civil Procedure, a Summary Judgment in the Defendant's favor dismissing the action on

the ground that there is no genuine issue as to any material fact and that Defendant is

entitled to a judgment as a matter of law.


    This motion is based upon the pleadings request for admissions and response

thereto, answers to interrogatories.


                 Respectfully submitted,

                 FUNDERBURK, DAY & LANE


                 Thomas F. Worthy
                 Attorneys for Defendants
                 P.O. Box 1268
                 Phenix City, Alabama  36868-1268
                 (334) 297-2900
                 WOR008

**FILED IN OFFICE** THIS

AUG 1 4 2002

CHARLES W. STORY
CIRCUIT CLERK

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                          Chapter 11
Charlotte and Kenneth Williford                                                 Case No.: 03-81486
           Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:      1-Mar-2004
AND ENDING:      31-Mar-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                 YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                  YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:               YES
October through December 2003, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**    YES

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                          YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.   YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.    YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                        YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.               YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                             YES

**BALANCE SHEET**

For the period ending:          03/31/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash
   | | | |
   |---|---|---|
   | Pre-petition bank accounts | $0.00 | |
   | DIP General/business account | $23,566.26 | |
   | DIP Payroll account | $0.00 | |
   | DIP Tax account | $0.00 | |
   | Other (including Cash on Hand) | $0.00 | |
   | Sub-total Cash | | $23,566.26 |

2. Securities                                      $0.00

3. Accounts Receivable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                   $0.00

5. Inventory (Fair Market Value)                   $0.00

6. Other Current Assets                            $183,061.00

7. Prepaid Insurance                               $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                     $3,650,000.00

**9. TOTAL ASSETS**                                $3,856,627.26

<u>LIABILITIES</u>        (include both pre- and post-petition debts)

1. Accounts Payable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable
   | | | |
   |---|---|---|
   | Pre-petition | $3,650,000.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Long Term Notes Payable | | $3,650,000.00 |

4. Taxes Payable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                               $460,627.14

6. TOTAL LIABILITIES                               $4,110,627.14
   EQUITY (Total Assets Less Total Liabilities)    ($253,999.88)
**7. TOTAL LIABILITIES & EQUITY**                  $3,856,627.26

INCOME STATEMENT

For the period ending:                03/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $42,164.01 | |
| 2. Total Operating (Business) Expenses | $20,074.20 | |
| Net Operating Income | | $22,089.81 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $22,089.81 |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.                 Payee:        Peoples Bank & Trust
                        Amount paid this period:        $0.00                 Check #: _____
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
Y        Adequate protection payment
        Stated adequate protection  payment amount        $19,078.00  [See Note 1]

2.                 Payee:        Peoples Bank & Trust
                        Amount paid this period:        $1,597.48                 Check #: various
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N        Adequate protection payment
        Stated adequate protection  payment amount        $0.00

3.                 Payee:        SouthTrust Bank
                        Amount paid this period:        $1,404.46                 Check #:        1347
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N        Adequate protection payment
        Stated adequate protection  payment amount        $0.00

4.                 Payee:        Auburn
                        Amount paid this period:        $413.81                 Check #:        1349
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N        Adequate protection payment
        Stated adequate protection  payment amount        $0.00

5.                 Payee:        Agri-Credit
                        Amount paid this period:        $145.59                 Check #:        1344
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N        Adequate protection payment
        Stated adequate protection  payment amount        $0.00

6.                 Payee:
                        Amount paid this period:        $0.00                 Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
        Stated adequate protection  payment amount        $0.00

Additional payments made to secured creditors and lessors

7.         Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

8.         Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

9.         Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

10.       Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

11.       Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

12.       Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

13.       Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

14.       Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

15.       Payee: _____
            Amount paid this period: _____ $0.00     Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $3,561.34

### AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

[Note 1] No payment made this month since note is being refinanced. Hearing on refinancing conducted 4/20/2004 and motion was approved by the court. Payments will restart in April 2004.

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:  04/20/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                     AL            36103
City                                 State          Zip

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 20th      day of  April      2004

/S/ Von G. Memory
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

United States Bankruptcy Court
Middle District of Alabama

**FILED**

MAY 0 6 2004

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

QUARTERLY FEE STATEMENT
Pursuant to Fed. R. Bankr. P. 2015(a)(5)

Debtor
Charlotte and Kenneth Williford

Case #:
03-81486

FOR CALENDAR QUARTER ENDING    03/31/04

1. **MONTH**                     **DISBURSEMENTS***
   January                          $59,412.73

   February                         $43,608.32

   March                            $20,074.20

   TOTAL DISBURSEMENTS FOR QUARTER   $123,095.25

2. QUARTERLY FEE OWED PURSUANT TO
   28 U.S.C. § 1930(a)(7)            $750.00

3. QUARTERLY FEE PAID               $750.00
   (Attach proof of payment)

4. AMOUNT OF UNPAID FEES (IF ANY)    $0.00

I, _____, acting as the duly authorized agent for the Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury under the laws of the United States that I have read and certify that the figures, statements, disbursement itemizations, and account balances as listed in this Quarterly Fee Statement are true and correct as of the date of this report to the best of my knowledge, information and belief.

6-May-04
DATE

For the Debtor-In-Possession (Trustee) (Plan Adm.)

(Print or type name and capacity of person signing this Declaration)

Von G. Memory
Attorney for Debtor

**The check for payment of the quarterly fee should be attached to the original of this Quarterly Fee Statement filed with the clerk of court.**

*For periods after plan confirmation, disbursements include all plan payments plus all withdrawal amounts (checks, direct debits, etc.) posted to each bank account plus any cash payments.

5/6/2004    Quarterly Fee Statement

RECEIPT #: _O4OO2333_

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | Case No. <u>03-81486-WRS</u> |
|   Debtors. | Chapter 11 |

<u>**SECOND MOTION TO EXPAND THE TIME TO FILE DISCLOSURE STATEMENT AND PLAN AND MOTION TO EXPAND THE DEBTOR'S EXCLUSIVITY OR RIGHT TO FILE PLAN, 11 U.S.C. § 1121(d)**</u>

1.   CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("DEBTORS") filed a petition for an order of relief under Chapter 11, Title 11 of the <u>United States</u> <u>Bankruptcy</u> <u>Code</u>, October 3, 2003.

2.   Under previous orders and notices, the Debtor was required to file a disclosure statement and plan on or before January 30, 2004.

3.   Under 11 U.S.C. § 1121(b), the Debtor has the exclusive right to file a plan for 120 days after the petition for an order of relief.

4.   Debtors have previously moved the court to extend the exclusivity period, January 30, 2004 (ECF Doc. 52) and said motion was granted, March 10, 2004 (ECF Doc. 65). The new deadline to file a plan and disclosure is May 15, 2004.

5.   The Debtors are subject to a judgment rendered in the state court of Chambers County, Alabama, <u>Scott Emerton, et al, v. Kenney Williford and Charlotte Williford</u>, case number CV 00-073, in the amount of $383,000.00.

6.   Travelers Indemnity Company of America and The Standard Fire Insurance Company filed an action in the United States District Court, Middle District of Alabama, case no. 02-CV-

1410, seeking a declaratory judgment incident to the rights, duties, status, and legal relations of the parties under the respective insurance policies and their liability incident to the judgment in Chambers County, Alabama.

7.   The court entered judgment, October 2, 2003, declaring that Travelers and Standard "had no duty to defend or indemnify the Debtors" for the judgment entered in Chambers County, Alabama.

8.   The United States District Court has since refused to set aside the instant judgment and consequently the Debtors will receive no indemnification from Travelers and Standard.

9.   On appeal to Alabama Supreme Court, Williford v. Emerton, 2004 WL 596165, Ala., March 26, 2004, the case was affirmed in part and remanded in part. The court remanded the case to the trial court, incident to the computation of damages and for that court to take such steps as necessary to enter an order in compliance with Hammond, Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986).

10. The Debtors filed a notice of removal, April 14, 2004, in the above-referenced action and the case has since been removed to the United States Bankruptcy Court for the Middle District of Alabama, adversary proceeding No. 04-08003, for compliance with the instructions of the Supreme Court of Alabama on the computation of damages.

11. The judgment, as it currently stands and as entered in Chambers County, represents a significant, secured creditor. The results of the adversary proceeding will ultimately determine the size and impact of this claim.

12. It is impossible to predict the outcome of the above-referenced case and effectively prepare an accurate disclosure statement and plan of reorganization when the plan must account for the presence or absence of all or a portion of a $383,000.00 debt.

13.  In re United Press International, Inc., 60 B.R. 265, 270 (Bankr.D.Colo.1986), the Court held that 'an extension of the exclusivity period was warranted where the debtor needed additional time to settle an "avalanche" of appeals and adversary proceedings'. An extension was granted because the Court found that the debtor acted with diligence throughout the proceedings and proposed a plan within a year of filing the petition. In fact, "In many much smaller cases involving far less complications, two or three years go by before the debtor is in a position to file a plan", In re United Press International, Inc., 60 B.R. at 270.

14. Any extension of the exclusivity period will not have a depletive effect on the assets of this bankruptcy estate, In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 410, E.D.N.Y.,1989.

15. Counsel for Debtors has attempted good faith, but unsuccessful, negotiations with counsel for the Emertons as well as counsel for Travelers and Standard before they were absolved from indemnity.

16. Debtors have dutifully filed monthly financial reports as required by the Bankruptcy Administrator.

17. The Debtors are current with their quarterly maintenance fees.

WHEREFORE, it respectfully requested that the court grant the Debtor the exclusive right to file a disclosure statement in 120 days, pending disposition of the adversary proceeding involving computation of damages. Debtors would also agree to a fast track in docketing and disposal of the instant adversary proceeding.

Respectfully submitted May 13, 2004.

MEMORY & DAY

By:    /S/ Von G. Memory
       Von G. Memory

- 3 -

ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtor

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on May 13,. 2004.

Teresa Richards Jacobs
U. S. Bankruptcy Administrator
1 Court Sq Ste 221
Montgomery, AL  36104-3538

/S/ Von G. Memory
OF COUNSEL

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 03-81486-WRS
                                                   Chapter 11

KENNEY WILLIFORD
CHARLOTTE WILLIFORD,

            Debtors

## ORDER SETTING HEARING

The motion filed by the debtors, on May 13, 2004, and designated SECOND MOTION TO EXTEND EXCLUSIVITY PERIOD, is set for telephonic hearing on Tuesday, June 15, 2004, at 9:00 a.m.

Objections to the motion must be made in writing stating the reason for the objection and filed in court on or before June 8, 2004.

**EACH PARTY DESIRING TO BE HEARD MUST FURNISH THE CLERK OF COURT, IN ADVANCE, A TELEPHONE NUMBER TO BE USED AND KEEP THE LINE OPEN AT LEAST ONE HOUR FOR THE HEARING. THE CASE WILL BE CALLED AS SOON AS POSSIBLE.**

*The moving party or counsel shall (1) give timely notice by mail to all parties in interest or to their attorneys of record, as provided by Fed. R. Bankr. Proc. 2002 or other appropriate Rule, by serving a copy of this order and the motion on each; and (2) file in court prior to the hearing date a certificate of service showing the names and addresses of the parties served. Failure to give such notice and file the certificate as required may result in dismissal of the motion.*

Done this 14th day of May, 2004.

                                        /s/ William R. Sawyer
                                        United States Bankruptcy Judge


c: Von G. Memory, Attorney for Debtors


Orders.14

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                                                Chapter 11
Charlotte and Kenneth Williford                                              Case No.: 03-81486
_____Debtor_____

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT
FOR THE PERIOD BEGINNING:    1-Apr-2004
AND ENDING:    30-Apr-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                                                YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                                                                     YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                                    YES
January through March 2004, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**                    YES

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                                                                                      YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.        YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.        YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                                                                YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                              YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                                                                        YES

BALANCE SHEET

For the period ending:          04/30/04

☐ Check here if Balance Sheet is attached.

ASSETS
1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $4,393.83 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $4,393.83 |

2. Securities                                                                    $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                                 $0.00

5. Inventory (Fair Market Value)                                    $0.00

6. Other Current Assets                                               $183,061.00

7. Prepaid Insurance                                                     $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                                    $3,650,000.00

**9. TOTAL ASSETS**                                                          $3,837,454.83


LIABILITIES          (include both pre- and post-petition debts)
1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $3,650,000.00 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | $3,650,000.00 | |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                                      $460,627.14

| | |
|---|---|
| 6. TOTAL LIABILITIES | $4,110,627.14 |
| EQUITY (Total Assets Less Total Liabilities) | ($273,172.31) |
| **7. TOTAL LIABILITIES & EQUITY** | $3,837,454.83 |

**INCOME STATEMENT**

For the period ending:          04/30/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $42,010.86 | |
| 2. Total Operating (Business) Expenses | $61,107.29 | |
| Net Operating Income | | ($19,096.43) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($19,096.43) |

Net revenue does not reflect previous balance of $23,566.26

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.          Payee:        Peoples Bank & Trust
        Amount paid this period:        $38,503.99          Check #:          1533
Y          Amount included in Expenses (item 2 or 4 on Income Statement)
Y          Adequate protection payment
        Stated adequate protection  payment amount        $19,078.00

2.          Payee:        Peoples Bank & Trust
        Amount paid this period:        $1,535.06          Check #: various
Y          Amount included in Expenses (item 2 or 4 on Income Statement)
  N          Adequate protection payment
        Stated adequate protection  payment amount        $0.00

3.          Payee:        SouthTrust Bank
        Amount paid this period:        $1,404.46          Check #:          1482
Y          Amount included in Expenses (item 2 or 4 on Income Statement)
  N          Adequate protection payment
        Stated adequate protection  payment amount        $0.00

4.          Payee:        Auburn
        Amount paid this period:        $413.81          Check #:          1481
Y          Amount included in Expenses (item 2 or 4 on Income Statement)
  N          Adequate protection payment
        Stated adequate protection  payment amount        $0.00

5.          Payee:        Agri-Credit
        Amount paid this period:        $145.59          Check #:          1480
Y          Amount included in Expenses (item 2 or 4 on Income Statement)
  N          Adequate protection payment
        Stated adequate protection  payment amount        $0.00

6.          Payee:
        Amount paid this period:        $0.00          Check #:
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
        Stated adequate protection  payment amount        $0.00

Additional payments made to secured creditors and lessors

7.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

8.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

9.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

10.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

11.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

12.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

13.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

14.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

15.        Payee: _____
                    Amount paid this period: _____ $0.00        Check #: _____
    Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
    Y    N    Adequate protection payment
                    Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $43,030.77

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    05/20/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL              36103
City                          State           Zip

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 20th        day of  May        2004

/S/ Von G. Memory
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                    Chapter 11
Charlotte and Kenneth Williford                                           Case No.: 03-81486
      Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:  1-May-2004
AND ENDING:  31-May-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:                YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                YES
January through March 2004, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                YES

5.  New books and records are opened and are current and are being maintained on an **accrual** basis.                YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.                YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.                YES

8.  The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                YES

10.  No professional fees have been paid except by order of the court.  If no, enter name of professional, date and amount paid.                YES

BALANCE SHEET

For the period ending:          05/31/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $5,241.62 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $5,241.62 |

2. Securities                                                     $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                         $0.00

5. Inventory (Fair Market Value)                           $0.00

6. Other Current Assets                                   $183,061.00

7. Prepaid Insurance                                         $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                          $3,650,000.00

**9. TOTAL ASSETS**                                                  $3,838,302.62

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $3,128,473.58 | |
| Post-petition | $0.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition        See Note 1 | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                     $460,627.14

6. TOTAL LIABILITIES                                                 $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)                     $249,201.90
**7. TOTAL LIABILITIES & EQUITY**                                    $3,838,302.62

**INCOME STATEMENT**

For the period ending:          05/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $43,035.32 | |
| 2. Total Operating (Business) Expenses | $42,116.03 | |
| Net Operating Income | | $919.29 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $919.29 |

Net revenue does not reflect previous balance of $23,566.26

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.
     Payee:     Peoples Bank & Trust
          Amount paid this period:     $18,817.98          Check #:          1584
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
Y     Adequate protection payment
          Stated adequate protection  payment amount          $19,078.00
     <span style="color:red">Amount reflects new note</span>

2.
     Payee:     Peoples Bank & Trust
          Amount paid this period:     $1,535.06          Check #: various
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
     N  Adequate protection payment
          Stated adequate protection  payment amount          $0.00

3.
     Payee:     SouthTrust Bank
          Amount paid this period:     $1,404.46          Check #:          1540
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
     N  Adequate protection payment
          Stated adequate protection  payment amount          $0.00

4.
     Payee:     Auburn
          Amount paid this period:     $413.81          Check #:          1541
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
     N  Adequate protection payment
          Stated adequate protection  payment amount          $0.00

5.
     Payee:     Agri-Credit
          Amount paid this period:     $145.59          Check #:          1542
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
     N  Adequate protection payment
          Stated adequate protection  payment amount          $0.00

6.
     Payee:
          Amount paid this period:     $0.00          Check #:
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount          $0.00

Additional payments made to secured creditors and lessors

7.    Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

8.    Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

9.    Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

10.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

11.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

12.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

13.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

14.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

15.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,316.90

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

Note 1 - This amount was incorrectly reported since March 2004 and has been adjusted back to the previous amount

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    06/21/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

| Montgomery | AL | 36103 |
|---|---|---|
| City | State | Zip |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this    21st    day of    June    2004

/S/ Von G. Memory
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **KENNEY WILLIFORD, and** ) | |
| **CHARLOTTE WILLIFORD,** ) | |
| **Debtors.** ) | |
| ——————————————— ) | **Case No. 03-81486** |
| ) | **Chapter 11** |
| **SCOTT EMERTON,** ) | |
| **KRISTI EMERTON,** ) | |
| **Creditors,** ) | |

**EMERGENCY MOTION FROM RELIEF OF STAY**

**COMES NOW** the above named Creditors, Scott Emerton and wife, Kristi

Emerton (hereinafter "Emertons") by and through their attorney of record, Charles G.

Reynolds Jr., and shows this Court the following:

**1.**    On to wit, June 16, 2004, the Debtors (hereinafter "Willifords") filed a

"Petition for Writ of Mandamus" with the Alabama Supreme Court.  The parties have a

case on appeal, and the Petition addresses ancillary matters relating to the appeal.

**2.**    On July 1, 2004, Alabama Supreme Court responded to the Petition for

Mandamus, and issued an Order instructing the Emertons to Answer the Petition within

fourteen (14) days from the date of its Order.   A copy of the Court's Order is attached

hereto as Exhibit "**A**".

**3.**   The Emertons have until July 15, 2004 to response to the Petition for Writ of

Mandamus.

**4.**   The possibility exist, that the Emertons will suffer irreparable damage if they

are not allowed to respond to the Debtors' Petition for Writ of Mandamus.

**5.**   Emertons request ex parte relief pursuant 11 U.S.C. § 362 (f), or in the

alternative for an expedited hearing.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, the Emertons herein pray

that this Honorable Court will lift stay, and allow the Emertons and the Alabama

Supreme Court to proceed with the appeal process to a final adjudication.

This the 6th day of July 2004.

s/Charles G. Reynolds Jr.
Charles G. Reynolds Jr.
Attorney for Emertons
Bar I.D. No. ASB 3216-075C
P.O. Box 367
Lanett, AL   36863
Phone: (334) 644-3042

## CERTIFICATE OF SERVICE

I hereby certify that I electronically mailed or mailed, postage prepaid and
properly addressed, an exact copy of the above to the following this the 6th day of July
2004.

Bankruptcy Administrator
One Church Street
Montgomery, AL   36104

Von G. Memory
P.O. Box 4054
Montgomery, Al 36101

s/ Charles G. Reynolds Jr.
Charles G. Reynolds Jr.
Attorney for Emertons

IN THE SUPREME COURT OF ALABAMA
July 1, 2004

1031420

Ex parte Charlotte Williford and Kenneth Williford.    PETITION
FOR WRIT OF MANDAMUS: CIVIL    (In re: Scott Emerton et al. v.
Kenny Williford et al.)    (Chambers Circuit Court: CV-00-73).

ORDER

The petition of Charlotte Williford and Kenneth Williford
for a writ of mandamus to be directed to the Honorable Tom F.
Young, Jr., Judge of the Circuit Court of Chambers County,
having been filed and submitted to the Court,

IT IS ORDERED, as follows:

1.  That the respondents, Judge Tom F. Young, Jr., and
Scott Emerton et al., file with the Clerk of this Court their
answers to the said petition, a copy of which appears to have
been served on them, or their attorneys, on June 16, 2004,
with briefs in support of said answers, within fourteen (14)
days from the date of this order; and

2.  That the petitioners shall file a brief in reply to
respondents' answers and briefs within seven (7) days from the
date of service of respondents' answers and briefs.

IT IS FURTHER ORDERED that the Clerk of this Court shall
serve a copy of this order upon all parties to this cause, or
their attorneys of record, by mailing a copy thereof to them
by United States mail, postage prepaid.

Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ.,
concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 1st day of July, 2004

Robert D Esdale Sr.
Clerk, Supreme Court of Alabama



JUL 2004
RECEIVED

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                                          Chapter 11
Charlotte and Kenneth Williford                                                 Case No.: 03-81486
_____
          Debtor

**CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT**

FOR THE PERIOD BEGINNING:    1-Jun-2004
AND ENDING:    30-Jun-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    YES

_____

_____

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                                    YES

_____

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                    YES
April through June 2004, $750.00 (filed July 20, 2004)
_____

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**      YES

_____

_____

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                                                      YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.   YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.    YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                                         YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                 YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                                              YES

_____

_____

BALANCE SHEET

For the period ending:                    06/30/04

☐ Check here if Balance Sheet is attached.

ASSETS
1. Cash
    Pre-petition bank accounts        $0.00
    DIP General/business account    $6,035.79
    DIP Payroll account         $0.00
    DIP Tax account           $0.00
    Other (including Cash on Hand)    $0.00
        Sub-total Cash            $6,035.79

2. Securities                    $0.00

3. Accounts Receivable
    Pre-petition             $0.00
    Post-petition           $0.00
        Sub-total Accounts Receivable    $0.00

4. Office Supplies and Equipment      $0.00

5. Inventory (Fair Market Value)       $0.00

6. Other Current Assets         $183,061.00

7. Prepaid Insurance            $0.00

8. Long Term Assets ( including real property, heavy
    equipment, vehicles, etc. )     $3,650,000.00

**9. TOTAL ASSETS**          $3,839,096.79


LIABILITIES    (include both pre- and post-petition debts)
1. Accounts Payable
    Pre-petition             $0.00
    Post-petition           $0.00
        Sub-total Accounts Payable     $0.00

2. Short Term Notes Payable
    Pre-petition             $0.00
    Post-petition           $0.00
        Sub-total Short Term Notes Payable    $0.00

3. Long Term Notes Payable
    Pre-petition        $3,128,473.58
    Post-petition           $0.00
        Sub-total Long Term Notes Payable  $3,128,473.58

4. Taxes Payable
    Pre-petition             $0.00
    Post-petition           $0.00
        Sub-total Taxes Payable      $0.00

5. Other Liabilities         $460,627.14

6. TOTAL LIABILITIES        $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)   $249,996.07
**7. TOTAL LIABILITIES & EQUITY**    $3,839,096.79

**INCOME STATEMENT**

For the period ending:                06/30/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $42,528.12 | |
| 2. Total Operating (Business) Expenses | $41,663.83 | |
| Net Operating Income | | $864.29 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $864.29 |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.              Payee:      Peoples Bank & Trust
               Amount paid this period:      $18,817.98          Check #:          1679
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
Y     Adequate protection payment
      Stated adequate protection  payment amount      $19,078.00
      <span style="color:red">Amount reflects new note</span>

2.              Payee:      Peoples Bank & Trust
               Amount paid this period:      $1,535.06          Check #: various
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

3.              Payee:      SouthTrust Bank
               Amount paid this period:      $1,404.46          Check #:          1637
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

4.              Payee:      Auburn
               Amount paid this period:      $413.81          Check #:          1639
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

5.              Payee:      Agri-Credit
               Amount paid this period:      $145.59          Check #:          1640
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

6.              Payee:
               Amount paid this period:      $0.00          Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

Additional payments made to secured creditors and lessors

7.        Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

8.        Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

9.        Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

10.       Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

11.       Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

12.       Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

13.       Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

14.       Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

15.       Payee: _____
            Amount paid this period: _____ $0.00         Check #: _____

Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,316.90

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:   07/20/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                         AL              36103
City                                       State           Zip

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 20th            day of  July          2004

/S/ Von G. Memory
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                          Chapter 11
Charlotte and Kenneth Williford                                Case No.: 03-81486
     Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:   1-Jul-2004
AND ENDING:   31-Jul-2004

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:           YES

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:           YES

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:        YES
April through June 2004, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**        YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.        YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.        YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.        YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.        YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.        YES

10. No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.        YES

**BALANCE SHEET**

For the period ending:          07/31/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $4,234.49 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $4,234.49 |

2. Securities          $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment          $0.00

5. Inventory (Fair Market Value)          $0.00

6. Other Current Assets          $183,061.00

7. Prepaid Insurance          $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )          $3,650,000.00

**9. TOTAL ASSETS**          $3,837,295.49

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition **Note 1** | $2,844,872.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities          $460,627.14

6. TOTAL LIABILITIES          $3,589,100.72

EQUITY (Total Assets Less Total Liabilities)          $248,194.77

**7. TOTAL LIABILITIES & EQUITY**          $3,837,295.49

INCOME STATEMENT

For the period ending:          07/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $45,515.40 | |
| 2. Total Operating (Business) Expenses | $47,232.70 | |
| Net Operating Income | | ($1,717.30) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($1,717.30) |

**Note 1 - Amount reflects rollover of note that matured March 2004 and approved by the court**

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.          Payee:          Peoples Bank & Trust
Amount paid this period:          $18,817.98          Check #:          1726
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
Y     Adequate protection payment
Stated adequate protection  payment amount          $19,078.00
**Amount reflects new note**

2.          Payee:          Peoples Bank & Trust
Amount paid this period:          $1,534.66          Check #: various
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
N     Adequate protection payment
Stated adequate protection  payment amount          $0.00

3.          Payee:          SouthTrust Bank
Amount paid this period:          $1,404.46          Check #:          1723
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
N     Adequate protection payment
Stated adequate protection  payment amount          $0.00

4.          Payee:          Auburn
Amount paid this period:          $413.81          Check #:          1722
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
N     Adequate protection payment
Stated adequate protection  payment amount          $0.00

5.          Payee:          Agri-Credit
Amount paid this period:          $145.59          Check #:          1721
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
N     Adequate protection payment
Stated adequate protection  payment amount          $0.00

6.          Payee:
Amount paid this period:          $0.00          Check #:
Y     N     Amount included in Expenses (item 2 or 4 on Income Statement)
Y     N     Adequate protection payment
Stated adequate protection  payment amount          $0.00

Additional payments made to secured creditors and lessors

7.        Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

8.        Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

9.        Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

10.       Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

11.       Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

12.       Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

13.       Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

14.       Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

15.       Payee: _____
           Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection  payment amount  _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**      _____ $22,316.50

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    08/23/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

| Montgomery | AL | 36103 |
|---|---|---|
| City | State | Zip |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing report has this date been served on all the parties listed below and the bankruptcy administrator by placing a copy of the same in the United States mail with sufficient postage prepaid.

Done this 23th    day of  August    2004

/S/ Von G. Memory
Signature

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court,

creditors, or parties in interest and can be requested from the Debtor-in-Possession.

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF ALABAMA

In re                                             Case No. 03-81486-WRS
                                                  Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

      Debtors

SCOTT EMERTON and
KRISTI EMERTON,

      Plaintiffs                        Adv. Pro. No. 04-8003-WRS

   v.

KENNETH WILLIFORD and
CHARLOTTE TERESA WILLIFORD,

      Defendants

### ORDER GRANTING IN PART AND DENYING IN PART
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### FILED BY SCOTT EMERTON AND KRISTI EMERTON

      This bankruptcy case came before the Court upon the motion for relief from the

automatic stay which was filed by Scott Emerton and Kristi Emerton. (Doc. 91). For the reasons

set forth in the Court's Memorandum Decision entered this date in Adversary Proceeding

04-8003, this motion is GRANTED, IN PART, as follows:

      (a) The automatic stay in this case is annulled to the extent of proceedings which have

heretofore taken place, including the Alabama Supreme Court's decision dated March 26, 2004,

and the Circuit Court's decision dated May 7, 2004.

      (b) The automatic stay is modified to permit the Alabama Courts to take all action

necessary to complete its review of the judgment of the Circuit Court for Chambers County

entered in Case No. CV-00-073.  This shall include any action taken by the Alabama Supreme Court to review any action taken by the Circuit Court and any proceedings in the Circuit Court of Chambers County on or after remand, except those proceedings which are stayed pursuant to paragraph (c) below.

(c) The automatic stay shall remain in effect to the extent that no action to collect upon any judgment which presently exists or which ultimately becomes final at some time in the future, shall be permitted, including any act to record, attach or perfect any judgment lien.

Done this 26th day of August, 2004.


/s/ William R. Sawyer
United States Bankruptcy Judge


c: Charles G. Reynolds Jr., Attorney for Plaintiffs
   Von G. Memory, Attorney for Defendants

2

Form No. 3 (Pg. 1)

| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Charlotte Teresa WILLIFORD and Kenneth WILLIFORD,    Joint Debtors | Mr. Kenneth L. FUNDERBURK, Esq., Mr. Thomas F. WORTHY, Esq., and FUNDERBURK, DAY & LANE, P.C. |

**FILED**

**SEP 1 3 2004**

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (if Known) |
|---|---|
| William R. Murray, Esq.        (205) 339-7080 Murray Lane. Northport, AL 35475-4235 | |

| **PARTY** (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☑ 3 U.S. NOT A PARTY |
|---|---|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint brought under authority of 28 U.S.C. 157;  Complaint for various forms of fraud, conspiracy to defraud, breach of contract, conspiracy to breach contract, and violation of fiduciary duties, all brought pursuant to the "Alabama Legal Services Liability Act," Alabama Code 1975 sections 6-5-570 et seq.

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 454  To Recover Money or Property | ☐ | 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ | 456  To obtain a declaratory judgment relating to any of foregoing causes of action | | |
| ☐ | 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ | 426  To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ | 459  To determine a claim or cause of action removed to a bankruptcy court | | |
| ☐ | 457  To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434  To obtain an injunction or other equitable relief | ☑ | 498  Other (specify) | | |
| ☐ | 424  To object or to revoke a discharge 11 U.S.C. §727 | ☐ | 458  To subordinate any allowed claim or interest except where such subordination is provided in a plan | | Malpractice claim against attorney | | |

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS  A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 1732 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Kenneth and Charlotte Williford | BANKRUPTCY CASE NO. 03-81486-WRS | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Middle | DIVISIONAL OFFICE Eastern | NAME OF JUDGE William R. Sawyer |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING **NO.** |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only.) | ☑ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE September 20, 2004 | PRINT NAME William R. Murray, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

IN THE UNITEED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**FILED**

**SEP 1 3 2004**

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| In re: | ) | |
| **Charlotte T. WILLIFORD** and | ) | Case No: <u>03-81486-W</u> |
| **Kenneth WILLIFORD,** | ) | |
| Debtors ) | | **Chapter 11** |

| | | |
|---|---|---|
| | ) | |
| **Charlotte T.  WILLIFORD** and | ) | |
| **Kenneth WILLIFORD,** | ) | **Adversary Proceeding** |
| Plaintiffs ) | | |
| v. | ) | No.  AP-04-_____ |
| **Mr. Kenneth L. FUNDERBURK, Esq.,** | ) | |
| **Mr. Thomas F. WORTHY, Esq., and** | ) | |
| **FUNDERBURK, DAY & LANE,  P.C.** | ) | |
| | ) | |

## COMPLAINT FOR VARIOUS FORMS OF FRAUD, FOR CONSPIRACY TO  DEFRAUD, FOR BREACH OF CONTRACT, FOR CONSPIRACY TO BREACH CONTRACT, FOR VIOLATIONS OF FIDUCIARY DUTIES , AND FOR WANTONNESS

### Table of Contents

| Part | Description | Page |
|---|---|---|
| A. | Jurisdiction | 2 |
| B. | Identification of the Parties | 2 |
| C. | Facts and Allegations Common to All Counts | 3 |
| D. | Count 1: Fraud | 11 |
| E. | Count 2: Breach of Contract | 13 |
| F. | Count 3: Conspiracy to Defraud | 15 |
| G. | Count 4: Conspiracy to Breach Contract | 16 |
| H. | Count 5: Violations of Fiduciary Duties | 17 |
| I. | Count 6: Wantonness | 18 |
| J. | Certificate of Service of Summons & Complaint | 19 |

**Page 1 of 19**

**Part A:**  <u>**Statement of Jurisdiction:**</u>

A-1.   This Court has jurisdiction of this Adversary Proceeding by virtue of 28 U.S.C. § 1334.

A-2.   This is a "core" proceeding, so jurisdiction is conferred by 28 U.S.C. § 157.

A-3.   All of the events underlying this litigation occurred within the geographical limits of This Court's jurisdiction.

**Part B:**  <u>**Identification of the Parties:**</u>

B-1.   Plaintiffs Charlotte and Kenneth WILLIFORD ("the WILLIFORDS") were wife and husband at all times pertinent to the facts underlying this litigation, and at all times pertinent hereto resided within the geographical limits of This Court's jurisdiction.  They were the clients of Defendants at all times pertinent to this litigation.

B-2.   Defendant attorney Mr. Kenneth L. FUNDERBURK ("attorney FUNDERBURK") and Mr. Thomas F. WORTHY ("attorney WORTHY") are now, and at all times pertinent to this litigation have been, associates or

partners in Defendant FUNDERBURK, DAY & LANE, P.C." ("LAW FIRM") located within the geographical limits of This Court's jurisdiction.

## Part C:      Facts and Allegations Common to All Counts

C-1.  During 2000, plaintiffs Ms. Charlotte WILLIFORD and Mr. Kenneth WILLIFORD ('the WILLIFORDS") retained Mr. Kenneth L. FUNDER-BURK ("attorney FUNDERBURK") to defend them in Civil Action No. CV-00-073, styled Emerton et al. v. Williford et al., ("the LAWSUIT") in the Circuit Court for Chambers County, Alabama.

C-2.  The LAWSUIT was primarily concerned with allegations that the WILLIFORDS had breached their contract with the Emertons and had wrongfully ejected them from a mobile home which the Emertons were renting or purchasing from the WILLIFORDS.

C-3.  The LAWSUIT was, therefore, not especially complex.  It had only 4 Counts:  Outrageous Conduct, Breach of Contract, Conversion, and Wrongful Ejectment.

C-4.  At the time the WILLIFORDS retained attorney FUNDERBURK, he had been in practice more than thirty five (35) years, and had handled a substantial number of civil actions.

C-5.  At the time the WILLIFORDS retained attorney FUNDERBURK, and continuously since that time, attorney FUNDERBURK  has been a managing partner or associate of the law firm of Defendant FUNDERBURK, DAY & LANE, P.C. ("the LAW FIRM") located in Phenix City, Alabama.

C-6.   In exchange for attorney FUNDERBURK's promise to represent the WILLIFORDS in a manner consistent with the standard of care expected in the legal community, the WILLIFORDS paid a substantial amount of money to Defendants FUNDERBURK and the LAW FIRM during the time beginning when they retained attorney FUNDERBURK and the date of the Jury Trial of the LAWSUIT.

C-7.  The WILLIFORS reasonably and justifiable relied upon attorney FUNDERBURK's representations that he was properly preparing their defense in the LAWSUIT.

C-8.  However, and unknown to the WILLIFORDS, Defendant attorney FUNDERBURK was not preparing to defend them in the LAWSUIT.

C-9.  Unknown to the WILLIFORDS, and not disclosed to them, attorney FUNDERBURK had decided not to conduct any extensive Discovery in preparation for the WILLIFORD's defense, and did not even conduct any Depositions of the Emertons or any other person knowledgeable of the facts in the LAWSUIT.

C-10.  Without obtaining the informed consent of the WILLIFORDS, attorney FUNDERBURK planned not to select the Jury in the LAWSUIT, instead retaining another attorney, Ms. Susan K. Harmon of Lafayette, Alabama, to perform the *voir dire* and Jury selection.

C-11.  Defendant attorney FUNDERBURK, without disclosing any of the facts to the WILLIFORDS, knew that attorney Harmon had less than a year of experience, had never conducted the defense of a civil case, did not know the facts of the LAWSUIT, and was not prepared to properly select a Jury, and did not know that attorney FUNDERBURK was "setting her up" to try the LAWSUIT itself.

C-12.  Further, attorney FUNDERBURK did not disclose to the WILLI-FORDS that he planned to have Ms. Harmon, an inexperienced and unqualified attorney, conduct, not only the *voir dire*, but also the Jury Trial itself.

C-13.  In addition to attorney Harmon, attorney FUNDERBURK sent one of his associates from the Defendant LAW FIRM, attorney Thomas F. WORTHY ("attorney WORTHY") to conduct the defense of the WILLIFORDS, along with attorney Harmon.

C-14.  Defendant attorney FUNDERBURK knew, but did not disclose to the WILLIFORDS, that Defendant attorney WORTHY had just slightly more experience than attorney Harmon, and was, in general, both unqualified and unprepared to defend the WILLIFORDS in the LAWSUIT.

C-15.  At the time he sent attorney Harmon and defendant attorney WORTHY to the Chambers County Court House, Defendant attorney FUNDERBURK knew, but did not disclose to his clients the WILLIFORDS, that he was sending two unqualified and unprepared junior attorneys to defend them in the LAWSUIT.

C-16.  Long before the Jury Trial started, Defendant attorney FUNDER-

BURK knew that the Plaintiffs' (the Emertons') attorney, Mr. Charles G.

Reynolds, was an experienced litigator with almost twenty (20) years'

experience, and that neither attorney Harmon nor Defendant attorney

WORTHY would be able to withstand his litigation expertise.

C-17.  The Jury Trial was called for September 16, 2002.

C-18.  Defendant attorney FUNDERBURK did not even properly prepare the

WILLIFORDS for being ready for the Jury Trial of the LAWSUIT; when it

was called for trial, they were given only about an hour's warning.  Both of

the WILLIFORDS were miles away and had to rush to the Chambers County

Court House.  In fact, Mr. Kenneth WILLIFORD was so far away that, even

traveling as fast as he could, he arrived at the Court House late.

C-19.  Defendant attorney FUNDERBURK himself did not even come to the

court house for the LAWSUIT, but let the WILLIFORD's fate hang on the

inexperience and unpreparedness of attorneys Harmon and WORTHY.

C-20.  Prior to the beginning of the Jury Trial of the LAWSUIT, Mr.

WILLIFORD specifically told attorney WORTHY that he not been retained

by the WILLIFORDS, that he was not to try to represent them or otherwise

act on their behalf, and that he must get attorney FUNDERBURK to the court

house immediately.

C-21.  In spite of the WILLIFORDS' remonstrations, Defendant attorney

WORTHY refused to step aside and he then continued to defend the

WILLIFORDS against their will.

C-22.   At the start of the Jury Trial, Attorney Harmon, when she noticed that

attorney FUNDERBURK had not arrived, objected to the absence of attorney

FUNDERBURK and asked for a continuance of the case, but was overruled

by the Trial Judge.

C-23.  Defendant attorney WORTHY made no substantial effort to require

either the presence of his "boss," attorney FUNDERBURK, or to force a

continuance of  the LAWSUIT.

C-24.  Defendant attorney WORTHY knew he was not prepared for trial,

knew that  he was not authorized to represent the WILLIFORDS, and knew

that he lacked the experience and ability to defend them, and yet went

forward with the Jury Trial.

C-25.  *Voir dire* began on the morning of September 16, 2002.  Attorney Harmon performed the *voir dire* and she and attorney WORTHY selected the Jury.

C-26.  Defendant attorney FUNDERBURK had so utterly failed to prepare for the LAWSUIT that he had not even subpoenaed necessary defense witnesses and had not even placed their names on the listings required to be submitted by the parties' attorneys.  Thus, the WILLIFORDS did not have a single witness to testify on their behalf.

C-27.  Further, the Trial Judge let it be known that he expected the trial to be concluded the same day (Sept. 16, 2002).  Defendant attorney WORTHY did not raise any strenuous objection to such a biasing remark.

C-28.  Attorney Harmon, unprepared and inexperienced, conducted the entire portion of the Jury Trial during which the Emertons testified.

C-29.  The Jury Trial was concluded in the afternoon of September 16, 2002, and the Jury reached its verdict around 5:30 P.M.

C-30.  The Jury's verdict contained a large finding of compensatory damages and an almost unbelievable determination of punitive damages.  Of the four

(4) counts originally asserted by the Emertons, two resulted in awards adverse to the WILLIFORDS, as follows:

| Count | Damages against WILLIFORDS | |
|---|---|---|
| Breach of Contract ............... | $ 25,000 | Compensatory |
| Wrongful Eviction ............... | $ 8,000 | Compensatory and |
| | $ 350,000 | Punitive |

===========================

Total Verdict:  $ 383,000

C-31.  The verdict from the LAWSUIT required the WILLIFORDS to expend a substantial sum of money filing and maintaining a Voluntary Petition in Bankruptcy (BK-03-81486-11-WRS) in the U.S. Bankruptcy Court for the Middle District of Alabama, Eastern Division.  In addition, they have suffered a great amount of mental and emotional stress as a result of the Defendants' acts and omissions.

**Part D:**                    **Count #1:  <u>Fraud</u>**

**D-1.**  All of the "Facts and Allegations Common to All Counts," stated above in paragraphs C-1 through C-31 inclusive, are hereby incorporated by reference into this Count as though fully set forth herein.

**D-2.**  The WILLIFORDS allege that the acts and omissions of the Defendants constitute various forms of fraud.

**D-3.**  The WILLIFORDS allege that the acts and omissions of the Defendants constitute fraudulent suppression, in that the Defendants, retained by the WILLIFORDs to protect their interests, had an affirmative duty to disclose to the WILLIFORDS that they were not properly preparing their defense to the LAWSUIT.

**D-4.**  The WILLIFORDS allege that the acts and omissions of the Defendants constitute misrepresentation, in that Defendant attorney FUNDERBURK misrepresented to them that he was properly preparing their defense to the lawsuit, when in fact he knew that he was not doing so.

**D-5.**  The WILLIFORDS allege that the acts and omissions of the Defendants constitute promissory fraud, in that they promised to properly prepare and to

**Page 11 of 19**

prosecute the WILLIFORD's defense to the LAWSUIT, when in fact the Defendants had no such intention and knew that their promise was fraudulently made.

D-6.  The WILLIFORDS allege that the acts and omissions of the Defendants constitute legal fraud, in that the Defendants either did not intend to carry out their duties at the time they made their commitment to defend the WILLI-FORDS, or later decided not to properly defend the WILLIFORDS without disclosing their changed intentions.

D-7.  The WILLIFORDS contend that the frauds by the Defendants have proximately required them to become liable for a considerable amount of money, have required that they expend a substantial amount of money in filing bankruptcy and other legal proceedings, and have caused them to be subject to extraordinary mental and emotional stress.

D-8.  The WILLIFORDS allege that, while Defendant attorney FUNDER-BURK is most basically liable for the various frauds inherent in the acts and omission complained of, Defendant attorney WORTHY is also liable, as a member of the LAW FIRM, as an associate of defendant FUNDERBURK, and as the only attorney from the LAW FIRM present at the Jury Trial, for

Page 12 of 19

having failed to prevent the acts and omissions which occurred both before and during the trial.

D-9.  The WILLIFORDS allege that the Defendant LAW FIRM is also liable for the fraudulent acts and omission of Defendant FUNDERBURK, who was and is a full partner of the LAW FIRM.

D-10.  For the frauds by the Defendants, the WILLIFORS ask for compensatory damages in the amount of Five Hundred Eighty Three Thousand Dollars ($583,000).

D-11.  In addition, the WILLIFORDS ask for punitive damages in the amount of One Million One Hundred Thousand Forty Nine Dollars ($1,149,000).

Part E:          Count #2:  Breach of Contract

E-1.  All of the "Facts and Allegations Common to All Counts," stated above in paragraphs C-1 through C-31 inclusive, are hereby incorporated by reference into this Count as though fully set forth herein.

Page 13 of 19

E-2.  The WILLIFORDS allege that, by retaining Defendant FUNDERBURK and the LAW FIRM, a contract came into existence between and among themselves, attorney FUNDERBURK, and the LAW FIRM.

E-3.  The WILLIFORDS allege that the acts and omissions of Defendants FUNDERBURK and the LAW FIRM constitute breaches of that contract.

E-4.  The WILLIFORDS allege that, by entering the courtroom and refusing to step aside when Plaintiff Mr. WILLIFORD objected to his representation, Defendant attorney WORTHY voluntarily and affirmatively allowed and permitted a breach of the contract between the WILLIFORDS and the LAW FIRM of which he was and is a member.

E-5.  The WILLIFORDS allege that the Defendants' various breaches of their contract with the Defendants have proximately caused them substantial economic injury as well as a great deal of mental and emotional stress.

E-6.  For the Defendants' breaches of contract, the WILLIFORDS request compensatory damages in the amount of Five Hundred Eighty Three Thousand Dollars ($583,000).

## Part F:        Count #3:  <u>Conspiracy to Defraud</u>

**F-1.  All of the "Facts and Allegations Common to All Counts," stated above in paragraphs C-1 through C-31 inclusive, are hereby incorporated by reference into this Count as though fully set forth herein.**

**F-2.   The WILLIFORDS allege that the acts and omissions of the Defendants constitute a "Conspiracy to Defraud."**

**F-3.   The WILLIFORDS allege that the defendants' conspiracy to defraud has proximately caused them substantial economic injury as well as a great deal of mental and emotional stress.**

**F-4.  For the Defendants' conspiracy to defraud,  the WILLIFORS ask for compensatory damages in the amount of Five Hundred Eighty Three Thousand Dollars ($583,000).**

**F-5.  In addition, the WILLIFORDS ask for punitive damages in the amount of  One Million One Hundred Thousand Forty Nine Dollars ($1,149,000).**

Part G:        Count #4:  <u>Conspiracy to</u> <u>Breach Contract</u>

G-1. All of the "Facts and Allegations Common to All Counts," stated above in paragraphs C-1 through C-31 inclusive, are hereby incorporated by reference into this Count as though fully set forth herein.

G-2.  The WILLIFORDS allege that the acts and omissions of the Defendants constitute a "Conspiracy to Breach Contract."

G-3.  The WILLIFORDS allege that the defendants' conspiracy to breach their contract with the WILLIFORDS has proximately caused the WILLI-FORDS  substantial economic injury as well as a great deal of mental and emotional stress.

G-4.  For the Defendants' conspiracy to breach their contract with the WILLIFORDS,  the WILLIFORS ask for compensatory damages in the amount of Five Hundred Eighty Three Thousand Dollars ($583,000).

G-5.  In addition, the WILLIFORDS ask for punitive damages in the amount of  One Million One Hundred Thousand Forty Nine Dollars ($1,149,000).

**Part H:**        **Count #5:**  <u>**Violations of Fiduciary Duties**</u>

**H-1.** All of the "Facts and Allegations Common to All Counts," stated above in paragraphs C-1 through C-31 inclusive, are hereby incorporated by reference into this Count as though fully set forth herein.

**H-2.** The WILLIFORDS allege that the acts and omissions of the Defendants constitute vkiolatons of their respective fiduciary duties.

**H-3.** The WILLIFORDS allege that the defendants' violations of their fiduciary duties to the WILLIFORDS have proximately caused the WILLI-FORDS  substantial economic injury as well as a great deal of mental and emotional stress.

**H-4.** For the Defendants' conspiracy to breach their contract with the WILLIFORDS,  the WILLIFORSS ask for compensatory damages in the amount of Five Hundred Eighty Three Thousand Dollars ($583,000).

**H-5.** In addition, the WILLIFORDS ask for punitive damages in the amount of  One Million One Hundred Thousand Forty Nine Dollars ($1,149,000).

**Page 17 of 19**

Part I:                      Count 6:  <u>Wantonness</u>

I-1.  All of the "Facts and Allegations Common to All Counts," stated above in paragraphs C-1 through C-31 inclusive, are hereby incorporated by reference into this Count as though fully set forth herein.

I-2.  The WILLIFORDS allege that the acts and omissions of the Defendants constitute wantonness, in that the Defendants acted with deliberate disregard of the WILLIFORD's rights, and with the knowledge that their acts and omissions would cause damage to the WILLIFORDS' interests.

I-3.  The WILLIFORDS allege that the Defendants' wantonness has proximately caused them substantial economic injury and a great deal of mental and emotion stress.

I-4.  For the Defendants' wantonness, the WILLIFORSS ask for compensatory damages in the amount of Five Hundred Eighty Three Thousand Dollars ($583,000).

I-5.  In addition, the WILLIFORDS ask for punitive damages in the amount of  One Million One Hundred Thousand Forty Nine Dollars ($1,149,000).

**Part J:**    **Certificate of Service of Summons and Complaint**

I-1.  I hereby certify that, on September 13, 2004, I caused service of this

Complaint, and its accompanying Summons, to be effected by First Class

mail, all postage and fees prepaid, directed to the Defendants, as follows:

<u>To Defendant FUNDERBURK</u>:
      Mr. Kenneth L. Funderburk, Esq,
      Funderburk, Day & Lane, P.C.,
      P.O. Box 1268
      Phenix City, AL  36868-1268

<u>To Defendant WORTHY</u>:
      Mr. Thomas F. Worthy, Esq,
      Funderburk, Day & Lane, P.C.,
      P.O. Box 1268
      Phenix City, AL  36868-1268

<u>To Defendant FUNDERBURK, DAY, & LANE, P.C.</u>:
      Funderburk, Day & Lane, P.C.,
      P.O. Box 1268
      Phenix City, AL  36868-1268

Filed by:

William R. Murray
Plaintiffs' Attorney

William R. Murray
Attorney at Law
Murray Lane
Northport, AL 35475-4235
(205) 339-7080
Bar ID:  ASB-1931-A64W

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

   Debtors.

**Case No. 03-81486-WRS**

**Chapter 11**

---

**THIRD MOTION TO EXPAND THE TIME TO FILE DISCLOSURE
STATEMENT AND PLAN AND MOTION TO EXPAND THE DEBTOR'S
EXCLUSIVITY OR RIGHT TO FILE PLAN, 11 U.S.C. § 1121(d)**

1.  CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,

("DEBTORS") filed a petition for an order of relief under Chapter 11, Title 11 of the <u>United

States</u> <u>Bankruptcy</u> <u>Code</u>, October 3, 2003.

2.  Under previous orders and notices, the Debtor was required to file a disclosure

statement and plan on or before January 30, 2004.

3.  Under 11 U.S.C. § 1121(b), the Debtor has the exclusive right to file a plan for 120

days after the petition for an order of relief.

4.  Debtors have previously moved the court to extend the exclusivity period, January 30,

2004 (ECF Doc. 52) and said motion was granted, March 10, 2004 (ECF Doc. 65). The new

deadline to file a plan and disclosure was May 15, 2004. A second motion was filed to extend the

exclusivity period, May 13, 2004 (ECF Doc. 82) and that motion was granted, June 16, 2004

(ECF Doc. 87). The deadline was then extended to September 15, 2004.

5.  The Debtors are subject to a judgment rendered in the state court of Chambers

County, Alabama, <u>Scott Emerton, et al, v. Kenney Williford and Charlotte Williford</u>, case

number CV 00-073, in the principal amount of $383,000.00.

6.  On appeal to Alabama Supreme Court, <u>Williford</u> <u>v.</u> <u>Emerton,</u> 2004 WL 596165, Ala., March 26, 2004, the case was affirmed in part and remanded in part. The court remanded the case to the trial court, incident to the computation of damages and for that court to take such steps as necessary to enter an order in compliance with <u>Hammond</u> <u>v.</u> <u>City</u> <u>of</u> <u>Gadsden</u>, 493 So.2d 1374 (Ala. 1986).

7.  On May 7, 2004, the Circuit Court of Chambers County entered an order denying post trial relief. However, this order was entered after the suggestion of bankruptcy was filed in the Circuit Court of Chambers County. Moreover, the Debtors aver that the Circuit Court of Chambers County failed to comply with the opinion and order from the Alabama Supreme Court and further in that the Circuit Court of Chambers County failed to follow <u>Hammond</u> <u>v.</u> <u>City</u> <u>of</u> <u>Gadsden</u>.

8.  A petition for a writ of mandamus has been filed with the Alabama Supreme Court asking the Supreme Court to compel the Circuit Court of Chambers County to fully comply with the instant opinion and order, and the requirements of <u>Hammond</u>, Case Number 1031420.

9.  The United States Bankruptcy Court for the Middle District of Alabama lifted the stay, August 8, 2004 (ECF Doc. 102), to allow the Alabama Supreme Court to rule on the writ of mandamus and allow the Alabama courts to finalize the instant judgment.

10. The judgment, as it currently stands and as entered in Chambers County, represents a significant, unsecured creditor. The results of t<u>he Hammo</u>nd hearing will ultimately determine the size and impact of this claim.

11. It is impossible to predict the outcome of the above-referenced hearing and effectively prepare an accurate disclosure statement and plan of reorganization when the plan must account for the presence or absence of all or a portion of a $383,000.00 debt.

12. In addition, the Debtors have filed an adversary proceeding against the law firm, Funderburk, Day & Lane, September 13, 2004 (ECF Doc. 107) that represented them in the civil case in Chambers County. It is the Debtors' belief that a recovery will be awarded in this adversary proceeding.

13. In re United Press International, Inc., 60 B.R. 265, 270 (Bankr.D.Colo.1986), the Court held that 'an extension of the exclusivity period was warranted where the debtor needed additional time to settle an "avalanche" of appeals and adversary proceedings'. An extension was granted because the Court found that the debtor acted with diligence throughout the proceedings and proposed a plan within a year of filing the petition. In fact, "In many much smaller cases involving far less complications, two or three years go by before the debtor is in a position to file a plan", In re United Press International, Inc., 60 B.R. at 270.

14. Any extension of the exclusivity period will not have a depletive effect on the assets of this bankruptcy estate, In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 410, E.D.N.Y.,1989.

15. Counsel for Debtors has attempted good faith, but unsuccessful, negotiations with counsel for the Emertons.

16. Debtors have dutifully filed monthly financial reports as required by the Bankruptcy Administrator.

17. The Debtors are current with their quarterly maintenance fees.

WHEREFORE, it respectfully requested that the court grant the Debtor the exclusive right to file a disclosure statement in 120 days, pending disposition of the decision of the Alabama Supreme Court and the pending adversary proceeding.

Respectfully submitted September 15, 2004.

MEMORY & DAY

By:     /S/ Von G. Memory
        Von G. Memory
        ASB-8137-071V

        James L. Day
        ASB-1256-A55J

        Attorneys for Debtor

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on September 15, 2004

    Teresa Richards Jacobs
    U. S. Bankruptcy Administrator
    1 Court Sq Ste 221
    Montgomery, AL  36104-3538

                                    /S/ Von G. Memory
                                    OF COUNSEL

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                    Chapter 11
Charlotte and Kenneth Williford                                          Case No.: 03-81486
        Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:    1-Aug-2004
AND ENDING:    31-Aug-2004

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    YES

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    YES

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                YES
April through June 2004, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.                                                            YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.        YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.        YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                                    YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                YES

10. No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.                                        YES

BALANCE SHEET

For the period ending:           08/31/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $4,053.34 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $4,053.34 |

2. Securities                                                          $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                          $0.00

5. Inventory (Fair Market Value)                           $0.00

6. Other Current Assets                                       $183,061.00

7. Prepaid Insurance                                           $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                          $3,650,000.00

**9. TOTAL ASSETS**                                      $3,837,114.34

<u>LIABILITIES</u>        (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition     Note 1 | $2,844,872.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                          $460,627.14

6. TOTAL LIABILITIES                                      $3,589,100.72

EQUITY (Total Assets Less Total Liabilities)        $248,013.62

**7. TOTAL LIABILITIES & EQUITY**                  $3,837,114.34

INCOME STATEMENT

For the period ending:        08/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $43,672.81 | |
| 2. Total Operating (Business) Expenses | $43,775.66 | |
| Net Operating Income | | ($102.85) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($102.85) |

**Note 1 - Amount reflects rollover of note that matured March 2004 and approved by the court**

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.                    Payee:        Peoples Bank & Trust
                      Amount paid this period:        $18,817.98        Check #:        1853
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
Y        Adequate protection payment
         Stated adequate protection  payment amount        $19,078.00
         **Amount reflects new note**

2.                    Payee:        Peoples Bank & Trust
                      Amount paid this period:        $1,535.06        Check #: various
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
         Stated adequate protection  payment amount        $0.00

3.                    Payee:        SouthTrust Bank
                      Amount paid this period:        $1,404.46        Check #:        1848
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
         Stated adequate protection  payment amount        $0.00

4.                    Payee:        Auburn
                      Amount paid this period:        $413.81        Check #:        1847
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
         Stated adequate protection  payment amount        $0.00

5.                    Payee:        Agri-Credit
                      Amount paid this period:        $145.59        Check #:        1846
Y        Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
         Stated adequate protection  payment amount        $0.00

6.                    Payee:
                      Amount paid this period:        $0.00        Check #:
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
         Stated adequate protection  payment amount        $0.00

Additional payments made to secured creditors and lessors

7.          Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

8.          Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

9.          Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

10.         Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

11.         Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

12.         Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

13.         Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

14.         Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

15.         Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,316.90

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    09/20/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL          36103
City                          State       Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                      Case No. 03-81486-WRS
                                                           Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

         Debtors

## ORDER SETTING HEARING

      The motion filed by the debtors, on September 15, 2004, and designated THIRD MOTION TO EXTEND EXCLUSIVITY PERIOD, is set for hearing at the United States Bankruptcy Court, United States Courthouse, One Church Street, Courtroom 4-D, **Montgomery**, Alabama, on Tuesday, October 26, 2004, at 10 a.m.

      Objections to the motion must be made in writing stating the reason for the objection and filed in court on or before October 19, 2004.

      *The moving party or counsel shall (1) give <u>timely</u> notice by mail to all parties in interest or to their attorneys of record, as provided by Fed. R. Bankr. Proc. 2002 or other appropriate Rule, by serving a copy of this order and the motion on each; and (2) file in court prior to the hearing date a certificate of service showing the names and addresses of the parties served.  Failure to give such notice and file the certificate as required may result in dismissal of the motion.*

      Done this 22nd  day of September, 2004.

               /s/ William R. Sawyer
               United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtor

Orders.22

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and**                    **Case No. 03-81486-WRS**
**KENNETH WILLIFORD,**

**Debtors.**                                          **Chapter 11**

---

## CERTIFICATE OF SERVICE

I, **James L. Day**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this

☑  Order on hearing to extend exclusivity period, copy of motion

was made September 22, 2004, by:

☑ Regular: First Class United States Mail, service, addressed to: (see below or attached)     ☐ Residence Service: by leaving the process with the following adult at: (see below or attached)

☐ Certified: First Class United States Mail, service, addressed to: (see below or attached) Pursuant to Rule 7004(h)     ☐ Publication: The Defendant was served as follows: (see below or attached)

☐ Personal Service: By leaving the process with Defendant or with an officer or agent at: (see below or attached)     ☐ State Law: The Defendant was served pursuant to the laws of the State of Alabama as follows: (see below or attached)

or list attached ☑

Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:      September 22, 2004            /S/ James L. Day
                                         James L. Day
                                         P.O. Box 4054
                                         Montgomery, AL 36103
                                         (334) 834-8000

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

    **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

<u>**MOTION TO EMPLOY A PROFESSIONAL PERSON**</u>

COME NOW, the Debtors, and hereby move this Honorable Court as follows:

1.    On October 3, 2003, Debtors filed a petition for an order of relief under Chapter 11, Title 11, of the Bankruptcy Code.

2.    The Debtors are co-owners of a trailer park (one of five trailer parks) named Ben Mor located in Chambers County, Alabama.

3.    Mr. Scott Emerton entered into a purchase agreement for a manufactured home and a rental agreement for a lot at Ben Mor trailer park with the Debtors, August 28, 1998.

4.    An altercation ensued between Debtor, Kenney Williford, and Mr. Emerton, incident to the rental agreement and notice of termination.

5.    The Emertons filed suit in the Circuit Court of Chambers County and named the Debtors, individually, and d/b/a Ben Mor as Defendants. The instant suit alleged outrage, conversion, breach of contract, and breach of implied covenant for quiet enjoyment.

6.    Debtors retained the law firm of Funderburk, Day & Lane, in Phenix City, Alabama to represent them in this and a subsequent criminal case.

7.    It was the Debtors understanding and belief that a senior partner of the firm, Mr. Kenneth L. Funderburk, would represent the Debtors in both cases, to include preparation and trial of the instant civil case.

8.    Incident to this engagement, the Debtors allege that Mr. Funderburk and his firm improperly represented them. The allegations against Mr. Funderburk and his firm are contained in an adversary proceeding previously filed with this court.

9.    The Debtors seek leave, 11 U.S.C. § 327(a), to employ Mr. William R. Murray, for a specific purpose, to prosecute such actions as may be required for professional negligence and to recover assets for the above estate.

10.    Mr. Murray was selected by the Debtors because of his experience in and knowledge of professional negligence litigation, civil litigation, and federal practice.

11.    The services required of Mr. Murray will include:

    a.  Preparation of pleadings

    b.  Discovery

    c.  Filing and response to various motions

    d.  Preparation for trial and all matters necessary to prosecute an action for professional malpractice.

12.    Mr. Murray has indicated a willingness to be engaged incident to this Chapter 11 case and to render the necessary professional services as special counsel for the Debtors as indicated above.

13.    Except as may be set forth in the Rule 2014 Verification attached hereto, Mr. Murray (a) does not represent or hold any interest adverse to the Debtors or the above estate with respect to the matter in which it is to be employed, (b) has no connection with any creditors or

any other party in interest, or their respective attorneys or accountants, or the United States

Bankruptcy Administrator or any of its employees, and (c) is a disinterest person, and represents

or holds no interest adverse to the interests of the estate with respect to the matters on which it is

to be employed. *Id.*

14.    The Debtors believe that the retention of Mr. Murray is necessary and is in the best

interest of the estate. Subject to the applicable provisions of the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedure and the rules and orders of this Court, the Debtors propose to pay

Mr. Murray on a contingency fee basis by paying thirty three and one-third percent (33.3%), of

all amounts recovered, subject to Court approval after notice and hearing.

15.    The contingency fee method was selected because it is a common fee arrangement

in this sort of litigation and will subject the estate to minimal up-front costs.

16.    In addition, Mr. Murray requests leave of court for the Debtors to pay out-of-pocket

expenses as they come due or as paid in this case.

17.    Attached with this application as **Exhibit "A"** is the verification required by Rule

2014.

WHEREFORE, the Debtors respectfully requests that the Court enter an Order

authorizing them to employ and retain Mr. William R. Murray, and to represent them in the

prosecution of the matters generally identified, and that the Court grant such other relief as is just

and equitable.

Respectfully submitted October 1, 2004.


/S/ Charlotte Williford
Charlotte Williford

Prepared by:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on October 1, 2004.

Teresa R. Jacobs
U. S. Bankruptcy Administrator
One Church Street, 5th Floor
Montgomery, AL  36104

<u>/S/ Von G. Memory</u>

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF
## WILLIAM R. MURRAY

The undersigned hereby declares under penalty of perjury:

1. I am William R. Murray. I am engaged in the practice of law with offices at Murray Lane, Northport, AL 35475-4235. I am duly admitted to practice in the State of Alabama and in the United States District Court, Middle District of Alabama.

2. I have been asked to represent Charlotte and Kenneth Williford (the "Debtors") as special counsel, as set forth in the foregoing application.

3. Except as disclosed herein, I have no interest that would be adverse to the Debtors or the estate in question incident to the matters upon which I am to be engaged.

4. Except as provided herein, to the best of my knowledge, information and belief, I do not have any interest or connection with the Debtors, any creditor or class of creditors, any equity security holders of the Debtors, the United States Bankruptcy Administrator for this district or any person employed in the Office of the United States Bankruptcy Administrator, other than as disclosed herein.

5. I have been involved in several bankruptcy adversary proceedings since 1974. A partial list of cases or matters will be furnished upon request.

6. I request leave of the court to charge out-of-pocket expenses as they come due or as paid in this case. I expect to have the following out-of-pocket expenses:

> Depositions – Four (4) of approximately 2 hours each .
>
> Travel between Northport and Chambers County – Approximately 10 trips
>
> Expert Witness – One (1) pursuant to the Alabama Legal Services Liability Act

8. Although the instant engagement is based upon a contingency arrangement, my hourly

rates are as follows:

| | |
|---|---|
| William R. Murray | $150.00 /hr. |
| Paralegal/Clerks | N/A |

9. I also charge for the following:

| | |
|---|---|
| Photocopies | $0.15 /page |
| Long Distance | None |
| Toll Charges | None |
| Facsimile | N/A |
| Local Travel | $1.00 /mile and $50.00 per hour travel time, meals and motel $59.00 per day |
| Airline Travel | (Actual Cost) |
| Long Distance Travel | (Actual Cost) |

10. I have read the Application to which this Verification is attached. The statements set

forth therein are true and correct to the best of my knowledge, information, and belief.

Dated September 9, 2004.

William R. Murray, Esq.

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

I, the undersigned, a Notary Public in and for said State and County, hereby certify that William R. Murray, Esq., whose name is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day, that being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and official seal this 9th day of September 2004.



Paula Kay Holston
NOTARY PUBLIC

My commission expires: *5-14-05*

THIS INSTRUMENT WAS PREPARED BY:

Memory & Day
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

      CHARLOTTE TERESA WILLIFORD and              CHAPTER 7
      KENNETH WILLIFORD

                                            CASE NO. 03-81486-WRS

          Debtor(s),

## RESPONSE OF BANKRUPTCY ADMINISTRATOR
## ON TRUSTEE'S APPLICATION TO EMPLOY PROFESSIONAL PERSON

      Comes now Michael A. Fritz, Sr., attorney for the bankruptcy administrator for this district, and responds to the court as follows:

      The Trustee in the above referenced case, Debtor in Possession, filed an application to employ William R. Murray. Therein, the trustee seeks the court's approval of the employment of William R. Murray pursuant to 11 U.S.C. §327(e) for the special purpose of prosecuting a legal malpractice action against Funderburk, Day and Lane.

      Said application is accompanied by an affidavit, executed and filed by William R. Murray. Affiant asserts therein that no interest adverse to the estate is held. The trustee has disclosed that William R. Murray will be paid 33.3% contingency fee. Such rate is reasonable and customary for similar legal services provided within this district.

      WHEREFORE, the bankruptcy administrator recommends that the court enter an order approving the trustee's application to employ William R. Murray.

                        Respectfully submitted,


                        /s/

                        Michael A. Fritz, Sr.

Bankruptcy Attorney
ASB5814-Z56M

United States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, Alabama 36104
(334) 954-3900
(334) 954-3901 fax

Certificate of Service

I, Michael A. Fritz, Sr., do hereby certify that I have this date served a copy of the above and foregoing Response upon the parties listed below by electronic transmission or by placing a copy of same to them in the U.S. Mail, postage prepaid, on October 5, 2004.

_____/s/_____
Michael A. Fritz, Sr.

William R. Murray
Murray Lane
Northport, AL 35475-4235

Debtor in Possession

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                                                    Chapter 11

Charlotte and Kenneth Williford                                                        Case No.: 03-81486

     Debtor

**CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT**

FOR THE PERIOD BEGINNING:   1-Sep-2004

AND ENDING:   30-Sep-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                                          YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                                                            YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                                  YES
April through June 2004, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**                 YES

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                                                                           YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.        YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.     YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                                                       YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                          YES

10.  No professional fees have been paid except by order of the court.  If no, enter name of
professional, date and amount paid.                                                                                              YES

BALANCE SHEET

For the period ending:                09/30/04

☐ Check here if Balance Sheet is attached.

ASSETS

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $2,044.77 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $2,044.77 |

2. Securities                                                    $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                                 $0.00

5. Inventory (Fair Market Value)                                 $0.00

6. Other Current Assets                                          $183,061.00

7. Prepaid Insurance                                             $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                                  $3,650,000.00

**9. TOTAL ASSETS**                                            $3,835,105.77


LIABILITIES          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,844,872.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                            $460,627.14

6. TOTAL LIABILITIES                                            $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)                 $246,005.05
**7. TOTAL LIABILITIES & EQUITY**                              $3,835,105.77

**INCOME STATEMENT**

For the period ending:          09/30/04

☐ **Check here if Income Statement is attached.**

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $41,952.35 | |
| 2. Total Operating (Business) Expenses | $43,874.12 | |
| Net Operating Income | | ($1,921.77) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($1,921.77) |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.          Payee:     Peoples Bank & Trust
            Amount paid this period:          $18,817.98          Check #:          1955
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment
     Stated adequate protection  payment amount          $19,078.00

2.          Payee:     Peoples Bank & Trust
            Amount paid this period:          $1,535.06          Check #: various
     N   Amount included in Expenses (item 2 or 4 on Income Statement)
     N   Adequate protection payment
     Stated adequate protection  payment amount          $0.00

3.          Payee:     SouthTrust Bank
            Amount paid this period:          $1,404.46          Check #:          1916
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
     N   Adequate protection payment
     Stated adequate protection  payment amount          $0.00

4.          Payee:     Auburn
            Amount paid this period:          $413.81          Check #:          1918
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
     N   Adequate protection payment
     Stated adequate protection  payment amount          $0.00

5.          Payee:     Agri-Credit
            Amount paid this period:          $145.59          Check #:          1917
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
     N   Adequate protection payment
     Stated adequate protection  payment amount          $0.00

6.          Payee:
            Amount paid this period:          $0.00          Check #:
Y    N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N   Adequate protection payment
     Stated adequate protection  payment amount          $0.00

Additional payments made to secured creditors and lessors

7.                              Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

8.                              Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

9.                              Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

10.                             Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

11.                             Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

12.                             Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

13.                             Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

14.                             Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

15.                             Payee:        _____
                        Amount paid this period:  _____ $0.00        Check #:  _____
        Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
        Y   N   Adequate protection payment
                Stated adequate protection  payment amount        _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**        _____ $22,316.90

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    10/20/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature


/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)


P.O. Box 4054
Preparer's Address

Montgomery                AL            36103
City                      State         Zip


At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

# United States Bankruptcy Court
# Middle District of Alabama

QUARTERLY FEE STATEMENT
Pursuant to Fed. R. Bankr. P. 2015(a)(5)

| Debtor | Case #: |
|---|---|
| Charlotte and Kenneth Williford | 03-81486 |

FOR CALENDAR QUARTER ENDING    09/30/04

| 1. **MONTH** | **DISBURSEMENTS*** |
|---|---|
| July | $47,232.70 |
| August | $43,775.66 |
| September | $43,874.12 |
| TOTAL DISBURSEMENTS FOR QUARTER | $134,882.48 |
| 2. QUARTERLY FEE OWED PURSUANT TO 28 U.S.C. § 1930(a)(7) | $750.00 |
| 3. QUARTERLY FEE PAID (Attach proof of payment) | $750.00 |
| 4. AMOUNT OF UNPAID FEES (IF ANY) | $0.00 |

I, _____ , acting as the duly authorized agent for the Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury under the laws of the United States that I have read and certify that the figures, statements, disbursement itemizations, and account balances as listed in this Quarterly Fee Statement are true and correct as of the date of this report to the best of my knowledge, information and belief.

29-Oct-04
DATE

For the Debtor-In-Possession (Trustee) (Plan Adm.)

(Print or type name and capacity of person signing this Declaration)

Von G. Memory
Attorney for Debtor

**The check for payment of the quarterly fee should be attached to the original of this Quarterly Fee Statement filed with the clerk of court.**

*For periods after plan confirmation, disbursements include all plan payments plus all withdrawal amounts (checks, direct debits, etc.) posted to each bank account plus any cash payments.

RECEIPT #: 04004049

10/29/2004    Quarterly Fee Statement

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                            Case No. 03-81486-WRS
                                       Chapter 11

CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

             Debtors

### ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY

         Upon the application of the debtors seeking authority to employ William R. Murray, as special counsel for the estate, to represent the debtors herein; and the court's being satisfied that he represents no interest adverse to the debtors or to the estate in the matters upon which he is to be engaged; that his employment is necessary and would be in the best interest of the estate; it is

         ORDERED that the debtors are authorized to employ William R. Murray, Attorney at Law, to represent the debtors pursuant to § 327(e), as set out in the October 1, 2004, application to employ special counsel (Doc. 117), based on the time, the nature, the extent and the value of such services, and the cost of comparable services, other than in a case under the Bankruptcy Code, and further that *William R. Murray may make application to the court on a monthly basis for payment of expenses incurred during the pendency of the Chambers County Circuit Court action*, all of the foregoing within this proceeding under Chapter 11 of the Bankruptcy Code.

         It is FURTHER ORDERED that the court, while approving employment of the aforementioned attorney, does hereby reserve its ruling on approval of the attorney's fee when submitted.

         Done this 2nd day of November, 2004.

                              /s/ Dwight H. Williams Jr.
                              United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtor
   William R. Murray, Special Counsel
   Teresa R. Jacobs, Bankruptcy Administrator

Orders.2

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                          Chapter 11
Charlotte and Kenneth Williford                                                 Case No.: 03-81486
_____Debtor_____

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:    1-Oct-2004
AND ENDING:    31-Oct-2004

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited. If no, enter **TYPE** and **AMOUNT UNPAID**:                     YES

2. All administrative expenses (post-petition obligations) other than taxes are current. If no, enter **TYPE** and **AMOUNT UNPAID**:                     YES

3. Quarterly fees are current. Enter **Last quarter paid** and **Amount paid**:                     YES
July through Sept 2004, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value. **If no, describe the property which is uninsured or under insured.**                     YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.                     YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.                     YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding. If no, attach a list of all pre-petition debts which were paid since the filing of the case. The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment. In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.                     YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business. If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                     YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345. If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                     YES

10. No professional fees have been paid except by order of the court. If no, enter name of professional, date and amount paid.                     YES

BALANCE SHEET

For the period ending:             10/31/04

☐ Check here if Balance Sheet is attached.

ASSETS
1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $3,263.53 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $3,263.53 |

2. Securities                                                      $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                    $0.00

5. Inventory (Fair Market Value)                      $0.00

6. Other Current Assets                                  $183,061.00

7. Prepaid Insurance                                       $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                          $3,650,000.00

**9. TOTAL  ASSETS**                                                          $3,836,324.53

LIABILITIES          (include both pre- and post-petition debts)
1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,844,872.00 | |
| Sub-total Long Term Notes Payable | | $3,128,473.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                       $460,627.14

6. TOTAL LIABILITIES                                                        $3,589,100.72
   EQUITY (Total Assets Less Total Liabilities)                      $247,223.81
**7. TOTAL LIABILITIES & EQUITY**                                     $3,836,324.53

INCOME STATEMENT

For the period ending:    10/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $44,531.52 | |
| 2. Total Operating (Business) Expenses [Note 1] | $43,224.16 | |
| Net Operating Income | | $1,307.36 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $1,307.36 |

Note 1 $1,000.00 paid to Memory & Day, to Trust Account

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

**1.**    Payee:    Peoples Bank & Trust
    Amount paid this period:    $18,817.98    Check #:    2025
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment
    Stated adequate protection  payment amount    $19,078.00

**2.**    Payee:    Peoples Bank & Trust
    Amount paid this period:    $1,535.06    Check #: various
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**3.**    Payee:    SouthTrust Bank
    Amount paid this period:    $1,404.46    Check #:    2027
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**4.**    Payee:    Auburn
    Amount paid this period:    $413.81    Check #:    2026
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**5.**    Payee:    Agri-Credit
    Amount paid this period:    $145.59    Check #:    2030
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N    Adequate protection payment
    Stated adequate protection  payment amount    $0.00

**6.**    Payee:
    Amount paid this period:    $0.00    Check #:
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
    Stated adequate protection  payment amount    $0.00

Additional payments made to secured creditors and lessors

7.    Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

8.    Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

9.    Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

10.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

11.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

12.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

13.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

14.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

15.   Payee: _____
      Amount paid this period: _____ $0.00    Check #: _____
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount _____ $0.00

TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS _____ $22,316.90

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## PREPARER'S CERTIFICATE

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    11/22/04

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL            36103
City                          State         Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                    Chapter 11
Charlotte and Kenneth Williford                                           Case No.: 03-81486
_____
          Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:    1-Dec-2004
AND ENDING:    31-Dec-2004

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                    YES
_____
_____

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                      YES
_____

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:    YES
July through Sept 2004, $750.00
_____

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**    YES
_____
_____

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                               YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.    YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.    YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                             YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.    YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                  YES
$1,000.00 piad to Memory & Day, Check #

**BALANCE SHEET**

For the period ending:          12/31/04

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>
1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $17,658.38 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $17,658.38 |

2. Securities $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment $0.00

5. Inventory (Fair Market Value) $0.00

6. Other Current Assets $183,061.00

7. Prepaid Insurance $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. ) $3,650,000.00

**9. TOTAL ASSETS** $3,850,719.38

<u>LIABILITIES</u>          (include both pre- and post-petition debts)
1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,820,454.11 | |
| Sub-total Long Term Notes Payable | | $3,104,055.69 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities $460,627.14

6. TOTAL LIABILITIES $3,564,682.83

   EQUITY (Total Assets Less Total Liabilities) $286,036.55

**7. TOTAL LIABILITIES & EQUITY** $3,850,719.38

INCOME STATEMENT

For the period ending:            12/31/04

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $54,722.40 | |
| 2. Total Operating (Business) Expenses | $39,916.56 | |
| Net Operating Income | | $14,805.84 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $14,805.84 |

STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

**1.**        Payee:      Peoples Bank & Trust
          Amount paid this period:      $18,817.98          Check #:      2198
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment
      Stated adequate protection  payment amount      $19,078.00

**2.**        Payee:      Peoples Bank & Trust
          Amount paid this period:      $1,535.06          Check #: various
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

**3.**        Payee:      SouthTrust Bank
          Amount paid this period:      $1,404.46          Check #:      2177
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

**4.**        Payee:      Auburn
          Amount paid this period:      $413.81          Check #:      2162
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

**5.**        Payee:      Agri-Credit
          Amount paid this period:      $145.59          Check #:      2176
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
    N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

**6.**        Payee:
          Amount paid this period:      $0.00          Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount      $0.00

Additional payments made to secured creditors and lessors

7.          Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

8.          Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

9.          Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

10.        Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

11.        Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

12.        Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

13.        Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

14.        Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

15.        Payee: _____
            Amount paid this period: _____ $0.00          Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS _____ $22,316.90

AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    01/20/05

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL              36103
City                              State            Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account