## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

In re:

**Charlotte Teresa Williford**
**Kenneth Williford ,**
**Debtors.**                                    **Bankruptcy Case. No. 03-81486-WRS**


**Kenneth Williford,**
**Appellant,**
**v.**                                    **CIVIL ACTION NO. 3:07-CV-105-WKW**
**Charlotte Williford,**
**Appellee.**


### <u>TRANSMITTAL</u>
### <u>OF APPELLANT DESIGNATION OF RECORD</u>

     I, Dianne M. Segrest,  do hereby certify that the documents herein comprise the items in the designation of contents related to the Notice of Appeal filed in the above referenced case.

**Transmittal of Bankruptcy Contents of Record  per Order On Motion (CV Doc #8).**
**Transmittal Submitted On**:            **September 6, 2007**

**Contents of Record**:
**Designated Items of Appellant(s)**:   **Filed with U.S. District Court on 02/07/2007**
                                      **CV Document # 5**

**PLEASE NOTE**:

**Designated  Item #36 - Submission error**
                        **Resubmitted in BK Doc #38.**

**Designated Item #244 - Submission error**
                        **Resubmitted in BK Doc #245**

**Designated Item #259 - Administrative Error**
                        **Duplicate entry of BK Doc #257**

**Designated Item #305 - Administrative Error**
                        **Replaced with BK Doc #307**

**Designated Item #308 - Administrative Error (related Bk Doc #305 )**
                        **Resubmitted in BK Doc #307**

**PLEASE ACKNOWLEDGE RECEIPT OF TRANSMITTAL**

/s/ Richard S. Oda, Clerk
United States Bankruptcy Court

/s/Dianne M. Segrest
Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| **Charlotte T. WILLIFORD and** | ) | **Case No: <u>03-81486-W</u>** |
| **Kenneth WILLIFORD,** | ) | |
| Debtors | ) | **Chapter 11** |

_____

| | | |
|---|---|---|
| | ) | |
| **Charlotte T. WILLIFORD** and | ) | |
| **Kenneth WILLIFORD,** | ) | **Adversary Proceeding** |
| Plaintiffs | ) | |
| **v.** | ) | No.  **<u>AP-04-08015</u>** |
| **Mr. Kenneth L. FUNDERBURK, Esq.,** | ) | |
| **Mr. Thomas F. WORTHY, Esq., and** | ) | |
| **FUNDERBURK, DAY & LANE, P.C.** | ) | |
| | ) | |

_____

## APPLICATION FOR APPROVAL OF INTERIM EXPENSES
## BY PLAINTIFF'S ATTORNEY
_____

**1.  Plaintiffs' attorney was retained pursuant to an October 1, 2004 <u>Application for Employment of a Professional Person</u> (Doc. 117), the <u>Bankruptcy Administrator's Response</u> (Doc. 120), and a telephonic hearing on November 2, 2004 (See Doc. 121).**

**2.  Pursuant to his employment, Plaintiffs' attorney is to submit monthly expense reports.**

**Page 1 of 7**

3.  Because this is the <u>first</u> interim expense application submitted by Plaintiffs'

attorney, it covers the entire initial period of expenses related to his

employment: i.e., from August 16, 2004 through December 31, 2004.


4.  Future expense data will be submitted on a monthly basis except for

months in which there are no expenses to report.



| | |
|---|---|
| Submitted by: | William R. Murray |
| | Attorney at Law |
| /s/ <u>William R. Murray</u> | Murray Lane |
| | Northport, AL 35475 |
| **Attorney for Plaintiffs** | (205) 339-7080 |
| **Charlotte T. WILLIFORD and** | ID:  ASB-1931-A64W |
| **Kenneth WILLIFORD** | |

<u>Certificate of Service</u>:   I hereby certify that I have mailed this expense state-
ment properly addressed and with First Class postage prepaid, to counsel for
the Willifords (Debtors) in Bankruptcy Case No. 03-81486, and to the
attorneys for the Defendants in this Adversary Proceeding, as follows, on
January 15, 2005.

<u>Attorneys for Debtors in Chapter 11 Case No. 03-81486</u>:
     Mr. James L. Day, Esq. (<u>jlday@memorylegal.com</u>)
     Mr. Von G. Memory, Esq. (<u>vgmemory@memorylegal.com</u>
     Memory & Day
     P.O. Box 4054
     Montgomery, AL 36103-4054

Ms. Teresa R. Jacobs
Bankruptcy Administrator
One Church Street, Suite 221
Montgomery, AL 36104

**Attorney for defendants in this Adversary Proceeding 04-08015:**
        Mr. Aldos S. Vance, Esq. (alv@starneslaw.com)
        Starnes & Atchison, LLP
        100 Brookwood Place, 7th Floor
        P.O. Box 598512
        Birmingham, AL 35259-8512

I further certify that I have mailed, also by first class Mail with all postage prepaid, a true copy of this <u>Application for Approval of Interim Expenses</u> to each of the following creditors in Bankruptcy Case BK-03-81486-WRS-11 on Wednesday, January 26, 2005:

Agri-Credit
P.O. Box 14535
Des Moines, IA 50306-3535

Auburn Bank
P.O. Box 3110
Auburn, AL 36831-3110

Colonial Bank
54 N. Lafayette Street
Lafayette, AL 36862-2000

East Alabama Cardiovascular
2123 Executive Park Drive
Opelika, AL 36801-6041

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL 36801-5422

Scott Emerson et al.
c/o: Charles R. Reynolds, Jr., Esq.
P.O. Box 367
Lanett, AL 36863-0367

**MBNA**
**P.O. Box 15137**
**Wilmington, DE 19850-5137**

**NEXTEL Communications**
**Consumer Bankruptcy Dep't**
**2001 Edmund Halley Drive**
**Reston, VA 20191**

**Peoples Bank**
**c/o:  James E. Bridges, III, Esq.**
**P.O. Box 2345**
**Opelika, AL 36803-2345**

**SouthTrust Bank**
**c/o: Charles N. Parnell, III, Esq.**
**P.O. Box 2189**
**Montgomery, AL 36102-2189**

**Traveler's Indemnity**
**c/o  Susan C. Haygood, Esq.**
**2000A SouthBridge Pkwy, #405**
**Birmingham, AL 35209**

**Travelers' Indem. &SF Insurance Co.**
**c/o: Charles R. Johanson, II, Esq.**
**P.O. Box 11405**
**Birmingham, AL 35202**

**/s/ William R. Murray (bill@dbtech.net)**

**Attorney for Plaintiffs**
**Charlotte T. WILLIFORD and**
**Kenneth WILLIFORD**

## Expense calculations are based on these standards

**Letters:**   $1.00 plus actual postage

**Copies:**   $ .15 per page

**Mileage:**   $1.50 per mile (includes meals, parking)
Distances, round trip:
Law library (research):        26  miles ($39.00)
Montgomery /Opelika/Lafayette:  250  miles ($375.00)
Birmingham & DCF            160 miles ($240.00)

**Motel:**   $59.00 per night

**Phone:**   No charge for either incoming or outgoing calls


## Abbreviations and Acronyms used herein (Note 1)

**BHM**      Birmingham
**CW**       Client/Plaintiff Ms. Charlotte Williford
**DCF**      Donaldson Correctional Facility in West Jefferson County,
             where Mr. Williford is incarcerated
**INT**      Internet  research (Alalinc, Findlaw, etc.)
**KW**       Client/Plaintiff Mr. Kenneth Williford (Note 2)
**LL**       Law library at the Univ. Of Alabama (Tuscaloosa)
**M/D**      Memory & Day, bankruptcy attorneys for W
**MGM**      Montgomery or Opelika or Lafayette
**PACER**    Billings from PACER account
**W**        Clients/Plaintiffs Mr. & Ms Williford

_____

**Note 1:   Numbers in parentheses are "Documents Numbers"**

**Note 2:   Expenses of travel to confer with Mr. Williford at DCF have been reduced by 75% to account for the fact that the undersigned combines consultations with  other clients each time he visits DCF.**

**Page 5 of  7**

## Year: 2004

| Date | Event | Expense |
|------|-------|---------|
| 08-16 | To DCF; confer w/KW re representation in tentative legal malpractice case............................................................ $ | 60.00 |
| 08-24 | To MGM; confer with law firm of Mempory and Day re appointment as attorney in Adversary Proceeding ... | 375.00 |
| 08-25 | To DCF; confer w/KW about events in Emerton Case (CV-00-073) (Chambers County) .,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,.... | 60.00 |
| 09-01 | To DCF; confer w/KW about Draft of Complaint in Adversary Proceeding ................................................. | 60.00 |
| 09-13 | To MGM to file AP-04-08015 ............................................. | 375.00 |
|       | Summons, Complaints, filing fee ($150), and copies ....... | 187.86 |
| 09-20 | To DCF; confer w/KW & discuss procedures to be followed in pursuing claims ................................................. | 60.00 |
| 10-15 | To DCF; confer w/KW & explain work he is to do in generating chronology of facts ...................................... | 60.00 |
|       | To MGM; confer with Bankruptcy attorneys regarding status of BK-03-81486-WRS-11 ......................................... | 375.00 |
| 11-15 | To DCF; confer w/KW concerning need to copy Circuit Court files in Opelika and Lafayette ..................... | 60.00 |
| 11-19 | To MGM; file second Amended Complaint ...................... | 375.00 |
|       | Copies and mailing ................................................................ | 7.92 |
| 11-29/30 | To DCF; confer w/KW about his notes on CV-00-073 .... | 60.00 |
|       | To MGM/Opelika/Lafayette .............................................. | 375.00 |
|       | motel ................................................................................ | 59.00 |
|       | Chambers County; copy Court file in CV-00-073 ............ | 153.74 |
|       | Lee County: Court file in CC-00-148 & 149 (for ref.) ...... | 267.00 |
| 12-20 | To DCF; confer w/KW concerning Court files from Chambers and Lee counties ........................................ | 60.00 |

=======

**Total: $ 3,030.52**

/S/ <u>William R. Murray</u>

William R. Murray
Attorney for
Charlotte T. WILLIFORD and
Kenneth WILLIFORD

William R. Murray
Attorney at Law
Murray Lane
Northport, AL 35475
(205) 339-7080
ID:  ASB-1931-A64W

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                              Chapter 11
Charlotte and Kenneth Williford                                                     Case No.: 03-81486
　　　Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:    1-Jan-2005
AND ENDING:    31-Jan-2005

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                    YES

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:                    YES

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                    YES
October through December 2004, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                    YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.                    YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.                    YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.                    YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                    YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                    YES

10. No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.                    YES

**BALANCE SHEET**

For the period ending:          01/31/05

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $16,609.02 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $16,609.02 |

2. Securities                                                        $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                      $0.00

5. Inventory (Fair Market Value)                        $0.00

6. Other Current Assets                                  $183,061.00

7. Prepaid Insurance                                         $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                       $3,650,000.00

**9. TOTAL ASSETS**                                                          $3,849,670.02

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,820,454.11 | |
| Sub-total Long Term Notes Payable | | $3,104,055.69 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                       $460,627.14

6. TOTAL LIABILITIES                                                          $3,564,682.83

   EQUITY (Total Assets Less Total Liabilities)                  $284,987.19

**7. TOTAL LIABILITIES & EQUITY**                                             $3,849,670.02

**INCOME STATEMENT**

For the period ending:          01/31/05

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $41,667.99 | |
| 2. Total Operating (Business) Expenses | $42,717.35 | |
| Net Operating Income | | ($1,049.36) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($1,049.36) |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.          Payee:     Peoples Bank & Trust
            Amount paid this period:          $0.00          Check #: _____
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
Y     Adequate protection payment          Check has not cleared @ 1/31/05
      Stated adequate protection  payment amount          $19,078.00

2.          Payee:     Peoples Bank & Trust
            Amount paid this period:          $1,535.06          Check #: various
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount          $0.00

3.          Payee:     SouthTrust Bank
            Amount paid this period:          $1,404.46          Check #:          2254
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount          $0.00

4.          Payee:     Auburn
            Amount paid this period:          $413.81          Check #:          2255
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount          $0.00

5.          Payee:     Agri-Credit
            Amount paid this period:          $145.59          Check #:          2268
Y     Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
      Stated adequate protection  payment amount          $0.00

6.          Payee:
            Amount paid this period:          $0.00          Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount          $0.00

Additional payments made to secured creditors and lessors

7.        Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

8.        Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

9.        Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

10.       Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

11.       Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

12.       Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

13.       Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

14.       Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

15.       Payee: _____
            Amount paid this period: _____ $0.00        Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
            Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**        _____ $3,498.92

## AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:   01/22/05

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                AL              36103
City                      State           Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

      Debtors

Case No. 03-81486-WRS
Chapter 11

## ORDER INCREASING TIME TO FILE
## DISCLOSURE STATEMENT AND PLAN

Upon request of the debtors to increase the time for filing a Chapter 11 disclosure statement and plan and for good cause shown, it is

ORDERED that--

1.  June 1, 2005, is fixed as the last day for the debtors to file a disclosure statement and plan under 11 U.S.C. § 1121, or to file a report stating why the debtors will not file a disclosure statement and plan and recommending conversion of this case to one under Chapter 7 or Chapter 13 or dismissal of the case.

2.  This order does increase the 120-day period or the 180-day period referred to in 11 U.S.C. § 1121.

Done this 3rd day of March, 2005.


/s/ William R. Sawyer
United States Bankruptcy Judge


c: Von G. Memory, Attorney for Debtors
   Teresa R. Jacobs, Bankruptcy Administrator


Orders.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | **Case No. 03-81486-WRS** |
| **Debtors.** | **Chapter 11** |

**SECOND MOTION FOR POST PETITION FINANCING**
**(SECOND RENEWAL OF PEOPLES BANK & TRUST LOAN AND SECURITY AGREEMENT)**

COME NOW, CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD, ("Debtors"), and respectfully move this Honorable Court for leave to renew an existing note and security agreement with Peoples Bank & Trust Company ("Peoples") and in support thereof say as follows:

1.  The Debtors, as their principal business, own five mobile home parks in the Auburn/Opelika area where they rent space and provide services to owners of manufactured homes.

2.  The Debtors filed their joint voluntary petition for an order of relief under Chapter 11, Title 11 of the United States Bankruptcy Code, October 3, 2003.

3.  The Debtors signed a note and security agreement with Peoples, September 1, 2003, in the original principal amount of $2,892,000.00, at 6.25% interest per annum. The instant note matured, March 5, 2004.

4.  Peoples holds a valid and perfected security agreement on the five mobile home parks of the Debtors.

5.  The Debtors filed a motion to renew the instant note, post petition, March 17, 2004 (ECF Doc. 68) and after hearing, March 22, 2004, financing was approved by the Court, April 22, 2004 (ECF Doc. 78).

6.  The instant note and security agreement will again mature in March of 2005.

7.  Peoples has agreed to renew the above-referenced note in the amount of $2,805,896.00, at 6.5% interest per annum (fixed rate) with a maturity date in two years. Loan payments have been amortized over 24 years.

8.  Peoples will maintain its current secured position in the five mobile home parks.

9.  An approved adequate protection agreement exists between the Debtors and Peoples.

10.     Debtors aver that renewal of the Peoples loan will not increase the total debt of the bankruptcy estate or diminish the assets of the estate. In fact, the principal has been reduced by approximately $86,000.00 during the pendency of this bankruptcy.

WHEREFORE, the Debtor prays for an order, after notice and hearing, to allow renewal of the above-referenced note and security agreement.

Respectfully submitted on this the 9th day of March 2005.

Memory & Day


By: /S/ Von G. Memory
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtors

OF COUNSEL

Memory & Day

Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

on March 9, 2005.

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

/S/ Von G. Memory
OF COUNSEL

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                             Case No. 03-81486-WRS
                                                  Chapter 11

CHARLOTTE TERESAR WILLIFORD
KENNETH WILLIFORD,

        Debtors

### ORDER SETTING HEARING

       The motion filed by the debtors, on March 9, 2005, and designated SECOND

MOTION TO INCUR DEBT (Doc. 146), is set for hearing at the United States Bankruptcy

Court, United States Courthouse, One Church Street, Courtroom 4-D, **Montgomery**, Alabama,

on Tuesday, April 12, 2005, at 10 a.m.

       Objections to the motion must be made in writing stating the reason for the

objection and filed in court on or before April 8, 2005.

       *The moving party or counsel shall (1) give <u>timely</u> notice by mail to all parties in*

*interest or to their attorneys of record, as provided by Fed. R. Bankr. Proc. 2002 or other*

*appropriate Rule, by serving a copy of this order and the motion on each; and (2) file in court*

*prior to the hearing date a certificate of service showing the names and addresses of the*

*parties served.  Failure to give such notice and file the certificate as required may result in*

*dismissal of the motion.*

       Done this 14th  day of March, 2005.

                     /s/ William R. Sawyer
                     United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtors

Orders.14

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

     **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

---

**CERTIFICATE OF SERVICE**

    I, **James L. Day**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this

    ☑ Order Setting Hearing and Second Motion for Post Petition Financing

was made March 14, 2005, by:

    ☑ Regular: First Class United States Mail, service, addressed to: (see below or attached)

    ☐ Residence Service: by leaving the process with the following adult at: (see below or attached)

    ☐ Certified: First Class United States Mail, service, addressed to: (see below or attached) Pursuant to Rule 7004(h)

    ☐ Publication: The Defendant was served as follows: (see below or attached)

    ☐ Personal Service: By leaving the process with Defendant or with an officer or agent at: (see below or attached)

    ☐ State Law: The Defendant was served pursuant to the laws of the State of Alabama as follows: (see below or attached)

    ☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

or list attached ☑

    Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:    March 14, 2005

    /S/ James L. Day
    James L. Day
    P.O. Box 4054
    Montgomery, AL 36103
    (334) 834-8000

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel
1810 E. Sahara Ave., STE 1
Las Vegas, NV 89104

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                   Chapter 11
Charlotte and Kenneth Williford                                          Case No.: 03-81486
       Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:   1-Feb-2005
AND ENDING:   28-Feb-2005

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:      **YES**

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:      **YES**

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:      **YES**
October through December 2004, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**      **YES**

5.  New books and records are opened and are current and are being maintained on an **accrual** basis.      **YES**

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.      **YES**

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.      **YES**

8.  The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.      **YES**

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.      **YES**

10.  No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.      **YES**

**BALANCE SHEET**

For the period ending:                02/28/05

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $4,421.85 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $4,421.85 |

2. Securities                                                                    $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                                    $0.00

5. Inventory (Fair Market Value)                                      $0.00

6. Other Current Assets                                                  $183,061.00

7. Prepaid Insurance                                                       $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                     $3,650,000.00

**9. TOTAL ASSETS**                                                              **$3,837,482.85**

<u>LIABILITIES</u>            (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition [See Note 1] | $2,820,454.11 | |
| Sub-total Long Term Notes Payable | | $3,104,055.69 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                                        $460,627.14

6. TOTAL LIABILITIES                                                            $3,564,682.83
   EQUITY (Total Assets Less Total Liabilities)                    $272,800.02
**7. TOTAL LIABILITIES & EQUITY**                                          $3,837,482.85

INCOME STATEMENT

For the period ending:                02/28/05

☐ Check here if Income Statement is attached.

| | | | |
|---|---|---|---|
| 1. Total Operating (Business) Revenue | $44,185.78 | | |
| 2. Total Operating (Business) Expenses | $56,347.95 | | |
| Net Operating Income | | ($12,162.17) | |
| | | | |
| 3. Total Non-operating Income | $0.00 | | |
| 4. Total Non-operating Expenses | $0.00 | | |
| Net Non-operating Income | | $0.00 | |
| | | | |
| **NET INCOME** | | ($12,162.17) | |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.
|   | Payee: | Peoples Bank & Trust | | |
|---|---|---|---|---|
|   | Amount paid this period: | $30,029.50 | Check #: | 2408 |
| Y | Amount included in Expenses (item 2 or 4 on Income Statement) | | | |
| Y | Adequate protection payment | | Includes both last and this month's payment | |
|   | Stated adequate protection  payment amount | $19,078.00 | | |

2.
|   | Payee: | Peoples Bank & Trust | | |
|---|---|---|---|---|
|   | Amount paid this period: | $1,535.06 | Check #: various | |
| Y | Amount included in Expenses (item 2 or 4 on Income Statement) | | | |
| N | Adequate protection payment | | | |
|   | Stated adequate protection  payment amount | $0.00 | | |

3.
|   | Payee: | SouthTrust Bank | | |
|---|---|---|---|---|
|   | Amount paid this period: | $1,404.46 | Check #: | 2336 |
| Y | Amount included in Expenses (item 2 or 4 on Income Statement) | | | |
| N | Adequate protection payment | | | |
|   | Stated adequate protection  payment amount | $0.00 | | |

4.
|   | Payee: | Auburn | | |
|---|---|---|---|---|
|   | Amount paid this period: | $413.81 | Check #: | 2353 |
| Y | Amount included in Expenses (item 2 or 4 on Income Statement) | | | |
| N | Adequate protection payment | | | |
|   | Stated adequate protection  payment amount | $0.00 | | |

5.
|   | Payee: | Agri-Credit | | |
|---|---|---|---|---|
|   | Amount paid this period: | $145.59 | Check #: | 2354 |
| Y | Amount included in Expenses (item 2 or 4 on Income Statement) | | | |
| N | Adequate protection payment | | | |
|   | Stated adequate protection  payment amount | $0.00 | | |

6.
|   |   | Payee: | | |
|---|---|---|---|---|
|   |   | Amount paid this period: | $0.00 | Check #: |
| Y | N | Amount included in Expenses (item 2 or 4 on Income Statement) | | |
| Y | N | Adequate protection payment | | |
|   |   | Stated adequate protection  payment amount | $0.00 | |

Additional payments made to secured creditors and lessors

7.        Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

8.        Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

9.        Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

10.       Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

11.       Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

12.       Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

13.       Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

14.       Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

15.       Payee: _____
          Amount paid this period: _____ $0.00      Check #: _____
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
          Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $33,528.42

### AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**[Note 1 - Motion filed to renew this note, hearing 4/12/05]**
**[Note 2 - Check 2284 for $750 for fees paid to Memory & Day, passed through trust account.**
**[Note 3 - Check 2351, $1,000.00 paid into Memory & Day Client Trust Account]**

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    03/22/05

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ Von G. Memory
Preparer's Signature

Von G. Memory
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

| Montgomery | AL | 36103 |
|---|---|---|
| City | State | Zip |

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                                                                    Chapter 11
Charlotte and Kenneth Williford                                                           Case No.: 03-81486
            Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:     1-Mar-2005
AND ENDING:     31-Mar-2005

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                                    YES

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                                                                         YES

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                              YES
October through December 2004, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**                  YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.                                                                                                                        YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.            YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.            YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.                                                                                   YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.                              YES

10. No professional fees have been paid except by order of  the court.  If no, enter name of professional, date and amount paid.                                                                                       YES

**BALANCE SHEET**

For the period ending:                    03/31/05

☐ Check here if Balance Sheet is attached.

ASSETS
1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $22,913.49 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $22,913.49 |

2. Securities                                                                  $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                          $0.00

5. Inventory (Fair Market Value)                            $0.00

6. Other Current Assets                                          $183,061.00

7. Prepaid Insurance                                              $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                                $3,650,000.00

9. **TOTAL  ASSETS**                                                          $3,855,974.49


LIABILITIES         (include both pre- and post-petition debts)
1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition [See Note 1] | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                              $460,627.14

6. TOTAL LIABILITIES                                                          $3,550,124.72
   EQUITY (Total Assets Less Total Liabilities)                          $305,849.77
7. **TOTAL LIABILITIES & EQUITY**                                          $3,855,974.49

**INCOME STATEMENT**

For the period ending:          03/31/05

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $43,633.74 | |
| 2. Total Operating (Business) Expenses | $25,117.10 | |
| Net Operating Income | | $18,516.64 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | **$18,516.64** |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.
    Payee:    Peoples Bank & Trust
    Amount paid this period:    $0.00    Check #: _____
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment    <span style="color:red">No payment due on renweal</span>
    Stated adequate protection  payment amount    $19,078.00

2.
    Payee:    Peoples Bank & Trust
    Amount paid this period:    $1,535.06    Check #: various
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

3.
    Payee:    SouthTrust Bank
    Amount paid this period:    $1,404.46    Check #:    2444
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

4.
    Payee:    Auburn
    Amount paid this period:    $413.81    Check #:    2436
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

5.
    Payee:    Agri-Credit
    Amount paid this period:    $145.59    Check #:    2445
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

6.
    Payee:
    Amount paid this period:    $0.00    Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
    Stated adequate protection  payment amount    $0.00

Additional payments made to secured creditors and lessors

7.            Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

8.            Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

9.            Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

10.           Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

11.           Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

12.           Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

13.           Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

14.           Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

15.           Payee: _____
               Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
           Stated adequate protection payment amount       $0.00

**TOTAL PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**     $3,498.92

### AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  |  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|---|
| Current to 30 days | | $0.00 | $0.00 |
| 31 to 60 days | | $0.00 | $0.00 |
| 61 to 90 days | | $0.00 | $0.00 |
| 91 to 120 days | | $0.00 | $0.00 |
| 121 days and older | | $0.00 | $0.00 |
| | **Total** | **$0.00** | **$0.00** |

**[Note 1] - Refinancing allowed 4/12/2005 - reflects refinanced balance**

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    04/22/05

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

| Montgomery | AL | 36103 |
|---|---|---|
| City | State | Zip |

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

# United States Bankruptcy Court
## Middle District of Alabama

**FILED**

MAY 0 2 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

QUARTERLY FEE STATEMENT
Pursuant to Fed. R. Bankr. P. 2015(a)(5)

| Debtor | Case #: |
|---|---|
| Charlotte and Kenneth Williford | 03-81486 |

FOR CALENDAR QUARTER ENDING    03/31/04

1. **MONTH**                                   **DISBURSEMENTS\***

| | |
|---|---|
| January | $42,717.35 |
| February | $56,347.95 |
| March | $25,117.10 |
| TOTAL DISBURSEMENTS FOR QUARTER | $124,182.40 |

2. QUARTERLY FEE OWED PURSUANT TO
   28 U.S.C. § 1930(a)(7)                         $750.00

3. QUARTERLY FEE PAID                            $750.00
   (Attach proof of payment)

4. AMOUNT OF UNPAID FEES (IF ANY)               $0.00

I, _James L. Day_____, acting as the duly authorized agent for the Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury under the laws of the United States that I have read and certify that the figures, statements, disbursement itemizations, and account balances as listed in this Quarterly Fee Statement are true and correct as of the date of this report to the best of my knowledge, information and belief.

_2-May-05_____
DATE

For the Debtor-In-Possession (Trustee) (Plan Ad

(Print or type name and capacity of person           James L. Day
signing this Declaration)                             Attorney for Debtor

**The check for payment of the quarterly fee should be attached to the original of this Quarterly Fee Statement filed with the clerk of court.**

\*For periods after plan confirmation, disbursements include all plan payments plus all withdrawal amounts
(checks, direct debits, etc.) posted to each bank account plus any cash payments.

5/2/2005    Quarterly Fee Statement

RECEIPT #: _0500104S_

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                      Chapter 11
Charlotte and Kenneth Williford                                             Case No.: 03-81486
          Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:    1-Apr-2005
AND ENDING:    30-Apr-2005

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                        **YES**

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                          **YES**

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:                       **YES**
January through March 2005, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**           **YES**

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                                  **YES**

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.       **YES**

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.        **YES**

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                               **YES**

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                      **YES**

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                                     **YES**
Check #2577, $1,000.00, paid to Memory & Day trust

**BALANCE SHEET**

For the period ending:          04/30/05

☐ **Check here if Balance Sheet is attached.**

ASSETS
1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $26,415.77 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $26,415.77 |

2. Securities                                             $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                         $0.00

5. Inventory (Fair Market Value)                         $0.00

6. Other Current Assets                                  $183,061.00

7. Prepaid Insurance                                     $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )                           $3,650,000.00

9. **TOTAL  ASSETS**                                          $3,859,476.77

LIABILITIES          (include both pre- and post-petition debts)
1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                     $460,627.14

6. TOTAL LIABILITIES                                          $3,550,124.72
   EQUITY (Total Assets Less Total Liabilities)              $309,352.05
7. **TOTAL LIABILITIES & EQUITY**                            $3,859,476.77

**INCOME STATEMENT**

For the period ending:          04/30/05

☐ **Check here if Income Statement is attached.**

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $43,633.74 | |
| 2. Total Operating (Business) Expenses | $25,117.10 | |
| Net Operating Income | | $18,516.64 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | **$18,516.64** |

---

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.    Payee:    Peoples Bank & Trust
Amount paid this period:    $0.00    Check #: _____
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment    $13,159.91
Stated adequate protection  payment amount    $19,078.00

2.    Payee:    Peoples Bank & Trust
Amount paid this period:    $1,535.06    Check #: various
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount    $0.00

3.    Payee:    SouthTrust Bank
Amount paid this period:    $1,404.46    Check #:    2529
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount    $0.00

4.    Payee:    Auburn
Amount paid this period:    $413.81    Check #:    2530
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount    $0.00

5.    Payee:    Agri-Credit
Amount paid this period:    $145.59    Check #:    2531
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount    $0.00

6.    Payee:
Amount paid this period:    $0.00    Check #:
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
Stated adequate protection  payment amount    $0.00

**Additional payments made to secured creditors and lessors**

7.            Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

8.            Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

9.            Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

10.          Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

11.          Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

12.          Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

13.          Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

14.          Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

15.          Payee: _____
                   Amount paid this period: _____ $0.00    Check #: _____
**Y   N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y   N**   Adequate protection payment
         Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $3,498.92

**AGING OF PAYABLES AND RECEIVABLES**

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    05/20/05

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL            36103
City                              State          Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

**AMENDED BALANCE SHEET**

For the period ending:    04/30/05

☐ **Check here if Balance Sheet is attached.**

<u>ASSETS</u>

1. Cash

| | | |
|---|---:|---:|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $26,415.77 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $26,415.77 |

2. Securities    $0.00

3. Accounts Receivable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment    $0.00

5. Inventory (Fair Market Value)    $0.00

6. Other Current Assets    $183,061.00

7. Prepaid Insurance    $0.00

8. Long Term Assets ( including real property, heavy
equipment, vehicles, etc. )    $3,650,000.00

**9. TOTAL ASSETS**    $3,859,476.77

<u>LIABILITIES</u>    (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---:|---:|
| Pre-petition | $283,601.58 | |
| Post-petition [See Note 1] | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities    $460,627.14

6. TOTAL LIABILITIES    $3,550,124.72

   EQUITY (Total Assets Less Total Liabilities)    $309,352.05

**7. TOTAL LIABILITIES & EQUITY**    $3,859,476.77

INCOME STATEMENT

For the period ending:        04/30/05

☐ **Check here if Income Statement is attached.**

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $41,218.74 | |
| 2. Total Operating (Business) Expenses | $37,716.00 | |
| Net Operating Income | | $3,502.74 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | $3,502.74 |

## STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.             Payee:     Peoples Bank & Trust
                Amount paid this period:        $0.00        Check #: _____
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment        $13,159.91
      Stated adequate protection  payment amount        $19,078.00

2.             Payee:     Peoples Bank & Trust
                Amount paid this period:        $1,535.06        Check #: various
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
   N    Adequate protection payment
      Stated adequate protection  payment amount        $0.00

3.             Payee:     SouthTrust Bank
                Amount paid this period:        $1,404.46        Check #:        2529
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
   N    Adequate protection payment
      Stated adequate protection  payment amount        $0.00

4.             Payee:     Auburn
                Amount paid this period:        $413.81        Check #:        2530
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
   N    Adequate protection payment
      Stated adequate protection  payment amount        $0.00

5.             Payee:     Agri-Credit
                Amount paid this period:        $145.59        Check #:        2531
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
   N    Adequate protection payment
      Stated adequate protection  payment amount        $0.00

6.             Payee:
                Amount paid this period:        $0.00        Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
      Stated adequate protection  payment amount        $0.00

**Additional payments made to secured creditors and lessors**

7.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

8.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

9.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

10.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

11.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

12.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

13.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

14.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

15.       Payee: _____
          Amount paid this period: _____ $0.00     Check #: _____
**Y**  **N**  Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**  **N**  Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $3,498.92

**AGING OF PAYABLES AND RECEIVABLES**

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

    **Debtors.**

**Case No. 03-81486-WRS
Chapter 11**

**Motion to Expand Exclusivity Period by
10 Days to June 10, 2005.**

**FIFTH MOTION TO EXPAND THE TIME TO FILE DISCLOSURE
STATEMENT AND PLAN AND MOTION TO EXPAND THE DEBTOR'S
EXCLUSIVITY OR RIGHT TO FILE PLAN, 11 U.S.C. § 1121(d)**

1.   CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,

("DEBTORS") filed a petition for an order of relief under Chapter 11, Title 11 of the United

States Bankruptcy Code, October 3, 2003.

2.   Under previous orders and notices, the Debtor was required to file a disclosure

statement and plan on or before January 30, 2004.

3.   Under 11 U.S.C. § 1121(b), the Debtor has the exclusive right to file a plan for 120

days after the petition for an order of relief.

4.   Debtors have previously moved the court to extend the exclusivity period, January 30,

2004 (ECF Doc. 52) and said motion was granted, March 10, 2004 (ECF Doc. 65). The new

deadline to file a plan and disclosure is May 15, 2004. A second motion was filed to extend the

exclusivity period, May 13, 2004 (ECF Doc. 82) and that motion was granted, June 16, 2004

(ECF Doc. 87). The deadline was then extended to September 15, 2004. A third motion was

submitted, September 15, 2004 (ECF Doc. 109) and that motion was granted, October 28, 2004

(ECF Doc. 124). The deadline was then extended to January 31, 2005. The Debtors filed a fourth

motion, January 31, 2005 (ECF Doc. 135), and that motion was granted, March 4, 2005 (ECF Doc. 144). The deadline was extended to June 1, 2005.

5.   Although there are issues pending that may significantly affect the bankruptcy estate of the Debtors, counsel for the Debtors prepared a draft plan and disclosure which was available to be submitted on the current deadline for submission.

6.   However, Mr. Kenneth Williford, who is incarcerated at the W.F. Donaldson Correctional Facility in Bessemer, has insisted on direct, face-to-face participation in the preparation of the plan and disclosure.

7.   It will take some advance preparations, coordination with the Alabama Department of Corrections, and approximately an entire day to travel to and from Bessemer and meet with Mr. Williford. It is anticipated that this meeting and the inputs to the plan and disclosure can be finalized no later than June 10, 2005.

8.   Debtors have dutifully filed monthly financial reports as required by the Bankruptcy Administrator.

9.   The Debtors are current with their quarterly maintenance fees.

WHEREFORE, it respectfully requested that the court grant the Debtor the exclusive right to file a disclosure statement in 10 days.

Respectfully submitted May 31, 2005.

MEMORY & DAY

By:    /S/ James L. Day
       James L. Day
       ASB-1256-A55J

       Von G. Memory
       ASB-8137-071V

Attorneys for Debtor

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

on May 31, 2005

Teresa Richards Jacobs
U. S. Bankruptcy Administrator
1 Court Sq Ste 221
Montgomery, AL  36104-3538

/S/ James L. Day
OF COUNSEL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:

CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,

    Debtors.

Case No. 03-81486-WRS

Chapter 11

---

*AMENDED* DISCLOSURE STATEMENT

OF

KENNETH WILLIFORD

And

CHARLOTTE TERESA WILLIFORD

PURSUANT TO SECTION 1125

OF THE UNITED STATES BANKRUPTCY CODE

---

Date: *June 29, 2005*

*AMENDED INFORMATION IN BOLD ITALICS (pages 6, 7, 15,  and 17)*

Memory & Day

Von G. Memory
ASB-8137-O71V

James L. Day
ASB-1256-A55J

P.O. Box 4054
Montgomery, AL 36103-4054
Telephone (334) 834-8000
Facsimile  (334) 834-8001

<u>TABLE OF CONTENTS</u>

Page

ARTICLE I                                                                        4

  INTRODUCTION                                                                   4

ARTICLE II                                                                       6

  HISTORICAL DATA AND NATURE OF THE BUSINESS                                     6
    A. Personal History of Kenneth and Charlotte Williford                      6
    B. Chapter 11 Events                                                        7
    C. Claims Register                                                          8
  CLAIMS REGISTER                                                              8
    D. Petition For Employment Of Attorneys and Professional Persons           10
    E. Likelihood Of Success                                                    10
    F.  Insider Composition                                                     10
    G.  Projection Of Future Performance                                        10
  STRUCTURE AND ORGANIZATION                                                    11

ARTICLE IV                                                                       11

  ASSET AND LIABILITY EVALUATION                                                11
    A. Assets                                                                   11
    B. Liabilities                                                             13

ARTICLE V                                                                        13

  FUNDING                                                                       13

ARTICLE VI                                                                       13

  SUMMARY OF THE PLAN                                                           13
    A.  Classification of Claims                                               14
    B. Treatment of Classes                                                    14

LEGAL SERVICES:                                                                 15

ARTICLE VII                                                                      16

  LITIGATION                                                                     16

ARTICLE VIII                                                                     17

  CLAIMS AGAINST OTHERS                                                          17

ARTICLE IX                                                                       17

  EXECUTORY CONTRACTS  AND UNEXPIRED LEASES                                      17

ARTICLE X                                                                        18

POSSIBLE TAX CONSEQUENCES                                              18

ARTICLE XI                                                            18

CONFIRMATION PROCEDURE                                                18

ARTICLE XII                                                           21

ALTERNATIVES TO CONFIRMATION OF PLAN                                  21
  A. Alternative Plan Of Reorganization                              21
  B. Liquidation Under Chapter 7                                     22

ARTICLE XIII                                                         23

MISCELLANEOUS PROVISIONS                                             23
  A. Retention Of Jurisdiction                                       23
  B. Exemption From Transfer Taxes                                   24
  C. Payment Of Fees And Expenses Of Professional Persons            24
  D. Committees                                                      25
  E. Disputed Claims                                                 25
  F. Distributions, Delivery, Unclaimed                              25
  G. Timing And Calculation Of Amounts To Be Distributed             26
  H. Fractional Distributions                                        26
  I. Satisfaction Of Liens                                           26
  J. Setoffs                                                         26
  K. Payment Of Statutory Fees                                       26
  L. Discharge Of Debtors                                            26
  M. Revocation Of Plan                                              27
  N. Successors And Assigns                                          27
  O. Reservation Of Rights                                           27
  P. Implementation                                                  27
  Q. Amendments Or Modification Of The Plan; Severability            27
  R. Binding Effect                                                  28
  S. Service Of Documents                                            28
  T. Additional Documents                                            28

ARTICLE IX                                                           28

RECOMMENDATION                                                       28
EXHIBIT A – LIQUIDATION ANALYSIS                                     30

# ARTICLE I

## INTRODUCTION

THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN. ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THIS DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT.

Charlotte and Kenneth Williford (collectively "Willifords" or "Debtors" herein) filed for protection under 11 U.S.C. §11, Reorganization, October 3, 2003, in the United States Bankruptcy Court, Middle District of Alabama. The Debtors, through their authorized representative, the firm of Memory & Day, submit this Disclosure Statement ("the Disclosure Statement"), pursuant to § 1125 of Title 11 of the United States code ("Bankruptcy code") to holders of claims and equity interests in the Debtors in connection with (i) the solicitation of acceptances or rejections of the Debtors' Plan of Reorganization, under chapter 11 of the Bankruptcy Code, dated **June 10, 2005**, (the "Plan") filed by the Debtors with the United States Bankruptcy court, Middle District of Alabama (the "Bankruptcy Court") and (ii) the hearing to consider confirmation of the Plan (the "confirmation Hearing") to be scheduled by the Court at a date not less than twenty-five (25) days after the approval of this Disclosure Statement Unless otherwise defined herein, all capitalized terms contained herein have the meaning ascribed to them in the Plan.

In addition, there will be a ballot for acceptance or rejection of the Plan attached to the Disclosure Statement submitted to the holders of claims when and if the Disclosure Statement is approved.

After notice and a hearing, the Bankruptcy Court may approve this Disclosure Statement as containing adequate information of a kind and in sufficient detail to enable a hypothetical, reasonable investor, typical of the Debtors' creditors herein, to make an informed decision as to whether to accept or reject the Plan. Approval by the Bankruptcy Court of this Disclosure Statement does not in and of itself constitute a determination by the Bankruptcy court as to the fairness, merits, or confirmability of the Plan. All creditors of this bankruptcy estate entitled to vote on the acceptance or rejection of the Debtors' Plan should read this Disclosure Statement and the Plan itself in their entirety before voting.

Pursuant to the provisions of the Bankruptcy code, only holders of allowed claims or equity interests in classes of claims or equity interests that are impaired under the terms and provisions of a Chapter 11 plan are entitled to vote to accept or reject the plan, classes of claims or equity interests in which the holders of claims or interests will not receive or retain any property under a Chapter 11 plan are deemed to have rejected the plan and are not allowed to vote to accept or reject the plan. Classes of claims or equity interests in which the holders of claims or interests are unimpaired under a

Chapter 11 plan are deemed to have accepted the plan and are not entitled to vote to accept or reject the plan.

For a more detailed explanation of which classes are impaired and/or unimpaired and which classes are entitled to vote, each creditor should read the Plan of Reorganization in its entirety to determine his, her, or its rights.

The Bankruptcy Court defines "acceptance" of a plan by a class of claims as acceptance by creditors in that class that hold at least two-thirds in dollar amount and more than one-half in number of the claims that cast ballots for acceptance or rejection of the plan. For a complete description of the requirements for confirmation of the Plan, please review the appropriate sections in the Plan of Reorganization, which deal with the confirmation procedure.

Liabilities incurred in the ordinary course of business by the Debtors after the Chapter 11 petition was filed and other liabilities incurred by the Debtors post-petition, are described in the Plan as administrative claims which will be assumed and paid by the Debtors in accordance with the terms and conditions of the particular transaction, the terms and conditions of the Plan, or other agreements relating thereto.  Some claimants, including holders of administrative claims, will not be permitted vote on the Plan.

If a class of claims or equity interest rejects the Plan or is deemed to reject the Plan, the plan Proponent has the right to request confirmation of the Plan, pursuant to § 1129 (b) of the Bankruptcy Code. §1129(b) permits the confirmation of a plan notwithstanding the non-acceptance of such plan by one or more <u>impaired</u> classes of claims or equity interests. Under that section, a plan may be confirmed by a Bankruptcy Court if it does not "discriminate unfairly" and is "fair and equitable" with respect to each non-accepting class. However, the proponent of the plan must have at least one impaired class of claimants to have accepted in order for § 1129(b), confirmation of a non-consensual plan, to be effective.

For a Plan to be fair and equitable it must comply with the absolute priority rule. The absolute priority rule requires that, beginning with the most senior rank of claims of creditors against the Debtors, each class in descending rank or priority must receive full and complete compensation before inferior and junior classes may participate in the distribution.

With respect to those classes of claims and equity interests that are deemed to have rejected the Plan, the proponent herein intends to request confirmation of the Plan pursuant to § 1129(b) of the Bankruptcy Code ("cram-down"). If one or more of the classes entitled to vote on the Plan votes to reject the Plan, your Proponent reserves the right to request confirmation of the Plan over the rejections of such class or classes. The determination as to whether to seek confirmation of the Plan under the cram-down features of § 1129(b) will be determined by the tabulations of ballots and announced prior to the hearing of confirmation.

THE PROPONENT HEREIN BELIEVES AND SINCERELY URGES THAT THE ACCEPTANCE OF THE PLAN IS IN THE BEST INTERESTS OF THE

_____

PROPONENTS/DEBTORS AND ALSO ALL OF THEIR CREDITORS AND URGES THAT THE CREDITORS VOTE TO ACCEPT THE PLAN.

If you are a creditor entitled to vote on the Plan and you did not receive a ballot, received a damaged ballot or lost your ballot, or if you have any questions concerning the procedures for voting on the Plan, please call MEMORY & DAY at 334-834-8000 or email your request to vgmemory@memorylegal.com or jlday@memorylegal.com.

Pursuant to § 1128 of the Bankruptcy Code, a Confirmation Hearing will be held at a date and time that will be noticed in a separate order. Also, the Confirmation Hearing will be held before the **Honorable William R. Sawyer**, United States Bankruptcy Court, Middle District of Alabama, One Church Street, Montgomery, AL, 36104. The Bankruptcy Court will direct the date and time of the Confirmation Hearing as well as the date and time for any objections to be filed against the Plan, if any, and upon whom they shall be served.

## ARTICLE II

## HISTORICAL DATA AND NATURE OF THE BUSINESS

### A. Personal History of Kenneth and Charlotte Williford

The Debtors are co-owners of four trailer parks in Lee County, Alabama, and one park in Chambers County, Alabama. The trailer park in Chambers County is called Ben Mor trailer park. These parks represent purchases of land and manufactured homes by the Debtors over a ten year period. The Debtors have cleared land, landscaped, and installed municipal utility services. In addition, the Debtors have purchased a number of manufactured homes which they lease or offer for sale to the tenants of their parks.

In August of 1998, Scott Emerton entered into a purchase agreement for a manufactured home and a rental agreement for a lot at Ben Mor with the Debtors. However, an altercation ensued between Mr. Williford and Scott Emerton, incident to the rental agreement and a notice of termination of tenancy/lease when Mr. Emerton and his family attempted to remove personal items from the manufactured home.

The Emertons filed suit in the Circuit Court of Chambers County and named the Debtors as Defendants. The case was tried before the Circuit Court of Chambers County, Alabama and the jury returned a verdict in favor of the Plaintiff for conversion and breach of contract. The jury awarded $8,000.00 in compensatory damages and $350,000.00 in punitive damages on the conversion claim and $25,000.00 in compensatory damages, interest, and costs on the breach of contract claim. The Circuit Court of Chambers County entered a judgment in favor of the Plaintiffs in the amount of $383,000.00, September 20, 2003.

*In September 2003 Charlotte Williford filed a petition for divorce against Kenneth Williford in the Circuit Court of Lee County, Alabama, Case Number DR 2003-175. Pursuant to a judgment*

*of divorce rendered October 31, 2003 the court awarded to Charlotte Williford all property of the estate. This matter was appealed by Kenneth Williford to the Alabama Court of Civil Appeals, Case Number 2030320, and a rehearing was denied, June 17, 2005.*

### B. Chapter 11 Events

The Debtors filed the instant Chapter 11 proceeding, October 3, 2003. Since the filing, they have functioned as Debtors-in-Possession as defined by the United States Bankruptcy Code. The Debtors attended their meeting of creditors and have timely filed all required monthly financial reports. The Debtors filed a motion to employ the firm of Memory & Day, October 10, 2003 (ECF Doc. 10) and this motion was ordered approved, November 6, 2005 (ECF Doc. 34).

At an early stage in their case, the Willifords offered and/or are making monthly adequate protection payments to Peoples Bank & Trust, in the amount of $19,078.00, SouthTrust Bank in the amount of $1,404.46, Auburn Bank in the amount of $413.81 and Agri-Credit in the amount of $145.59.

The debt to Peoples Bank & Trust reflects the largest creditor of the estate and this note has been rolled over/refinanced twice during the life of the Chapter 11 bankruptcy.

The Debtors appealed the Emerton judgment to the Alabama Supreme Court, Williford v. Emerton, 2004 WL 596165, Ala., March 26, 2004. The case was affirmed in part and remanded in part. The court remanded the case to the trial court, incident to the computation of damages and for that court to take such steps as necessary to enter an order in compliance with Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986).

On May 7, 2004, the Circuit Court of Chambers County entered an order denying post trial relief. However, this order was entered after the suggestion of bankruptcy was filed Circuit Court of Chambers County. Moreover, the Debtors aver that the Circuit Court of Chambers County failed to comply with the opinion and order from the Alabama Supreme Court and further in that the Circuit Court of Chambers County failed to follow Hammond v. City of Gadsden.

A petition for a writ of mandamus was been filed with the Alabama Supreme Court asking the Supreme Court to compel the Circuit Court of Chambers County to fully comply with the instant opinion and order, and the requirements of Hammond.

The United States Bankruptcy Court for the Middle District of Alabama lifted the stay, August 8, 2004 (ECF Doc. 102), to allow the Alabama Supreme Court to rule on the writ of mandamus and allow the Alabama courts to finalize the instant judgment. This matter is awaiting final disposition at the county court level.

The judgment, as it currently stands and as entered in Chambers County, represents a significant, claim against the estate.

In addition, the Debtors have filed an adversary proceeding against the law firm, Funderburk, Day & Lane, September 13, 2004 (ECF Doc. 107) that represented them in the civil case in Chambers County. It is the Debtors' belief that a recovery will be awarded in this adversary proceeding.

Finally, during the twenty month pendency of the bankruptcy, the Debtors have timely paid all charges and expenses, including quarterly fees, and filed monthly reports as required by the Bankruptcy Administrator.

## C. Claims Register

The following individuals/entities have filed claims incident to this bankruptcy:
Claims Register, United States Bankruptcy Court, Middle District of Alabama (June 6, 2005)

### Claims Register

(Claims Bar Date: January 26, 2004)

| | |
|---|---|
| **Claim No: 1** | Creditor Name: Scott Emerton and Kristi Emerton<br>c/o Charles G. Reynolds, Jr.<br>P.O. Box 367<br>Lanett, AL 36863 |
| Claim Date: 11/04/2003 | Amends Claim No:<br>Amended By Claim No: |
| **Class** | **Amount Claimed** |
| **Total** | |
| **Claim No: 2 Exhibit** | Creditor Name: Scott Emerton and Kristi Emerton<br>c/o Charles G. Reynolds, Jr.<br>P.O. Box 367<br>Lanett, AL 36863 |
| Claim Date: 11/05/2003 | Amends Claim No:<br>Amended By Claim No: |
| **Class** | **Amount Claimed** |
| Secured | $428960.00 |
| **Total** | **$428960.00** |
| **Claim No: 3** | Creditor Name: SouthTrust Bank<br>MPL Bankruptcy<br>PO Box 2465 |

| | Birmingham, AL 35201 |
|---|---|
| Claim Date:<br>11/17/2003 | Amends Claim No:<br>Amended By Claim No: |
| **Class** | **Amount Claimed** |
| Secured | $86824.24 |
| **Total** | **$86824.24** |
| **Claim No: 4** | Creditor Name: Agricredit Acceptance<br>Daniel C. Murphy<br>P.O. Box 7902<br>Urbandale, Iowa 50322 |
| Claim Date:<br>12/09/2003 | Amends Claim No:<br>Amended By Claim No: |
| **Class** | **Amount Claimed** |
| Secured | $6114.78 |
| **Total** | **$6114.78** |
| **Claim No: 5** | Creditor Name: SouthTrust Bank<br>c/o Parnell & Crum, P.A.<br>Post Office Box 2189<br>Montgomery, AL 36102 |
| Claim Date:<br>02/18/2004 | Amends Claim No:<br>Amended By Claim No: |
| **Class** | **Amount Claimed** |
| Secured | $86164.48 |
| **Total** | **$86164.48** |
| **Claim No: 6** | Creditor Name: SouthTrust Bank<br>c/o Parnell & Crum, P.A.<br>Post Office Box 2189<br>Montgomery, AL 36102 |
| Claim Date:<br>02/18/2004 | Amends Claim No:<br>Amended By Claim No: |
| **Class** | **Amount Claimed** |
| Secured | $163934.24 |
| **Total** | **$163934.24** |

Claim number one is a "null" claim and will be removed by claims audit.

### D. Petition For Employment Of Attorneys and Professional Persons

During the initial stages of the pending bankruptcy, the law firm of Memory & Day represented the Debtors. The Debtors moved, October 8, 2003, for the employment of Memory & Day as Chapter 11 counsel and employment was ordered approved, November 6, 2003. No accountants or other professional persons have been employed or approved.

### E. Likelihood Of Success

The Willifords have continued the operation of their five mobile home parks. Monthly revenues average and have stabilized at approximately $45,000.00 to $50,000.00 per month.

The Debtors assert that there is an excellent probability that they will succeed in the consummation of their Plan.

### F.  Insider Composition

One of the purposes of this disclosure statement is to identify any and all affiliations of any individual person, corporation and/or entity proposed to serve, upon confirmation of the Plan, as an officer, director, voting trustee, affiliate, insider, or successor to the debtors under the Plan, and to disclose the insiders, affiliates and their respective relationship(s) and transaction(s) with the Debtors. Reference should be made to 11 U.S.C. §§ 101(2), 101(3) for the respective definitions of "affiliate" and "insider". Pursuant to this declaration, the individuals that would be classified as insiders would be Kenneth, Charlotte, and Amanda Williford.

### G.  Projection Of Future Performance

The Willifords are the owners of five trailer parks for manufactured homes: Ben Mor, in Chambers County; and Fields, Oak-Haven, Brooke Haven, Hickory Haven, and Homestead in Lee County, Alabama. At these facilities they provide leased space for individuals who own their own manufactured home, spaces and manufactured homes for lease, and lease of spaces with a rent to own option for a manufactured home. Currently the five parks have approximately 125 full time residents.

The spaces provide electrical and water/sewage hookup and various ancillary services to the communities.

It is expected that projected increases in the manufactured home market, and the costs associated with new home purchase, will further increase occupancy rates and revenues over the next five years.

Also, in four to six years, the Debtors anticipate the addition of additional lots and manufactured homes. Additional homes are available through repossessed and manufactured homes that were subject to repurchase agreements. The Debtors envision broadening their business and providing leased spaces for tenants in possession of homes, providing full packages of leased space and manufactured homes, and lease of spaces and sale of manufactured homes. In addition, the Debtors will provide or arrange for financing to prospective buyers.

## STRUCTURE AND ORGANIZATION

Since filing their Chapter 11 petition, the Debtors have been operating as a Debtor-in-Possession. Charlotte Williford has been managing the day to day operations of the trailer parks.

Assuming confirmation of the Debtors' proposed Plan, the overall operation will continue with its current parks and tenants. Additional purchases of real estate are not anticipated in the next five years. However, in the future, the Debtors will look to expand and increase the overall numbers of their lots, available manufactured homes and tenants.

This is consistent with the best interests of the claimants and other interested parties.

ARTICLE IV

## ASSET AND LIABILITY EVALUATION

Debtors are in the trailer park business with parks Lee and Chambers County, Alabama. They lease locations with hookups, space/manufactured home leases, and space lease/manufactured home purchase. Specifically, the Debtors list their assets as follows:

### A. Assets

### (1) Real Estate

| Description | Revenue Commission Appraised Value [1] | Scheduled Value [2] | Median Value |
|---|---|---|---|
| Ben Mor Trailer Park | $893,250.00 | $700,000.00 | $796,625.00 |
| Brook Haven | 204,256.00 | 300,000.00 | 252,128.00 |
| Fields Trailer Park | 111,028.00 | 200,000.00 | 155,514.00 |
| Hickory Haven | 238,039.00 | 800,000.00 | 519,019.50 |
| Oak Haven | 606,240.00 | 1,500,000.00 | 1,053,120.00 |
| Debtors' Homestead | 80,840.00 | 150,000.00 | 115,420.00 |

[1] These values are from the Lee and Chambers County Revenue Commissions, September 2004.
2 These values reflect estimates of the Debtors incident to the Chambers County litigation. The most recent commercial appraisals were before calendar year 2000.

| | | | |
|---|---|---|---|
| Total | $2,133,653.00 | $3,650,000.00 | $2,891,826.50 |

## (2) Other Assets

| Description | Value |
|---|---|
| Cash on Hand | $500.00 |
| Bank Accounts | 3,000.00 |
| Household goods | 2,000.00 |
| Wearing Apparel | 400.00 |
| Jewelry | 8,000.00 |
| Weapons/Firearms | 7,500.00 |
| Misc Stock (held by SouthTrust Bank) | 10.00 |
| 1979 Backhoe, | 5,000.00 |
| 2002 Ford, 1 Ton Truck 4X4 | 30,000.00 |
| 3 Trucks (Salvage Value) | 750.00 |
| 2 computers, 2 printers | 1,200.00 |
| 2 Desks, 4 file cabinets | 200.00 |
| Copier | 300.00 |
| Fax Machine | 200.00 |
| Office Supplies | 100.00 |
| Tools | 3,000.00 |
| Welding Trailer | 7,000.00 |
| 2 - Commercial Weedeaters | 400.00 |
| 2003, Farm Tractor, Long Farm | 11,500.00 |
| 2003, Sears Riding Lawnmower | 1,000.00 |
| Bush Hog attachment, seeder attachment, tiller attachment for tractor | 1,500.00 |
| Manufactured (Mobile) Homes Encumbered by Note to Peoples Bank | 12,000.00 |
| Manufactured (Mobile) Homes Unencumbered | 70,000.00 |
| Total | $185,560.00 |

## (3) Total Assets

| Description | Value |
|---|---|
| Real Estate | $2,891,826.50 |
| Other Assets | 185,560.00 |
| Total | $3,077,386.50 |

### B. Liabilities

| Type | Description | Scheduled Amount |
|---|---|---|
| Short Term Notes Payable (Pre- Petition) | Unsecured Debts from Schedule F | $77,412.14 |
| Short Term Notes Payable (Post-Petition) | | |
| Judgment | Emerton | 383,215.00 |
| Long Term Notes Payable (Pre-Petition) | Peoples Bank [3] | $2,844,872.00 |
| | Peoples Bank | 119,000.00 |
| | Agri-Credit | 6,260.37 |
| | Auburn Bank | 21,000.00 |
| | SouthTrust Bank | 100,000.00 |
| | SouthTrust Bank | 86,000.00 |
| (Post-Petition) | None | |
| Taxes Payable | None | |
| Total | | $3,637,759.51 |

ARTICLE V

### FUNDING

The Willifords generate revenue through the lease of lots for manufactured homes, lease of manufactured homes, and rent to own /purchase agreements for manufactured homes.

ARTICLE VI

### SUMMARY OF THE PLAN

---

[3] This debt to People's Bank, although prepetition, is the subject of two motions and approved orders for post petition financing. The amount reflects the most recent loan amount.

## A. Classification of Claims

1. **Class One.** This class is composed of administrative claims that include costs, expenses, and professional fees. This class is composed of Memory & Day. This is a non-voting class.

2. **Class Two.** This class is composed of People's Bank. This class is impaired and therefore a voting class.

3. **Class Three.** This class is composed of People's Bank. This class is impaired and therefore a voting class.

4. **Class Four.** This class is composed of Agri-Credit. This class is impaired and therefore a voting class.

5. **Class Five.** This class is composed of Auburn Bank. This class is impaired and therefore a voting class.

6. **Class Six.** This class is composed of SouthTrust Bank. This class is impaired and therefore a voting class.

7. **Class Seven.** This class is composed of SouthTrust Bank. This class is impaired and therefore a voting class.

8. **Class Eight.** This class is composed of the Emerton judgment. This class will be addressed as part of the unsecured class.

9. **Class Nine.** This class is composed of UNSECURED AND UNDER SECURED CLAIMS. This class is impaired and therefore a voting class.

## B. Treatment of Classes

The classes of claims set forth in above shall be treated in the following manner:

GENERAL: Except as otherwise provided below and elsewhere in the Plan, and except as otherwise agreed by the claimant, property to be distributed under the Plan (a) shall be distributed on or as soon as practical after the Effective Date to each holder of an Allowed Claim or an Allowed Interest that is an Allowed Claim or Allowed Interest as of the Effective Date; and (b) shall be distributed to each holder of an Allowed Claim or Allowed Interest that is allowed after the Effective Date to the extent allowed on the later of one hundred eighty (180) calendar days after the Effective Date; or thirty (30) calendar days after the order allowing the Claim or Interest becomes a Final Order; or as specified in the Plan itself and the class to which the holder of the Allowed Claim or Interest is placed.

CLASS ONE: Administrative expense claims are not classified. Each holder of an Allowed administrative claim shall be paid in full, in cash, from proceeds possessed by the confirmed Debtors on the later of (i) the Effective Date (ii) thirty (30) days after the order allowing the Claim becomes a final order, (iii) upon such other terms as may be agreed upon by the holder of said claim, provided however, that administrative claims incurred in the normal course of the Debtors' business subsequent to the petition date shall be paid in accordance with the terms pursuant to which said obligations were incurred. The total amount of administrative claims, excluding trade debt incurred in the ordinary course of business since the petition date, is estimated to be:

Legal Services:

Memory & Day, $16,800.00 plus anticipated future services to confirmation order of approximately $35,000.00. A formal application will be filed with the court and submitted for approval;

THIS IS A NON-VOTING CLASS.

CLASS TWO (Peoples Bank): The Debtors have a note with People's Bank that is secured by a mortgage on their five trailer parks. The Debtors shall make payments in the amount of $19,000.00 per month. This debt shall be treated as secured in the amount of $2,844,872.00 and shall accrue interest at the rate of *6.25%* per annum. This note will be reviewed and the note renewed after three years. Finally, the Debtors shall make the agreed adequate protection payments until the order of confirmation.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS THREE (Peoples Bank): This debt represents twelve individual notes secured by twelve manufactured homes. The Debtors shall make payments in the amount of $1,400.00 per month. This debt shall be treated as secured in the amount of $100,815.58 and the secured portion shall accrue interest at the rate of 6.25% per annum. Finally, Peoples Bank shall retain its lien or liens on all collateral referenced in the adequate protection agreement of the parties until the secured portion of the instant claim or claims is paid in full, at which point, the liens will be released and deemed satisfied. Finally, the Debtors shall make these payments until the order of confirmation.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS FOUR (Agri-Credit): The Debtors have one note with Agri-Credit incident to a note on a Long 45 Tractor, in the approximate amount of $3,202.98. The Debtors shall make payments in the amount of $140.00 per month. The instant debt shall be treated as fully secured at 6% per annum. Finally, Agri-Credit shall retain its lien until the secured portion of the instant claim is paid in full, at which point, the lien will be released and deemed satisfied.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS FIVE (Auburn Bank): The Debtors have a note with Auburn Bank that is secured by a 2002 Ford, 1 Ton, 4X4, Truck. It is believed that the outstanding balance is approximately $9,714.30. This debt shall be treated as fully secured and the Debtors shall make monthly payments of $400.00. Auburn Bank shall retain its lien until the secured portion of the instant claim is paid in full, at which point, the lien will be released and deemed satisfied.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS SIX (SouthTrust Bank): The Debtors have a note with SouthTrust Bank secured by a mortgage on their homestead. It is believed that the outstanding balance is approximately $86,000.00. This debt shall be treated as fully secured and the Debtors shall make monthly payments of $1,200.00 Finally, SouthTrust Bank shall retain its lien until the secured portion of the instant claim is paid in full, at which point, the lien/mortgage will be released and deemed satisfied. Finally, the Debtors shall make their current payments until the order of confirmation.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS SEVEN (SouthTrust Bank):  SouthTrust Bank has a claim resulting from a judgment filed in Lee County, Alabama. The secured status of this claim is unclear. The Debtors agree to pay the secured amount at the rate of $500.00 per month, and the remaining portion shall be treated as unsecured.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS EIGHT (Emerton): The Emerton claim results from a judgment obtained in the Circuit Court of Chambers County. The appeals process is not complete, however, any judgment is unsecured and the Debtors will seek to set aside the judgment lien. It is the intention of the Debtors to treat this claim as unsecured. The voting status of the Emertons will be addressed as part of the unsecured class.

CLASS NINE (Unsecured and Undersecured): The valid and timely filed unsecured and undersecured claims of all Class Nine creditors shall be paid, on a *pro rata* basis from the proceeds from a lawsuit filed against Funderburk & Day, Adv. Proc. 04-08015, and incident to the Emerton judgment in Chambers County.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

ARTICLE VII

## LITIGATION

As of the time of the filing of this bankruptcy petition, William and Macel Echols, had the following pending lawsuits:

_____

Emerton v. Williford, et al., Circuit Court of Chambers County, Alabama, Case No. CV 00-073, awaiting final disposition on appeal;

Charlotte and Kenneth Williford v. Funderburk, et. al., United States Bankruptcy Court for the Middle District of Alabama, Adv. Proc. 04-08015, ***pending;***

***Charlotte and Kenneth Williford v. Funderburk, et. al., United States Bankruptcy Court for the Middle District of Alabama, Adv. Proc. 05-08005, pending.***

The Debtors have not filed objections to any claim appearing on the claims register. The last day to file claims was January 26, 2004. However, the Debtors reserve the right to advance such objections as may be deemed appropriate ***and will advance such objections before an order of confirmation is entered by the Court.***

## ARTICLE VIII

## <u>**CLAIMS AGAINST OTHERS**</u>

Debtors have not completed their analysis of possible insider claims to determine whether any counter-claims or offsets are applicable. Notwithstanding, Debtors will pursue all legitimate claims from affiliates, professionals, and/or any other person, firm, or entity liable to it under state law, as well as §§ 544, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code.

## ARTICLE IX

## <u>**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**</u>

The Bankruptcy Code gives the Debtors the power, subject to the approval of the Bankruptcy Court, to assume or reject an executory contract and/or an unexpired lease. If an executory contract or unexpired lease is rejected, the other party to the agreement may file a claim for damages incurred by reason of the rejection. In the case of rejection of a lease of real property, such damage claims are subject to certain limitations imposed by the Bankruptcy Code. Under the Plan, all of the Debtors' executory contracts and/or leases are rejected, except for any executory contract or unexpired lease (i) which is to be assumed pursuant to the Plan of Reorganization (ii) which has been assumed pursuant to an Order of the Bankruptcy Court entered prior to the Confirmation Date; (iii) which has been entered into by the Debtors after the petition date in the ordinary course of business or pursuant to an Order of the Bankruptcy Court; or (iv) as to which motion for approval of the assumption of such contract is filed and served prior to the Confirmation Date; or (v) which is set forth in a schedule to be attached to the Plan of Reorganization prior to the commencement of the Confirmation Hearing. In addition, all the insurance policies and agreements or instruments related thereto, including without limitation, any retrospective premium rating plan relating to such policies, except for those policies (and any agreements, documents, or instruments) set forth in a schedule to be filed prior to the

commencement of the Confirmation Hearing, are treated as executory contracts under the Plan and assumed by the Debtors.

THE DEBTORS HAVE SCHEDULED NO LEASES/EXECUTORY CONTRACTS IN ITS PETITION.

ARTICLE X

**POSSIBLE TAX CONSEQUENCES**

As far as the bankruptcy estate is concerned, the Debtors do not envision any tax consequences resulting from the terms and specifications of this Plan of Reorganization. However, Debtors and counsel for the Debtors assume no responsibility and offer no opinion in connection with tax liabilities that may be imposed upon recipients herein in connection with any transfer or distribution made under the Plan of Reorganization as proposed. Recipients are urged to obtain advice from their own tax counsel regarding applicability of state and federal tax laws and the tax impact of a liquidation proceeding if the Debtors filed a plan of liquidation and/or was converted to a Chapter 7.

ARTICLE XI

**CONFIRMATION PROCEDURE**

In order to confirm the Plan, the Code requires that the Bankruptcy Court make a series of determinations concerning the Plan including that (a) the Plan has classified claims and interests in a permissible manner; (b) the Plan complies with the technical requirements of Chapter 11 of the Code; (c) the Debtors have proposed the Plan in good faith; and (d) the Debtors' disclosures, as required by Chapter II of the Code, have been adequate and have included information concerning all payments made or promised by the Debtors in connection with the Plan. The Debtors believe that all of these conditions will have been met by the date set for the hearing on confirmation and will seek a ruling of the Bankruptcy Court to this effect at that hearing.

The Code also requires that the Plan be accepted by the requisite votes of creditors and members (except to the extent that "cram-down" is available under Section 1129(b) of the Code, "Confirmation Without Acceptance by All Impaired Classes"); that the Plan be feasible (that is, there is a reasonable prospect that the Debtors will be able to perform their obligations under the Plan and continue to operate their business without further financial reorganization); and that the Plan is in the "best interests" of all creditors and equity security holders (that is, that creditors and equity security holders will receive at least as much pursuant to the Plan as they would receive in a chapter 7 liquidation). To confirm the Plan, the Bankruptcy Court must find that all of these conditions are met (unless the applicable provisions of Section 1129(b) of the Code are employed in which event the Plan could be confirmed even though a class does not accept the Plan). Thus, even if the creditors and members of the Debtors accept the Plan by the requisite votes, the Bankruptcy Court must make an independent finding with respect to the Plan's feasibility and whether it is in the best interests of the

Debtors' creditors and equity security holders before it may confirm the Plan. These statutory conditions to confirmation are discussed below.

A.   Classification of Claims and Interests:

The Code requires that a Plan of Reorganization place each creditor's claim and equity security holder's interest in a class with other claims and interest, which are "substantially similar." The Debtors believe that the Plan meets the classification requirements of the Code.

B.   Voting:

As a condition to confirmation, the Code requires that each impaired class of claims or interest accept the Plan. The Code defines acceptance of a Plan by a class of claims as acceptance by holders of two-thirds (2/3) in dollar amount and a majority in number of claims of that class, but for that purpose counts only those who actually vote to accept or to reject the plan. The Code defines acceptance of a plan by a class of interests (equity securities) as acceptance by holders of two-thirds (2/3) of the number of shares, but for this purpose counts only shares actually voted. Holders of claims or interests who fail to vote are not counted as either accepting or rejecting the plan.

Classes of claims that are not "impaired" under the Plan are deemed to have accepted the Plan. Acceptances of the Plan are being solicited only from those persons who hold claims or interests in an impaired class. A class is "impaired" if the legal, equitable, or contractual right attaching to the claims or interest of that class are modified, other than by curing defaults and reinstating maturity or by payment in full in cash.

C.   Financial Analysis:

The Bankruptcy Code requires that confirmation of a Plan is not likely to be followed by liquidation or the need for further financial reorganization.

The Debtors do not, as a matter of course, publish projections of its anticipated financial position, results of operations, or cash flows. Accordingly, the Debtors do not intend, and disclaims any obligation, to (a) furnish updated projections to Holders of Claims or Equity Interests prior to the Effective Date or to Holders of stock or any other party after the Effective Date or (b) otherwise make such updated information publicly available.

**The projections provided in the Disclosure Statement have been prepared exclusively by the Debtors. These projections, while presented with numerical specificity, are necessarily based on a variety of estimates and assumptions which, though considered reasonable by management, may not be realized, and are inherently subject to significant business, economic and competitive uncertainties and contingencies, many of which are beyond the Debtors' control. The Debtors caution that no representations can be made as to the accuracy of these financial projections or to the reorganized Debtors'**

_____

**ability to achieve the projected results. Some assumptions inevitably will not materialize. Further, events and circumstances occurring subsequent to the date on which these projections were prepared may be different from those assumed or, alternatively, may have been unanticipated, and thus the occurrence of these events may affect financial results in a material and possibly adverse manner. The projections, therefore, may not be relied upon as a guaranty or other assurance of the actual results that will occur (See Exhibit "A").**

D.    Best Interests of Creditors:

Notwithstanding acceptance of the Plan, as provided for in the Code, by creditors and equity security holders of each class, in order to confirm the Plan the Bankruptcy Court must independently determine that the Plan is in the best interests of all classes of creditors and equity security holders impaired by the Plan. The "best interests" test requires that the Bankruptcy Court find that the Plan provides to each member of each impaired class of claims and interests a recovery which has a value at least equal to the value of the distribution which each such person would receive if the Debtors estate was liquidated under Chapter 7 of the Code.

To calculate what members of each impaired class of unsecured creditors and equity security holders would receive if the Debtors estate was liquidated, the Bankruptcy Court must first determine the aggregate dollar amount that would be generated from the Debtors' assets if the Chapter 11 case was converted to a Chapter 7 under the Code and the assets were liquidated by a trustee in bankruptcy (the "Liquidated Value"). The Liquidated Value would consist of the net proceeds from the disposition of the assets of the Debtors', augmented by the cash held by the Debtors and recoveries on actions against third parties. In addition to commissions and professional fees awarded a Chapter 7 trustee.

The Liquidated Value available to general creditors would be reduced by (a) the claims of secured creditors to the extent of the value of their collateral, and (b) by the costs and expenses of the liquidation, as well as other administrative expenses of the Debtors' estate. The Debtors' costs of liquidation under Chapter 7 would include the compensation of a trustee, as well as of counsel and of other professionals retained by the trustee; disposition expenses; all unpaid expenses incurred by the Debtors during their Chapter 11 reorganization proceedings (such as compensation for attorneys, financial advisors and accountants) which are allowed in the Chapter 7 proceeding; litigation costs; and claims arising from the operation of the Debtors during the pendency of the Chapter 11 Reorganization and Chapter 7 liquidation proceedings. The liquidation itself would trigger certain priority claims and would accelerate other priority payments which would otherwise be payable in the ordinary course. These priority claims would be paid in full out of the liquidation proceeds before the balance would be made available to pay general claims or to make any distribution in respect of equity interests.

_____

Is it in the best interest of the creditors of this estate to force liquidation; absolutely not, who will benefit? Only the creditors having a mortgage interest will benefit. The interested parties in this classification are: Peoples Bank and SouthTrust Bank. Appraisals, other than Revenue Commission appraised values, of the trailer park properties are more than eight years old and may not accurately reflect various economic factors in the Auburn/Opelika area. Although the Debtors reflect median values for their trailer park real property, those values closely mirror the mortgage value allowed by People's Bank.

In analyzing the liquidation analysis, **Exhibit "A"**, after liquidation, there is nothing available to unsecured and undersecured creditors. The claims of secured and undersecured creditors are dependant upon and will be satisfied by the proceeds of the Funderburk & Day litigation.

Accordingly, close attention should be paid to the evaluation of assets and liabilities, remembering an additional layer of administrative expenses automatically attach to Chapter 7 liquidation. Besides a possible five (5%) percent commission to the elected and/or appointed trustee, other costs, such as professional fees (lawyers, certified public accountants, appraisers), taxes, notice fees, and expenses incurred during the liquidating process, all diminish any dividend to the expectant claimant. Secondly, in the pecking order of payment, administrative fees and expenses of the Chapter 7 are paid first; then the administrative expenses of the failed Chapter 11 are paid; third in line would be the priority unsecured claims (wages, employee benefits, and governmental taxes); lastly, to the general unsecured creditors, whether they be lessor rejected damage claims, trade creditors, or ordinary debt, to be shared pro-rata. Unfortunately, no dividends are awarded until all assets are liquidated, including causes of action, precipitated or continued by the trustee. One year to three years is not an unreasonable period for a trustee to hold a proceeding open from his or her appointment before filing a final account.

Based upon the foregoing, it is the opinion of the Debtors that the payment offered by the Debtors is substantially greater than the amount available through a liquidation by a Chapter 7 trustee.

## ARTICLE XII

## **ALTERNATIVES TO CONFIRMATION OF PLAN**

If the Plan, as originally filed and/or modified, is not confirmed and Consummated, the Proponent/Debtors' alternatives include (i) the preparation and presentation of an alternative plan or plans of reorganization, including that of a Chapter 11 liquidation and/or (ii) liquidation under Chapter 7 of the Bankruptcy Code.

## **A. Alternative Plan Of Reorganization**

If the present Plan of Reorganization or its alterative is not confined, even after amendments or modifications, Debtors may liquidate all of its assets to the best of its ability and disburse the cash

as an orderly liquidation plan. If, after a certain length of time, no viable bidders or purchasers appear, Debtors will move to auction all of its property and assets, with the permission and consent of any applicable security holders. For those assets which are not sold, Debtors will offer to transfer all rights, title, and interest he may have in and to any of its property, subject to the security interest, for a fair and reasonable value to the secured claimant as possessor of the security interest. Once all assets have been disposed of and secured claims satisfied to the value of the security interest, Debtors will then proceed to distribute the unencumbered collected funds to Allowed Claims by Class, first to administrative expenses; then to priority unsecured creditors; then to non-priority general unsecured creditors; and lastly, to the equity interest holders.

AGAIN, THE DEBTORS BELIEVE AND ASSERT THAT THEIR PROPOSED PLAN OF REORGANIZATION, NOT THAT OF LIQUIDATION, EITHER BY CHAPTER 11 OR CHAPTER 7, WOULD BE MORE BENEFICIAL TO ALL OF THE CREDITORS OF THIS BANKRUPTCY PROCEEDING AND THE DEBTORS. A VOTE TO ACCEPT DEBTORS' PLAN OF REORGANIZATION IS A VOTE TO ALLOW THE DEBTORS TO EMERGE SUCCESSFULLY FROM THESE BANKRUPTCY PROCEEDINGS, PRESERVING ITS BUSINESS AND PERMITTING THE ALLOWED CLAIMANTS TO REALIZE A RECOVERY GREATER THAN THAT WHICH COULD BE AFFORDED EITHER UNDER A LIQUIDATING CHAPTER 11 OR A CHAPTER 7 LIQUIDATION.

## B. Liquidation Under Chapter 7

If no Chapter 11 Plan can be confirmed, the Chapter 11 proceeding may be converted to a case under Chapter 7 of the Bankruptcy Code, wherein a panel trustee would initially be appointed as interim and ultimately, at the §341 first meeting of creditors, appointed to administer the assets of the Debtor. A discussion of the effect of Chapter 7 liquidation on the recovery to holders of Allowed Claims and equity interests has been previously articulated in what is known as the Best Interests Test. Also, a liquidation analysis is attached hereto as **Exhibit "A"**.

Debtors believe and assert that liquidation under Chapter 7 would have the immediate and devastating impact, thereby foreclosing current income as a source of revenue. Moreover, a liquidation of assets, in all probability, would not develop sufficient proceeds to pay the claims of all Classes. If the Chapter 7 trustee has sufficient information in which to make a business judgment, after considering whether or not there are any security interests lodged against the movable property, he or she more than likely would announce his or her intentions to abandon and disclaim all such movables as being encumbered beyond their worth. The trustee would file a formal petition for abandonment and disclaimer and the Court would order such, after due notice and hearing. At that juncture, a trustee no longer has any jurisdiction over those particular assets and they are returned to the Debtors or interested secured party, subject to any liens, alienations, encumbrances, mortgages, etc. A Chapter 7 would realize little or no value whatsoever in connection with those assets without mortgages or liens to secured creditors or serve as security to any of the lessors under a lease instrument. As suggested to you earlier in the explanation of the Best Interests Test, as well as Financial Analysis, it is the view of Debtors that the only creditors who will receive anything of value towards their debt would be the security interest holders and possibly the trustee to pay administrative

expenses in connection with any miscellaneous items which may be sold free and clear of the liens or encumbrances. In no event would any general unsecured creditors receive a dividend. Therefore, in retrospect, Debtors' Plan of Reorganization would, for all intents and purposes, satisfy a distribution to creditors of this bankruptcy estate, allowing him to continue to operate and produce the income necessary to satisfy the commitments under the Plan of Reorganization. CATEGORICALLY, CHAPTER 11 CONSIDERATIONS FAR OUTWEIGH ANY PERCEIVED BENEFITS, WHICH COULD BE DERIVED FROM A CONVERSION TO CHAPTER 7.

ARTICLE XIII

## MISCELLANEOUS PROVISIONS

### A. Retention Of Jurisdiction

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases after the Effective Date as is legally permissible, including jurisdiction to:

(1) allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims;

(2) grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Confirmation Date;

(3) resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtors are a party or with respect to which the Debtors may be liable and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

(4) ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan and resolving any disputes concerning any distributions contemplated in or relating to the Plan;

(5) decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

(6) enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

(7) resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or an Person's or Entity's obligations incurred in connection with the Plan;

(8) issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with Consummation or enforcement of the Plan, except as otherwise provided herein;

(9) resolve any cases, controversies, suits, or disputes with respect to the releases, injunction, and other provisions contained in the Plan and enter such orders as may be necessary or appropriate to implement such releases, injunction, and other provisions;

(10) enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

(11) determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or the Disclosure Statement; and

(12) enter an order and/or final decree concluding the Chapter 11 Case.

## B.  Exemption From Transfer Taxes

Pursuant to §1146(c) of the Bankruptcy Code, the issuances, transfer, exchange of notes, or equities or securities under the Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sub-lease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidations, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan will not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

## C.  Payment Of Fees And Expenses Of Professional Persons

After the Confirmation Date, Debtors will, in the ordinary course of business and without the necessity of approval by the Bankruptcy Court, pay the reasonable post-Confirmation Date fees and expenses of the professional persons employed by Debtors related to the implementation and confirmation of the Plan. No such fees and expenses will be paid, however, except upon receipt by the Debtors of a written invoice from the professional person, seeking a fee and expense reimbursement.

Any professional appointed by the Bankruptcy Court, who performed services on behalf of the estate, whose fees and costs may be charged against the estate, must file an application for approval of same not later than sixty days subsequent to the confirmation order becoming final. Failure to file within the time permitted herein shall automatically and without further notice bar the

professional person from bringing a claim against the bankruptcy estate and/or the confirmed Debtors.

### D.  Committees

The appointment of all committees, if any, will automatically terminate on the Effective Date.

### E.  Disputed Claims

The Debtors have not objected to claims at this point but reserve the right to advance said objections at a later date.

### F.  Distributions, Delivery, Unclaimed

1.)  Delivery of Distributions in General

Distributions to Holders of Allowed Claims shall be made at the address of the Holder of such Claim as indicated on records of the Debtors or proof of claim filed of record. Except as otherwise provided by the Plan or the Bankruptcy Code, distributions shall be made in accordance with the provisions of the applicable indenture, participation agreement, loan agreement or analogous instrument or agreement, if any, and distributions will be made to any Holders of record as of the Distribution Date.

2.)  Undeliverable Distributions

    a.  Holding of Undeliverable Distributions. If any Allowed Claim Holder's distribution is returned to the Reorganized Debtors as undeliverable, no further distributions shall be made to such Holder unless and until the Reorganized Debtors are notified, in writing, of such Holder's then-current address, such that the distribution becomes deliverable. Undeliverable distributions shall remain in the possession of the Reorganized Debtors pursuant to the Plan until such time as a distribution becomes deliverable. Undeliverable payments shall not be entitled to any interest, dividends or other accruals of any kind.

    b.  Failure to Claim Undeliverable Distributions. In an effort to ensure that all Holders of Allowed Claims receive their allocated distributions, the Reorganized Debtors may file a listing of Holders of undeliverable distributions with the Bankruptcy Court. Any Holder of an Allowed Claim that does not assert a Claim pursuant to the Plan for an undeliverable distribution within five years after the Effective Date shall have his, her, or its Claim for such undeliverable distribution discharged and shall be forever barred from asserting any such Claim against the Reorganized Debtors or their property. In such cases, any payments held for distribution on account of such Claims shall be property of the Reorganized Debtors, free of any

restrictions thereon. Nothing contained in the Plan shall require the Reorganized Debtors to attempt to locate any Holder of an Allowed Claim.

### G.  Timing And Calculation Of Amounts To Be Distributed

Beginning on the Effective Date, the Reorganized Debtors, at their sole discretion and as frequently, soon, reasonably practicable, and efficient under the circumstances, shall make the distributions to Holders of Allowed Claims in accordance with the Plan.

### H.  Fractional Distributions

No cash payment of less than TEN AND NO/100 ($10.00) DOLLARS shall be made by the Reorganized Debtors on account of any Allowed Claim, unless a specific request therefore is made, in writing, by the Holder of such Claim. In the event a Holder of an Allowed Claim is entitled to distribution that is not a whole dollar number, the actual payment or issuance made will reflect a rounding of such fractional portion of such distribution down or up to the nearest whole dollar, but in any case not to result in a distribution that exceeds any allowable total distribution authorized by the Plan.

### I. Satisfaction Of Liens

Upon payment of the amounts specified in this plan, the respective secured creditors shall mark their claims as satisfied and release their respective liens.

### J.  Setoffs

Except as otherwise provided in the Plan, the Reorganized Debtors may, pursuant to §§ 502(d) or 553 of the Bankruptcy Code or applicable non-bankruptcy law, offset against any Allowed Claim, and the distributions to be made pursuant to the Plan on account of such Claim (before any distribution is made on account of such Claim), the Claims, rights, and Causes of Action of any nature that the Debtors or Reorganized Debtors may hold against the Holder of such Allowed Claim.

### K.  Payment Of Statutory Fees

All fees payable pursuant to 28 U.S.C. § 1930, as agreed between the Debtors and the United States Trustee or determined by the Bankruptcy Court at the hearing pursuant to Section 1128 of the Bankruptcy Code, shall be paid on the Effective Date or as soon thereafter as reasonably possible.

### L.  Discharge Of Debtors

Except as otherwise provided in the Plan, on the Effective Date: (1) the rights afforded in the Plan and the treatment of all Claims and Equity Interests therein, shall be in exchange for and in complete satisfaction, discharge, and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors

and the Debtors in Possession, or any of their assets, property, or Estate; (2) the Plan shall bind all Holders of Claims and Equity Interests, and all Claims against, and Equity Interests in, the Debtors and Debtors in Possession shall be satisfied, discharged, and released in full, and the Debtors' liability with respect thereto shall be extinguished completely, including, without limitation, any liability of the kind specified under Section 502(g) of the Bankruptcy Code; and (3) all Persons and Entities shall be precluded from asserting against the Debtors, the Debtors in Possession, the Estate, and the Reorganized Debtors, their successors and assigns, their assets and properties, any other Claims or Equity Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

### M.  Revocation Of Plan

The Debtors reserves the right, at any time prior to the entry of the Confirmation Order, to revoke and withdraw the Plan.

### N.  Successors And Assigns

The rights, benefits, and obligations of any Person or Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor, or assign of such Person or Entity.

### O.  Reservation Of Rights

Except as expressly set forth herein, the Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. The filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by the Debtors or Debtors in Possession with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors or Debtors in Possession with respect to the Holders of Claims or Equity Interests prior to the Effective Date.

### P.  Implementation

The Debtors, the Reorganized Debtors, all Holders of Claims receiving distributions under the Plan, and all other parties in interest shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

### Q.  Amendments Or Modification Of The Plan; Severability

Proponent/Debtors may alter, amend, or modify the treatment of Claims provided for under the Plan; provided however that the holders of such Claims agree or consent to any such alteration, amendment or modification. In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void, or unenforceable, such provision will be invalid, void, or unenforceable with respect to the holder or holders of such Claims or Equity

Interests as to which the provision is determined to be invalid, void, or enforceable. The invalidity, voidness, or unenforceability of any such provision will in no way limit or affect the enforceability and operative effect of any other provisions of the Plan.

### R.  Binding Effect

The Plan, as amended or modified, upon becoming final and non-appealable, will be binding upon and inure to the benefit of the Debtors, the holders of Claims and Equity Interest, and their respective successors and assigns.

### S.  Service Of Documents

Any pleading, notice, or other document required by the Plan to be served on or delivered to the Reorganized Debtors shall be sent by first class U. S. mail, postage prepaid to:

Charlotte Williford
815 Crawford Road
Opelika, AL  36804

With copies to:

Memory & Day
P.O. Box 4054
Montgomery, AL 36103

### T.  Additional Documents

On or before the Effective Date, the Debtors may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

ARTICLE IX

### RECOMMENDATION

In the opinion of the Debtors, the Plan is preferable to the alternatives described herein because it provides for a greater distribution to the Holder of Claims and Interests than would otherwise result in a liquidation under Chapter 7 of the Bankruptcy Code. Accordingly, the Debtors recommend that Holders of Claims and Equity Interests entitled to vote on the Plan support Confirmation of the Plan and vote to accept the Plan.

Respectfully submitted June 29, 2005.

KENNETH AND CHARLOTTE WILLIFORD

/S/ Kenneth Williford


/S/ Charlotte Williford


MEMORY & DAY


BY:    /S/ Von G. Memory
       Von G. Memory, Esq.



This Document Prepared by:
Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

Charlotte and Kenneth Williford                          *Amended* Disclosure Statement
Case No. 03-81486-WRS                                                Page 30 of 30

_____

## EXHIBIT A – Liquidation Analysis

| Description | Estimated Value | Secured Debt | Equity |
|---|---|---|---|
| Trailer Parks | $2,776,406.50 | $2,844,872.00 | (68,465.50) |
| Homestead | 115,420.00 | 86,000.00 | 29,420.00 |
| Totals | 2,891,826.50 | 2,930,872.00 | (39,045.50) |

| Description | Scheduled Value | Secured Debt | Equity |
|---|---|---|---|
| Cash on Hand | $500.00 | | Exempt |
| Bank Accounts | 3,000.00 | $0.00 | Exempt |
| Household goods | 2,000.00 | $0.00 | Exempt |
| Wearing Apparel | 400.00 | $0.00 | Exempt |
| Weapons/Firearms | 7,500.00 | $0.00 | Exempt |
| Misc Stock (held by SouthTrust Bank) | 10.00 | 10.00 | 0.00 |
| 1979 Backhoe, | 5,000.00 | 0.00 | 5,000.00 |
| 2002 Ford, 1 Ton Truck 4X4 | 20,000.00 | 9,714.30 | 10,285.7 |
| 3 Trucks (Salvage Value) | 750.00 | 0.00 | 750.00 |
| 2 computers, 2 printers | 1,200.00 | 0.00 | 1,200.00 |
| 2 Desks, 4 file cabinets | 200.00 | 0.00 | 200.00 |
| Copier | 300.00 | 0.00 | 300.00 |
| Fax Machine | 200.00 | 0.00 | 200.00 |
| Office Supplies | 100.00 | 0.00 | 100.00 |
| Tools | 3,000.00 | 0.00 | 3,000.00 |
| Welding Trailer | 7,000.00 | 0.00 | 7,000.00 |
| 2 - Commercial Weedeaters | 400.00 | 400.00 | 400.00 |
| 2003, Farm Tractor, Long Farm | 9,500.00 | 3,202.98 | 6,297.02 |
| 2003, Sears Riding Lawnmower | 1,000.00 | 0.00 | 0.00 |
| Bush Hog attachment, seeder attachment, tiller attachment for tractor | 1,500.00 | 0.00 | 1,500.00 |
| Total | 50,160.00 | 13,327.28 | |

| | | | |
|---|---|---|---|
| Personal Property Equity Total | | | 36,232.72 |
| Real Property Equity Total | | | (39,045.50) |
| Equity | | | (2,812.78) |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

      CHARLOTTE T. WILLIFORD and       CHAPTER 11
      KENNETH WILLIFORD

                                              CASE NO.03-81486

         Debtor(s),


## REPORT OF THE BANKRUPTCY ADMINISTRATOR
## REGARDING THE DEBTOR'S DISCLOSURE STATEMENT


      Comes now Michael A. Fritz, Sr., attorney for the bankruptcy administrator for this district, and reports to the court as follows:

      1.      That on June 10, 2005 a plan and disclosure statement was filed.  On June 28, 2005 the debtor filed an amended disclosure statement.

      2.      That the disclosure statement has been reviewed in conjunction with the amended plan, and it appears to provide creditors with sufficient information so as to enable them to make an informed judgment respecting the plan.

      WHEREFORE, the Bankruptcy Administrator  recommends that the disclosure statement be conditionally approved, and that the plan of reorganization be submitted to creditors for their consideration and balloting.


                                      Respectfully Submitted ,
                                        /s/
                                    Michael A. Fritz, Sr.
                                    Bankruptcy Attorney
                                    ASB 5814 Z56M


United States Bankruptcy Administrator
Middle District of Alabama
One Church Street
Montgomery, AL 36104
Phone:(334) 954-3900

Fax: (334) 954-3901

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                            Case No. 03-81486-WRS
                                                 Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

         Debtors.

### ORDER APPROVING DISCLOSURE STATEMENT AND FIXING LAST DATE FOR VOTING ON PLAN, LAST DATE FOR OBJECTING TO PLAN, AND SETTING HEARING ON CONFIRMATION OF PLAN

A disclosure statement under chapter 11 of the Bankruptcy Code having been filed by the debtors on June 10, 2005 (Doc. 183)and amended on June 29, 2005 (Doc. 191), referring to a plan under chapter 11 of the Code filed by the debtors on June 10, 2005 (Doc. 184); and

It having been determined after hearing on notice that the disclosure statement contains adequate information:

IT IS ORDERED, and notice is hereby given, that:

A.  The amended disclosure statement filed by the debtors dated June 29, 2005, is APPROVED.

B.  **August 2, 2005** is fixed for the hearing on confirmation of the plan.  The hearing will be held at **10:00 a.m.**, on **Tuesday, August 2, 2005**, at the United States Bankruptcy Court, United States Courthouse, Montgomery, Alabama.

C.  **July 27, 2005,** is fixed as the last day for filing and serving pursuant to Fed. R. Bankr. Proc. 3020(b)(1) written objections to confirmation of the plan.  Objections will be heard at the hearing on confirmation.

D.  **July 27, 2005,** is fixed as the last day for filing written acceptances or rejections of the plan.

E.  Within three days after the entry of this order, counsel for the debtors shall mail to all creditors, equity security holders, and other parties in interest a copy of this order, the plan, the disclosure statement, and a ballot conforming to Official Form 14.

Orders.29

A certificate of such service, showing the names and addresses of the entities served, shall be filed with the court prior to the last date for filing objections.

Dated this 29th  day of June, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtors
    Von G. Memory, Attorney for Debtors

Orders.29

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                      Case No. 03-81486-WRS
                                                           Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

        Debtors.

## ORDER APPROVING DISCLOSURE STATEMENT AND FIXING LAST DATE FOR VOTING ON PLAN, LAST DATE FOR OBJECTING TO PLAN, AND SETTING HEARING ON CONFIRMATION OF PLAN

A disclosure statement under chapter 11 of the Bankruptcy Code having been filed by the debtors on June 10, 2005 (Doc. 183)and amended on June 29, 2005 (Doc. 191), referring to a plan under chapter 11 of the Code filed by the debtors on June 10, 2005 (Doc. 184); and

It having been determined after hearing on notice that the disclosure statement contains adequate information:

IT IS ORDERED, and notice is hereby given, that:

A.  The amended disclosure statement filed by the debtors dated June 29, 2005, is APPROVED.

B.  **August 2, 2005** is fixed for the hearing on confirmation of the plan.  The hearing will be held at **10:00 a.m.**, on **Tuesday, August 2, 2005**, at the United States Bankruptcy Court, United States Courthouse, Montgomery, Alabama.

C.  **July 27, 2005,** is fixed as the last day for filing and serving pursuant to Fed. R. Bankr. Proc. 3020(b)(1) written objections to confirmation of the plan.  Objections will be heard at the hearing on confirmation.

D.  **July 27, 2005,** is fixed as the last day for filing written acceptances or rejections of the plan.

E.  Within three days after the entry of this order, counsel for the debtors shall mail to all creditors, equity security holders, and other parties in interest a copy of this order, the plan, the disclosure statement, and a ballot conforming to Official Form 14.

Orders.29

A certificate of such service, showing the names and addresses of the entities served, shall be filed with the court prior to the last date for filing objections.

Dated this 29th  day of June, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtors
   Von G. Memory, Attorney for Debtors

Orders.29

**BAE SYSTEMS**

**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 1127-3          User: cosborne          Page 1 of 1                    Date Rcvd: Jun 29, 2005
Case: 03-81486               Form ID: pdfSOME         Total Served: 3

The following entities were served by first class mail on Jul 01, 2005.
db        +Charlotte Teresa Williford,   815 Crawford Road,   Opelika, AL 36804-8410
jdb       +Kenneth Williford,   815 Crawford Road,   Opelika, AL 36804-8410
aty       +Von G. Memory,   Memory & Day,   P. O. Box 4054,   Montgomery, AL 36103-4054

The following entities were served by electronic transmission.
NONE.                                                                                TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 01, 2005                    Signature:    *Joseph Speetjens*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | |
| **CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,** | **Case No. 03-81486-WRS** |
| **Debtors.** | **Chapter 11** |

## CERTIFICATE OF SERVICE

I, **James L. Day**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this

&#9745;  Amended Disclosure, Plan, Order and Ballot

was made July 5, 2005, by:

&#9745; Regular: First Class United States Mail, service, addressed to: (see below or attached)

&#9744; Certified: First Class United States Mail, service, addressed to: (see below or attached) Pursuant to Rule 7004(h)

&#9744; Personal Service: By leaving the process with Defendant or with an officer or agent at: (see below or attached)

&#9745; E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

&#9744; Residence Service: by leaving the process with the following adult at: (see below or attached)

&#9744; Publication: The Defendant was served as follows: (see below or attached)

&#9744; State Law: The Defendant was served pursuant to the laws of the State of Alabama as follows: (see below or attached)

list attached &#9745;

Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:      July 5, 2005

/S/ James L. Day
James L. Day
P.O. Box 4054
Montgomery, AL 36103
(334) 834-8000

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

MBNA
PO Box 15137
Wilmington, DE  19850-5137

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles R. Johanson, III, Esq.
For: Traveler's Indemnity and Standard
Fire Insurance Company
P. O. Box 11405
Birmingham, AL 35202

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                      Chapter 11

Charlotte and Kenneth Williford                            Case No.: 03-81486

      Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:   1-Jun-2005

AND ENDING:   30-Jun-2005

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:        YES

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:        YES

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:        YES
January through March 2005, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**        YES

5. New books and records are opened and are current and are being maintained on an **accrual** basis.        YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.        YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.        YES

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.        YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.        YES

10. No professional fees have been paid except by order of the court.  If no, enter name of professional, date and amount paid.        YES

**AMENDED BALANCE SHEET**

For the period ending:    06/30/05

☐ Check here if Balance Sheet is attached.

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | $5,137.58 | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $5,137.58 |

2. Securities     $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment     $0.00

5. Inventory (Fair Market Value)     $0.00

6. Other Current Assets     $183,061.00

7. Prepaid Insurance     $0.00

8. Long Term Assets ( including real property, heavy equipment, vehicles, etc. )    [See Note 1]     $3,650,000.00

**9. TOTAL ASSETS**     $3,838,198.58

<u>LIABILITIES</u>    (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities     $460,627.14

6. TOTAL LIABILITIES     $3,550,124.72

    EQUITY (Total Assets Less Total Liabilities)     $288,073.86

**7. TOTAL LIABILITIES & EQUITY**     $3,838,198.58

INCOME STATEMENT

For the period ending:           06/30/05

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $42,017.17 | |
| 2. Total Operating (Business) Expenses | $49,037.14 | |
| Net Operating Income | | ($7,019.97) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | ($7,019.97) |

### STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS

1.             Payee:      Peoples Bank & Trust
              Amount paid this period:          $19,429.06          Check #:          2736
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   Adequate protection payment                    $19,429.06
     Stated adequate protection  payment amount      $19,078.00

2.             Payee:      Peoples Bank & Trust
              Amount paid this period:          $1,535.06          Check #:  various
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
     Stated adequate protection  payment amount          $0.00

3.             Payee:      SouthTrust Bank
              Amount paid this period:          $1,404.46          Check #:          2709
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
     Stated adequate protection  payment amount          $0.00

4.             Payee:      Auburn
              Amount paid this period:          $413.81          Check #:          2708
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
     Stated adequate protection  payment amount          $0.00

5.             Payee:      Agri-Credit
              Amount paid this period:          $145.59          Check #:          2710
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
   N  Adequate protection payment
     Stated adequate protection  payment amount          $0.00

6.             Payee:
              Amount paid this period:                    Check #:
Y   N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N  Adequate protection payment
     Stated adequate protection  payment amount

Additional payments made to secured creditors and lessors

7.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

8.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

9.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

10.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

11.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

12.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

13.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

14.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

15.          Payee:          _____
                    Amount paid this period:    _____ $0.00          Check #: _____
Y    N    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    N    Adequate protection payment
          Stated adequate protection  payment amount    _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**    _____ $22,927.98

### AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

| | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

Note 1 - This value reflects the scheduled amount. The recently proposed disclosure statement questions this value and suggests that the real property values of the trailer parks may be lower.

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    07/14/05

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL              36103
City                          State           Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

# United States Bankruptcy Court
# Middle District of Alabama

FILED

QUARTERLY FEE STATEMENT
Pursuant to Fed. R. Bankr. P. 2015(a)(5)

JUL 2 8 2005

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| | |
|---|---|
| Debtor | Case #: |
| Charlotte and Kenneth Williford | 03-81486 |

FOR CALENDAR QUARTER ENDING    06/30/05

1. **MONTH**

| | DISBURSEMENTS* |
|---|---|
| April | $25,117.10 |
| May | $57,249.08 |
| June | $49,037.14 |
| TOTAL DISBURSEMENTS FOR QUARTER | $131,403.32 |

2. QUARTERLY FEE OWED PURSUANT TO
28 U.S.C. § 1930(a)(7)                    $750.00

3. QUARTERLY FEE PAID                    $750.00
(Attach proof of payment)

4. AMOUNT OF UNPAID FEES (IF ANY)        $0.00

I, _James L. Day_ , acting as the duly authorized agent for the Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury under the laws of the United States that I have read and certify that the figures, statements, disbursement itemizations, and account balances as listed in this Quarterly Fee Statement are true and correct as of the date of this report to the best of my knowledge, information and belief.

28-Jul-05

DATE

For the Debtor-In-Possession (Trustee) (Plan Ad

(Print or type name and capacity of person
signing this Declaration)

James L. Day
Attorney for Debtor

**The check for payment of the quarterly fee should be attached to the original of this Quarterly Fee Statement filed with the clerk of court.**

*For periods after plan confirmation, disbursements include all plan payments plus all withdrawal amounts
(checks, direct debits, etc.) posted to each bank account plus any cash payments.

7/28/2005    Quarterly Fee Statement

RECEIPT #: 5001736
$750.00 pd.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:

CHARLOTTE TERESA WILLIFORD and          Case No. 03-81486-WRS
KENNETH WILLIFORD,

   Debtors.                                Chapter 11

OBJECTION TO CLAIMS OF SCOTT AND KRISTI EMERTON
(CLAIM #1 AND SECURED STATUS OF CLAIM #2)

PURSUANT TO LBR 3007-1, THE COURT WILL TAKE THIS OBJECTION UNDER
ADVISEMENT AND RULE, WITHOUT FURTHER NOTICE OR HEARING, UNLESS
THE CLAIMANT FILES WITH THE COURT, WITH SERVICE UPON THE
OBJECTING PARTY, A RESPONSE WITHIN 30 DAYS OF THE DATE OF SERVICE
OF THIS OBJECTION.

   COME NOW the Debtors, by and through counsel, and respectfully request this

Honorable Court remove claim number one from the claims register and reclassify claim number

2 as unsecured, and in support thereof, the Debtors say as follows:

   1. On October 3, 2003, Charlotte T. Williford and Kenneth Williford ("Debtors") filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

   2. The Debtors are subject to a judgment rendered in the state court of Chambers

County, Alabama, Scott Emerton, et al, v. Kenney Williford and Charlotte Williford, case

number CV 00-073, in the amount of $383,000.00, September 16, 2002.

   3. The Debtors, upon timely appeal to the Supreme Court of Alabama, argued:

     a) The verdict was unsupported by the evidence;

     b) The amount of damages awarded was unsupported by the evidence;

     c) The trial court improperly dismissed their Batson v. Kentucky, 476 U.S. 79,
       106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge; and,

d)  The trial court improperly allowed the trial to proceed over their objection that the Emertons' counsel had a conflict of interest that prohibited him from serving as their counsel in this matter.

4.   On appeal to Alabama Supreme Court, Williford v. Emerton, 2004 WL 596165, Ala., March 26, 2004, the case was affirmed in part and remanded in part. The court remanded the case to the trial court, incident to the computation of damages and for that court to take such steps as necessary to enter an order in compliance with Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986).

5.   On May 7, 2004, the Circuit Court of Chambers County entered an order denying post trial relief. However, this order was entered after the suggestion of bankruptcy was filed Circuit Court of Chambers County. Moreover, the Debtors aver that the Circuit Court of Chambers County failed to comply with the opinion and order from the Alabama Supreme Court and further in that the Circuit Court of Chambers County failed to follow Hammond v. City of Gadsden.

6.   A petition for a writ of mandamus has been filed with the Alabama Supreme Court asking the Supreme Court to compel the Circuit Court of Chambers County to fully comply with the instant opinion and order, and the requirements of Hammond.

7.   The United States Bankruptcy Court for the Middle District of Alabama lifted the stay, August 8, 2004 (ECF Doc. 102), to allow the Alabama Supreme Court to rule on the writ of mandamus and allow the Alabama courts to finalize the instant judgment.

8.   Although the instant judgment was not final or non-appealable, the Emertons recorded the judgment in the Office of the Judge of Probate, Chambers County, Alabama, September 20, 2002.

9. The Emertons have filed the following claims:

| Claim No: 1 | Creditor Name: Scott Emerton and Kristi Emerton<br>c/o Charles G. Reynolds, Jr.<br>P.O. Box 367<br>Lanett, AL 36863 | Last Date to File Claims:<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date:<br>11/04/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| Class | Amount Claimed | Amount Allowed |
| Total | | |
| Description: | | |
| Remarks: | | |

| Claim No: 2<br>Exhibit | Creditor Name: Scott Emerton and Kristi Emerton<br>c/o Charles G. Reynolds, Jr.<br>P.O. Box 367<br>Lanett, AL 36863 | Last Date to File Claims:<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date:<br>11/05/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| Class | Amount Claimed | Amount Allowed |
| Secured | $428960.00 | |
| Total | $428960.00 | |
| Description: Judgment | | |
| Remarks: Judgment recorded; secured by equity in real estate | | |

10. Claim number 1, filed November 4, 2003, appears to be null with no amount stared.

11. Claim number 2, was filed November 5, 2003, as a secured claim for $428,960.00.

Debtor avers that at the time the judgment was recoded in the Office of the Judge of Probate for Chambers County, Alabama, the judgment was not final or non appealable.

WHEREFORE, the Debtor prays that this Honorable Court will:

a) Deny/remove claim number 1 of Scott Emerton and Kristi Emerton

from the claim register (claims audit); and

b) Reclassify claim number 2 as unsecured.

Respectfully submitted on this the 29th day of July 2005.

Memory & Day

By: /S/ Von G. Memory
Von G. Memory
ASB-8137-071V

James L. Day
ASB-1256-A55J

Attorneys for Debtors

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☑ placing same in the United States Mail, postage prepaid, and properly addressed

☑ E-mail or ECF (Pursuant to Fed. R. Bankr. P. 9036)

on October 22, 2003.

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

<u>/S/ Von G. Memory</u>
OF COUNSEL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                              )
                                    )
CHARLOTTE TERESA WILLIFORD,    )        CHAPTER 11
KENNETH WILLIFORD,             )        CASE NO.  03-81486-WRS
                                    )
   DEBTORS.                     )

### AMENDED AND RESTATED
### OBJECTION TO CONFIRMATION

COMES NOW Wachovia Bank, formerly d/b/a SouthTrust Bank Nation Association and files this its amended objection to confirmation. In support of its amended objection and has grounds therefore, Wachovia would show the court as follows:

1.    As indicated in its original objection, Wachovia Bank formerly d/b/a SouthTrust Bank, has two very significant debts both of which are either secured or at least partially secured. These debts are treated in Classes Six and Seven of the Plan.

2.    In the original objection, Wachovia indicated that as to Class Six it did not object. Wachovia does in fact object.  As an explanation for this change and position, Wachovia would show the court that Class Six is a first mortgage on a house and lot which constitutes the homestead of Debtor, Charlotte Teresa Williford.  When this case was filed, there was an adequate protection agreement worked out between the bank and said co-debtor calling for her to continue to make post-petition payments to the bank on a direct and ongoing basis.  At the time of the filing of the case, the mortgage was current and the Debtor has, for the most part, kept the mortgage current at all times since the filing of the case.  Counsel for Wachovia did not pay close enough attention to the bank's treatment under Class Six of the Plan to confirm that the monthly payment offered under the Plan was the same as called for by the note and mortgage.  There is a slight different.

3.    Specifically, a copy of the promissory note originally dated July 11, 1995, is attached hereto as Exhibit "A".  As can be seen, that note calls for 180 consecutively monthly payments of $1404.46 each, commencing August 15, 1995.  That monthly payment amortizes the original indebtedness of $144,636.15 over a 15 year time frame.

4.    In the Plan of Reorganization, Debtor has attempted to reduce that monthly payment

from $1404.46 to $1200.00.  That will extend the term of the debt beyond its present term and is not in accordance with the agreement reached between the Debtor and then SouthTrust Bank when this case was filed.

5.    Wachovia Bank formerly d/b/a SouthTrust Bank is entitled to a monthly payment under its Class Six claim of $1404.46.

6.    Wachovia Bank would object to the confirmation of the Debtors' Plan as it is presently proposed until and unless the Debtor or Co-Debtor, Charlotte Williford, increases the monthly payment under the terms of the Plan as to Class Six to the contract payment of $1404.46.

7.    Wachovia Bank restates all of the grounds for its objection which related primarily to Class Seven under the Plan as set forth herein.

WHEREFORE, THE PREMISES CONSIDERED, Wachovia Bank formerly d/b/a SouthTrust Bank respectfully objects to the confirmation of this Plan as it relates to both Class Six and Seven for the reasons set forth herein and in the original objection to confirmation filed by Wachovia Bank.

Respectfully submitted,

PARNELL & CRUM,  P.A.


   /s/ Charles N. Parnell, III
By:    CHARLES N. PARNELL, III
Attorney for Wachovia Bank


OF COUNSEL:
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama  36102-2189
(334) 832-4200

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have this day electronically mailed or placed in the U.S. mail, postage prepaid, an exact copy of the foregoing Amended and Restated Objection to Confirmation to the following parties, this the __9th__ day of August, 2005.

Hon. Von G. Memory
Attorney for Debtors
Post Office Box 4054
Montgomery, Alabama 36103-4054

Charlotte & Kenneth Williford
Debtors
815 Crawford Road
Opelika, Alabama 36804

Hon. Teresa Jacobs
Bankruptcy Court Adm.
One Church Street
Montgomery, Alabama 36104

           ____/s/ Charles N. Parnell, III_____
           CHARLES N. PARNELL, III

009587800
5/21/58
2057491531

## NOTE, SECURITY AGREEMENT AND DISCLOSURE STATEMENT

Installment –
☐ Pre-Computed

Installment –
XX Simple

**SouthTrust Bank of Alabama, National Association**
P.O. Box 3867
Auburn, Alabama 36830

75293977

KENNETH J. WILLIFORD
CHARLOTTE T. WILLIFORD
917 CRAWFORD RD
OPELIKA, LEE, AL. 36801

Auburn, Alabama,    July 11    95


EXHIBIT

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid when you have made all payments as scheduled. |
|---|---|---|---|
| 8.25 % | $ 108166.65 | $ 144636.15 | $ 252802.80 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | 1404.46 | Monthly BEGINNING August 15, 1995 |

**Insurance**
Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign below and agree to pay the additional cost.

| Type | Premium | | |
|---|---|---|---|
| Credit Life – one insured | $ _____ | I want credit life insurance. | Signature 1 |
| | Term: _____ months | | |
| Credit Life – two insureds | $ _____ | I want credit life insurance. | Signature 2 |
| | Term: _____ months | | |
| Credit Disability | $ _____ | I want credit disability insurance. | Signature |
| | Term: _____ months | | |
| Credit Life and Disability | $ _____ | I want credit life and disability insurance. | Signature |
| | Term: _____ months | | |

You may obtain property insurance from anyone you want that is acceptable to SouthTrust Bank. If you get the insurance from SouthTrust Bank you will pay $ ____N/A____ for _____ months' coverage.

**Demand Feature:** ☐ This obligation is payable on demand and all disclosures are based on an assumed maturity of one year. ☐ This obligation has a demand feature.

**Security:** You are giving a security interest in:
☐ The goods or property being purchased. XX Other Property (Brief Description) REAL ESTATE

Your deposit accounts and other rights to payment of money from SouthTrust Bank, other than individual Retirement Accounts, also secure this loan. Collateral securing other loans with SouthTrust Bank may also secure this loan.

Filing Fee: $ ____N/A____

**Late Charge:** (Check if applicable)
XX If payment is late 10 days or more, you will be charged 5% of the amount which is late, but not less than $.50 or more than $100.

**Prepayment:** If you pay off early you
☐ may XX will not    have to pay a penalty.
☐ may ☐ will not    be entitled to a refund of part of the finance charge.

**Assumption:** (Check if applicable)
☐ Someone buying your house ☐ may, subject to conditions, assume the remainder of the mortgage on the original terms.
XX cannot assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Itemization of the Amount Financed of .................. $ 144636.15

$ 144636.15 Amount given directly to you
$ _____ Amount paid on your account    CC # 53621

Amount paid to others as your behalf:

Amount paid to others as your behalf:
$ _____ in insurance company for credit life insurance
$ _____ to insurance company for credit disability insurance
$ _____ to insurance company for property insurance

Amount paid to others on your behalf (continued):
$ _____ filing fees and taxes
$ _____ certificate of title fee
$ _____ to credit reporting agencies
$ _____ to appraisers
$ _____ to _____
$ ___N/A___ Prepaid Finance Charge

1. **Meaning of Terms; Parties.** As used in this Note, Security Agreement and Disclosure Statement, except where the context clearly requires a different meaning, the words you and your mean the Borrower, and if there is more than one Borrower, they mean each of the Borrowers and also all of them; we, our and us refer to SouthTrust Bank of Alabama, National Association, its successors and assigns, and also to any subsequent holder of this Note; and this Note means this Note, Security Agreement and Disclosure Statement.

2. **Payment Schedule.** The subparagraph (A, B, or C) marked below applies to this Note:
A. You promise to pay to us or our order the sum of _____ Dollars
($_____) in _____ monthly payments of $ _____ each and 1 final payment of $ _____. The first payment is due on _____, and another such payment is due on the same day of each month thereafter until _____, at which time the final payment and all other sums then owed under this Note will be due. If any scheduled payment is late 10 days or more, you agree to pay a Late Charge of 5% of the amount of the payment which is late, but not less than $.50 or more than $100.

XX B. You promise to pay to us or our order the principal sum of ONE HUNDRED FORTY FOUR THOUSAND SIX HUNDRED THIRTY SIX AND 15/100
($ 144636.15 ) together with interest on the unpaid balance of said sum at the rate of 8.25 % per annum until maturity. You agree to pay said sum, and the interest thereon, and credit life insurance premiums which are not a part of the Amount Financed, if any, in 179 monthly payments of $ 1404.46 each and 1 final payment of the unpaid balance of the principal sum, all accrued but unpaid interest thereon, and all other sums, if any, then owed under this Note. The first payment is due on August 15 95, and another payment is due on the same day of each month thereafter until July 15 2010 which time the final payment will be due. If a Late Charge is shown to be applicable to this Note in the Late Charge section of the Disclosure Statement above, and if any scheduled payment is late 10 days or more, you agree to pay a Late Charge of 5% of the amount of the payment which is late, but not less than $.50 or more than $100. We will apply your payments first to accrued interest; then to credit life insurance premiums which are not a part of the Amount Financed, if any; then to other sums owed under this Note in such order as we elect or as is required by law. Interest continues to accrue on the unpaid balance of the principal sum until we actually receive your payment.

for _____ months' coverage
This obligation is payable on demand. nd all disclosures are based on an assumed maturity of one _____ This obligation has a demand feature.

**Security:** You are giving a security interest in:
The goods or property being purchased. **XX** Other Property (Brief Description) **REAL ESTATE**

Your deposit accounts and other rights to payment of money from Southtrust Bank, other than Individual Retirement Accounts, also secures this loan. Collateral securing other loans with Southtrust Bank may also secure this loan.

Filing Fee: $ _____ **N/A**

**Late Charge:** (Check if applicable)
**XX** If payment is late 10 days or more, you will be charged 5% of the amount which is late, but not less than $.50 nor more than $100.

**Prepayment:** If you pay off early you
may **XX** will not    have to pay a penalty.
may _____ will not    be entitled to a refund of part of the finance charge.

**Assumption:** (Check if applicable)
Someone buying your house
_____ may, subject to conditions, assume the remainder of the mortgage on the original terms.
**XX** cannot assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Itemization of Amount Financed of . . . . . . . . . . . . . . . . . $ __144636.15__

$ __144636.15__ Amount given directly to you

$ _____ Amount paid on your account **CC #53621**

Amount paid to others on your behalf:
$ _____ to insurance company for credit life insurance
$ _____ to insurance company for credit disability insurance
$ _____ to insurance company for property insurance

Amount paid to others on your behalf: (continued)
$ _____ filing fees and taxes
$ _____ certificate of title fees
$ _____ to credit reporting agencies
$ _____ to appraisers
$ _____ to _____
$ __N/A__ Prepaid Finance Charge

1. **Meaning of Terms; Parties.** As used in this Note, Security Agreement and Disclosure Statement, except where the context clearly requires a different meaning, the words you and your mean the Borrower, and if there is more than one Borrower, they mean each of the Borrowers and also all of them; we, our and us refer to Southtrust Bank of Alabama, National Association, its successors and assigns, and also to any subsequent holder of this Note; and this Note means this Note, Security Agreement and Disclosure Statement.

2. **Payment Schedule.** The subparagraph (A, B, or C) marked below applies to this Note:

A. _____ You promise to pay to us or our order the sum of _____ Dollars

($ _____ ) in _____ monthly payments of $ _____ each and 1 final payment of $ _____. The first payment is due on _____ and another such payment is due on the same day of each month thereafter until _____, at which time the final payment and all other sums then owed under the Note will be due. If any scheduled payment is late 10 days or more, you agree to pay a Late Charge of 5% of the amount which is late, but not less than $.50 or more than $100.

**XX** B. You promise to pay to us or our order the principal sum of **ONE HUNDRED FORTY FOUR THOUSAND SIX HUNDRED THIRTY SIX AND 15/**
($ __144636.15__ ) together with interest on the unpaid balance of said sum at the rate of **8.25** % per annum until maturity. You agree to pay said sum, principal and interest, in **179** monthly payments of $ **1404.46** each and 1 final payment of $ _____ thereon, and credit life insurance premiums which are not a part of the Amount Financed, if any, in _____ monthly payments of $ _____ each and 1 final payment of $ _____. The first payment is due on **August 15 95** and another payment is due on the same day of each month thereafter until **July 15 2010** which time the final payment will be due. If a Late Charge is shown to be applicable to this Note in the Late Charge section of the Disclosure Statement above, and if any scheduled payment is late 10 days or more, you agree to pay a Late Charge of 5% of the amount of the payment which is late, but not less than $.50 or more than $100. We will apply your payments first to accrued interest; then to credit life insurance premiums which are not a part of the Amount Financed, if any; and then to other sums owed under the Note in such order as we elect or as is required by law. Interest continues to accrue on the unpaid balance of the principal sum until we actually receive your payment.

C. _____ _____, you promise to pay to us or our order the principal sum of _____
_____ Dollars ($ _____ ) together with interest on said sum
at the rate of _____ % per annum until maturity. Accrued interest on the principal sum shall be paid at maturity and as follows: _____

If the Amount Financed shown in the Disclosure Statement above is $2,000 or more, and if payment of the principal sum is late 10 days or more, you agree to pay a Late Charge of one-half of one percent (½%) of the principal amount which is late, but not less than $.50 nor more than $100.

3. **Interest Surcharge; Loan Fee; Interest Accrual; Interest After Maturity; Late Charge Assessment.** An interest surcharge of $ __N/A__ has been included in the amount of this Note and paid from the loan proceeds. _____ was paid by cash or check at closing. If subparagraph B or C of paragraph 2 is checked, interest begins to accrue on the principal sum on the date of this Note unless a different accrual date is shown here: _____ and shall accrue after maturity on the entire unpaid sum due under this Note (principal and, to the extent permitted by law, unpaid interest at final maturity of this Note) at the rate provided above for interest to maturity, or the maximum rate allowed by law, whichever is less. If subparagraph A of paragraph 2 is checked, you agree to pay interest on the unpaid balance of this Note after scheduled maturity of the final payment at the per annum rate of 2% in excess of the average of the prime rates of the three largest banks in New York City as of the close of business on the third business day before the date of this Note, or the maximum rate allowed by law, whichever is less. We will not levy or collect a Late Charge on any payment when the only delinquency is attributable to Late Charges assessed on earlier installments if the payment is otherwise a full payment for the applicable period and is paid on or before the tenth day after its due date.

4. **Security Interest.** Your obligations are described under the heading "Description of Property" below, the following provisions of this paragraph and all of the provisions of paragraphs 15 through 28 on the reverse side of this page also apply to this transaction. As security for the payment and performance of all of your obligations under this Note, including payment of all sums set forth above, costs of collection after default, and all sums hereafter advanced or paid and all obligations incurred by us under any provision of this Note, you hereby assign and transfer to us, and grant to us a security interest in, the property described below, all accessories and optional equipment now or later installed or to be installed in or affixed to that property, and all accessions at any time hereafter installed in or affixed to that property. (All of the property, accessories, and accessions described above and below are sometimes referred to in this Note as "the Collateral".)

| Description of Property | New or Used | Year | Make | Model | Vehicle License No. | Serial No. or VIN | Primary Use of Collateral |
|---|---|---|---|---|---|---|---|
| AS SET FORTH IN MORTGAGE DATED MARCH 22, 1995 COVERING REAL PROPERTY LOCATED IN LEE COUNTY, OPELIKA, ALABAMA. | | | | | | | X Personal, Family or Household ___ Business ___ Agriculture |

together with all proceeds of the Collateral, including the proceeds of all insurance on the Collateral, and all rebates of unearned premiums for any insurance you may have on the Collateral at any time and on any insurance purchased under Paragraph 16 of this Note. You agree that our security interest in all personal property which is a part of the Collateral also secures any other obligation you now or hereafter have to us, including any loans we make to you in the future. The preceding sentence does not apply, however, to the extent that the Collateral consists of household goods as that term is defined in 12 C.F.R., Section 227.12(d).

**CO-OWNER'S SECURITY AGREEMENT**

I am the owner or part-owner of the Collateral described in Paragraph 4, above. In consideration of the loan to the Borrower or the renewal of a previous loan to the Borrower evidenced by this Note, I hereby grant to the above-named Bank a security interest in the Collateral in accordance with the terms of paragraph 4, above, and I agree to all of this terms and conditions of this Note, Security Agreement, and Disclosure Statement, except that I will not be obligated to make any payment of money or perform any obligation provided for in this Note. I agree that this Security Agreement will apply to any extension or renewal of this Note without requirement that I sign a separate security agreement at the time the extension or renewal is made or consent to the extension or renewal.

X _____

FOR BANK USE ONLY
75293977

NOTE NO. _____ DATE _____
034 / SMB

BY SIGNING BELOW YOU AGREE TO ALL OF THE TERMS AND CONDITIONS ON BOTH SIDES OF THIS PAGE, ACKNOWLEDGE THAT YOU HAVE RECEIVED A COMPLETED COPY OF THIS NOTE ON THE DATE SHOWN ABOVE, AND ACKNOWLEDGE THAT THIS NOTE IS INTENDED TO BE A CONTRACT UNDER SEAL.

CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

X _____ [L.S.]
Borrower's Signature
KENNETH H. WILLIFORD

X _____ [L.S.]
Borrower's Signature (If Signing as Cosigner, see Notice to Cosigner on Reverse Side)
CHARLOTTE T. WILLIFORD

X _____ [L.S.]
Payment Guaranteed (See Guaranty Agreement and Notice to Cosigner on Reverse Side)

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                    Chapter 11

Charlotte and Kenneth Williford                                           Case No.: 03-81486
_____
          Debtor

### CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT

FOR THE PERIOD BEGINNING:     **1-Jul-2005**

AND ENDING:     **31-Jul-2005**

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                    YES
_____

_____

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                      YES
_____

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid:**                   **YES**
**April through June 2005, $750.00**
_____

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**        YES
_____

_____

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                              YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.   YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.    YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                            YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                   YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                                 YES
_____

_____

**AMENDED BALANCE SHEET**

For the period ending:          07/31/05

☐ **Check here if Balance Sheet is attached.**

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | **$4,127.26** | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $4,127.26 |

2. Securities                                                          $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                           $0.00

5. Inventory (Fair Market Value)                            $0.00

6. Other Current Assets                                        $183,061.00

7. Prepaid Insurance                                               $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )          [See Note 1]          $3,650,000.00

**9. TOTAL ASSETS**                                                          $3,837,188.26

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                            $460,627.14

6. TOTAL LIABILITIES                                                          $3,550,124.72

   EQUITY (Total Assets Less Total Liabilities)                          $287,063.54

7. **TOTAL LIABILITIES & EQUITY**                                          $3,837,188.26

**INCOME STATEMENT**

For the period ending:        07/31/05

☐ **Check here if Income Statement is attached.**

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | **$43,097.27** | |
| 2. Total Operating (Business) Expenses | **$44,082.59** | |
| Net Operating Income | | ($985.32) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | **($985.32)** |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.
Payee:        Peoples Bank & Trust
Amount paid this period:        $19,429.06        Check #:        **2786**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   Adequate protection payment        $19,429.06
Stated adequate protection  payment amount        $19,078.00

2.
Payee:        Peoples Bank & Trust
Amount paid this period:        $1,535.06        Check #:        **various**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
Stated adequate protection  payment amount        $0.00

3.
Payee:        SouthTrust Bank
Amount paid this period:        $1,404.46        Check #:        **2765**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
Stated adequate protection  payment amount        $0.00

4.
Payee:        Auburn
Amount paid this period:        $413.81        Check #:        **2766**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
Stated adequate protection  payment amount        $0.00

5.
Payee:        Agri-Credit
Amount paid this period:        $145.59        Check #:        **2767**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
Stated adequate protection  payment amount        $0.00

6.
Payee:
Amount paid this period:        Check #:
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
Stated adequate protection  payment amount

**Additional payments made to secured creditors and lessors**

7.          Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

8.          Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

9.          Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

10.         Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

11.         Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

12.         Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

13.         Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

14.         Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

15.         Payee: _____
                 Amount paid this period: _____ $0.00     Check #: _____
**Y**   **N**   Amount included in Expenses (item 2 or 4 on Income Statement)
**Y**   **N**   Adequate protection payment
       Stated adequate protection payment amount _____ $0.00

          **TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,927.98

## AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

**Note 1 - This value reflects the scheduled amount. The recently proposed disclosure statement questions this value and suggests that the real property values of the trailer parks may be lower.**

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    **08/22/05**

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL            36103
City                          State         Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                                    Chapter 11
Charlotte and Kenneth Williford                                      Case No.: 03-81486
      Debtor

**CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT**

FOR THE PERIOD BEGINNING:    1-Aug-2005
AND ENDING:    31-Aug-2005

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                                        YES

_____

_____

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                                          YES

_____

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid:**                    **YES**
April through June 2005, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**         YES

_____

_____

5. New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                                                                    YES

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.   YES

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.     YES

8. The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                                                  YES

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                      YES

10. No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                                                          **NO**
Two checks to Memory & Day, deposited to firm trust account. Chec # 2814, $750.00 (Fees)
and Check Number $1,000.00

**AMENDED BALANCE SHEET**

For the period ending:          08/31/05

☐ **Check here if Balance Sheet is attached.**

<u>ASSETS</u>

1. Cash

| | | |
|---|---|---|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | **$6,026.79** | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $6,026.79 |

2. Securities                                                                              $0.00

3. Accounts Receivable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                                    $0.00

5. Inventory (Fair Market Value)                                      $0.00

6. Other Current Assets                                                 $183,061.00

7. Prepaid Insurance                                                        $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )      **[See Note 1]**          $3,650,000.00

**9. TOTAL ASSETS**                                                                          $3,839,087.79

<u>LIABILITIES</u>          (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---|---|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---|---|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                                      $460,627.14

| | |
|---|---|
| 6. TOTAL LIABILITIES | $3,550,124.72 |
| EQUITY (Total Assets Less Total Liabilities) | $288,963.07 |
| **7. TOTAL LIABILITIES & EQUITY** | $3,839,087.79 |

**INCOME STATEMENT**

For the period ending:          08/31/05

☐ Check here if Income Statement is attached.

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | $43,777.75 | |
| 2. Total Operating (Business) Expenses | $41,853.22 | |
| Net Operating Income | | $1,924.53 |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | **$1,924.53** |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.  
Payee:          Peoples Bank & Trust  
    Amount paid this period:          **$19,429.06**          Check #:          **2891**  
Y     Amount included in Expenses (item 2 or 4 on Income Statement)  
Y     Adequate protection payment          $19,429.06  
    Stated adequate protection  payment amount          $19,078.00

2.  
Payee:          Peoples Bank & Trust  
    Amount paid this period:          **$1,535.06**          Check #:          **various**  
Y     Amount included in Expenses (item 2 or 4 on Income Statement)  
  N     Adequate protection payment  
    Stated adequate protection  payment amount          $0.00

3.  
Payee:          SouthTrust Bank  
    Amount paid this period:          **$1,404.46**          Check #:          **2867**  
Y     Amount included in Expenses (item 2 or 4 on Income Statement)  
  N     Adequate protection payment  
    Stated adequate protection  payment amount          $0.00

4.  
Payee:          Auburn  
    Amount paid this period:          **$413.81**          Check #:          **2865**  
Y     Amount included in Expenses (item 2 or 4 on Income Statement)  
  N     Adequate protection payment  
    Stated adequate protection  payment amount          $0.00

5.  
Payee:          Agri-Credit  
    Amount paid this period:          **$145.59**          Check #:          **2866**  
Y     Amount included in Expenses (item 2 or 4 on Income Statement)  
  N     Adequate protection payment  
    Stated adequate protection  payment amount          $0.00

6.  
Payee:  
    Amount paid this period:          Check #:  
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)  
Y  N  Adequate protection payment  
    Stated adequate protection  payment amount

Additional payments made to secured creditors and lessors

7.          Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

8.          Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

9.          Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

10.         Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

11.         Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

12.         Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

13.         Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

14.         Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

15.         Payee: _____
             Amount paid this period: _____ $0.00     Check #: _____
Y   N   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   N   Adequate protection payment
         Stated adequate protection payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,927.98

Chp 11 Monthly Financial Report
Balance Sheet&Income Statement

**AGING OF PAYABLES AND RECEIVABLES**

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

| | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

Note 1 - This value reflects the scheduled amount. The recently proposed disclosure statement questions this value and suggests that the real property values of the trailer parks may be lower.

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated: ___09/20/05___

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL            36103
City                                State          Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                    Chapter 11

Charlotte and Kenneth Williford                                           Case No.: 03-81486

       Debtor

     **CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT**

FOR THE PERIOD BEGINNING:   1-Sep-2005

AND ENDING:   30-Sep-2005

Affirmations of the responsible party for the debtor in possession:

1. All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:      **YES**

2. All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter **TYPE** and **AMOUNT UNPAID**:      **YES**

3. Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid**:      **YES**
April through June 2005, $750.00

4. Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of its fair market value.  **If no, describe the property which is uninsured or under insured.**      **YES**

5. New books and records are opened and are current and are being maintained on an **accrual** basis.      **YES**

6. New bank accounts have been opened and **ALL** old accounts have been closed as was required.      **YES**

7. Pre-petition debts (obligations due on or before the filing of the case) have not been paid since the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid since the filing of the case.  The list must reflect the name and address of the creditor paid, the amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not consider payments made to secured creditors and lessors under an adequate protection agreement.      **YES**

8. The only transfers of property made during this period were transfers which were in the ordinary course of business.  If no, attach a statement giving the particulars of all property which was transferred outside the ordinary course of business and state whether prior authority for such transfer(s) was obtained from the court.      **YES**

9. Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of the bank(s) wherein monies are deposited and the balance of all accounts therein.      **YES**

10. No professional fees have been paid except by order of the court.  If no, enter name of professional, date and amount paid.      **YES**

**AMENDED BALANCE SHEET**

For the period ending:         09/30/05

☐ **Check here if Balance Sheet is attached.**

<u>ASSETS</u>

1. Cash

| | | |
|---|---:|---:|
| Pre-petition bank accounts | $0.00 | |
| DIP General/business account | **$5,276.69** | |
| DIP Payroll account | $0.00 | |
| DIP Tax account | $0.00 | |
| Other (including Cash on Hand) | $0.00 | |
| Sub-total Cash | | $5,276.69 |

2. Securities                                                                $0.00

3. Accounts Receivable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment                          $0.00

5. Inventory (Fair Market Value)                          $0.00

6. Other Current Assets                                        $183,061.00

7. Prepaid Insurance                                              $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )    **[See Note 1]**         $3,650,000.00

9. **TOTAL  ASSETS**                                                        $3,838,337.69

<u>LIABILITIES</u>        (include both pre- and post-petition debts)

1. Accounts Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable

| | | |
|---|---:|---:|
| Pre-petition | $283,601.58 | |
| Post-petition | $2,805,896.00 | |
| Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable

| | | |
|---|---:|---:|
| Pre-petition | $0.00 | |
| Post-petition | $0.00 | |
| Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities                                            $460,627.14

6. TOTAL LIABILITIES                                                        $3,550,124.72

   EQUITY (Total Assets Less Total Liabilities)                          $288,212.97

7. **TOTAL LIABILITIES & EQUITY**                                        $3,838,337.69

**INCOME STATEMENT**

For the period ending:                 09/30/05

☐ **Check here if Income Statement is attached.**

| | | |
|---|---|---|
| 1. Total Operating (Business) Revenue | **$41,672.55** | |
| 2. Total Operating (Business) Expenses | **$42,397.65** | |
| Net Operating Income | | (\$725.10) |
| | | |
| 3. Total Non-operating Income | $0.00 | |
| 4. Total Non-operating Expenses | $0.00 | |
| Net Non-operating Income | | $0.00 |
| | | |
| **NET INCOME** | | (\$725.10) |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.
Payee:        Peoples Bank & Trust
Amount paid this period:        **$19,429.06**        Check #:        **2990**
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
Y    Adequate protection payment        $19,429.06
Stated adequate protection  payment amount        $19,078.00

2.
Payee:        Peoples Bank & Trust
Amount paid this period:        **$1,535.06**        Check #:        **various**
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount        $0.00

3.
Payee:        SouthTrust Bank
Amount paid this period:        **$1,404.46**        Check #:        **2977**
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount        $0.00

4.
Payee:        Auburn
Amount paid this period:        **$413.81**        Check #:        **2976**
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount        $0.00

5.
Payee:        Agri-Credit
Amount paid this period:        **$145.59**        Check #:        **2975**
Y    Amount included in Expenses (item 2 or 4 on Income Statement)
N    Adequate protection payment
Stated adequate protection  payment amount        $0.00

6.
Payee:
Amount paid this period:        Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
Stated adequate protection  payment amount

Additional payments made to secured creditors and lessors

7.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

8.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

9.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

10.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

11.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

12.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

13.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

14.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

15.	Payee: _____
	Amount paid this period: _____ $0.00	Check #: _____
Y	N	Amount included in Expenses (item 2 or 4 on Income Statement)
Y	N	Adequate protection payment
	Stated adequate protection payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,927.98

### AGING OF PAYABLES AND RECEIVABLES

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables<br>(Post-Petition) | Receivables<br>(Pre & Post-<br>petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

Note 1 - This value reflects the scheduled amount. The recently proposed disclosure statement questions this value and suggests that the real property values of the trailer parks may be lower.

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated:    **10/21/05**

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                    AL            36103
City                          State         Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

# United States Bankruptcy Court
# Middle District of Alabama

**FILED**

**NOV 07 2005**

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

QUARTERLY FEE STATEMENT
Pursuant to Fed. R. Bankr. P. 2015(a)(5)

| Debtor | Case #: |
|---|---|
| Charlotte and Kenneth Williford | 03-81486 |

FOR CALENDAR QUARTER ENDING    09/30/05

| 1. **MONTH** | **DISBURSEMENTS*** |
|---|---|
| July | $44,082.59 |
| August | $41,853.22 |
| September | $42,397.65 |
| TOTAL DISBURSEMENTS FOR QUARTER | $128,333.46 |
| 2. QUARTERLY FEE OWED PURSUANT TO 28 U.S.C. § 1930(a)(7) | $750.00 |
| 3. QUARTERLY FEE PAID (Attach proof of payment) | $750.00 |
| 4. AMOUNT OF UNPAID FEES (IF ANY) | $0.00 |

I, _James L. Day_ , acting as the duly authorized agent for the Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury under the laws of the United States that I have read and certify that the figures, statements, disbursement itemizations, and account balances as listed in this Quarterly Fee Statement are true and correct as of the date of this report to the best of my knowledge, information and belief.

| 7-Nov-05 | |
|---|---|
| DATE | For the Debtor-In-Possession (Trustee) (Plan Ad |

(Print or type name and capacity of person
signing this Declaration)

James L. Day, Esq.
Attorney for Debtor

**The check for payment of the quarterly fee should be attached to the original of this Quarterly Fee Statement filed with the clerk of court.**

*For periods after plan confirmation, disbursements include all plan payments plus all withdrawal amounts **RECEIPT #:** _5002647_ (checks, direct debits, etc.) posted to each bank account plus any cash payments.

11/7/2005    Quarterly Fee Statement

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:                                                                                           Chapter 11

Charlotte and Kenneth Williford                                           Case No.: 03-81486

            Debtor

**CHAPTER 11 DEBTOR'S MONTHLY FINANCIAL REPORT**

FOR THE PERIOD BEGINNING:     1-Oct-2005

AND ENDING:     31-Oct-2005

Affirmations of the responsible party for the debtor in possession:

1.  All post-petition taxes (tax obligations arising after the chapter 11 petiiton was filed) are currently
paid or deposited.  If no, enter **TYPE** and **AMOUNT UNPAID**:                              YES

2.  All administrative expenses (post-petition obligations) other than taxes are current.  If no, enter
**TYPE** and **AMOUNT UNPAID**:                                                                            YES

3.  Quarterly fees are current.  Enter **Last quarter paid** and **Amount paid:**          YES
July through September 2005, $750.00

4.  Estate property, which is subject to loss by theft, fire, or other casualty, is insured to the extent of
its fair market value.  **If no, describe the property which is uninsured or under insured.**          YES

5.  New books and records are opened and are current and are being maintained on an **accrual**
basis.                                                                                                              YES

6.  New bank accounts have been opened and **ALL** old accounts have been closed as was required.          YES

7.  Pre-petition debts (obligations due on or before the filing of the case) have not been paid since
the filing of this chapter 11 proceeding.  If no, attach a list of all pre-petition debts which were paid
since the filing of the case.  The list must reflect the name and address of the creditor paid, the
amount paid, and the justification, if any, for the payment.  In responding to this affirmation, do not
consider payments made to secured creditors and lessors under an adequate protection agreement.          YES

8.  The only transfers of property made during this period were transfers which were in the ordinary
course of business.  If no, attach a statement giving the particulars of all property which was
transferred outside the ordinary course of business and state whether prior authority for such
transfer(s) was obtained from the court.                                                          YES

9.  Estate funds which are on deposit in banking institutions are fully insured by FDIC or the banking
institution has acquired a bond in compliance with 11 U.S.C. Section 345.  If no, provide the name of
the bank(s) wherein monies are deposited and the balance of all accounts therein.                  YES

10.  No professional fees have been paid except by order of  the court.  If no, enter name of
professional, date and amount paid.                                                              YES

**AMENDED BALANCE SHEET**

For the period ending:       10/31/05

☐ **Check here if Balance Sheet is attached.**

<u>ASSETS</u>

1. Cash
   | | | |
   |---|---|---|
   | Pre-petition bank accounts | $0.00 | |
   | DIP General/business account | $12,205.35 | |
   | DIP Payroll account | $0.00 | |
   | DIP Tax account | $0.00 | |
   | Other (including Cash on Hand) | $0.00 | |
   | Sub-total Cash | | $12,205.35 |

2. Securities       $0.00

3. Accounts Receivable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Accounts Receivable | | $0.00 |

4. Office Supplies and Equipment       $0.00

5. Inventory (Fair Market Value)       $0.00

6. Other Current Assets       $183,061.00

7. Prepaid Insurance       $0.00

8. Long Term Assets ( including real property, heavy
   equipment, vehicles, etc. )     [See Note 1]     $3,650,000.00

**9. TOTAL ASSETS**       $3,845,266.35

<u>LIABILITIES</u>     (include both pre- and post-petition debts)

1. Accounts Payable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Accounts Payable | | $0.00 |

2. Short Term Notes Payable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Short Term Notes Payable | | $0.00 |

3. Long Term Notes Payable
   | | | |
   |---|---|---|
   | Pre-petition | $283,601.58 | |
   | Post-petition | $2,805,896.00 | |
   | Sub-total Long Term Notes Payable | | $3,089,497.58 |

4. Taxes Payable
   | | | |
   |---|---|---|
   | Pre-petition | $0.00 | |
   | Post-petition | $0.00 | |
   | Sub-total Taxes Payable | | $0.00 |

5. Other Liabilities       $460,627.14

6. TOTAL LIABILITIES       $3,550,124.72

    EQUITY (Total Assets Less Total Liabilities)       $295,141.63

**7. TOTAL LIABILITIES & EQUITY**       $3,845,266.35

**INCOME STATEMENT**

For the period ending:                    10/31/05

☐ **Check here if Income Statement is attached.**

|   |   |   |   |
|---|---|---|---|
| 1. | Total Operating (Business) Revenue | **$47,093.69** | |
| 2. | Total Operating (Business) Expenses | **$40,140.03** | |
|    | Net Operating Income | | $6,953.66 |
| | | | |
| 3. | Total Non-operating Income | $0.00 | |
| 4. | Total Non-operating Expenses | $0.00 | |
|    | Net Non-operating Income | | $0.00 |
| | | | |
| | **NET INCOME** | | **$6,953.66** |

**STATEMENT OF PAYMENTS MADE TO SECURED CREDITORS AND LESSORS**

1.  Payee:    Peoples Bank & Trust
    Amount paid this period:    **$19,429.06**    Check #:    **3068**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
Y   Adequate protection payment    $19,429.06
    Stated adequate protection  payment amount    $19,078.00

2.  Payee:    Peoples Bank & Trust
    Amount paid this period:    **$1,535.06**    Check #:    **various**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

3.  Payee:    SouthTrust Bank
    Amount paid this period:    **$1,404.46**    Check #:    **3028**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

4.  Payee:    Auburn
    Amount paid this period:    **$413.81**    Check #:    **3027**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

5.  Payee:    Agri-Credit
    Amount paid this period:    **$145.59**    Check #:    **3030**
Y   Amount included in Expenses (item 2 or 4 on Income Statement)
N   Adequate protection payment
    Stated adequate protection  payment amount    $0.00

6.  Payee:
    Amount paid this period:    Check #:
Y  N  Amount included in Expenses (item 2 or 4 on Income Statement)
Y  N  Adequate protection payment
      Stated adequate protection  payment amount

Additional payments made to secured creditors and lessors

7.　　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

8.　　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

9.　　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

10.　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

11.　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

12.　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

13.　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

14.　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

15.　　　　　Payee: _____
　　　　　　　Amount paid this period: _____ $0.00 　　Check #: _____
Y　N　Amount included in Expenses (item 2 or 4 on Income Statement)
Y　N　Adequate protection payment
　　　　Stated adequate protection  payment amount _____ $0.00

**TOTAL  PAYMENTS MADE TO SECURED CREDITORS AND LESSORS** _____ $22,927.98

**AGING OF PAYABLES AND RECEIVABLES**

**Include Post-Petition Payables of ANY type (A/P, Notes, Taxes, etc.)**
Include both pre and post-petition receivables
Do not consider pre-petition payables

☐ Check here if Aging Schedule is attached.

|  | Payables (Post-Petition) | Receivables (Pre & Post-petition) |
|---|---|---|
| Current to 30 days | $0.00 | $0.00 |
| 31 to 60 days | $0.00 | $0.00 |
| 61 to 90 days | $0.00 | $0.00 |
| 91 to 120 days | $0.00 | $0.00 |
| 121 days and older | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

Note 1 - This value reflects the scheduled amount. The recently proposed disclosure statement questions this value and suggests that the real property values of the trailer parks may be lower.

**PREPARER'S CERTIFICATE**

As the preparer of the foregoing report, I hereby certify under penalty of perjury that the information contained herein is truthful, complete, and accurate to the best of my knowledge and belief.

Dated: __**11/22/05**__

Charlotte Williford
Debtor's Name (typed/printed)

/S/ Charlotte Williford
Debtor's Signature

/S/ James L. Day
Preparer's Signature

James L. Day
Preparer's Name (typed/printed)

P.O. Box 4054
Preparer's Address

Montgomery                          AL              36103
City                                State           Zip

At the direction of the Bankruptcy Administrator, Middle District of Alabama, this document will be filed ECM/EFC and not distributed to creditors.

Pursuant to the E-Government Act Privacy Requirements, the Debtor-in-Possession bank account reconciliation and bank statements/cancelled checks will not be filed. Copies are available to the court, creditors, or parties in interest and can be requested from the Debtor-in-Possession.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>**CHARLOTTE TERESA WILLIFORD and KENNETH WILLIFORD,**<br><br>   Debtors. | **Case No. 03-81486-WRS**<br><br><br>**Chapter 11** |

---

*SECOND AMENDED* **PLAN OF REORGANIZATION**

**UNDER CHAPTER 11**

**OF THE UNITED STATES BANKRUPTCY CODE**

**FOR**

**KENNETH AND CHARLOTTE WILLIFORD**

---

Date: *December 30, 2005*

*Amendments Page 10 and 11*

Memory & Day

Von G. Memory
ASB-8137-O71V

James L. Day
ASB-1256-A55J

P.O. Box 4054
Montgomery, AL 36103-4054
Telephone (334) 834-8000
Facsimile  (334) 834-8001

# TABLE OF CONTENTS

Page

ARTICLE I ....................................................................................................................3

INTRODUCTION .........................................................................................................3

ARTICLE II ..................................................................................................................3

DEFINITIONS ..............................................................................................................3

ARTICLE III .................................................................................................................8

CLASSIFICATION OF CLAIMS ...................................................................................8

3.01 Classification of Claims ...............................................................................8

ARTICLE IV .................................................................................................................9

TREATMENT OF CLAIMS AND INTERESTS ............................................................9

4.01 Treatment of Classes ...................................................................................9

LEGAL SERVICES : ....................................................................................................9

ARTICLE V .................................................................................................................11

ACCEPTANCE OR REJECTION OF THE PLAN......................................................11

ARTICLE VI ...............................................................................................................12

MEANS OF EXECUTION AND IMPLEMENTATION ...............................................12

ARTICLE VII ..............................................................................................................13

(INTENTIONALLY LEFT BLANK)............................................................................13

ARTICLE VIII ............................................................................................................13

EXECUTORY CONTRACTS AND UNEXPIRED LEASES .......................................13

8.01 Scheduled Claims ......................................................................................13

8.02  Treatment of Claims .................................................................................13

ARTICLE IX ...............................................................................................................13

RETENTION OF JURISDICTION .............................................................................13

ARTICLE X .................................................................................................................15

EFFECTS OF CONFIRMATION................................................................................15

ARTICLE XI ...............................................................................................................16

MISCELLANEOUS PROVISIONS ............................................................................16

Kenneth and Charlotte Williford, as Debtors and Debtors-in-Possession, propose the following Plan of Reorganization ("Plan") pursuant to 11 U.S.C. § 1121, United States Bankruptcy Code.

## ARTICLE I

### Introduction

Kenneth and Charlotte Williford, (collectively "Willifords" or "Debtors" herein) propose this Plan of Reorganization. ALL CREDITORS AND MEMBERS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT PREPARED BY DEBTORS, AS APPROVED BY THE BANKRUPTCY COURT, BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. NO OTHER SOLICITATION MATERIALS, OTHER THAN THE DISCLOSURE STATEMENT, HAVE BEEN AUTHORIZED BY THE BANKRUPTCY COURT FOR USE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THIS PLAN.

## ARTICLE II

### Definitions

Whenever from the context it appears appropriate, each term stated in either the singular or the plural will include the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender will include the masculine, the feminine, and the neuter. Unless the context requires otherwise, the following words and phrases will have the meanings set forth below when used in initially capitalized form in this Plan:

**2.01 "Accrued Professional Compensation"** shall mean, at any given moment: (a) all accrued fees for services rendered by all professionals in this Chapter 11 case that the Bankruptcy Court has not yet awarded as compensation, either pursuant to an Interim Order or a Final Order; and (b) all expenses incurred by all professionals in this Chapter 11 case that the Bankruptcy Court has not yet awarded as reimbursement, either pursuant to an Interim Order or a Final Order.

**2.02 "Administrative Claim"** shall mean a claim for costs and expenses of administration under §503(b) or §507(b) of the Bankruptcy Code, including (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate and operating the business of the Debtors, such as wages, salaries, or commissions, for services and payments for goods and other services and leased premises; (b) compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under §330(a) or §331 of Bankruptcy Code; (c) all fees and charges assessed against the estate pursuant to 28 U.S.C. § 1930; and (d) obligations designated as allowed administrative expenses pursuant to an Order of the Bankruptcy Court.

**2.03** **"Allowed Claim"** shall mean a claim (a) in respect of which a Proof of claim has been filed with the Bankruptcy Court within the applicable period of limitation fixed pursuant to the Bankruptcy Rule 3003(c)(3) or filed thereafter with the Court pursuant to a Final Order, or (b) deemed filed with the Court pursuant to § 1111(a) of the Bankruptcy Code which was not listed as disputed, contingent, or unliquidated as to amount, and in either case, a claim as to which no written objection to the allowance thereof has been interposed within the period of time fixed by the Bankruptcy Code or by Final Order of the Bankruptcy Court; or, if such objection has been interposed, to the extent allowed, in whole or in part, by Final Order of the Bankruptcy Court.

**2.04** **"Allowed Interest"** shall mean an interest in the Debtors to the extent that such interest in the Schedule of Assets and Liabilities or the Statement of Financial Affairs of the Debtors on the Confirmation Date; provided, however, that a timely filed Proof of Interest shall supersede any such listing and, in either case, an interest as to which no written objection to the allowance thereof has been interposed within the time period fixed by the Bankruptcy Code or by Final Order of the Bankruptcy Court; or, if any such objection is interposed, to the extent allowed, in whole or in part, by the Final Order of the Bankruptcy Court.

**2.05** **"Ballot"** shall mean with respect to any class of claims or Allowed Interest that are impaired and entitled to vote under this Plan, the forms being distributed to Holders of Claims or Allowed Interests to be used for showing acceptance or rejection of the Plan concerning the solicitation of acceptances or rejections of the Plan proposed by Debtors.

**2.06** **"Bankruptcy Code"** shall mean Title I of the Bankruptcy Reform Act of 1978, as amended from time to time, as set forth in §101, et seq, of Title 11 of the United States Code and applicable portions of Title 18 and 28 of the United States Code.

**2.07** **"Bankruptcy Court"** shall mean the United States District Court having jurisdiction over this Chapter 11 case and to the extent of any reference made pursuant to §157 of Title 28 of the United States Code and/or the general Order of such District Court, pursuant to §151 of Title 28 of the United States Code, the bankruptcy unit of such District Court.

**2.08** **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to this bankruptcy case, promulgated under 28 U.S.C. § 2075 and the general and local rules of the Bankruptcy Court.

**2.09** **"Bar Date"** shall mean the date for filing Proofs of Claims, **January 26, 2004**, related to any claim as set forth in the Bar Date Order.

**2.10** **"Bar Date Order"** shall mean that Order of the Bankruptcy Court disposing of the Debtors' motion for an Order establishing a Bar Date for filing Proofs of Claim with the Clerk of the Bankruptcy Court.

**2.11** **"Business Day"** shall mean any day other than a Saturday, Sunday, or a legal holiday as defined in the Rules of Bankruptcy Procedure, Rule 9006(a).

**2.12** **"Cash"** shall mean cash, cash equivalents, and readily marketable securities or instruments, including, but not limited to bank deposits, certified or cashier's checks, time certificates of deposits issued by any bank, commercial paper, and readily marketable direct obligations of the United States of America or agencies or instrumentalities thereof.

**2.13** **"Causes of Action"** shall mean any and all accounts, contracts rights, general intangibles and any and all rights, claims, or causes of action of any kind, whether legal or equitable, of the Debtors for affirmative recovery of cash or other property of the estate (whether such causes of action are the subject of presently pending lawsuits, adversary proceedings, appeals, or otherwise) which accrue prior to or after the Confirmation Date, whether from mailers that occurred prior to or after the Confirmation Date, including, without limitation, any rights or claims under §§ 5l0, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code and any state law rights or claims belonging to the Debtors.

**2.14** **"Claim"** shall mean (a) any right to (i) payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (ii) an equitable remedy for breach of performance if such breach causes a right to payment from the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, or (b) any claim arising anytime before the Confirmation Date for the alleged responsibility of the Debtors for any environmental conditions arising from an event that occurred before the Confirmation Date, despite when the clean up of such environmental condition commenced. When used with respect to any litigation, the term "Claim" will also include any claim that has been or could be asserted in such litigation. Notwithstanding anything to the contrary set forth in this Plan, for purposes of this Plan, the term "Claim" will have the broadest possible meaning permitted by applicable law.

**2.15 "Claimant" or "Claim Holder"** shall mean the Holder of a Claim.

**2.16** **"Class"** shall mean a category of Holders of Claims or Interests, which are substantially similar to other Holders of Claims, or Interests in such category.

**2.17** **"Committee"** shall mean the Official Unsecured Creditors' Committee appointed to serve in this bankruptcy case, pursuant to §1102 of the Code.

**2.18 "Confirmation"** shall mean the entry of the Confirmation Order.

**2.19** **"Confirmation Date"** shall mean the date upon which the Confirmation Order is entered and docketed by the Bankruptcy Court, within the meaning Bankruptcy Rules 5003 and 9021.

**2.20** **"Confirmation Order"** shall mean the Order of the Bankruptcy Court confirming the Plan pursuant to §1129 of the Bankruptcy Code.

**2.21** **"Convenience Claim"** shall mean any unsecured claim against the Debtors that is equal to or less than $250.00 or any unsecured claim in excess of $250.00 as to which the holder of

such Claim elects, in writing, within the time periods stated in the Plan, to reduce said Claim to $250.00.

**2.22 "Debtors"** shall mean Kenneth Williford or Charlotte Williford, or Mr. and Mrs. Williford. In fact, references in this document to Kenneth Williford or Charlotte Williford, or Mr. and Mrs. Williford, Debtors or Debtors in Possession, shall all be treated and considered as one in the same.

**2.23 "DIP Facility"** shall mean, pursuant to the terms and conditions of the Debtors-in-Possession account for the Debtors.

**2.24 "Debtors' Assets"** shall mean any and all property of the bankruptcy estate as defined by §541(a) of the Bankruptcy Code, including, without limitation, any and all rights, claims, and interests of the Debtors in any real or personal property, together with any and all tangible or intangible property of any kind or nature.

**2.25 "Disclosure Statement"** shall mean the Disclosure Statement for the Plan of Reorganization for the Debtors, under Chapter 11 of the Bankruptcy Code, as amended, supplemental, or modified from time to time, that is prepared and distributed in accordance with §§ 1125 of the Bankruptcy Code, Bankruptcy Rule 3018, and/or other applicable law.

**2.26 "Disputed Claim"** shall mean a Claim or any portion thereof, as to which written objection to the allowance or classification thereof has been timely filed by any party in interest and as to which no Final Order sustaining such objection or allowing or disallowing such Claim, in whole or in part, has been entered by the Court. A Claim shall also be considered a Disputed Claim if (a) the amount of any Proof of Claim filed exceeds the amount listed by the Debtors in their Schedules, (b) the Schedules list such claim as disputed, contingent, or unliquidated, or (c) there is a dispute as to the classification of such claim.

**2.27 "Distribution"** shall mean payment to the various Holders of Allowed Claims and Interests as provided in this Plan.

**2.28 "Effective Date"** shall mean the first Business Day of the first calendar month following thirty (30) calendar days after the Confirmation Date on which no stay of the Confirmation Order is in effect and the conditions precedent to the occurrence of the Effective Date have either been satisfied or waived by such date and shall be the date upon which the Plan will be commenced.

**2.29 "Entity"** shall mean an Entity as defined in § 101(15) of the Bankruptcy Code.

**2.30 "File" or "Filed"** shall mean file or filed with the Bankruptcy Court in this Chapter 11 proceeding.

**2.31 "Final Decree"** shall mean the decree contemplated under Bankruptcy Rule 3022.

**2.32 "Final Order"** shall mean on Order or Judgment of the Bankruptcy Court or other Court of competent jurisdiction, with respect to the subject matter which has not been reversed, stayed,

modified, or amended and as to which the lime to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely taken or as to which any appeal has been taken or any petition for certiorari that has been or may be Filed has been resolved by the highest court to which the Order or Judgment was appealed or from which certiorari was sought.

**2.33    "Holder"** shall mean a Person or Entity holding a Claim or Interest which was listed in Debtors' Schedules or Filed with the Court or the Person or Entity to whom such Claim or Interest was last transferred by Final Order or Final Judgment of the Court substituting the transferee for the prior Holder thereof

**2.34    "Impaired"** shall mean any Claim or Interest impaired within the meaning of §1124 of the Bankruptcy Code.

**2.35    "Person"** shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, governmental unit, or any agency or political subdivision of a governmental unit.

**2.36    "Petition Date"** shall mean **October 3, 2003**.

**2.37    "Plan"** shall mean the Plan of Reorganization by Kenneth and Charlotte Williford, either in its present form, or as it may be altered, amended, modified, or supplemented from time to time in accordance with the Bankruptcy Code and the Bankruptcy Rules.

**2.38    Priority Claim"** shall mean any Allowed Unsecured Claim entitled to priority under §507(a)(3) through and including §507(a)(8).

**2.39    "Priority Tax Claim"** shall mean a Claim of a governmental unit of the kind specified in §507(a)(8) of the Bankruptcy Code.

**2.40    "Pro Rata"** shall mean the same proportion that the amount of any Allowed Claim or Interest in a Class bears to the aggregate amount of all Claims or Interests in such Class, including in such aggregate amount both the Allowed Claims and any then unresolved Disputed Claims in such Class as of the date of any distribution payment pursuant to the Plan.

**2.41    "Rejection Claim"** shall mean any Allowed Claim arising out of the rejection of a lease or executory contract, pursuant to §365(h) of the Bankruptcy Code.

**2.42    "Reorganized Debtors"** shall mean the Debtors or any successor thereto on or after the Effective Date.

**2.43    "Schedules"** shall mean the Schedules of Assets and Liabilities, Schedules of Executory Contracts, and the Statement of Financial Affairs, as the Bankruptcy Court requires the Debtors to file, pursuant to §521 of the Bankruptcy Code, the official bankruptcy forms and the Bankruptcy Rules as they may be amended and supplemented from time to time.

**2.44** **"Secured Claim"** shall mean a Claim that is secured by a lien on property in which the estate has an interest, which lien is valid, perfects, and enforceable under applicable law or by reason of a Final Order or that is subject to setoff under §553 of the Bankruptcy Code, to the extent of the value of the Claim Holder's interest in such property or to the extent of the amount of the subject to setoff, as applicable, as determined pursuant to § 506(a) of the Bankruptcy Code or as a Claim Allowed under the Plan as a Secured Claim.

**2.45** **"Unsecured Claim"** shall mean any Allowed Claim against the Debtors, other than an Administrative Claim, Priority Claim, or an Equity Interest Claim.

# ARTICLE III

## Classification Of Claims

### 3.01 Classification of Claims

1. **Class One.** This class is composed of administrative claims that include costs, expenses, and professional fees. This class is composed of Memory & Day. This is a non-voting class.

2. **Class Two.** This class is composed of People's Bank. This class is impaired and therefore a voting class.

3. **Class Three.** This class is composed of People's Bank. This class is impaired and therefore a voting class.

4. **Class Four.** This class is composed of Agri-Credit. This class is impaired and therefore a voting class.

5. **Class Five.** This class is composed of Auburn Bank. This class is impaired and therefore a voting class.

6. **Class Six.** This class is composed of SouthTrust Bank. This class is impaired and therefore a voting class.

7. **Class Seven.** This class is composed of SouthTrust Bank. This class is impaired and therefore a voting class.

8. **Class Eight.** This class is composed of the Emerton judgment. This class will be addressed as part of the unsecured class.

9. **Class Nine.** This class is composed of UNSECURED AND UNDER SECURED CLAIMS. This class is impaired and therefore a voting class.

# ARTICLE IV

## Treatment Of Claims And Interests

### 4.01 Treatment of Classes

The classes of claims set forth in above shall be treated in the following manner:

<u>GENERAL</u>: Except as otherwise provided below and elsewhere in the Plan, and except as otherwise agreed by the claimant, property to be distributed under the Plan (a) shall be distributed on or as soon as practical after the Effective Date to each holder of an Allowed Claim or an Allowed Interest that is an Allowed Claim or Allowed Interest as of the Effective Date; and (b) shall be distributed to each holder of an Allowed Claim or Allowed Interest that is allowed after the Effective Date to the extent allowed on the later of one hundred eighty (180) calendar days after the Effective Date; or thirty (30) calendar days after the order allowing the Claim or Interest becomes a Final Order; or as specified in the Plan itself and the class to which the holder of the Allowed Claim or Interest is placed.

<u>CLASS ONE</u>: Administrative expense claims are not classified. Each holder of an Allowed administrative claim shall be paid in full, in cash, from proceeds possessed by the confirmed Debtors on the later of (i) the Effective Date (ii) thirty (30) days after the order allowing the Claim becomes a final order, (iii) upon such other terms as may be agreed upon by the holder of said claim, provided however, that administrative claims incurred in the normal course of the Debtors' business subsequent to the petition date shall be paid in accordance with the terms pursuant to which said obligations were incurred. The total amount of administrative claims, excluding trade debt incurred in the ordinary course of business since the petition date, is estimated to be:

**Legal Services:**

Memory & Day, $16,800.00 plus anticipated future services to confirmation order of approximately $35,000.00. A formal application will be filed with the court and submitted for approval;

THIS IS A NON-VOTING CLASS.

<u>CLASS TWO (Peoples Bank)</u>: The Debtors have a note with People's Bank that is secured by a mortgage on their five trailer parks. The Debtors shall make payments in the amount of $19,000.00 per month. This debt shall be treated as secured in the amount of $2,844,872.00 and shall accrue interest at the rate of *6.5%* per annum. This note will be reviewed and the note renewed after three years. Finally, the Debtors shall make the agreed adequate protection payments until the order of confirmation.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS THREE (Peoples Bank): This debt represents twelve individual notes secured by twelve manufactured homes. The Debtors shall make payments in the amount of $1,400.00 per month. This debt shall be treated as secured in the amount of $100,815.58 and the secured portion shall accrue interest at the rate of *8.0%* per annum. Finally, Peoples Bank shall retain its lien or liens on all collateral referenced in the adequate protection agreement of the parties until the secured portion of the instant claim or claims is paid in full, at which point, the liens will be released and deemed satisfied. Finally, the Debtors shall make these payments until the order of confirmation.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS FOUR (Agri-Credit): The Debtors have one note with Agri-Credit incident to a note on a Long 45 Tractor, in the approximate amount of $3,202.98. The Debtors shall make payments in the amount of $140.00 per month. The instant debt shall be treated as fully secured at 6% per annum. Finally, Agri-Credit shall retain its lien until the secured portion of the instant claim is paid in full, at which point, the lien will be released and deemed satisfied.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS FIVE (Auburn Bank): The Debtors have a note with Auburn Bank that is secured by a 2002 Ford, 1 Ton, 4X4, Truck. It is believed that the outstanding balance is approximately $9,714.30. This debt shall be treated as fully secured and the Debtors shall make monthly payments of $400.00. Auburn Bank shall retain its lien until the secured portion of the instant claim is paid in full, at which point, the lien will be released and deemed satisfied.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS SIX (SouthTrust Bank): The Debtors have a note with SouthTrust Bank secured by a mortgage on their homestead. It is believed that the outstanding balance is approximately $86,000.00. This debt shall be paid in full by the proceeds of a new loan advanced by Peoples Bank & Trust. The instant note and mortgage will provide funds to pay this debt in full, the claim of SouthTrust Bank in Class Seven, and the initial cash settlement for the Emertons in Class Eight. The debt or claim evidenced by this class will be paid from the closing proceeds and a closing shall be the earliest of January 31, 2006, or ten days from a confirmation order that is non appealable. SouthTrust Bank shall execute and deliver a lien release or mortgage satisfaction prior to closing and this release or satisfaction shall be held in trust until the referenced closing and payment is tendered to SouthTrust Bank.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS SEVEN (SouthTrust Bank): SouthTrust Bank has a claim resulting from a judgment filed in Lee County, Alabama. The secured status of this claim is unclear. The Debtors agree to pay $42,500.00, in full satisfaction of this judgment. The debt or claim evidenced by this class will be paid from the closing proceeds and a closing shall be the earliest of January 31, 2006, or ten days from a confirmation order that is non appealable. SouthTrust Bank shall

execute and deliver a lien release prior to closing and this release or satisfaction shall be held in trust until the referenced closing and payment is tendered to SouthTrust Bank.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS EIGHT (Emerton): The Emerton claim results from a judgment obtained in the Circuit Court of Chambers County. The parties have agreed to settle this matter for $100,000.00. The Debtors agree to make an initial cash payment of $50,000.00. The remaining amount, $50,000.00, will be paid in 24 monthly payments of $1,500.00, with the remaining balance due with the last payment. The initial payment of $50,000.00 will be paid from the closing proceeds and a closing shall be the earliest of January 31, 2006, or ten days from a confirmation order that is non appealable. The Emertons shall execute and deliver a lien release prior to closing and this release or satisfaction shall be held in trust until the referenced closing and payment is tendered to the Emertons. The pending appeal before the Alabama Supreme Court shall be dismissed by the Debtors immediately. Finally, the full claim of the Emertons, as evidenced by their proof of claim, shall be allowed and treated as fully secured. However, upon receipt of $100,000.00 by the Emertons, as specified above, the referenced debt and this claim shall be deemed fully paid and satisfied.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

CLASS NINE (Unsecured and Undersecured): All unsecured claims have been treated in classes One through Eight. No additional untreated/ unsecured claims were filed by the claims bar date.

THIS CLASS IS IMPAIRED AND A VOTING CLASS.

## ARTICLE V

## Acceptance Or Rejection Of The Plan

**5.01 Voting Classes.** Each holder of an allowed claim in Classes 2 though 7, and 9 shall be entitled to vote to accept or reject the Plan, unless otherwise ordered by the Court.

**5.02 Deemed Acceptance.** Class 1 is unimpaired under the Plan, and, therefore is deemed to have accepted the Plan.

**5.03 Conformability of the Plan.** The confirmation requirements of § 1129 of the Code must be satisfied with respect to the Debtors and the Plan. If the Court determines that any provisions of the Plan are prohibited by the Code, or renders the Plan unconfirmable under § 1129 of the Code, the Debtors reserve the right to sever such provisions from the Plan, and to request that the Plan, as so modified, be confirmed.

**5.04 Non-consensual Confirmation.** In the event that any class of creditors rejects the Plan, the Debtors reserve the right to request that the Court confirm the Plan over such rejection in accordance with § 1129(b) of the Code.

**5.05  Controversy Concerning Impairment.** In the event of a controversy as to whether any class of claims or interests is impaired under the Plan, the Court will, after notice and an opportunity for hearing prior to Confirmation Date, determine such controversy.

## ARTICLE VI

## Means Of Execution And Implementation

**6.01 Plan Payments.** The Willifords are the owners of five trailer parks for manufactured homes: Ben Mor, in Chambers County; and Fields, Oak-Haven, Brooke Haven, Hickory Haven, and Homestead in Lee County, Alabama. At these facilities they provide leased space for individuals who own their own manufactured home, spaces and manufactured homes for lease, and lease of spaces with a rent to own option for a manufactured home. Currently the five parks have approximately 125 full time residents. Average monthly revenue is between $45,000.00 and $50,000.00.

**6.02 Objections.** Unless the Court establishes another date, any objections to the allowance or classification of any claim or interest, shall be filed within thirty (30) business days of the Effective Date or be forever barred from filing such an objection.

**6.03 Default.** Any payment required to be made upon the Plan shall not be in default if any such payment is made within thirty (30) days to the payment date provided under the Plan after written notice of default.

**6.04 Release and/or Assignment of Causes of Action.** On the Effective Date all rights, claims, and Causes of Action pursuant to (i) §§ 54l, 542, 544, 545, 547, 548, 549, 550, and 553 of the Code and (ii) all other claims and Causes of Action, of the Debtors against any holder of a claim herein and against any third party shall be preserved and become property of Reorganized Debtors. On the Effective Date, the Reorganized Debtors shall be deemed the representatives of the estate under § 1123(b) of the Code and will be authorized and shall have the power to commence and prosecute any and all Causes of Action, which could have been asserted, by the estate. The Reorganized Debtors may pursue such causes of action the Court and may retain such counsel, accountants, or other persons, as the Reorganized Debtors deem necessary in connection therewith or in connection with liquidation of estate property or performance of the responsibilities of the Reorganized Debtors. All recoveries, if any, received from or in respect of the causes of action, whether by settlement, judgment or otherwise, shall become the property of the Reorganized Debtors to be distributed pursuant to the terms of the Plan. The cost and expenses, including legal fees and disbursements, incurred in connection with the prosecution of such causes of action, shall be paid by the Reorganized Debtors, without necessity of approval by the Court. From and after the Effective Date, the Reorganized Debtors shall litigate any avoidance or recovery actions and any other causes of action or rights to payments of claims that belong to the Debtors, had have not been released herein, that may be pending on the Effective Date or instituted by the Reorganized Debtors after the Effective Date.

**6.05 Conditions Precedent.** Entry of a Confirmation Order, in a form and substance satisfactory to the Debtors and parties of interest is the only condition precedent to the occurrence of the Effective Date of the Plan.

**ARTICLE VII**

**(INTENTIONALLY LEFT BLANK)**

**ARTICLE VIII**

**Executory Contracts And Unexpired Leases**

**8.01 Scheduled Claims**

THE DEBTORS HAVE SCHEDULED NO LEASES/EXECUTORY CONTRACTS IN THEIR PETITION.

**8.02  Treatment of Claims**

Entry of the Confirmation Order shall constitute the approval of the acceptance and assumption of the executory contracts, unexpired leases, or post-petition leases, entered into in the ordinary course of business, pursuant to §§ 365 (a) and 1123 (b)(2) of the Bankruptcy Code and outlined hereinabove.

If the rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Claim by the other parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors, its respective successors, estates, and property unless (1) a Proof of Claim is filed with the Bankruptcy Court within (a) thirty (30) days after the Confirmation Date; or (b) thirty (30) days after the entry of a Final Order approving such rejection; or (2) otherwise ordered by the Bankruptcy Court or otherwise provided for in the Plan. Claims arising from the rejection of executory contracts or unexpired leases will be treated as General Unsecured Claims in the Plan.

**This Disclosure Statement and Plan constitute notice of the intention of the Debtors and Reorganized Debtors to reject all executory contracts and unexpired leases, as listed in the chart hereinabove, to which the Court has not ruled or entered an Order.**

**ARTICLE IX**

**Retention Of Jurisdiction**

**9.01**    Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases after the Effective Date as is legally permissible, including jurisdiction to:

a.) allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims;

b.) grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Confirmation Date;

c.) resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtors are a party or with respect to which the Debtors may be liable and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

d.) ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan and resolving any disputes concerning any distributions contemplated in or relating to the Plan;

e.) decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

f.) enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

g.) resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or an Person's or Entity's obligations incurred in connection with the Plan;

h.) issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with Consummation or enforcement of the Plan, except as otherwise provided herein;

i.) resolve any cases, controversies, suits, or disputes with respect to the releases, injunction, and other provisions contained in the Plan and enter such orders as may be necessary or appropriate to implement such releases, injunction, and other provisions;

j.) enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

k) determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or the Disclosure Statement; and

l) enter an order and/or final decree concluding the Chapter 11 Case.

# ARTICLE X

## Effects Of Confirmation

**10.01  Binding Effect.** Except as otherwise expressly provided herein, on or after the Effective Date, the terms of the confirmed Plan of Reorganization shall bind all holders of claims and interests, whether or not they accept the Plan.

**10.02    Discharge.** Except as otherwise expressly provided in § 1141 of the Code or the Confirmed Plan, the distributions made pursuant to the Plan will be in full and final satisfaction, settlement, release, and discharge as against the Debtors or any of their assets or properties, or any debt that arose before the Confirmation Date and any debt of a kind specified in §§ 502(g), 502(h), or 502(i) of the Code and all claims and interests of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, whether or not (i) a Proof of Claim or Proof of Interest based on such debt, obligation, or interests filed or deemed filed under §501 of the Code, or (ii) such claim or interest is an allowed claim or interest under §502 of the Code, or (iii) the holder of such claim or interest has accepted the Plan.

**10.03  Post-Confirmation Injunction.** Except as set forth herein, on or after the Confirmation Date, every holder of a claim or interest against the Debtors shall be precluded and permanently enjoined from asserting against the Debtors, professionals, agents, and their respective assets or properties, any further claim based on any document, instrument, judgment, award, order, act, omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date.

**10.04    Committee.** The appointment of all Committees, if any, will automatically terminate on the Effective Date of the Plan.

**10.05  Post-Confirmation Evidence of Claims and Interests.** Except as otherwise provided herein, upon the Effective Date, all notes, certificates, and the evidence of claims or interests shall represent the only right to participate in distributions made pursuant to the Plan.

**10.06  Continuation of Injunctions and Stays.** Except as otherwise provided herein, all injunctions, liens, or stays ordered in the Bankruptcy Case, pursuant to §§ 105 and 362 of the Code or otherwise in existence on the Petition Date, and existent immediately prior to the Confirmation Date shall remain in full force and effect until the Effective Date.

**10.07  Rights of Action.** Any rights or causes of action accruing to the Debtors and not otherwise released herein, shall become assets of the Reorganized Debtors. Reorganized Debtors may pursue those rights or causes of action as appropriate, in accordance with what is in the best interests, and for the benefit of those creditors that will distribution from estate assets. It is expressly understood that the Board of Directors of the Reorganized Debtors may, in their judgment, by majority vote, settle or resolve any rights or causes of action by agreeing to permit

the transferee to make an appropriate reduction in its claim so as to give credit for the amount otherwise recoverable from future distributions made pursuant to the Plan.

# ARTICLE XI

## Miscellaneous Provisions

**11.01  Payment of Fees and Expenses of Professional Persons.** After the Confirmation Date, Debtors will, in the ordinary course of business and without the necessity of approval by the Bankruptcy Court, pay the reasonable post-Confirmation Date fees and expenses of the professional persons employed by Debtors related to the implementation and confirmation of the Plan. No such fees and expenses will be paid, however, except upon receipt by the Debtors of a written invoice from the professional person, seeking a fee and expense reimbursement.

Any professional appointed by the Bankruptcy Court, who performed services on behalf of the estate, whose fees and costs may be charged against the estate, must file an application for approval of same not later than sixty days subsequent to the confirmation order becoming final. Failure to file within the time permitted herein shall automatically and without further notice bar the professional person from bringing a claim against the bankruptcy estate and/or the confirmed Debtors.

**11.02    Disputed Claims.** As soon as practicable, but in no event later than one hundred eighty (180) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court, objections to Claims will be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made.

On and after the Effective Date, the objecting to, disputing, defending against, and otherwise opposing, and the making, asserting, filing, litigation, settlement or withdrawal of all objections to Claims will be the exclusive responsibility of the reorganized Debtors.

Notwithstanding any other provision in the Plan, no payment or distribution will be made with respect to any Claim to the extent it is a Disputed Claim unless and until such Claim becomes an Allowed Claim.

The amount of any Disputed Claim, and the rights of the holder of such Claim, if any, to payment in respect thereof will be determined by the Bankruptcy Court, unless it shall have sooner become an Allowed Claim.

Pursuant to a non-appealable final Order, distribution will be made in accordance with the Plan to the holder of such Claim based upon the amount of the Allowed Claim.

**11.03    Distributions, Delivery, Unclaimed.**

a.) Delivery of Distributions in General: Distributions to Holders of Allowed Claims shall be made at the address of the Holder of such Claim as indicated on records of the Debtors. Except as otherwise provided by the Plan or the Bankruptcy Code, distributions shall be made in

accordance with the provisions of the applicable indenture, participation agreement, loan agreement or analogous instrument or agreement, if any, and distributions will be made to any Holders of record as of the Distribution Date.

    b.) Undeliverable Distributions:

        1.) Holding of Undeliverable Distributions. If any Allowed Claim Holder's distribution is returned to the Reorganized Debtors as undeliverable, no further distributions shall be made to such Holder unless and until the Reorganized Debtors is notified, in writing, of such Holder's then-current address, such that the distribution becomes deliverable. Undeliverable distributions shall remain in the possession of the Reorganized Debtors pursuant to the Plan until such time as a distribution becomes deliverable. Undeliverable payments shall not be entitled to any interest, dividends or other accruals of any kind.

        2.) Failure to Claim Undeliverable Distributions. In an effort to ensure that all Holders of Allowed Claims receive their allocated distributions, the Reorganized Debtors may file with the Bankruptcy Court a listing of Holders of undeliverable distributions. Any Holder of an Allowed Claim that does not assert a Claim pursuant to the Plan for an undeliverable distribution within five years after the Effective Date shall have his, her, or its Claim for such undeliverable distribution discharged and shall be forever barred from asserting any such Claim against the Reorganized Debtors or their property. In such cases, any payments held for distribution on account of such Claims shall be property of the Reorganized Debtors, free of any restrictions thereon. Nothing contained in the Plan shall require the Reorganized Debtors to attempt to locate any Holder of an Allowed Claim.

**11.04  Timing and Calculation of Amounts to be Distributed.** Beginning on the Effective Date, the Reorganized Debtors, in its sole discretion and as frequently, soon, reasonably practicable, and efficient under the circumstances, shall make the distributions to Holders of Allowed Claims in accordance with the Plan.

**11.05  De Minimis and Fractional Distributions.** No cash payment of less than TEN AND NO/100 ($10.00) DOLLARS shall be made by the Reorganized Debtors on account of any Allowed Claim, unless a specific request therefore is made, in writing, by the Holder of such Claim. In the event a Holder of an Allowed Claim is entitled to distribution that is not a whole dollar number, the actual payment or issuance made will reflect a rounding of such fractional portion of such distribution down or up to the nearest whole dollar, but in any case not to result in a distribution that exceeds any allowable total distribution authorized by the Plan.

**11.06  Payment of Statutory Fees.** All fees payable pursuant to 28 U.S.C. §1930, as agreed between the Debtors and the United States Trustee or determined by the Bankruptcy Court at the hearing pursuant to §1128 of the Bankruptcy Code, shall be paid on the Effective Date or as soon thereafter as reasonably possible.

**11.07    Governing Law.** Unless otherwise agreed in writing, or mandated by Federal Law, the laws of the State of Alabama shall govern the construction and implementation of the Plan and all agreements, documents, and instruments executed in connection with the Plan.

**11.08  Binding Effect.** The Plan, as amended or modified, upon becoming final and non-appealable, will be binding upon and inure to the benefit of the Debtors, the holders of Claims and Equity Interest, and their respective successors and assigns.

**11.09    Service of Documents.** Any pleading, notice, or other document required by the Plan to be served on or delivered to the Reorganized Debtors shall be sent by first class U. S. mail, postage prepaid to:

> Charlotte Williford
> 815 Crawford Road
> Opelika, AL  36804

With copies to:

> Von G. Memory
> Memory & Day
> P.O. Box 4054
> Montgomery, AL 36103-4054

**11.10    Amendments or Modification of the Plan; Severability.** Proponents/Debtors may alter, amend, or modify the treatment of Claims provided for under the Plan; provided however that the holders of such Claims agree or consent to any such alteration, amendment or modification. In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void, or unenforceable, such provision will be invalid, void, or unenforceable with respect to the holder or holders of such Claims or Equity Interests as to which the provision is determined to be invalid, void, or enforceable. The invalidity, voidness, or unenforceability of any such provision will in no way limit or affect the enforceability and operative effect of any other provisions of the Plan.

**11.11  Notices.** (Left Blank Intentionally)

**11.12  Additional Documents.** On or before the Effective Date, the Debtors may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**11.13    Construction.** The rules of construction set forth in § 102 of the Code shall apply to the construction of the Plan.

**11.14    Section Headings.** The section headings contained in the Plan are for convenience and reference purposes only and will not affect in any way the meaning or interpretation of the Plan.

> Respectfully submitted December 30, 2005.

KENNETH AND CHARLOTTE
WILLIFORD

/S/ Kenneth Williford


/S/ Charlotte Williford


Memory & Day


BY:    /S/Von G. Memory
Von G. Memory, Esq.

PREPARED BY:
Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
vgmemory@memorylegal.com
jlday@memorylegal.com

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 03-81486-WRS
                                               Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

     Debtors

### ORDER ON DEBTORS' MOTION FOR POST PETITION FINANCING

On January 5, 2006, the Debtors filed a motion seeking approval for postpetition financing.  (Doc. 245).  The Court finds that the Debtors have shown good cause to reduce the pertinent notice period of Rule 2002, Fed. R. Bankr. P.

ORDERED, that the Debtors shall mail copies of their motion and this Order upon all parties in interest within 3 business days from the date of this order, and shall file a certificate of mailing within 3 business days thereafter.

ORDERED, that the Debtors' motion will be taken under advisement and ruled upon without further notice and hearing, unless a party in interest files an objection within 10 days of the date of this Order.

Done this 13th day of January, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

IN RE:

**CHARLOTTE TERESA WILLIFORD and
KENNETH WILLIFORD,**

    **Debtors.**

**Case No. 03-81486-WRS**

**Chapter 11**

**CERTIFICATE OF SERVICE**

       I, **James L. Day**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this

        ☒ **ORDER SETTING HEARING** [Motion for Post Petition Financing]

was made January 13, 2006, by:

    ☒ Regular: First Class United States Mail, service, addressed to: (see below or attached)

    ☐ Certified: First Class United States Mail, service, addressed to: (see below or attached) Pursuant to Rule 7004(h)

    ☐ Personal Service: By leaving the process with Defendant or with an officer or agent at: (see below or attached)

    ☐ Residence Service: by leaving the process with the following adult at: (see below or attached)

    ☐ Publication: The Defendant was served as follows: (see below or attached)

    ☐ State Law: The Defendant was served pursuant to the laws of the State of Alabama as follows: (see below or attached)

list attached ☒

       Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:      January 13, 2006

/S/ James L. Day
James L. Day
P.O. Box 4054
Montgomery, AL 36103
(334) 834-8000

Susan Caroline Haygood, Esq.
For: Traveler's Indemnity
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

Agri-Credit
PO Box 14535
Des Moines, IA  50306-3535

Auburn Bank
PO Box 3110
Auburn, AL  36831-3110

Colonial Bank
54 N Lafayette St
Lafayette, AL  36862-2000

MBNA
PO Box 15137
Wilmington, DE  19850-5137

East Alabama Medical Center
2000 Pepperell Pkwy
Opelika, AL  36801-5422

Charles Parnell, Esq.
For: SouthTrust Bank
Parnell and Crum
P. O. Box 2189
Montgomery, AL  36102-2189

Nextel Communications
Consumer Bankruptcy Dept.
2001 Edmund Halley Drive
Reston, Virginia 20191

James Ernest Bridges III, Esq.
For: Peoples Bank
P. O. Box 2345
Opelika , AL 36803-2345

Charles Grady Reynolds Jr., Esq.
For: Scott Emerton, Et Al
PO Box 367
Lanett, AL  36863-0367