IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Mr. Kenneth WILLIFORD ("KENNETH") | X | |
| Plaintiff/Appellant | X | Civil Action Number |
| v | X | |
| Ms. Charlotte WILLIFORD ("CHARLOTTE") | X | 3:07cv105-WKW-SRW |
| | X | |

## APPELLANT KENNETH's OBJECTIONS
## TO RECOMMENDATION OF MAGISTRATE JUDGE

Introductory Note:   To avoid confusion, I refer to myself by my
given name, "KENNETH," and to my Defendant ex-wife as
"CHARLOTTE," to conform with the Magistrate Judge Walker's
designations as contained in her "Report and Recommendation"
filed on Sept. 28, 2007 (Doc. 39)

Submitted by Certified Mail on October __25__, 2007 by:

S/ _Kenneth Williford_

Kenneth Williford
229597  O-11-A
100 Warrior Lane
Bessemer, AL 35023

# TABLE OF CONTENTS

Cover Page ............................................................... i

Table of Contents ................................................. ii

Table of Citations ............................................... iv

## Objections

### Objection #1 ...................................... 1

The Magistrate Judge's "Recommendation" fails to stress that, under Alabama law, the Lee County Circuit Court's property division, having been void as a violation of 11 U.S.C. § 362, would not allow an appeal: therefore, KENNETH's attempted appeal was a nullity.

### Objection #2 ...................................... 3

The Magistrate Judge's "Recommendation" fails to note that, under every one of the hundreds of Alabama Appellate Court opinions, the division of marital assets must be "Equitable" even though it is not required to be "equal."

### Objection #3 .................................... 6

The Magistrate Judge's "Recommendation" fails to explain why a Federal Court's has any alleged obligation to defer to a State Court ruling which is admittedly void and which clearly flies into the face of every existing property division precedent.

**<u>Objection #4</u>** ................................... 8

The Magistrate Judge's "Recommendation" mentions
the "absence of harm to the creditors" but utterly fails to
discuss the equally important basis for Chapter 11 pro-
ceedings:  the protection of the assets of all of the debtors.

**<u>Objection #5</u>** ............................... 10

The Magistrate Judge's "Recommendation" mentions fraud,
but fails to discuss the various frauds committed on KENNETH
by his own bankruptcy attorneys, Mr. Memory and Mr. Day,
and fails to discuss the frauds committed by CHARLOTTE.

**<u>Objection #6</u>** ................................ 12

The Magistrate Judge's "Recommendation" fails to
recognize that State Circuit Judge Lane's 100% - 0 %
division of marital assets constituted the imposition of
a "second punishment for the same crime."  The State
Criminal Court imposed a 25-year sentence on KENNETH
for his crimes, and the State Domestic Relations Court
took away all of his marital assets, about a million dollars,
for those same crimes.

Conclusion    ........................................................... 13

Certificate of Service  ............................................. vi

iii

# TABLE OF CONTENTS

CITINGS:                                                                    PAGES

Baggett v. Baggett, 855 so. 2d 556 (Ala. civ. app 2003)              4

Carter v. Carter, 934 so. 2d 406 (Ala. civ. app 2005)               5

Cunningham v. Cunningham, 956 so. 2d 1157 (Ala.civ. app. 2006)      4

Ex Parte Brooks, 897 so. 2d 1017 at 1021. (Ala. 2004)               11

Ex Parte Eillough, 728 so. 2d 589 (Ala. 1998)                       4

Ex Parte Lamoreaux, 845 so. 2d 801 (Ala. 2002)                      4

Gates V. Gates, 830 so. 2d 746 (Ala. civ. app. 2002)               4

Hall V. Hall, 895 so. 2d    (Ala. civ. app.2004)                    5

Hunter v. Hunter, 706 so. 2d 753 (Ala.civ. app. 1997)**            2&3

Hunter v. Hunter, Id.                                               2&3

Hunter v. Hunter, supra                                             7

In Re Abma, 215 B.R.148 , 152 (BANKR. W.D.ILL.1997)                6

In Re Becker, 136 B.R. 113, 115 (BANKR. D.N.J. 1992)              6

In Re Cole, 202 B.R. at 360 356, 360 (BANKR. S.D. N.Y. 1996)       6

In Re Collins, 173 F. 3d 924 (4th cir. 1994)                      2

In Re Gardner, 913 F.2d 1515 (10th cir. 1990)Id.at 1520           8

IN Re Greenwald,134 B.R. 729,731(BANKR. S.D.N.Y.1989)Rev'd...

                                                                   7&8

In Re Miller, 55 F. 3d 1487 (10th cir. 1995)                      8

In Re Palmer, 778 B.R. 402,406 (BANKR. E.D.N.Y. 1987)             6

In Re Vann, 113 B.R. 704,706 (BANKR. D. COLO.1990)               6

Kaufman V. Kaufman, 934 so.2d 1073 (Ala.civ. app.2005)           4

Killingsworth v. Killingsworth, 925 so.2d 977 (Ala.civ.app.2005)  4

Lamb v Lamb, 939 so.2d 918 (Ala.civ.app.2006)                    4

Long v. Long, 824 so. 2d (Ala. civ. app. 2002)                   4

Matter of Palmer, 78 B.R. 402 (BKRTCY. E.D.N.Y. 1987)            8

Matter of Paso Norte Oil Co.755 F.2d 421 (5th cir. 1985)         1

Mayhann v. Mayhann,    so. 2d.    2001 (Ala. civ. app.,Lexis
66 (Ala. civ. app. Feb,9,2001)                                    3

McClellan V. McClellan,959 so. 2d 658 (Ala. civ.app.2006)        5

Nowell v. Nowell,474 so.2d 1128 (Ala. civ.app.1985)              4

Nunn v. Baker,518 so 2d 711, 712 (Ala.1987)                      2&3

Pate v. Pate,849 so. 2d    (Ala. civ. app. 2002)                 4

Perlow v. Perlow,128 B.R. 412(E.D.N.C.1991)                      7&8

Roberge v. Roberge,(In Re Roberge),188 B.R. 366,367 (E.D.VA.1995) 6

[ i ]

## TABLE OF CONTENTS

**CITINGS:**                                                              **PAGES**

Roberge v. Ruis, 95 F. 3d 42 (4th cir. 1996)                                6

Rovinson v. Robinson, 795 so.2d 729 (Ala,civ.app.2001)                      4

Robinson v. Robinson, 840 so. 2d 180 (Ala.civ. app.2002)                    4

Smith v. Smith, 836 so. 2d 893 (Ala.civ.app.2002)                           4

Teneyck v. Teneyck, 885 so. 2d 146 (Ala.civ. app.2003)                      4

Virgina v. Collins, 120 S.ct. 785,528 U.S.1073,145 L.Ed. 2d 663.            2

Wrath, 422 U.S. at 501,95 S. ct. 2206                                       11

Welch v. Welch, 708 so. 2d 179 (Ala civ. app.1997)                          4

WARTH V. SELDIN, 422 U.S. at 490, 501 S. ct. 2187, 2206 (1975)              11

### FEDERAL AND STATE , STATUS AND CODES

Ala. code 1975 § 30-2-51 rules of evid., rule 408                           4

BANKRUPTCY ACT § 311, 11 U.S.C. (1976 Ed.) § 711                            1

BANKRUPTCY KEY  2546                                                        1&6

BANKRUPTCY KEY 2062, 2401                                                   2&7

 DIVORCE KEY 252.1, 252.2,and 252.3                                         4&5

11 U.S.C. § 362 (a),(d)                                                     1&5

11U.S.C. § 541 (a),(1) (2000)                                              1,6,&8

28 U.S.C. § 1334                                                            8

Objection # 1

The Magistrate Judge's "Recommendation" fails to stress that,under
Alabama law , the state circuit court's judgment dividing these parties'
marital assets, being utterly void as A clear violation of 11 U.S.C.
§ 362, and 11 U.S.C. § 541 (a) (1), would not support any appeal: thus,
Kenneth's attempted appeal of that division was A nullity.

Cites: 11 USCS § 362, Automatic stay, (a) Except as provided in
subsection (b) of this section,a petition filed under section 301, 302,
or 303 of this title, or an application filed under section 5(a)(3)
of the Securities Investor Protection Act of 1970 [15USCS § 78eee(a)(3)],
operates as a stay, applicable to all entities, of-
(1)the commencement of continuation, including the issuance or employment
of process, of a judicial, administrative, or other action or proceeding
against thje debtor that was or could have been commenced before the
commencement of the case under this title, or to recover a claim against
the debtor that arose before the commencement of the case under this
title:
(2)the enbforcement, against the debtor or against property of the estate
of a judgment obtained before the commencement of the case under this
title;
(3)any act to obtain possession of property of the estate or of property
from the estate or to exercise cotrol over property of the estate;

    11 USCS § 541. Property of the estate,(a) The commencement of
a case under section 301,302, or 303 of this title creates an estate.
Such estate is comprised of all the following property, wherever located
and by whomever held:
(1)Except as provided in subsections (b) and (c)(2) of this section,
all legal or equitable interests of the debtor in property as of the
commencement of the case.
    As in (5) BANKRUPTCY KEY 2546, property owned individually by debtor

of co-owned with no-debtor spouse will become part of bankruptcy estate

upon the filing lf the bankruptcy petition, 11 U.S.C. § 541 (a) (1)

    (6)BANKRUPTCY KEY 2546, state law principles of equitable distri-

bution are not determinateof bankruptcy estate's interest in marital

property belonging to debtor as of commedncement of a bankruptcy case,

where petition for divorce isfile afterone spouse's filing of a bankruptcy

petition

    [5,6] In accordance with the bankruptcy code, property owned individu-

dually by the  debtor or co-owned with non-debtor spouse will become part

of the bankruptcy petition. As in Roberge V. Roberge (In Re Roberge),188

B.R. 366,367 (E.D.VA. 1995) Citing 11 U.S.C. § 541 (a) (1)(2000)

    "C.A.5 (TEX)1985, bankruptcy court jurisdiction attaches over debtor
and his property, if at all, at time chapter 11 petiotion is filed, BANKR.
ACT§ 311, 11 U.S.C. ( 1976 Ed.),§ 711, Matterof Paso Del Morte oil Co.,755
F. 2d  421"

    "C.A.4 (VA)1999, once a bankruptcy petition is filed, the bankruptcy

court has jurisdiction over the case with authority to resolve all claims against the estate and discharged the debtor , regardless of whether a state is a creditor. <u>In Re collins,</u>173 F. 3d 924; <u>Virgina V. Collins,</u>120 S. Ct. 785, 528 U.S.1073, 145 L. Ed. 2d 663".

According to this above, the state has no controll over Kenneth's estate, even , if it was a creditor, after the bankruptcy petition was filed. Which proves that the attempted appeal was a nullity.

<u>Hunter V. Hunter,</u>706 so. 2d 753 (Ala. civ. app. 1997). Bankruptcy Key 2062, 2401, "....the state appellate court had no jurisdiction over appeal, Bankr. code 11 U.S.C. § 362 (a) (d); However we must reverse that portion on the trial court's judgment related to the division of marital property.""

<u>Hunter V. Hunter,</u>Id. The appellate court rendered as follows: "Pursuant to title 11U.S.C. § 362 (a), the filing of a bankruptcy petition stays the determination in a divorce case of the interest's of the debtor in property of the  estate, any exercise of controll over such property,... <u>Nunn V. Baker,</u>518 so. 2d 711, 712 (Ala. 1987),"....because the wife did not obtain relief from the effect of the stay from the bankruptcy court pursuant to title 11 U.S.C. § 362 (d), the apellate court iswithout jurisdiction to render jugment regarding distribut  of property , specifically because the husband filed bankruptcy during the pendency of appeal."

This is all Kenneth is asking of the court's today, is to have the same "equal protection"as the case's above.
If this case is not REVERED, it will set a precedence across the United States and Alabama law, that, the Alabama court system will be able to come in and act as they please during any Federal Bankruptcy procedures.

The Magistrate Judge is in error here for failing to go by the standard of review of the cases above, and stands to be REVERSED and REMANDED with instruction's.

[ 2 ]

## Objection # 2

The Magistrate Judge's "Recommendation" fails to note that, under every one of the hundreds of Alabama Appellate Court opinions, the division of marital assets must be "equitable" even though it is not required to be "equal."

Kenneth has been quoting the standard of review PRO-SE to the courts since Oct,2003, with no results, just because of his incarceration. All the cases below quote the same standard of review for equitable division of property, these cases were shown to the lower courts.

Hunter V Hunter, 706 so. 2d 753 (Ala. civ. app.1997). Bankruptcy Key 2062, 2401
"...it did apply to wife's claims on appeal that the trial court inequitably divided marital property, which sought enlargment of her property rights at expense of huband chapter 11 debtor property rights so that absent stay relief order, the state appellate court had no jurisdiction over appeal, Bankr. code 11U.S.C. § 362 (a),(d); However we must reverse that portion of the trial court's judment related to the division of marital property." Hunter V Hunter Id. The appellat court rendered as follows: " Pursuant to title 11 U.S.C. § 362 (a), the filling of A bankruptcy petiton, stays the determination in A divorce case of the interest's of the debtor in property of the estate, any exercise of controll over such property, and any monetary claims against A debtor, other than for alimony, mantenance, and support, however, other such as the disolution of the marriage, are not stayed.

In Hunter Id. The appellate court states, "we consider the juresdiction of this court to adjudicate the wifes claim of error, because jurisdictional matters are of such magnitude that we take notice of them at any time and do so even EX MERO MOTU."

Citing Nunn v. Baker,518 so. 2d 711, 712 (Ala.1987), " the appellate court rendered, that the filing of A bankruptcy petition stays the determination in A divorce case of the interests of the debtor in property of the estate any exercises controll over the property of the estate, and because the wife did not obtain relief from the effect of the stay from the bankruptcy court pursuant to title 11 U.S.C. § 362 (d), the appellate court is without jurisdicton to render judgment regarding distribution of property, specifically because the husband filed bankruptcy during the pendency of appeal."

The court in Mayhann v. Mayhann,____so.2d____2001, Ala. civ. app. Lexis 66 ( Ala. civ. app. Feb, 9, 2001),Noted that, "The court erred in awarding A marital residence and A rental house to the husband, along with most of the couples furiture and giving the wife very little, where the marital residence, in which the parties resided during the entre length of their marriage, and the rental property could hardly be considered the husband's sperate

[ 3 ]

property because it was clearly used regularly for common benifit
of the parties during their marriage," Pursuant to Ala. Code 1975
§ 30-2-51

    In" Kenneth Williford's Memorandum (#21 BK. docket #307
on pgs. 4 & 5 ) Kenneth shows the bankruptcy court, and ask the
court to divided business and marital property , as in Welch v.
Welch, 708 so. 2d 179 (Ala.civ. app. 1987); Nowell v. Nowell, 474
so . 2d. 1128 (Ala. civ. app. 1985);
Robinson v. Robinson, 795 so 2d 729 (Ala. civ. app.2001) Cited in
Baggett v. Baggett, 855 so. 2d 556 (Ala. civ. app. 2003);
Pate v. Pate, 849 so 2d (Ala. civ. app 2002);
Robinson V. Robinson, 840 so 2d 180 (Ala. civ. app 2002);
Ex Parte Lamoreaux, 845 so 2d 801 (Ala. 2002);
Smith v. Smith, 836 so 2d 893 (Ala. civ. app. 2002);
Gates v. Gates, 830 so 2d 746 (Ala. civ. app 2002);
Long v. Long, 824 so 2d (Ala civ. app 2002);
Ex Parte Eillough, 728 so 2d 589 (Ala. 1998).

    Kenneth has shown cases above that are standard for review
for property division and now, Kenneth is fixing to show standard
for review cases that have been reversed and ruled on for property
division  since  Kenneth has been fighting this case.
Killingworth v. Killingsworth, 925 so 2d 977 (Ala. civ. app 2005),"
"factors in determining an "Equitable" award of alimoy and an
"Equitable" division of marital property include the parties
respective ages, earning capacities, and future prospects, the partie
standards of living and stations in life, the length of the marriage,
and the source, value, and types of of marital propery"


Lamb v. Lamb, 939 so 2d 918 (Ala. civ.app 2006)"...property division
and alimomy award must be "Equitable"....

Carter v. Carter, 934 so. 2d 406 (Ala. civ. app 2005)"...division
of marital  property must be considered together and must be
"Equitable"...

Kaufman v. Kaufman, 934 so 2d 1073 (Ala.civ.app.2005),"trial court
abused it's discretion in divorce action by awarding wife only about
23% of the parties' marital estate and...trial court in property
considered the parties settlement negotiations in reaching it's
division of property....code 1975 § 30-2-51, rules of evid., rule
408.

Teleyck v. Teleyck, 885 so.2d 146 (Ala. civ. app 2003)"...Equitable
distribution of parties marital assets..."

Cunnigham v. Cunnigham, 956 so. 2d 1157 (Ala. civ. app.2006)
  2. Divorce Key 252.3 (4)"...the property division as A whole must
be Equitable. code 1975 § 30-2-51 (b)"

McClellan v. McClellan, 959 so 2d 658 (Ala. civ. app. 2006),3.Divorce
Key 252.1 and 252.2, [3-5]" A division of  marital property should
be  Equitable..."

Hall v. Hall, 895 so. 2d (Ala. civ. app.2004)"...the property division
and alimony award must be Equitable"...5. divorce Key 252.2

     Kenneth has just shown this honorable court one case in
2003, one in 2004, three in 2005, and three in 2006, where each
and every one of these cases say that property division, are to
be Equitable.  Even in the Kaufman case, 23% of the estates and
$500.00 per month wasn't Equitable.  All these cases above have
been settled since, I have been trying to get the same"EQUAL JUSTICE"
in this case, since October, 31, 2003.
     This case will set A precedence across the United States,
it will be the first case in Alabama, and the first case in bankruptcy
history across the United states,that, failed to protect A debtor
in A chapter 11 U.S.C. § 362 in A divorce action. The Magistrate
judge's ability, to be able to over look the standard of review
in this case is in error and should be Reversed and Remanded with
instructions to make  Equitable division of property.

Objecton # 3

The Magis trate Judge's "Recommendation" fails to explain any judicial logic in the Federal Court's alleged obligation to defer to A State Court ruling which is admittedly void and which clearly flies into the face of every existing property division precedent

The state court was without jurisdiction to adjudicate the marital has no jurisdiction over A automatic stay.

If the court is to allow this action to happen would set precedent in that the state courts of Alabama would use this case to rule on marital property in future cases that are under A automatic stay.

The standard of review dealing with state court having no jurisdiction to make A finding of division of property, when that property is the subject to A bankruptcy proceeding and is under an automatic stay and the authority of state court and federal court.

Cites:
        (5) <u>BANKRUPTCY KEY 2546,</u> property owned individually by debtor or co-owned with non-debtor spouse will become part of bankruptcy estate upon the filing of the bankruptcy petition, 11U.S.C. § 541 (a) (1)
        (6) <u>BANKRUPTCY KEY 2546,</u> state law principles of Equitable distribution are not determinate of bankruptcy estate's interest in marital property belonging to debtor as of commencement of A bank- ruptcy case, where petition for divorce is filed after one spouse's filing of A bankruptcy petition.
        [5&6] In accordance with bankruptcy code, property owned individually by debtor of co-owned with A non-debtor spouse will become part of the bankruptcy petition.
<u>Roberge v. Roberge (In Re Roberge),</u> 188 B.R. 367 (E.D.VA.1995), citing 11 U.S.C. § 541 (a) (1) (2000);
<u>In Re Becker,</u> 136,115 (BANKR. D.N.J. 1992);
<u>Roberge v. Ruis,</u> 95 F. 3d 42 (4th cur, 1996);

        One bankruptcy court has observed that A bankruptcy filing is " the equvalent of A levy by the trustee upon all the debtor's property as of the petition date." <u>In RE Abma,</u> 215 B.R. 148,152 (BANKR. W.D. ILL. 1997), If award of marital dissolution has not been made at time of bankruptcy filing, the trustee's status an A Hypothetical lien creditor cuts off non-debtor spouse's inchate rights in marital property,and such property becomes property of the estate, free claims of the non-debtor spouse," <u>(Quoting In Re Cole,</u> 202 B.R. at 360; 356,360 (BANKR. S, D, N.Y. 1996)
<u>In Re Palmer,</u> 778 B.R. 402, 406 (BANKR. E.D.N.Y. 1987);
<u>In Re Vann,</u> 113, B.R. 704,706 (BANKR. D. COLO.1990);
        (non-debtor spouse's interest in debtor's share of marital property, which is the subject of Equitable distrution proceeding

[ 6 ]

in A divorce action commenced prior to bakruptcy, are cut off
by the bankruptcy filing if property division has not been
finalized). (citing <u>Perlow v. Perlow,</u>128 B.R. 412 (E.D.N.C.1991);
<u>II n Re Greenwald,</u> 134 B.R. 729,731 (BANKR, S.D.N.Y. 1989) Rev'd..

    (7) BANKRUPTCY KEY 2062," Beause of the parties pending
bankruptcy action, the trial court was without jurisdiction
to enter that portion of it's divorce judgment that divided
the poarties marital property, Given that the bankruptcy court
did not enter an order lifting the automatic stay" see <u>Hunter</u>
<u>v. Hunter, SUPRA.</u>

    In this instant case, the Magistrate judge seems to be
over looking that the state court ruling on division of property
were void from the start, and , that , the appeals court's did
have jurisdiction to render A decision, oR opinion on the divisio
n of property.

    If this case, is left as the lower court's have ordered.
This case will set A precedence for all future cases.  Were
A bankruptcy Judge retroactivates A illegal peoperty division
from A lower court, which was voided from the start of the
bankruptcy  petition was filed.  Then to retroactivate A decree ,that
didn't exist  at time of bankruptcy petition, that, goes against every
case law in Alabama, ahd United states case law's , not to mention
that bankruptcy court had failed to propect debtor on Achapter 11
proceeding that is suppost to give the debtor A fresh new start with
his businesss.

    The lower court's are in error in this case and this Hon. court
should Reverse this and Remand this case back with instructions to
make Equitable division of property and to give Kenheth "EQUAL JUSTICE"
of the law, just like case's before this and the caes that have been
rule on since this has begun.

Objection # 4

The Magistrate Judge's "Recommendation" mentions the absence of harm to the creditors, but utterly fails to disuss the equally important basis for Chapter 11 proceedings: to protect the assets of all of the debtors.


Cites:

The bankruptcy courts duties are not to just make sure that the creditors are protected, but, also that the debtor is protected and his estate from creditors, are/and sponse's.

As in Matter of Palmer, 78 B.R. 402 (BKRTCY, E.D.N.Y. 1987), " [4] It is with the distribution of property of the estate as defined in 11 U.S.C. § 541, (a), However, that, the federal question araised. 28 U.S.C. § 1334,gives the district court exclusive jurisdiction over both property of the estate and property of debtor..."the stay is continued, however, with regard to enforcement of any decree of the matrimonial court to the extent that it awards property of the estate to any entity other than the debtor. Any distribution of property of the estate shall proceed "ONLY" in this court pursuant to the applicable provision's of Title 11"

In Re Gardner, 913 F. 2d 1515 (10th cir. 1990) Id. at 1520, "states that once the bankruptcy court acquired jurisdiction over the debtor's property, that, jurisdiction continued to determine all controversies relating to claims of any and all parties to that property. The bankruptcy court could determine the priorities between the parties."

Perlow v. Perlow, 128 B.R. 412 (E.D.N.C.1991); In Re Greenwald, 134 B.R. 729,731 (BANKR. S.D.N.Y. 1990) REVERSED " non-debtor spouse's interest in debtor's share of marital property ,which is the subject of "Equitable" distribution proceedings in A divorce action commenced prior to bankruptcy, are cut off by the bankruptcy filing if property division has not been finalized. Which is what happened in the Williford case.

In Re Miller, 55 F. 3d 1487 (10th cir. 1995); "(1) Overriding puppose of bankruptcy is to relieve debtors from weight of oppressive indebedness and peovide them with A fresh start. (2) Exceptions to discharge are strictly contured against creditors and Liberally in favor of debtors.

The Magistrate Judge has seem to of forgotten that Kenneth is the main debtor in this case and has let the lower courts, striped Kenneth of all his businesses and marital assets, not even leaving Kenneth A way to pay his child support of $512.00 per month, and nothintg has even come close to, being in the favor of debtor, Kenneth.

[ 8 ]

If this case is left to stand as is, it will surely set A precedence across the United States, in that, when A debtor enters into Chapter 11 bankruptcy procedures thinking,that, debtor will receive relief from the weight of oppressive indebedness, instead could possiably have all his business and/or marital asset striped from their possession. If this becomes so, this will give a way for creditors and /or spouse's to dismantle the Chapter 11 bankruptcy procedures in the future.

The Magistrate Judge failed here to follow the standard of review in this case. This case should be REVERSED, AND REMANDED BACK WITH INSTRUCTIONS.

Objection # 5

The Magistrate Judge"s "Recommendation" mentions the fraud and how the Judge exception of the fraud, but, utterly fails to discuss the detail information through (26) Exhibits in (Doc.23 Appellant's Brief by Kenneth) that proved the fraud against the courts.

The Magistrate Judge fail's to mention all the correspondent letters between Kenneth and Attorneys Memory& Day, shown in (Doc.23 as exhibits 1-23 in pages 8-11) that proved Attorney's Memory & Day were misleading / lieing to the court's the whole time. There is no way that A resonable mind could say that fraud had'nt been put before the court after reading these exhibits. Unless this is what is called the protection of the brotherhood of attorney's. Where some Judges and attorney's will go out on Alimb, to keep other attorneys from being prosecuted.

Futhermore, The Magistrate Judge fail's to mention Charlottes part in this fraud shown in (Doc. 23 as exhibits 24-26 in pages 11-15). That prove's indetail, by Charlotte's own admission of these exhibits to the courts. Kenneth has shown how Charlotte's made the money fluctuate and makes THE business look like it's not making any money, when in fact, IT is makeing $60,000.00 plus per month and is clearing 25 to 30,000.00 per month now, and show's she's not paying tax's on the money earned. The exhibits show that charlotte's pay roll was defrauding the court's and government of tax's. Amazing enough since kenneth's ( Doc. 23 Appellant't Brief) come out Charlotte has stop her defrauding the government with the pay roll check's and now is paying every body above the table. IMAGE THAT

In (Doc. # 39-1 pg.10) say's "the court did not "ingore" the "fraud", the Judge merely failed to find that the late disclosure constituted reason to deny charlotte"S REQUEST THAT THE STAY BE A nulled." Then says..." Kenneth did not raise this additional fraud before the bankruptcy court untill after the court issued the December 8,2006, order."

This is because Kenneth before September, 12,2006, hearing was told not to bring any evidence yet,that, this was going to be A status hearin and Not evidentiary hearing, The Judge Sawyer told Kenneth send him his authoirty and jurisdiction to be able to make A property division, Kenneth did. Kenneth was not ever granted an evidentiary hearing tobe

[ 10 ]

able to produce the evidence to the bankruptcy on the fraud issues.
Kenneth was denied his due process with the bankruptcy court for A
evidentiary hearing in this case.

A book could be wrote on this case as in the O.J.Simpson case
in " HOW TO COMMITE MURDER AND NOT GET CAUGHT".  This book's title would
be"HOW TO DEFRAUD THE FEDERAL BANKRUPTCY COURT AND GET AWAY WITH IT".

All the allegation's that Kenneth as provided to the court's
have never once been refuted by Charlotte or Memory & Day.The only people
who evenseem to be trying to refute the issues at hand or the Judges.
So by law, all Kenneth's allegation's are to be considered fact and
true in this case. <u>Warth</u>, 422 U.S. at 501,95 S. ct. 2206; <u>Ex Parte Brooks</u>
897 So. 2d. 1017 at 1021.

If this case is left to stand as is, this case would set A
precedence for attorney's, creditor's, and debtor's not to be held
acountable for their actions, in committing fraud against A United States
court. This case should be REVERSED AND REMANDED WITH INSTRUCTIONS.

<u>Objection # 6</u>

The Magistrates Judge's "Recommendation" mentions in (Doc. # 39-1 pg.
7) how Judge Sawyer relyed on his decision and wasn't bias which is
in error, AND fail's to mention how the circuit court was OR wasn't
bias.

      The Magistrate Judge in (Doc. # 39-1 pg. 7) states:"Judge Sawyer
ultimately determined that annulment of the stay was the best course
of action, relying heavily on the fact that no creditor would be harmed
by annulment." This is False. See (Doc. #23 pg 20) states: "in the
telephone hearing 1/23/07" which A (Docket # 38) shows that A tran-
script was issued to the court's but, not to Kenneth" which will have
to be subpoena," the Hon, (J.W.S.) was ask by (KW), "IF" (KW) wasn't
incarcerated and was A freeman, would he still be making the same
decision's ,the Hon. (J.W.S.) answered and said, that he based his
decision on (KW)'s incarceration and ,that, he stood by his decision."
This is about as bias as you can get. The record will show Judge
Sawyer answer.

      The Magistrate Judge doesn't even mention the bias of Judge Lane
in the circuit court from the start. IN (Doc #23 Pgs. 16-17 exhibit
Y) thirteen (13) questions, the Judge has ask me on 5 different pages,
all having to do with my incarceration while doing my divorce case,
Judge Lane has done no more than tryed me twice and convicted me the
second time on crimial case, because he can't give me any more time
he just take's 27 of work from me by stripping me from all assets
and  property.

      If this case is left to stand as is, this case will set anOTHER
precedence across the United States. By letting Judges use their powers
for "DOUBLE JEOPARDY", because of their personal feelings toward an
individual or his crime. This case should be REVERSED AND REMANDED WITH
INSTRUCTIONS.

[  12  ]

## CONCLUSION

The fact's in this case are,that, Kenneth and Charlotte went to divorce court on Sept. 23, 2003, then on Oct,3,2003, we filed joint bankruptcy together.  Let's keep in mind here that even tho we had gone to divorce court we are still actually married and the property has not yet been divided. Now we are under an automatic stay, Kenneth's property can not be touched by any body while under this stay.  ON Oct,31, 2003, circuit court makes division of property and strips Kenneth of all property and assets. Kenneth fights the circuit court "PRO-SE" through the appellate courts and at the time try's to get his attorneys Memory & Day  to get the bankruptcy Judge to stop the division he self. Kenneth has no success with the appelate courts or his attorney's, so Kenneth decided to take matters int o his own hands in the bankruptcy court, but , waited on the advise of his attorney's to wait untill Judge Sawyer confirmed the plan.

The division of property actually doesn't exist except in the bankruptcy court at that time because there had not been A motion to left the staty during the course of the bankruptcy procedure until Kenneth  had ask for the division of property .  Kenneth showed Judge Sawyer his authority and jurisdiction in (# 21 BK Docket # 307) where he could make the property division according to bankruptcy law and showed him the standard of review from state case on Equitable division of property. Judge Sawyer after reading his authority and jurisdiction to make the property division, decided to retroactivate A division of property that didn't exist as of Oct,3,2003, the day bankruptcy was filed. Then went as far to say in (Docket # 38) in A telephone hearing when the Hon. (J.W.S.) was ask by (KW),"IF"(KW) wasn't incarcerated and was A free man, would he still be making the same decision's,the Hon. (J.W.S.) answered and said, that, he based his decision on (KW)'s incarceration and,that, he stood by his decision." Kenneth's incarceration should not be A factor when it comes to property division in this case.  Kenneth has already went to trial and been convicted of A crime that I have pleaded innocent too and , is still fighting in the courts "PRO- SE", because the divorce court and the bankruptcy court refuess to give me <u>EQUAL PROTECTION</u>, so I can receive funds from my business to hire A lawer to fight in court for me.

All Kenneth is asking for is EQUAL PROTECTION of the law, by the standard of review shown to this court by Kenneth in this case, and all cases shown in the standard of review say "EQUITABLE DIVISION OF PROPERTY". Not the 100% percent of business and marital property to Charlotte and 0% Zero percent to Kenneth is "UNEQUITABLE, UNJUST, AND UNFAIR". There had not been another case like this one found in Alabama or the United States, that, has done A property division like this, nor A bankruptcy court, has done A debtor this way in A Chapter 11U.S.C. § 362 procedure.  This will set A precedence if left to stand as is.  This case should be REVERSED AND REMANDED BACK WITH INSTRUCTIONS.

Submitted by:

*[signature]*

Mr. Kenneth Williford
229597  O-11-A
100 Warrior Lane
Bessemer, AL 35023-7299

<u>Certificate of Service</u>:   I hereby certify that I have mailed, by first
Class Mail with all postage and fees prepaid, a true copy of this
pleading to the following attorneys who represent Defendant Ms.
Charlotte Williford, on this the 25th day of October, 2007.

> Ms. April W. McKay, and
> Mr. Floyd R. Gilliland, Jr.,
> Attorneys at Law
> Nix, Holtsford, Gilliland, Higgins & Hitson, PC
> P.O. Box 4128
> Montgomery, AL 36103-4128

*[signature]*

Kenneth Williford

vi

Iluzfird
9898 7 - 0 - 11 - A
Warrior Lane
Bessemer, AL. 35023

TO: BON CHEANI PRISS WALKER
Defense Of THE CLERK
UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF ALABAMA
P.O. Box 711
Montgomery, AL 36101 - 711

